IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| MENDI YOSHIKAWA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EXXON MOBIL CORPORATION, DARREN W. WOODS, ANDREW P. SWIGER, and DAVID S. ROSENTHAL,<br><br>Defendants. | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:21-cv-00194-N<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MARK LLANO TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br><u>CLASS ACTION</u><br><br><u>REQUEST FOR ORAL ARGUMENT</u> |
| MARTIN J. BENTLER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EXXON MOBIL CORPORATION, DARREN W. WOODS, ANDREW P. SWIGER, DAVID S. ROSENTHAL, NEIL A. CHAPMAN, JACK P. WILLIAMS, LIAM M. MALLON, NEIL A. HANSEN, and JEFFREY J. WOODBURY,<br><br>Defendants. | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:21-cv-00335-X<br><br><u>CLASS ACTION</u> |

**INTRODUCTION**

Movant Mark Llano ("Movant"), respectfully submits this memorandum of law in support of Movant's motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)    consolidating the above-captioned actions;

1

(b)      appointing Movant as Lead Plaintiff for all persons other than defendants who purchased the securities of Exxon Mobil Corporation ("Exxon" or the "Company") between February 28, 2018 and January 14, 2021,[1] inclusive (the "Class Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(c)      approving Movant's selection of The Rosen Law Firm P.A. as Lead Counsel and Steckler Wayne Cochran Cherry, PLLC as Liaison Counsel for the Class.

## BACKGROUND

This action was commenced on January 28, 2021 against the Company and certain of its officers for violations of Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder. That same say, an early notice pursuant to the PSLRA was published advising potential class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and the 60-day deadline for class members to move this Court to be appointed as lead plaintiff. *See* Exhibit 1 to the Cochran Appendix filed herewith (the "App."). On February 17, 2021, the related action captioned *Bentler v. Exxon Mobil Corporation, et al.*, Case No. 3:21-cv-00335-X, was filed in this District asserting similar facts and claims against the same Defendants plus additional defendants Neil A. Chapman, Jack P. Williams, Liam M. Mallon, Neil A. Hansen, and Jeffrey J. Woodbury.

---

[1] The action *Yoskhikawa v. Exxon Mobil Corporation, et al.*, Case No. 3:21-cv-00194-N, has a class period of November 6, 2019 through January 14, 2021, inclusive. The action *Bentler v. Exxon Mobil Corporation, et al.*, Case No. 3:21-cv-00335-X, has a class period of February 28, 2018 through January 14, 2021, inclusive. A more inclusive class period is favored at the lead plaintiff stage. *Deering v. Galena Biopharma, Inc.*, 2014 WL 4954398, at *10 (D. Or. Oct. 3, 2014) (recognizing that courts commonly select "most inclusive class period" at lead plaintiff stage); *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113-14 (E.D.N.Y. 2012) (court favoring a broader class which "encompasses more potential class members" early in the litigation at the lead plaintiff stage).

Defendant Exxon purports to be one of the world's largest oil and gas companies. It explores for and produces crude oil and natural gas in the United States and abroad. One of the Company's most important oil and gas properties is in the Permian Basin, which is currently the highest-producing oil field in the United States.

The complaints allege that throughout the Class Period, the Company made materially false and misleading statements about the quality and potential of the Company's Permian Basin assets. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) the Company used unrealistic assumptions regarding its production goals and timelines for well drilling in the Permian Basin; (ii) the foregoing assumptions served to artificially inflate the value of the Company's well operations in the Permian Basin; (iii) the Company therefore faced a heightened risk of regulatory investigation and oversight; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times.

On September 13, 2020, investors began to learn the truth about the value of the Company's Permian Basin assets when the *Wall Street Journal* reported that some current and former Exxon employees viewed the Company's growth plans as "unrealistic" and thought that the Company was "overestimating how quickly it could drill." Then, on January 15, 2021, the *Wall Street Journal* published another article that reported that the SEC had launched an investigation into the Company after a whistleblower complaint regarding Defendants' overvaluation of the Company's Permian Basin assets. The article explained that the whistleblower complaint alleged that "[s]everal people involved in valuing a key asset in the Permian Basin . . . complained during an internal assessment in 2019 that employees were being forced to use unrealistic assumptions about how quickly the company could drill wells there to arrive at a higher value."

3

On this news, Exxon's stock price fell approximately 5% to close at $47.89 per share on January 15, 2021. As a result of Defendants' wrongful acts and omissions, and the decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involve common questions of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Both of the above-captioned related actions have been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Exchange Act by Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint a lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria and thus is entitled to the presumption that Movant is the most adequate plaintiff of the class and, therefore, should be appointed as Lead Plaintiff.

### A.    Movant Is Willing to Serve as Class Representative

Movant has submitted a sworn shareholder certification attesting to the fact that Movant is willing to serve as representative of the class and is willing to provide testimony at deposition and trial, if necessary. *See* App., Exhibit 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

5

**B.      Movant Has the Largest Financial Interest in the Action**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption can only be rebutted by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

Movant lost approximately $1,922,567.37 on his purchases of Exxon securities in connection with the alleged fraud at issue. *See* App., Exhibit 3 (Loss Chart). Movant is not aware of any other movant that has suffered greater losses in the Company's securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

**C.      Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class

certification—a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008) (only a *prima facie* showing is required) (citations omitted). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997).

Movant fulfills all the requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the class and Movant's claims are typical of the claims of members of the class. Movant and all members of the class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements concerning Exxon and its business. Movant, as well as other members of the class, purchased Exxon shares at prices artificially inflated by Defendants' misrepresentations and omissions and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as Movant's strong desire to prosecute this action on behalf of the class, provides ample reason to grant Movant's motion to serve as Lead Plaintiff.

### D. Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (a) will not fairly and adequately protect the interests of the class; or

      (b)     is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Movant has over 25 years of investing experience. He is a former U.S. Marine and college graduate. He currently serves as the CEO of Skeleton Optics. Prior to that, he spent fifteen years as a CEO of a minority owned small business that provided mission critical equipment, products, and support services to the defense industry. Movant is a resident of Lake Worth, Florida.

Movant's ability and desire to fairly and adequately represent the class has been discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the class.

## III.     MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel and Steckler Wayne Cochran Cherry, PLLC as Liaison Counsel. The Rosen Law Firm has been actively researching Movant's and Class Plaintiffs' claims, including reviewing publicly available financial and other documents while gathering information in support of the claims against the Defendants. Furthermore, the firm is experienced in the area of securities litigation and class actions, and has successfully prosecuted securities litigations and securities fraud class actions on behalf of investors. The firm has prosecuted securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firms' experiences in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable it to prosecute this action effectively and expeditiously. *See* App., Ex. 4 and 5. Thus, the Court may be assured that by approving Movant's selection of Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (a) consolidating the related actions; (b) appointing Movant as Lead Plaintiff of the class; (c) approving The Rosen Law Firm P.A. as Lead Counsel and Steckler Wayne Cochran Cherry, PLLC as Liaison Counsel; and (d) granting such other relief as the Court may deem to be just and proper.

Dated: March 29, 2021

Respectfully submitted,

**STECKLER WAYNE COCHRAN CHERRY, PLLC**

 */s/ Stuart L. Cochran*
Stuart L. Cochran
Texas Bar No. 24027936
Braden M. Wayne
Texas Bar No. 24075247
12720 Hillcrest Road, Suite 1045
Dallas, Texas 75219
Telephone: (972) 387-4040
Facsimile: (972) 387-4041
Email: stuart@swclaw.com
Email: braden@swclaw.com

[Proposed] Liaison Counsel for Plaintiff and Class

9

**THE ROSEN LAW FIRM, P.A.**
Laurence Rosen, Esq.
Phillip Kim, Esq.
275 Madison Avenue, 40th Floor
New York, NY 10116
Phone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com

[Proposed] Lead Counsel for Plaintiff and Class

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of March 2021, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Stuart L. Cochran*
Stuart L. Cochran

10