UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MENDI YOSHIKAWA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EXXON MOBIL CORPORATION, DARREN W. WOODS, ANDREW P. SWIGER, and DAVID S. ROSENTHAL,<br><br>Defendants. | Civil Action No. 3:21-cv-00194-N |
| MARTIN J. BENTLER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EXXON MOBIL CORPORATION, DARREN W. WOODS, ANDREW P. SWIGER, DAVID S. ROSENTHAL, NEIL A. CHAPMAN, JACK P. WILLIAMS, LIAM M. MALLON, NEIL A. HANSEN, and JEFFREY J. WOODBURY,<br><br>Defendants. | Civil Action No. 3:21-cv-00335-X |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF
STEVEN J. RANDO FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF,
AND APPROVAL OF COUNSEL

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................1

STATEMENT OF FACTS .................................................................................................2

ARGUMENT......................................................................................................................3

    A.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL
        PURPOSES...........................................................................................................3

    B.    RANDO SHOULD BE APPOINTED LEAD PLAINTIFF ...................................4

        1.    Rando Is Willing to Serve as Class Representative ....................................5

        2.    Rando Has the "Largest Financial Interest"..................................................5

        3.    Rando Otherwise Satisfies the Requirements of Rule 23 of the
            Federal Rules of Civil Procedure.................................................................6

        4.    Rando Will Fairly and Adequately Represent the Interests of the
            Class and Is Not Subject to Unique Defenses..............................................9

    C.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE
        APPROVED .........................................................................................................9

CONCLUSION................................................................................................................10

# TABLE OF AUTHORITIES

<strong>Page(s)</strong>

**Cases**

*A.F.I.K. Holding SPRL v. Fass*,
   216 F.R.D. 567 (D.N.J. 2003)................................................................6

*Amchem Prods., Inc. v. Windsor*,
   521 U.S. 591 (1997)................................................................8

*Baby Neal v. Casey*,
   43 F.3d 48 (3d Cir. 1994)................................................................7

*Bassin v. Decode Genetics, Inc.*,
   230 F.R.D. 313 (S.D.N.Y. 2005) ................................................................4

*Beck v. Maximus, Inc.*,
   457 F.3d 291 (3d Cir. 2006)................................................................7, 8

*Bentler v. Exxon Mobil Corporation et al*, No. 3:21-cv-00335
   (N.D. Tex.)................................................................1

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
   252 F.R.D. 188 (S.D.N.Y. 2008) ................................................................3

*Danis v. USN Communs., Inc.*,
   189 F.R.D. 391 (N.D. Ill. 1999)................................................................7

*Fischler v. Amsouth Bancorporation*,
   176 F.R.D. 583 (M.D. Fla. 1997) ................................................................7

*Gluck v. Cellstar Corp.*,
   976 F. Supp. 542 (N.D. Tex. 1997) ................................................................7

*Greebel v. FTP Software*,
   939 F. Supp. 57 (D. Mass. 1996) ................................................................7

*In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*,
   2004 U.S. Dist. LEXIS 10200 (E.D. Pa. Jun. 3, 2004)................................................................6

*In re Comverse Tech., Inc., Sec. Litig.*,
   2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007)................................................................6

*In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC),
   2009 U.S. Dist. LEXIS 69133 (S.D.N.Y. July 29, 2009) ................................................................3, 4

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp.2d 286 (E.D.N.Y. 1998) ................................................................6, 7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) ....................................................................7

*In re Petrobras Securities Litigation*, No. 14-cv-09662
  (S.D.N.Y.) ................................................................................................10

*In re Tronox, Inc. Sec. Litig.*,
  262 F.R.D. 338 (S.D.N.Y. 2009) .................................................................3

*In re Vicuron Pharms., Inc. Sec. Litig.*,
  225 F.R.D. 508 (E.D. Pa. 2004) ..................................................................6

*In re Yahoo! Inc. Securities Litigation*, No. 17-cv-00373
  (N.D. Cal.) ...............................................................................................10

*Janovici v. DVI, Inc.*, No. 03-4795,
  2003 U.S. Dist. LEXIS 22315 (E.D. Pa. Nov. 25, 2003).............................6

*Johnson v. Celotex Corp.*,
  899 F.2d 1281 (2d Cir. 1990)......................................................................3

*Lax v. First Merch. Acceptance Corp.*,
  1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997)...............................6

*Malcolm v. Nat'l Gypsum Co.*,
  995 F.2d 346 (2d Cir. 1993)........................................................................3

*Osher v. Guess?, Inc.*,
  2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) .............................9

*Riordan v. Smith Barney*,
  113 F.R.D. 60 (N.D. Ill. 1986)....................................................................8

*Yoshikawa v. Exxon Mobil Corporation et al*, No. 3:21-cv-00194
  (N.D. Tex.)........................................................................................1, 2, 5

## Statutes

15 U.S.C. § 78u-4(a)(3)(B)(iii) ................................................................ *passim*

## Rules

Fed. R. Civ. P. 23 ................................................................................... *passim*

Fed. R. Civ. P. 42 ........................................................................................1, 3

Movant Steven J. Rando ("Rando") respectfully submits this Memorandum of Law in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Rule 42 of the Federal Rules of Civil Procedure, for the entry of an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing Rando as Lead Plaintiff on behalf of persons and entities that purchased or otherwise acquired Exxon Mobil Corporation ("Exxon" or the "Company") securities between February 28, 2018 and January 14, 2021, inclusive (the "Class Period"); and (3) approving Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.[1]

## PRELIMINARY STATEMENT

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Rando, with losses of approximately $195,691, believes that he has the largest financial interest in the relief sought in the Related Actions. *See* Declaration of Willie C. Briscoe in Support of Motion of Steven J. Rando for Consolidation, Appointment as Lead Plaintiff, and Approval of Counsel ("Briscoe Decl."), Exhibit ("Ex.") A. Rando further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as he is an adequate representative with claims typical of the

---

[1] The complaint in the first-filed of the Related Actions, styled *Yoshikawa v. Exxon Mobil Corporation et al*, No. 3:21-cv-00194 (N.D. Tex.) (the "*Yoshikawa* Action"), filed in this Court on January 28, 2021, alleges a class period that only includes investors who purchased or otherwise acquired Exxon securities between November 6, 2019 and January 14, 2021, inclusive. Then, on February 17, 2021, the related action styled *Bentler v. Exxon Mobil Corporation et al*, No. 3:21-cv-00335 (N.D. Tex.) (the "*Bentler* Action") was also filed in this Court, alleging substantially the same wrongdoing against an overlapping group of defendants, and with a larger class period including all purchasers of Exxon securities between February 28, 2018 and January 14, 2021, inclusive. Therefore, to avoid excluding any potential class members, this motion has adopted the larger class period alleged in the *Bentler* Action.

1

other Class members.  Accordingly, Rando respectfully submits that he should be appointed Lead Plaintiff.

**<u>STATEMENT OF FACTS</u>**

As the Complaint in the *Yoshikawa* Action alleges, Exxon explores for and produces crude oil and natural gas in the U.S. and abroad.  One of the Company's most important oil and gas properties is in the Permian Basin, which is currently the highest-producing oil field in the U.S.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Exxon forced its employees to use unrealistic assumptions regarding the timelines for well drilling in the Permian Basin; (ii) the foregoing assumptions served to artificially inflate the value of the Company's well operations in the Permian Basin; (iii) the foregoing conduct, when revealed, subjected Exxon to a heightened risk of regulatory investigation and oversight; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times.

On January 15, 2021, pre-market, the *Wall Street Journal* published an article entitled "Exxon Draws SEC Probe Over Permian Basin Asset Valuation."  The article reported that the SEC probe stemmed from a whistleblower complaint that, during a 2019 internal assessment, workers were forced to use unrealistic assumptions about how quickly wells in the Permian Basin could be drilled to reach a higher valuation, and that at least one worker who complained about the assumptions was fired.

On this news, Exxon's stock price fell $2.42 per share, or 4.81%, to close at $47.89 per share on January 15, 2021.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

### A. THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation of related cases is appropriate, where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a). *See also* Manual for Complex Litigation (Third), § 20.123 (1995).

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact. *See* Fed. R. Civ. P. 42 (a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same). Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation. *See In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133, at *4–8 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Related Actions at issue here clearly involve common questions of law *and* fact. Each action is brought against the Company, as well as certain officers and directors of the Company, in connection with violations of the federal securities laws. Accordingly, the Related Actions allege substantially the same wrongdoing, namely that defendants issued materially false and misleading statements and omissions that artificially inflated the price of Exxon's securities and subsequently damaged the Class when the Company's stock price crashed as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *In re GE*, 2009 U.S. Dist. LEXIS 69133, at *5 ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").

**B.     RANDO SHOULD BE APPOINTED LEAD PLAINTIFF**

Rando should be appointed Lead Plaintiff because he has the largest financial interest in the Related Actions and otherwise meets the requirements of Rule 23. Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Rando satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1. Rando Is Willing to Serve as Class Representative

On January 28, 2021, Pomerantz, counsel for plaintiff in the *Yoshikawa* Action, caused a notice to be published over *PRNewswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA (the "Notice"), which announced the pendency of that action and advised investors of Exxon securities that they had 60 days from the date of the Notice—*i.e.*, until March 29, 2021—to file a motion to be appointed as Lead Plaintiff. *See* Briscoe Decl., Ex. B.

Rando has filed the instant motion pursuant to the Notice and has attached a Certification attesting that he is willing to serve as representative for the Class, and provide testimony at deposition and trial, if necessary. *See* Briscoe Decl., Ex. C. Accordingly, Rando satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2. Rando Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

As of the time of the filing of this motion, Rando believes that he had the largest financial interest of any of the Lead Plaintiff movants based on the four factors articulated in the seminal case *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered).[2] The most critical among the Lax Factors is the approximate loss suffered. *See, e.g.*, *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004); *Janovici v. DVI, Inc.*, No. 03-4795, 2003 U.S. Dist. LEXIS 22315, at *39 (E.D. Pa. Nov. 25, 2003); *In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*, 2004 U.S. Dist. LEXIS 10200, at *2–3 (E.D. Pa. Jun. 3, 2004); *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 572 (D.N.J. 2003).

During the Class Period, Rando (1) purchased 11,511 shares of Exxon securities; (2) expended $639,670 on his purchases of Exxon securities; (3) retained all of his Exxon shares; and (4) as a result of the disclosures of the fraud, suffered a loss of $195,691 in connection with his Class Period purchases. *See* Briscoe Decl., Ex. A. Because Rando possesses the largest financial interest in the outcome of this litigation, he may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3. Rando Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule

---

[2] *See also In re Olsten Corp. Sec. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998). *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors).

23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory")).

7

The claims of Rando are typical of those of the Class. Rando alleges, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning the Company, or omitted to state material facts necessary to make the statements they did make not misleading. Rando, as did all members of the Class, purchased Exxon securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986); *Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent'") (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

Rando is an adequate representative for the Class. There is no antagonism between the interests of Rando and those of the Class, and his losses demonstrate that he has a sufficient interest in the outcome of this litigation. Moreover, Rando has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Further demonstrating his adequacy, Rando has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead

Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See* Briscoe Decl., Ex. D.

### 4. Rando Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Rando as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)    will not fairly and adequately protect the interest of the class; or
>
> (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The ability and desire of Rando to fairly and adequately represent the Class has been discussed above.  Rando is not aware of any unique defenses defendants could raise that would render him inadequate to represent the Class.  Accordingly, Rando should be appointed Lead Plaintiff for the Class.

### C.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001).  The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Rando has selected Pomerantz to serve as Lead Counsel for the Class.  Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits,

which has successfully prosecuted numerous such actions on behalf of investors over its 80+ year history, as detailed in its firm resume. *See* Briscoe Decl., Ex. E. Pomerantz is based in New York, with offices in Chicago, Los Angeles, and Paris, France. As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz recently secured a recovery of $3 billion on behalf of Petrobras investors, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. As co-lead counsel in *In re Yahoo! Inc. Securities Litigation*, No. 17-cv-00373 (N.D. Cal.), Pomerantz recently secured a recovery of $80 million on behalf of Yahoo! investors, the first substantial shareholder recovery in a securities fraud class action related to a cybersecurity breach.

As a result of their extensive experience in similar litigation, Rando's choice of counsel, Pomerantz, have the skill, knowledge, expertise, resources, and experience that will enable them to prosecute the Related Actions effectively and expeditiously. The Court may be assured that by approving Rando's selection of Pomerantz as Lead Counsel, the Class members will receive the best legal representation available. Thus, Rando respectfully urges the Court to appoint Pomerantz to serve as Lead Counsel.

## **CONCLUSION**

For the foregoing reasons, Rando respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Rando as Lead Plaintiff for the Class; and (3) approving Pomerantz as Lead Counsel for the Class.

Dated: March 29, 2021

Respectfully submitted,

*/s/ Willie C. Briscoe*
Willie C. Briscoe
Texas Bar No.: 24001788
THE BRISCOE LAW FIRM, PLLC

10

12700 Park Central Drive, Suite 520
Dallas, Texas 75251
Telephone: (972) 521-6868
Facsimile: (281) 254-7789
wbriscoe@thebriscoelawfirm.com

*Counsel for Lead Plaintiff Movant and*
*Proposed Liaison Counsel for the Class*

POMERANTZ LLP
 Jeremy A. Lieberman
 (*pro hac vice* application forthcoming)
 J. Alexander Hood II
 (*pro hac vice* application forthcoming)
 600 Third Avenue, 20th Floor
 New York, NY 10016
 Telephone: (212) 661-1100
 Facsimile: (212) 661-8665
 jalieberman@pomlaw.com
 ahood@pomlaw.com

 POMERANTZ LLP
 Patrick V. Dahlstrom
 (*pro hac vice* application forthcoming)
 10 South LaSalle Street, Suite 3505
 Chicago, Illinois 60603
 Telephone: (312) 377-1181
 Facsimile: (312) 377-1184
 pdahlstrom@pomlaw.com

 *Counsel for Movant and*
 *Proposed Lead Counsel for the Class*

 BRONSTEIN, GEWIRTZ
 & GROSSMAN, LLC
 Peretz Bronstein
 (*pro hac vice* application forthcoming)
 60 East 42nd Street, Suite 4600
 New York, NY 10165
 Telephone: (212) 697-6484
 Facsimile: (212) 697-7296
 peretz@bgandg.com

 *Additional Counsel for Movant*

11

**CERTIFICATE OF SERVICE**

This is to certify that on March 29, 2021, I have filed the above and foregoing on the Court's CM/ECF electronic filing system, and that by virtue of this filing, all attorneys of record will be served electronically with true and exact copies of this filing:

*/s/ Willie C. Briscoe*
Willie C. Briscoe