UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MENDI YOSHIKAWA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>EXXON MOBIL CORP., DARREN W. WOODS, ANDREW P. SWIGER, and DAVID S. ROSENTHAL,<br><br>Defendants. | Case No. 3:21-cv-194-N<br><br>CLASS ACTION |
| MARTIN J. BENTLER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>EXXON MOBIL CORPORATION, DARREN W. WOODS, ANDREW P. SWIGER, DAVID S. ROSENTHAL, NEIL A. CHAPMAN, JACK P. WILLIAMS, LIAM M. MALLON, NEIL A. HANSEN, and JEFFREY J. WOODBURY,<br><br>Defendants. | Case No. 3:21-cv-335-X<br><br>CLASS ACTION |

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF RHODE ISLAND
AND AMALGAMATED BANK FOR CONSOLIDATION OF ACTIONS,
APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL
OF THEIR SELECTION OF COUNSEL

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ..........................................................................................1

FACTUAL BACKGROUND................................................................................................3

ARGUMENT.........................................................................................................................4

I.      THE ACTIONS SHOULD BE CONSOLIDATED ............................................................4

II.     THE COURT SHOULD APPOINT RHODE ISLAND AND AMALGAMATED
        BANK AS LEAD PLAINTIFF .......................................................................................5

        A.      RHODE ISLAND AND AMALGAMATED BANK SHOULD BE
                APPOINTED LEAD PLAINTIFF..............................................................................5

                1.      Rhode Island's and Amalgamated Bank's Motion is Timely......................5

                2.      Rhode Island and Amalgamated Bank Have The Largest Financial
                        Interest..........................................................................................................6

                3.      Rhode Island and Amalgamated Bank Satisfy the Applicable
                        Requirements of Rule 23 ..............................................................................6

                4.      Rhode Island and Amalgamated Bank are Precisely the Type of
                        Lead Plaintiff Envisioned by the PSLRA ....................................................8

        B.      THE COURT SHOULD APPROVE RHODE ISLAND'S AND
                AMALGAMATED BANK'S SELECTION OF COUNSEL...............................11

CONCLUSION....................................................................................................................13

i

# TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*In re BP, PLC Sec. Litig.*,
758 F. Supp. 2d 428 (S.D. Tex. 2010) ...............................................................................2, 5

*Brody v. Zix Corp.*,
2005 WL 8158375 (N.D. Tex. July 11, 2005) ........................................................................9

*In re Enron Corp. Sec. Litig.*,
206 F.R.D. 427 (S.D. Tex. 2002)...........................................................................................5

*In re Global Crossing, Ltd. Sec. Litig.*,
No. 02-cv-910 (S.D.N.Y.).....................................................................................................12

*Hohenstein v. Behringer Harvard REIT I, Inc.*,
2012 WL 6625382 (N.D. Tex. Dec. 20, 2012) .......................................................................7

*In re Kosmos Energy Ltd. Sec. Litig.*,
2012 WL 6199318 (N.D. Tex. Nov. 1, 2012)..........................................................................8

*Melms v. Home Sols. of Am., Inc.*,
2008 WL 11349849 (N.D. Tex. Apr. 2, 2008) ........................................................................8

*Okla. Law Enforcement Ret. Sys. v. Adeptus Health Inc.*,
2017 WL 3780164 (E.D. Tex. Aug. 31, 2017) ........................................................................9

*Parker v. Hyperdynamics Corp.*,
2013 WL 623164 (S.D. Tex. Feb. 19, 2013) ..........................................................................7

*Stein v. Match Grp., Inc.*,
2016 WL 3194334 (N.D. Tex. June 9, 2016) ...............................................................5, 8, 11

*Town of Davie Police Pension Plan v. Pier 1 Imps., Inc.*,
2016 WL 1625774 (N.D. Tex. Apr. 25, 2016) ........................................................................5

*In re Universal Access, Inc. Sec. Litig.*,
209 F.R.D. 379 (E.D. Tex. 2002)............................................................................................9

**STATUTES**

15 U.S.C. § 78u-4(a)(3) .................................................................................... *passim*

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23(a)(4)...........................................................................................................7

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 (1995)......................8

The State of Rhode Island, Office of the General Treasurer, on behalf of the Employees' Retirement System of Rhode Island ("Rhode Island") and Amalgamated Bank, as Trustee for the LongView LargeCap 500 Index VEBA Fund, LongView LargeCap 500 Index Fund, LongView Large Cap 1000 Index Value Fund, and LongView Broad Market 3000 Index Fund (collectively, "Amalgamated Bank") respectfully move this Court, pursuant to the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), codified as Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), for an Order: (i) consolidating the above-captioned related securities class actions; (ii) appointing Rhode Island and Amalgamated Bank as Lead Plaintiff; (iii) approving Rhode Island's and Amalgamated Bank's selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") and Grant & Eisenhofer P.A. ("G&E") as Lead Counsel for the Class and McKool Smith PC ("McKool Smith") as Liaison Counsel for the Class; and (iv) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Presently pending in this District are two related securities class actions (the "Actions"), which assert claims under Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5 promulgated thereunder, against Exxon Mobil Corporation ("Exxon" or the "Company") and certain of its executive officers (collectively, "Defendants"). Those claims are asserted on behalf of all persons and entities, other than Defendants, that purchased or otherwise acquired Exxon securities between February 28, 2018 and January 14, 2021, both dates inclusive.[1]  The Actions arise from Defendants' false statements

---

[1] The two related securities class actions pending in this District plead different class periods.  The complaint filed in *Yoshikawa v. Exxon Mobil Corp.*, No. 3:21-cv-194-N (N.D. Tex. Jan. 28, 2021) ("*Yoshikawa*") asserts a class period of November 6, 2019 through January 14, 2021, inclusive.  The complaint filed in *Bentler v. Exxon Mobile Corp.*, No. 3:21-cv-335-X (N.D. Tex. Feb. 17, 2021) ("*Bentler*") asserts a class period of February 28, 2018 through January 14,

regarding the value of Exxon's Permian Basin assets.  Exxon investors, including Rhode Island and Amalgamated, incurred significant losses following a report by *The Wall Street Journal* that the United States Securities and Exchange Commission ("SEC") had opened an investigation into allegations that Exxon had vastly overstated the value of its Permian Basin asset.

Pursuant to the PSLRA, the Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. § 78u-4 (a)(3)(B)(i).  The "most adequate plaintiff" is the "person or group of persons" that has the "largest financial interest in the relief sought by the Class" and has made a *prima facie* showing that it meets the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Here, Rhode Island and Amalgamated Bank are the "most adequate plaintiff" by virtue of, among other things, having suffered losses of over $13.1 million as calculated on a last-in, first-out ("LIFO") basis on their purchases of 783,400 shares of Exxon stock during the Class Period.[2]

Rhode Island and Amalgamated Bank also satisfy the relevant requirements of Rule 23 because their claims are typical of all members of the Class, and they will fairly and adequately represent the Class.  Rhode Island and Amalgamated Bank are a paradigmatic Lead Plaintiff under the PSLRA because they are sophisticated institutional investors with a large financial interest in the litigation, and have significant experience serving in a fiduciary capacity and supervising the work of outside counsel, which guarantees effective monitoring of counsel.  As set forth in their

---

2021, inclusive, to account for additional misstatements made by Exxon and added a corrective disclosure that is relevant to the claims in this action.  *Bentler* Compl., ¶¶ 1, 26, 57.  For purposes of appointing a Lead Plaintiff, the longest, most inclusive class period governs.  *See In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 434 (S.D. Tex. 2010).

[2] Rhode Island's and Amalgamated Bank's PSLRA-required Certifications, and charts setting forth calculations of their losses, are provided as Exhibits B (PSLRA certifications) and C (loss calculations) to the Appendix in Support of the Motion of Rhode Island and Amalgamated Bank for Consolidation of Actions, Appointment as Lead Plaintiff, and Approval of Their Selection of Counsel ("Appendix").  *See* Appendix, Ex. B at App-5 – App-15; Ex. C at App-16 – App-24.

2

Joint Declaration submitted herewith, Rhode Island and Amalgamated Bank fully understand the Lead Plaintiff's obligations to the Class under the PSLRA, and are committed to undertaking those responsibilities to ensure the vigorous prosecution of this action. *See* Appendix, Ex. D at App-25 – App-33. Prior to seeking a role as Lead Plaintiff, representatives of Rhode Island and Amalgamated Bank convened a conference call to discuss, among other things, the merits of the claims against Defendants, as well as their common goals prosecuting this litigation. *See id.* ¶ 9 at App-29.

Rhode Island and Amalgamated Bank have further demonstrated their adequacy through their selection and retention of Bernstein Litowitz and G&E as Lead Counsel for the Class. Bernstein Litowitz and G&E are nationally recognized securities class action litigation firms that have recovered billions of dollars for the benefit of defrauded investors, and are eminently qualified to prosecute this case. Thus, Rhode Island and Amalgamated Bank respectfully request that the Court appoint them Lead Plaintiff and otherwise grant their motion.

## FACTUAL BACKGROUND

Defendant Exxon is a New Jersey corporation with principal executive offices in Irving, Texas that explores for and produces crude oil in the United States and abroad. *Yoshikawa* Compl., ¶¶ 12, 19; *Bentler* Compl., ¶¶ 2, 13. One of the Company's most important oil and gas properties is in the Permian Basin, which is currently the highest producing oil field in the United States. *Yoshikawa* Compl., ¶ 19; *Bentler* Compl., ¶ 3.

Throughout the Class Period, Defendants overstated the quality, growth potential, and present value of its Permian Basin assets. Defendants made materially false and misleading statements or failed to disclose that: (i) Exxon forced its employees to use unrealistic assumptions regarding the timelines for well-drilling in the Permian Basin; (ii) the foregoing assumptions served to artificially inflate the value of the Company's well operations in the Permian Basin; (iii)

the foregoing conduct, when revealed, would subject Exxon to a heightened risk of regulatory investigation and oversight; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times. *Yoshikawa* Compl., ¶ 25. The Company vastly overstated the potential for increased production in the Permian Basin. *Bentler* Compl., ¶ 3.

On September 13, 2020, *The Wall Street Journal* published an article quoting current and former Exxon employees who reported that Exxon's growth plans were unrealistic and that the net present value of Exxon's acreage in the Delaware Basin, an area in the Permian Basin, was $10 billion to $20 billion less than the $60 billion at which Exxon valued it. *Bentler* Compl., ¶ 57. As a result of these disclosures, the price of Exxon common stock declined $0.24 per share, or approximately 1%, from a close of $36.90 per share on September 11, 2020, to close at $36.66 per share on September 14, 2020. *Id*. ¶ 58.

Then, on January 15, 2021, *The Wall Street Journal* published an article reporting that the SEC had launched an investigation into Exxon. That investigation was spurred by a whistleblower, who revealed to the SEC that, during a 2019 internal assessment, workers were forced to use unrealistic assumptions about how quickly wells in the Permian Basin could be drilled to reach a higher valuation, and that at least one worker who complained about the assumptions was fired. *Yoshikawa* Compl., ¶ 37; *Bentler* Compl., ¶ 59. These disclosures caused Exxon's stock price to decline by $2.42 per share, or 4.81%, to close at $47.89 per share on January 15, 2021. *Yoshikawa* Compl., ¶ 38; *Bentler* Compl., ¶ 60.

<strong><u>ARGUMENT</u></strong>

## I.     THE ACTIONS SHOULD BE CONSOLIDATED

The Actions should be consolidated pursuant to the PSLRA and Rule 42(a) of the Federal Rules of Civil Procedure because both cases "assert[] substantially the same claim or claims arising under [the Exchange Act]." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The Actions both assert the same

4

causes of action against the same Defendants arising from the same theories of liability. Though the lengths of the class periods asserted in the Actions differ, this is not an impediment to consolidation. *See In re BP*, 758 F. Supp. 2d at 432-33 (consolidating cases asserting different class periods); *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 448 n.15 (S.D. Tex. 2002) (same, and observing that the class period would be more clearly defined after the appointment of lead plaintiff and the filing of a consolidated complaint).

## II.     THE COURT SHOULD APPOINT RHODE ISLAND AND AMALGAMATED BANK AS LEAD PLAINTIFF

### A.     RHODE ISLAND AND AMALGAMATED BANK SHOULD BE APPOINTED LEAD PLAINTIFF

Rhode Island and Amalgamated Bank respectfully submit that they should be appointed Lead Plaintiff because they are the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA establishes a presumption that the "most adequate plaintiff" is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Stein v. Match Grp., Inc.*, 2016 WL 3194334, at *3 (N.D. Tex. June 9, 2016); *Town of Davie Police Pension Plan v. Pier 1 Imps., Inc.*, 2016 WL 1625774, at *1 (N.D. Tex. Apr. 25, 2016).

As set forth below, Rhode Island and Amalgamated Bank believe they are the "most adequate plaintiff" because they have the largest financial interest of any qualified movant, satisfy the typicality and adequacy requirements of Rule 23, and are sophisticated institutional investors with the skills and resources to oversee and vigorously prosecute this action.

### 1.     Rhode Island's and Amalgamated Bank's Motion is Timely

Any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice regarding the filing of the action. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). On

January 28, 2021, Plaintiff Mendi Yoshikawa filed the first of the related actions in the District. That same day, counsel for Ms. Yoshikawa published notice on *PR Newswire* alerting investors to the pendency of the action and set the deadline to seek Lead Plaintiff status as March 29, 2021. *See* Appendix, Ex. E at App-34 – App-36.  On February 17, 2021, Plaintiff Martin J. Bentler filed a substantially similar action in this District, which expanded the class period.  That same day, counsel for Mr. Bentler published notice on *PR Newswire* alerting investors to the pendency of the action and the expanded class period, and reiterating the March 29, 2021 deadline to seek Lead Plaintiff status.  *See* Appendix, Ex. F at App-37 – App-40.  Accordingly, Rhode Island and Amalgamated Bank have timely moved for appointment as Lead Plaintiff through the filing of this motion.

### 2.    Rhode Island and Amalgamated Bank Have The Largest Financial Interest

Rhode Island and Amalgamated Bank should be appointed Lead Plaintiff because they have the "largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  Rhode Island and Amalgamated Bank incurred losses of over $13.1 million when calculated on a LIFO basis, arising from their Class Period purchases of 783,400 shares of Exxon stock.  *See* Appendix, Ex. B at App-5 – App-15; Ex. C at App-16 – App-24.  To the best of Rhode Island's and Amalgamated Bank's knowledge, no other movant has a larger financial interest. Accordingly, Rhode Island and Amalgamated Bank have the largest financial interest of any qualified movant, and are the presumptive "most adequate plaintiff."

### 3.    Rhode Island and Amalgamated Bank Satisfy the Applicable Requirements of Rule 23

In addition to possessing the largest financial interest, Rhode Island and Amalgamated Bank satisfy the applicable requirements of Rule 23.  *See* 15 U.S.C. § 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  A lead plaintiff movant need only make a "preliminary showing" that it

6

satisfies the typicality and adequacy requirements of Rule 23.  *Hohenstein v. Behringer Harvard REIT I, Inc.*, 2012 WL 6625382, at *2 (N.D. Tex. Dec. 20, 2012) (citation omitted).  Here, Rhode Island and Amalgamated Bank satisfy both requirements.

Rhode Island's and Amalgamated Bank's claims are typical of the claims of other Class members.  The typicality requirement is met when the movant, like other class members, "purchase[d] the stock at inflated prices during the Class Period followed by the steep loss of investment value." *Parker v. Hyperdynamics Corp.*, 2013 WL 623164, at *3 (S.D. Tex. Feb. 19, 2013).  Here, Rhode Island's, Amalgamated Bank's, and all other Class members' claims arise from the same course of events, and their legal arguments to prove Defendants' liability are identical.  Like all other Class members, Rhode Island and Amalgamated Bank: (1) purchased Exxon securities during the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements and omissions; and (3) were damaged by Defendants' fraud.  Thus, Rhode Island and Amalgamated Bank satisfy the typicality requirement.

Rhode Island and Amalgamated Bank likewise satisfy Rule 23's adequacy requirement.  Under Rule 23(a)(4), a representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  The adequacy inquiry examines the "zeal and competence of the representatives' counsel and [] the willingness and ability of the representatives to take an active role in and control the litigation and to protect the interests of absentees." *Hyperdynamics*, 2013 WL 623164, at *3 (citation omitted).  Rhode Island and Amalgamated Bank satisfy these elements because their substantial financial stake in the litigation provides them with the incentive to vigorously represent the Class' claims.

Rhode Island and Amalgamated Bank have further demonstrated their adequacy through their selection of Bernstein Litowitz and G&E as Lead Counsel.  Bernstein Litowitz and G&E are

highly qualified and experienced securities litigation firms that have repeatedly demonstrated their ability to successfully prosecute complex securities class actions. *See* § II.B., *infra*.

Accordingly, Rhode Island and Amalgamated Bank satisfy the typicality and adequacy requirements of Rule 23.

> **4.**     **Rhode Island and Amalgamated Bank are Precisely the Type of Lead Plaintiff Envisioned by the PSLRA**

In addition to satisfying the requirements of Rule 23, Rhode Island and Amalgamated Bank—two large, sophisticated institutional investors that collectively manage more than $48 billion in assets—are exactly the type of lead plaintiff Congress prefers to lead securities class actions. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995); *see also In re Kosmos Energy Ltd. Sec. Litig.*, 2012 WL 6199318, at *2 n.2 (N.D. Tex. Nov. 1, 2012) (noting that "through the PSLRA, Congress has unequivocally expressed its preference for securities fraud litigation to be directed by large institutional investors") (citation omitted). Rhode Island and Amalgamated Bank are well suited to fulfill this Congressional intent. *See* Appendix, Ex. D ¶¶ 3, 5, 7 at App-26 – App-29.

As discussed in their Joint Declaration, Rhode Island and Amalgamated Bank have demonstrated their commitment to working together cohesively in the prosecution of this action. *See id.* ¶¶ 7, 9-13 at App-28 – App-31. The PSLRA expressly states that a "group of persons" is eligible to serve as Lead Plaintiff, 15 U.S.C. § 78u-4(a)(3)(B)(iii), and courts in this District, including this Court, as well as others in the Fifth Circuit and throughout the Country have routinely appointed small groups of investors that have a substantial financial stake in the litigation, such as Rhode Island and Amalgamated Bank, as Lead Plaintiff. *See Melms v. Home Sols. of Am., Inc.*, 2008 WL 11349849, at *2 (N.D. Tex. Apr. 2, 2008) (Godbey, J.) (appointing group of investors as lead plaintiff); *Match Grp.*, 2016 WL 3194334, at *6 (appointing group of

8

two investors finding that the pairing was "small and cohesive enough such that it can adequately control and oversee the litigation") (citation omitted); *Okla. Law Enforcement Ret. Sys. v. Adeptus Health Inc.*, 2017 WL 3780164, at *5-6 (E.D. Tex. Aug. 31, 2017) (the court appointed a pair of institutional investors as co-lead plaintiff, explaining "a group may submit evidence to suggest that even though the individuals are unrelated, the group is still able to act cohesively, effectively manage the litigation, and adequately represent the class") (citation omitted); *In re Universal Access, Inc. Sec. Litig.*, 209 F.R.D. 379, 384 (E.D. Tex. 2002) ("Courts . . . have routinely held that the appointment of a group of persons to acts as lead plaintiff is appropriate under the PSLRA and, indeed, is sometimes favored in light of the diversity of experience and interests of the group members.").

Rhode Island and Amalgamated Bank comprise a small, cohesive pair of sophisticated institutions that determined on their own to jointly seek appointment as Lead Plaintiff and prosecute this action independently of counsel and in the best interests of all Class members. *See* Appendix, Ex. D ¶¶ 7, 10 at App-28 – App-30; *see also Brody v. Zix Corp.*, 2005 WL 8158375, at *3 (N.D. Tex. July 11, 2005) (appointing group of investors based on declaration demonstrating commitment to oversee litigation and prosecute case in the best interests of all class members). As discussed in their Joint Declaration, Rhode Island and Amalgamated Bank have demonstrated their commitment to working cohesively as a group in the prosecution of this action. *See* Appendix, Ex. D ¶¶ 7, 9-13 at App-28 – App-31. The Joint Declaration demonstrates that Rhode Island and Amalgamated Bank have already taken (and will continue to take) measures to ensure the vigorous prosecution of this action and oversee counsel. *See id*. Specifically, before seeking appointment as Lead Plaintiff, representatives from Rhode Island and Amalgamated Bank participated in a conference call and discussed together, among other things: their losses arising from Defendants'

9

misconduct and their strategy for prosecuting this case; the strength of the claims against Defendants; and their common goals in ensuring that this action is litigated as efficiently as possible and that the Class receives the best possible result. *See id.* ¶¶ 9-10 at App-29 – App-30. Rhode Island and Amalgamated Bank have established channels of communication so they can consult with one another, both with and without counsel, throughout the pendency of this action. *See id.* ¶ 10 at App-29 – App-30.

The Joint Declaration also explains how and why Rhode Island and Amalgamated Bank decided to collaborate in this litigation. Specifically, before seeking Lead Plaintiff appointment, representatives of Rhode Island and Amalgamated Bank considered the merits of the claims against Defendants, their losses caused by Defendants' fraud, and their proposed litigation strategy. *See id.* ¶¶ 9-10 at App-29 – App-30. Through the course of those deliberations, Rhode Island and Amalgamated Bank each independently expressed an interest in seeking to cooperate with like-minded institutional investors in seeking appointment as Lead Plaintiff. *See id.* ¶ 7 at App-28 – App-29.

Rhode Island and Amalgamated Bank agreed that their partnership would benefit the Class in this action—a view that was informed by both funds' collective and significant experience in supervising the work of outside counsel, including both Bernstein Litowitz and G&E—as well as their prior and current roles as lead plaintiffs in other securities class actions. *See id.* ¶¶ 3, 5, 7 at App-26 – App-29.

Based on Rhode Island's and Amalgamated Bank's understanding that working together would allow for the sharing of experiences and resources, their shared goals as fiduciaries, and their prior experience in litigating securities class actions, including as members of small, cohesive

10

lead plaintiff groups, they believed that partnering would add substantial value to the prosecution of this action and would benefit the Class. *See id*. ¶¶ 7-8 at App-28 – App-29.

The evidence submitted by Rhode Island and Amalgamated Bank establishing their commitment to zealously and efficiently representing the interests of the Class as Lead Plaintiff is more than sufficient to satisfy the adequacy and typicality requirements here. *See Match Grp.*, 2016 WL 3194334, at *6 (appointing group that "submitted evidence that they each understand their responsibility to keep informed of the status and progress of the action; understand the responsibilities of a lead plaintiff to monitor the action, make important litigation decisions, and direct counsel with respect to the litigation; . . . are aware that a lead plaintiff has a fiduciary duty to the entire class and are prepared to each fulfill that fiduciary duty by vigorously prosecuting the action with the goal of maximizing recovery for the class; and intend to communicate as often as necessary with counsel and with one another").

### B.   THE COURT SHOULD APPROVE RHODE ISLAND'S AND AMALGAMATED BANK'S SELECTION OF COUNSEL

The Court should approve Rhode Island's and Amalgamated Bank's selection of Bernstein Litowitz and G&E as Lead Counsel for the Class.  The PSLRA provides that the Lead Plaintiff is to select and retain counsel to represent the Class it seeks to represent, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should not disturb the Lead Plaintiff's choice of counsel unless it is necessary to do so in order to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Bernstein Litowitz is among the preeminent securities class action law firms in the country. *See* Appendix, Ex. G at App-41 – App-103 (Bernstein Litowitz's Firm Résumé).  Bernstein Litowitz served as lead counsel in *In re WorldCom, Inc. Sec. Litig.*, No. 02-cv-03288-DLC (S.D.N.Y.), in which settlements totaling in excess of $6 billion—one of the largest recoveries in

11

securities class action history—were obtained for the class.  More recently, Bernstein Litowitz obtained a $1.06 billion recovery (inclusive of attorneys' fees) for the class in *In re Merck & Co., Inc. Securities, Derivative & "ERISA" Litigation*, MDL No. 1658 (D.N.J.).  Other securities class actions in which courts in this Circuit have recognized Bernstein Litowitz as adequate and qualified class counsel include *In re Cobalt International Energy, Inc. Sec. Litig.*, No. 14-cv-3428 (S.D. Tex.) and *Wyatt v. El Paso Corp.*, No. 02-cv-02717-LNH (S.D. Tex.), recovering $335 million and $285 million for investors, respectively.

Likewise, G&E is also among the best-respected securities class action law firms in the country and has served as lead counsel in several of the largest securities class actions in history, including: *In re Tyco International Ltd. Sec. Litig.*, No. 02-cv-1335 (D.N.H.) ($3.2 billion recovery); *In re Global Crossing, Ltd. Sec. Litig.*, No. 02-cv-910 (S.D.N.Y.) ($448 million recovery); and *In re Refco, Inc., Sec. Litig.*, No. 05-cv-8626 (S.D.N.Y.) ($367 million recovery). *See* Appendix, Ex. H at App-104 – App-162 (G&E Firm Résumé).

Moreover, Bernstein Litowitz and G&E have a history of successfully prosecuting securities fraud class actions together, recovering over $1 billion on behalf of injured investors in *In re Refco, Inc, Securities Litigation*, No. 05-cv-8626 (S.D.N.Y.) ($367 million recovery), *In re DaimlerChrysler Securities Litigation*, No. 00-cv-993 (D. Del.) ($300 million recovery), *In re Merck & Co. Inc. Vytorin/Zetia Securities Litigation*, No. 08-cv-2177 (D.N.J.) ($215 million recovery), and *In re JPMorgan Chase & Co. Securities Litigation*, No. 12-cv-3852 (S.D.N.Y.) ($150 million recovery), among others.  In addition, Bernstein Litowitz and G&E currently serve together as lead counsel in *Logan v. ProPetro Holding Corp.*, No. 19-cv-217 (W.D. Tex.), which is currently pending in federal court in Texas.  Accordingly, the Court should approve Rhode Island's and Amalgamated Bank's selection of Lead Counsel for the Class.

The Court should appoint McKool Smith as Liaison Counsel for the Class.  Headquartered in Dallas, Texas, McKool Smith is an elite trial firm with a national presence.  McKool Smith has extensive experience in complex litigation, including securities and class action practice, and is well qualified to represent the Class as Liaison Counsel.

Thus, the Court may be assured that by granting Rhode Island's and Amalgamated Bank's motion, the Class will receive the highest caliber of legal representation.

## <u>CONCLUSION</u>

For the reasons discussed above and in the accompanying papers, Rhode Island and Amalgamated Bank respectfully request that the Court: (i) consolidate the Actions; (ii) appoint Rhode Island and Amalgamated Bank as Lead Plaintiff; (iii) approve their selection of Bernstein Litowitz and G&E as Lead Counsel for the Class and McKool Smith as Liaison Counsel for the Class; and (iv) grant any other relief that the Court may deem just and proper.

Dated: March 29, 2021

Respectfully submitted,

**McKOOL SMITH PC**

*/s/ Lewis T. LeClair*
Lewis T. LeClair
Texas Bar No. 12072500
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Tel:    (214) 978-4000
Fax:    (214) 978-4044
lleclair@mckoolsmith.com

*Proposed Liaison Counsel for the Class*

**BERNSTEIN LITOWITZ BERGER
 & GROSSMANN LLP**

Hannah Ross
Avi Josefson
Scott R. Foglietta
1251 Avenue of the Americas
New York, NY 10020

13

Tel:    (212) 554-1400
Fax:    (212) 554-1444
hannah@blbglaw.com
avi@blbglaw.com
scott.foglietta@blbglaw.com

*Counsel for Proposed Lead Plaintiff Rhode Island and Proposed Lead Counsel for the Class*

**GRANT & EISENHOFER P.A.**

Daniel L. Berger
Barbara Hart
Jonathan D. Park
Rachel A. Berger
485 Lexington Avenue
New York, NY 10017
Tel:    (646) 722-8500
Fax:    (646) 722-8501
dberger@gelaw.com
bhart@gelaw.com
jpark@gelaw.com
rberger@gelaw.com

*Counsel for Proposed Lead Plaintiff Amalgamated Bank and Proposed Lead Counsel for the Class*

14

## **CERTIFICATE OF SERVICE**

I certify that on March 29, 2021, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

*/s/ Lewis T. LeClair*
Lewis T. LeClair