# EXHIBIT D

## JOINT DECLARATION

We, Amy Crane and Deborah Silodor, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. We respectfully submit this joint declaration in support of the motion of the State of Rhode Island, Office of the General Treasurer, on behalf of the Employees' Retirement System of the State of Rhode Island ("Rhode Island") and of Amalgamated Bank, as Trustee for the LongView LargeCap 500 Index VEBA Fund, LongView LargeCap 500 Index Fund, LongView Large Cap 1000 Index Value Fund, and LongView Broad Market 3000 Index Fund (collectively, "Amalgamated Bank") for appointment as Lead Plaintiff and the approval of their selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") and Grant & Eisenhofer P.A. ("G&E") as Lead Counsel for the proposed Class in the securities class action litigation against Exxon Mobil Corporation ("Exxon") and other defendants. Each of us has personal knowledge of the information in this joint declaration to the extent it concerns the institution with which we are respectively associated.

2. I, Amy Crane, am General Counsel for the State of Rhode Island, Office of the General Treasurer and am authorized to make this joint declaration on behalf of Rhode Island. Rhode Island's Investments & Finance Division provides investment and cash management services to the State government and certain State agencies and manages the State's general obligation debt liabilities. Rhode Island's investments include approximately $8 billion of State pension assets. As reflected in its certification, Rhode Island suffered substantial losses as a result of its investment in Exxon common stock during the alleged class period.

3. Rhode Island is a sophisticated institutional investor that understands and accepts the responsibilities and fiduciary obligations that it will assume under the PSLRA if appointed as

Lead Plaintiff.  Rhode Island's familiarity with the PSLRA's requirements is informed by, among other things, its role serving as lead plaintiff, particularly in cases in which it served or serves as part of a small group of sophisticated institutional investors, including: *In re Coinstar Inc. Securities Litigation*, No. 11-cv-133 (W.D. Wash.) ($6 million recovery with Rhode Island serving as lead plaintiff); *In re Wells Fargo & Company Securities Litigation*, No. 20-cv-4494 (S.D.N.Y.) (Rhode Island currently serving as lead plaintiff with three other institutional investors, and Bernstein Litowitz serves as co-lead counsel); *In re HP Inc. Securities Litigation*, No. 20-cv-1260 (N.D. Cal.) (Rhode Island currently serving as lead plaintiff with another institutional investor, and Bernstein Litowitz serves as co-lead counsel); *In re 3M Company Securities Litigation*, No. 20-cv-2488 (D. Minn.) (Rhode Island currently serving as lead plaintiff with two other institutional investors).  Rhode Island believes its experience overseeing class actions under the federal securities laws will be a significant benefit to the Class.

4.    I, Deborah Silodor, am the Executive Vice President and General Counsel of Amalgamated Bank and am authorized to make this joint declaration on behalf of Amalgamated Bank.  Amalgamated Bank is a New York State chartered, FDIC-insured, commercial bank that was established in 1923 by the Amalgamated Clothing Workers of America and its successor union is still the Bank's largest shareholder.  Amalgamated Bank has been offering investment management services since 1973 and currently has over $40 billion in assets under management and custody.  As reflected in its certification, the above-listed funds for which Amalgamated Bank serves as Trustee suffered substantial losses as a result of their investment in Exxon common stock during the alleged class period.

5.    Amalgamated Bank is a sophisticated institutional investor that understands and accepts the responsibilities and fiduciary obligations that it will assume under the PSLRA if

2

appointed as Lead Plaintiff.  Amalgamated Bank's familiarity with the PSLRA's requirements is informed by, among other things, its role serving as lead plaintiff, particularly in cases in which it served or serves as part of a small group of sophisticated institutional investors, including: *In re Cardinal Health, Inc. Securities Litigation*, No. 04-cv-575 (S.D. Ohio) (Amalgamated served as co-lead plaintiff with three other institutional investors and recovered $600 million); *Nieman v. Duke Energy Corporation*, No. 12-cv-456 (W.D.N.C.) (Amalgamated served as co-lead plaintiff with three other investors and recovered $146 million); *In re Cognizant Technology Solutions Corporation Securities Litigation*, No. 16-cv-6509 (D.N.J.) (Amalgamated currently serving as lead plaintiff along with two other institutional investors, and Bernstein Litowitz serves as co-lead counsel).  Amalgamated Bank believes its experience overseeing class actions under the federal securities laws will be a significant benefit to the Class.

6.      Rhode Island and Amalgamated Bank are both motivated to recover the significant losses suffered as a result of the defendants' alleged violations of the federal securities laws. We believe that this case should be prosecuted by sophisticated institutional investors with significant resources and a financial interest substantial enough to ensure that the claims are litigated vigorously, efficiently, and in the best interests of the Class.  Rhode Island's and Amalgamated Bank's primary goal in this litigation is to maximize the Class' recovery from all potentially culpable parties.

7.      Rhode Island and Amalgamated Bank each independently determined to seek joint appointment as Lead Plaintiff.  In exploring whether to pursue a leadership position in this case, Rhode Island and Amalgamated Bank expressed an interest in working with other sophisticated institutional investors in seeking joint Lead Plaintiff appointment.  Further, based on our understanding that partnering with other sophisticated investors would allow for the

3

sharing of experiences and resources, we believed that the partnership between Rhode Island and Amalgamated Bank would add substantial value to the prosecution of this action and benefit the Class.

8.    For these reasons, among others, Rhode Island and Amalgamated Bank each determined that they could maximize the Class' recovery by seeking joint appointment as Lead Plaintiff, understanding such joint appointment is allowed under the PSLRA.    After reviewing the allegations pleaded in the action and consulting with their respective counsel, Bernstein Litowitz and G&E, Rhode Island and Amalgamated Bank approved the filing of a joint motion seeking their appointment as Lead Plaintiff.

9.    As part of our effort to formalize our leadership in this action, Rhode Island and Amalgamated Bank convened a conference call to discuss how we would work together to jointly prosecute this litigation.    During the conference call, we discussed, among other things: the facts and the merits of the claims; the strategy for the prosecution of this litigation; the experience of our respective institutions in prosecuting shareholder litigations; and our interest in serving together as Lead Plaintiff.    We believe that by working together here we can, among other things, ensure that all of the Class' claims will be efficiently and zealously prosecuted through our oversight of our proposed lead counsel, Bernstein Litowitz and G&E.

10.    We also discussed the Lead Plaintiff's obligation under the PSLRA to select Lead Counsel, and to supervise the prosecution of the case to guarantee that the action is prosecuted efficiently. Through supervision of our chosen counsel, we will ensure that the action is prosecuted for the benefit of the Class in an efficient and effective manner.    In order to achieve this result, we plan on consulting with each other and with counsel regarding the prosecution of this lawsuit via telephone, video conference, and email, and, if necessary (and when possible given

4

the ongoing pandemic), in person. We understand that some of these meetings may need to be conducted without counsel. To this end, we have exchanged contact information, and will be able to call meetings with and without counsel as needed, including on an emergency basis if circumstances arise requiring such communications.

11. After careful consideration, we have selected Bernstein Litowitz and G&E as proposed Lead Counsel. We are satisfied that our chosen counsel is experienced in prosecuting actions of this nature and capable of diligently prosecuting the Class' claims under our supervision.

12. Through our oversight of our proposed Lead Counsel, we fully believe that Bernstein Litowitz and G&E will prosecute this litigation in a zealous and efficient manner. We further believe that Bernstein Litowitz's and G&E's experience jointly prosecuting securities class actions and other shareholder actions will benefit the Class. For example, we understand that Bernstein Litowitz and G&E served together as lead counsel in several actions that have collectively recovered more than $1 billion on behalf of investors in *In re Refco, Inc, Securities Litigation*, No. 05-cv-8626 (S.D.N.Y.) ($367 million recovery), *In re DaimlerChrysler Securities Litigation*, No. 00-cv-993 (D. Del.) ($300 million recovery), *In re Merck & Co. Inc. Vytorin/Zetia Securities Litigation*, No. 08-cv-2177 (D.N.J.) ($215 million recovery), and *In re JPMorgan Chase & Co. Securities Litigation*, No. 12-cv-3852 (S.D.N.Y.) ($150 million recovery), among others. In addition, we are aware that Bernstein Litowitz and G&E currently serve together as lead counsel in *Logan v. ProPetro Holding Corp.*, No. 19-cv-217 (W.D, Tex.), which is currently pending in federal court in Texas.

13. As set forth above, Rhode Island and Amalgamated Bank are committed to actively overseeing the effective and efficient prosecution of this action by, among other things, reviewing court documents, actively participating in litigation decisions, monitoring and directing

5

counsel, and attending hearings and depositions as necessary.  We take the obligations owed by a Lead Plaintiff to the Class very seriously and hereby reaffirm our commitment to actively monitor our counsel and the litigation, to prosecute the action in the best interest of the Class, and to otherwise fulfill the duties we will assume if appointed jointly as Lead Plaintiff.


[*remainder of page intentionally blank*]

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing statements relating to Rhode Island are true and correct.

Executed this 26th day of March, 2021.

Rhode Island

By: Amy L. Crane, General Counsel

App-33

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing statements relating to Amalgamated Bank are true and correct.

Executed this 26th day of March, 2021.

Amalgamated Bank

By: Deborah Silodor, Executive Vice President and General Counsel

App-33