**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| MENDI YOSHIKAWA, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) Civil Action No.: 3:21-cv-00194-N ) |
| v. | ) <u>CLASS ACTION</u> ) |
| EXXON MOBIL CORPORATION, DARREN W. WOODS, NEIL A. CHAPMAN, JACK P. WILLIAMS, NEIL A. HANSEN, DAVID S. ROSENTHAL, LIAM M. MALLON, JEFFREY J. WOODBURY, and SARA N. ORTWEIN, | ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

**LEAD PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL PLAINTIFFS TO IDENTIFY CONFIDENTIAL WITNESSES**

## ARGUMENT

Defendants' Motion to Compel is substantively without merit and, in any event, will be rendered moot by the Court's decision on Defendants' pending motion to dismiss.  For the reasons set forth below, the Motion should be denied.[1]

*First*, the Fifth Circuit allows the use of confidential sources in securities class action complaints. *See, e.g.*, *Spitzberg v. Houston Am. Energy Corp.*, 758 F.3d 676, 684 (5th Cir. 2014) (crediting confidential witness allegedly involved in drilling operations in case alleging false reserves); *Barrie v. Intervoice-Brite, Inc.*, 397 F.3d 249, 259 (5th Cir. 2005), *opinion modified on denial of reh'g*, 409 F.3d 653 (5th Cir. 2005) (crediting confidential sources); *Brody v. Zix Corp.*, 2006 WL 2739352, at *5 (N.D. Tex. Sept. 26, 2006) (same).

*Second*, Defendants' motion to compel seeks discovery—i.e., the identities of witnesses—but the PSLRA expressly bars all discovery during the pendency of Defendants' motion to dismiss. 15 U.S.C. § 78u–4(b)(3)(B) ("In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss . . . ."); *In re Odyssey Healthcare, Inc.*, 2005 WL 1539229, at *2 (N.D. Tex. June 10, 2005) (Godbey, J.). If Defendants wanted the Court to allow discovery into the former employees now, they should have filed a motion to lift the PSLRA discovery stay. 15 U.S.C. § 78u–4(b)(3)(B) ("all discovery and other proceedings shall be stayed . . . unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."). Such motions require a showing of "undue prejudice"—far beyond the passing reference to fairness in Defendants' brief. *See, e.g.*, *Odyssey Healthcare,* at *2 (noting that "it is the burden

---

[1] References to "¶__" are to the Amended Class Action Complaint for Violations of the Federal Securities Laws, filed on September 10, 2021 (ECF No. 53), and "Br.__" are to Defendants' Brief in Support of Motion to Compel Plaintiffs to Identify Confidential Witnesses, filed on November 19, 2021 (ECF No. 67).

of [any party] seeking an exception to the stay to explain why, given the particular factual circumstances of the instant case, its litigation position would be materially harmed if discovery were delayed until after it had withstood a motion to dismiss. Because the exception only covers 'undue' prejudice, this harm cannot consist of disadvantage that is inherent in the stay itself . . ."). Defendants have not even attempted to satisfy the requirements for lifting the PSLRA discovery stay. Rather, they merely state a general desire to "test" the former employees' statements. This is what discovery is for, after the motion to dismiss has been resolved.

*Third*, the motion to compel will be mooted by the Court's decision on the motion to dismiss. If the Court denies the motion to dismiss, the parties will proceed to discovery and Defendants can obtain the information they seek. If the Court grants the motion to dismiss, the Complaint is no longer operative, and there is no need for discovery at that time. Either way, the motion to compel becomes null.

Tellingly, Defendants have not cited a single case compelling a plaintiff to disclose the identities of confidential sources prior to a decision on the motion to dismiss. Rather, Defendants cite *Edgar v. Anadarko Petroleum Corp.*, No. 4:17-CV-01372 (S.D. Tex. Nov. 2, 2017), ECF No. 35 (App. 9 n.2), where the plaintiff voluntarily offered to provide the former employees' names to defendants (and "confidentiality was neither promised nor requested"), and *Campo v. Sears Holdings Corp.*, 635 F. Supp. 2d 323, 330 n.54 (S.D.N.Y. 2009), *aff'd*, 371 F. App'x 212 (2d Cir. 2010), where the court allowed defendants to depose the plaintiffs' confidential sources <u>after</u> denying the motion to dismiss.

The remainder of Defendants' brief—and likely the brief's true purpose—consists of baseless attacks on the former employees cited in the Complaint. Defendants contend that the former employees are not described with sufficient particularity, but the Complaint describes their

2

basis for knowledge, including their positions, tenures, and geographical locations which is more than sufficient under Fifth Circuit law. *See Barrie*, 397 F.3d at 259 (confidential sources credited where complaint described their positions at the company and the basis for their knowledge); *Schulze v. Hallmark Fin. Servs., Inc.*, 2021 WL 3190529, at \*3 (N.D. Tex. July 28, 2021) (complaint "adequately described" witnesses); *Brody*, 2006 WL 2739352, at \*5 (crediting confidential source allegations where "[p]laintiff specifies each confidential witness's job title, job description, time-frame employed at Zix, and specifically what the witness knew in relation to the PocketScript, its performance, and the Defendants").

Even if the Complaint failed to adequately describe any witness—and it does not—the remedy would not be allowing discovery in violation of the PSLRA's clear stay; the remedy would be giving the allegations attributed to such witness less (or no) weight in the scienter analysis, as Defendants' cited authority makes clear. *See Indiana Elec. Workers' Pension Tr. Fund IBEW v. Shaw Grp., Inc.*, 537 F.3d 527, 535 (5th Cir. 2008).

Defendants also misstate and cherry-pick the allegations in the Complaint in an effort to discredit each former employee. But again, on its face, the Complaint details the basis for each FE's knowledge. For example, Jeff Biddle, a Rig Move Specialist in the Permian, described drilling issues and delays in moving rigs. ¶¶193-95. Ryan Wells, a Drilling Consultant in the Permian, described drilling delays and increased costs associated with those delays. ¶¶191-92. Andrew Rhodes, a former Reservoir Engineer, knew about the Permian from his personal contact and regular discussions with reservoir engineers who did proved reserve forecasting for the Permian, including Andrew Bridwell and Kaylene Tovar (¶¶105, 107); from Bridwell specifically telling him that there was no way that Exxon could ever meet the 2024 Permian projections (¶180); from his good friend Afif Alafifi who worked in the Permian (¶105); from the reservoir

engineering monthly meetings that he personally attended (¶106); and from the Permian reserves that he personally had access to and would periodically personally review (¶108). Further, Rhodes, corroborated by other former employees, described how it was common knowledge at Exxon that the Permian production goal was not achievable, and that Rhodes and others voiced those concerns (¶¶154-55). In all events, none of Defendants' factual contentions would warrant one-sided discovery at the pleading stage in violation of the statutory discovery stay.

Defendants' other attacks on the confidential former employees are equally inapt. *See* Br. at 3-4. FE3 served in a role specific to the Permian during his last role at the Company (¶120), received directions to fraudulently boost Exxon's reserves (¶121), and witnessed fraudulent changes to his own reports (¶122). FE2 was responsible for supervising drilling costs and tracking related costs in the Permian where he worked. ¶66. FE4 knew that senior executives were lying about the Permian production goal because of the questions that "he and his fellow team members asked during several team meetings and town hall meetings," the answers that they received (that the goal was a "vision"), and from his own research and data analysis. ¶¶159-60.

***Finally***, Defendants engage in a half-hearted smear campaign by citing an out-of-circuit case, *In re Millennial Media, Inc. Sec. Lit.*, 2015 WL 3443918 (S.D.N.Y. May 29, 2015), that involved an investigation by a different law firm (not Lead Counsel). In that case, the court, in *dicta*, articulated a particular practice for the use of confidential sources in securities complaints, which has been rejected by other district courts. *See The Dep't of the Treasury of the State of New Jersey & Its Div. of Inv. v. Cliffs Nat. Res., Inc.*, 2015 WL 6870110, at *4 n.5 (N.D. Ohio Nov. 6, 2015) ("With regard to *In re Millennial Media*, the Court notes that the district court's pronouncements are *dicta*, not followed by at least one other court in that district, have no precedential effect on this Court, and relate only to the facts of that case.") (citation omitted).

Defendants will have ample opportunity to seek to explore Lead Counsel's practices if this case proceeds into discovery. In the meantime, the cases cited by Defendants involving recanting confidential sources and different procedural postures have no bearing here, and certainly provide no basis for disregarding the automatic discovery stay imposed by the PSLRA.[2]

For the foregoing reasons, the Motion should be denied.

Dated: December 10, 2021

Respectfully submitted,

*/s/ Lewis T. LeClair*
Lewis T. LeClair
Texas Bar No. 12072500
lleclair@mckoolsmith.com
**McKOOL SMITH PC**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Phone: (214) 978-4000
Fax: (214) 978-4044

*Liaison Counsel for the Class*

John Rizio-Hamilton (*pro hac vice*)
johnr@blbglaw.com
Rebecca E. Boon (*pro hac vice*)
rebecca.boon@blbglaw.com
Kate W. Aufses (*pro hac vice*)
kate.aufses@blbglaw.com
R. Ryan Dykhouse (*pro hac vice*)
ryan.dykhouse@blbglaw.com
Matthew Traylor (*pro hac vice*)
matthew.traylor@blbglaw.com
**BERNSTEIN LITOWITZ BERGER**
    **& GROSSMANN LLP**
1251 Avenue of the Americas

---

[2] *See Belmont Holdings Corp. v. SunTrust Banks, Inc.*, 896 F. Supp. 2d 1210 (N.D. Ga. 2012) (decision on reconsideration of order denying the motion to dismiss); *City of Livonia Emps.' Ret. Sys. v. Boeing Co.*, 306 F.R.D. 175 (N.D. Ill. 2014) (decision after motion to dismiss and upon a motion for sanctions); *City of Pontiac Gen. Emps.' Ret. Sys. v. Lockheed Martin Corp.*, 952 F. Supp. 2d 633 (S.D.N.Y. 2013) (decision on a limited motion for summary judgment and preliminary approval of a settlement).

New York, New York 10020
Phone: (212) 554-1400
Fax: (212) 554-1444

*Co-Lead Counsel for Co-Lead Plaintiff State of Rhode Island, Office of the General Treasurer, on behalf of the Employees' Retirement System of Rhode Island*

Daniel L. Berger (*pro hac vice)*
dberger@gelaw.com
Barbara J. Hart (*pro hac vice)*
bhart@gelaw.com
Caitlin M. Moyna (*pro hac vice)*
cmoyna@gelaw.com
Rachel A. Berger (*pro hac vice)*
rberger@gelaw.com
**GRANT & EISENHOFER PA**
485 Lexington Avenue
New York, New York 10017
Phone: (646) 722-8500
Fax: (646) 722-8501

*Co-Lead Counsel for Co-Lead Plaintiff Amalgamated Bank*

6

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 10, 2021, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.


*/s/ Lewis T. LeClair*
Lewis T. LeClair