**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

|  |  |
|---|---|
| MENDI YOSHIKAWA, Individually and On Behalf of All Others Similarly Situated, <br><br> *Plaintiff*, <br><br> v. <br><br> EXXON MOBIL CORPORATION, DARREN W. WOODS, NEIL A. CHAPMAN, JACK P. WILLIAMS, NEIL A. HANSEN, DAVID S. ROSENTHAL, LIAM M. MALLON, JEFFREY J. WOODBURY, and SARA N. ORTWEIN, <br><br> *Defendants*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No.: 3:21-cv-00194-N |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL**
**PLAINTIFFS TO IDENTIFY CONFIDENTIAL WITNESSES**

SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
1000 Louisiana Street, Suite 6800
Houston, TX 77002
Tel.: (713) 655-5122
Fax: (713) 483-9122

*Attorneys for Defendants Exxon Mobil*
*Corporation, Darren W. Woods, Neil A.*
*Chapman, Jack Williams, Neil A. Hansen,*
*David S. Rosenthal, Liam M. Mallon, Jeffrey*
*J. Woodbury, and Sara N. Ortwein*

Plaintiffs' Response deliberately mischaracterizes Defendant's Motion.  Defendants do not seek discovery, and the PSLRA stay is in no way implicated.  The names and positions of confidential witnesses are necessary to evaluate the plausibility of the statements attributed to them in the Amended Complaint.  Plaintiffs themselves seem to recognize that they cannot eat their cake and have it, too – if they are unwilling to let Defendants test whether the confidential witnesses were in a position to know what they claim to know, then the Court should give these witnesses' statements "less (or no) weight."  (Dkt. 71 at 3.)  And contrary to Plaintiffs' suggestion, the Court should disregard these purported witnesses when evaluating *all* aspects of the motion to dismiss – not just scienter.  *Mun. Emps.' Retirement Sys. of Mich. v. Pier 1 Imports, Inc.*, 935 F.3d 424, 433 (5th Cir. 2019) ("We note first that 'courts must discount allegations from confidential sources.'" (quoting *Ind. Elec. Workers' Pension Tr. Fund IBEW v. Shaw Grp., Inc.*, 537 F.3d 535 (5th Cir. 2008).))

But the better course would be for the Court to require disclosure.  Tellingly, Plaintiffs' Response elides the key issues.  They do not dispute that some of the former employees appear to have been third-party contractors or that some allegations about named witnesses are incorrect.  They simply wave off these defects and declare the Complaint's faulty witness descriptions "more than sufficient" because they listed the witnesses' positions, tenures, and locations.  (Dkt. 71 at 3.)  But the issue is whether Plaintiffs' allegations about what the confidential witnesses supposedly told them are credible and should be accepted on a motion to dismiss.  The Motion explains, and Plaintiffs do not dispute, that they misstated Steven Binns' title and dates of employment.  (Dkt. 67 at 4.)  The incorrect information about even named witnesses calls into question the plausibility of statements allegedly made by anonymous witnesses.  ExxonMobil is entitled to explore whether Plaintiffs made similar misstatements about the confidential witnesses.

2

Nor do Plaintiffs dispute *Millennial Media*'s recognition of the "growing body of cases chronicling the repudiation by [confidential witnesses] of statements attributed to them in securities class-action complaints." *In re Millennial Media, Inc. Sec. Litig.*, No 14 7923(PAE), 2015 WL 3443918, at *5 (S.D.N.Y. May 29, 2015). While they shrug this off as out-of-circuit dicta (Dkt. 71 at 4), they do not deny the hard facts in that court's statement. The unrefuted record in this case suggests that the same problem has occurred here, too.

Plaintiffs' remaining arguments miss the mark. Simply saying that securities class action plaintiffs are generally allowed to use confidential sources does not address whether *their* witnesses in *this* case should remain confidential. (Dkt. 71 at 1.) And their blithe argument that Defendants will get the names if the motion to dismiss is denied puts the cart before the horse. (Dkt. 71 at 2.) The point is that basic identifying information for the witnesses is relevant to the motion to dismiss itself. Plaintiffs' acknowledgement that the disclosure Defendants seek is only a matter of time begs the question why they want to conceal that information from the Court at the motion to dismiss stage.

Finally, their assertion that no court has compelled the disclosure of this information before deciding a motion to dismiss is disingenuous at best. (Dkt. 71 at 2.) In *Campo v. Sears Holdings Corp.*, after the district court denied defendants' motion to dismiss based on statements attributed to confidential witnesses, it ordered those witnesses deposed "to determine whether they supported the allegations in the Complaint and whether [the court] should have granted defendants' motion to dismiss," and ultimately granted that same motion to dismiss after the depositions revealed deficiencies in plaintiffs' pleading. 635 F. Supp. 2d 323, 330 n.54 (S.D.N.Y. 2009), *aff'd*, 371 F. App'x 212 (2d Cir. 2010). So while the disclosure technically was not ordered until after a first ruling on the motion to dismiss, *Campo* demonstrates why proceeding without disclosure is a waste

3

of the parties' and the Court's resources.  And while the *Anadarko* plaintiff ultimately agreed to provide the names of confidential witnesses, Judge Rosenthal's decision still shows that courts have the power to require plaintiffs to provide this information.  (Dkt. 67 at 6.)

### Conclusion

Defendants respectfully request that the Court order Plaintiffs to identify FE1 through FE6.

Dated: December 27, 2021                    Respectfully submitted,

                                            /s/ Noelle M. Reed
                                              Noelle M. Reed
                                                 State Bar No. 24044211
                                              Wallis M. Hampton
                                                 State Bar No. 00784199
                                              Brent M. Hanson
                                                 State Bar No. 24106051
                                              SKADDEN, ARPS, SLATE,
                                                 MEAGHER & FLOM LLP
                                              1000 Louisiana Street, Suite 6800
                                              Houston, Texas 77002
                                              Tel.: (713) 655-5122
                                              Fax: (713) 483-9122
                                              noelle.reed@skadden.com
                                              wallis.hampton@skadden.com
                                              brent.hanson@skadden.com

                                              Michelle L. Davis
                                                 State Bar No. 24038854
                                              SKADDEN, ARPS, SLATE,
                                                 MEAGHER & FLOM LLP
                                              308 Bahama Court
                                              Granbury, Texas 76048
                                              Tel.: (713) 655-5197
                                              Fax: (713) 483-9197
                                              michelle.davis@skadden.com

                                              *Attorneys for Defendants Exxon Mobil
                                              Corporation, Darren W. Woods, Neil A.
                                              Chapman, Jack Williams, Neil A. Hansen,
                                              David S. Rosenthal, Liam M. Mallon,
                                              Jeffrey J. Woodbury, and Sara N. Ortwein*

5