IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MENDI YOSHIKAWA, *et al.*,  §
                            §
    Plaintiffs,          §
                            §
v.                          §  Civil Action No. 3:21-CV-00194-N
                            §
EXXON MOBIL CORPORATION,    §
*et al.*,                   §
                            §
    Defendants.          §

## ORDER

    This Order addresses Defendants Exxon Mobil Corporation, Darren W. Woods, Neil A. Chapman, Jack P. Williams, Neil A. Hansen, David S. Rosenthal, Liam M. Mallon, Jeffrey J. Woodbury, and Sara N. Ortwein's motion to compel identification of confidential witnesses [66]. Because the Private Securities Litigation Reform Act ("PSLRA") automatically stays discovery during the pendency of Defendants' motion to dismiss [69], the Court denies the motion.

### I. ORIGINS OF THE MOTION

    This is a class action securities lawsuit. Plaintiff Mendi Yoshikawa filed a class action complaint against Defendants bringing causes of action for violations of the Securities Exchange Act of 1934. First Am. Compl. ¶¶ 467–87 [53]; 15 U.S.C. § 78a, *et seq*. The complaint relies in part on allegations from several anonymous witnesses designated as former employees of Exxon and its subsidiary XTO Energy, Inc. *See, e.g.*, First Am. Compl. at 17 n.2. Defendants filed a motion to compel Plaintiffs to identify the

ORDER – PAGE 1

confidential witnesses and then shortly afterward filed a motion to dismiss [69] that is currently pending before the Court.

## II. DISCOVERY IS STAYED PURSUANT TO PSLRA

In cases subject to PSLRA, discovery is automatically stayed while a motion to dismiss is pending absent a particular showing of need or prejudice. The mandate of PSLRA is clear:

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B). The burden on the party seeking an exception to the stay to explain why its litigation position would be materially harmed if discovery were delayed until the Court rules on a pending motion to dismiss. *See Tex. Pac. Land Trust v. Oliver*, 2019 WL 3387767, at *3 (N.D. Tex. 2019) (citing *Davis v. Duncan Energy Partners, L.P.*, 801 F. Supp. 2d 589, 592 (S.D. Tex. 2011)).

The Court agrees with Plaintiffs that the PSLRA discovery stay applies in this case. Defendants do not argue otherwise. Accordingly, discovery is automatically stayed by PSLRA (subject to the above exceptions) until the Court rules on the pending motion to dismiss.

## III. THE COURT DENIES THE MOTION

Defendants' efforts to avoid the discovery stay fall short. In their reply brief, Defendants state without elaboration that the PSLRA discovery stay is "in no way implicated" because they "do not seek discovery." Defs.' Reply 2 [74]. But labels aside,

ORDER – PAGE 2

Defendants do not explain how this motion to compel disclosure of information possessed by Plaintiffs is any different than a discovery request. Nor do Defendants identify any procedure outside the federal rules governing discovery that enables them to compel disclosure of this information when discovery is expressly unavailable. In the Court's view, Defendants effectively seek to compel an answer to an interrogatory that does not exist. *See* Fed. R. Civ. P. 33 (allowing parties to serve a limited number of interrogatories seeking answers from another party relating to any matter within the scope of discovery outlined by Rule 26(b)); *see also* Fed. R. Civ. P. 26(b) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."). Thus, unless Defendants have shown a need to preserve evidence or prevent undue prejudice, the Court must deny their motion to compel.

Defendants have not shown (and do not even directly argue) that either of the two exceptions to the PSLRA discovery stay applies. First, Defendants point to no risk of losing evidence without disclosure of the requested information. Second, Defendants fail to explain how their litigation position would be unduly prejudiced by waiting for a ruling on their already-filed motion to dismiss to learn the identities of the confidential witnesses.

To the extent Defendants argue good cause by claiming they need this information to test the veracity of the allegations, the Court holds they have failed to show a material harm to their litigation position. Defendants have already filed a motion to dismiss. Further, the ability to test the plausibility of a complaint's allegations at this stage is already built into the motion to dismiss standard, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), as well

ORDER – PAGE 3

as the law governing securities fraud.  *See Ind. Elec. Workers' Pension Trust Fund IBEW v. Shaw Grp., Inc.*, 537 F.3d 527, 533, 535 (5th Cir. 2008) (describing PSLRA's heightened pleading requirements and noting that relying on confidential sources "detracts from [an allegation's] weight in the scienter analysis").  Defendants are free to argue at this stage in their motion to dismiss that the confidential witness allegations should be discounted in evaluating the motion, and they will have ample opportunity to test the allegations at summary judgment or trial, if necessary.  For the reasons above, Defendants have not met their burden to show an exception to PSLRA's discovery stay applies, and the Court declines to allow Defendants to circumvent the statute's clear command.  Accordingly, the Court denies Defendants' motion to compel.

### CONCLUSION

Because PSLRA states that discovery shall be stayed during the pendency of the motion to dismiss, the Court denies Defendants' motion to compel disclosure of the identities of confidential witnesses.

Signed February 15, 2022.

David C. Godbey
United States District Judge

ORDER – PAGE 4