**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |  |
|---|---|---|
| MENDI YOSHIKAWA, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | Civil Action No. 3:21-cv-00194-N |
| EXXON MOBIL CORPORATION, DARREN W. WOODS, NEIL A. CHAPMAN, JACK WILLIAMS, NEIL A. HANSEN, DAVID ROSENTHAL, LIAM M. MALLON, JEFFREY J. WOODBURY, and SARA N. ORTWEIN, | ) ) ) ) ) ) ) ) | |
| *Defendants*. | ) ) ) | |

**DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY**

Plaintiffs concede that they are entitled to a sur-reply only to respond to arguments and evidence raised for the first time in a reply brief.  But the three points they intend to brief were already raised in Defendants' Motion, Plaintiffs' Opposition, or both, and do not meet this standard.

First, the Motion to Dismiss emphasized that Plaintiffs' expert based his opinions on 2018 performance data even though his own data confirmed that ExxonMobil's performance metrics improved in later years.  (ECF No. 69 at 9, 30, 36.)  Plaintiffs' Opposition responded – admitting that ExxonMobil decreased its drilling time after 2018.  (ECF No. 75 at 32.)  Plaintiffs also wrongly contend that "in stark contrast" to the Motion, Defendants "now" contend that the Complaint failed to allege that the Individual Defendants accessed any of the expert's data or could have reproduced his analysis.  (ECF No. 80-1 at 3.)  But the Motion made that same point.  (ECF No. 69 at 37

1

("Plaintiffs do not allege that any Individual Defendant had access to or reviewed the same type of analysis performed by Plaintiffs' expert.").)

Second, Plaintiffs' Opposition argued that ExxonMobil's scienter could be imputed through Melissa Bond because she furnished information used in public disclosures, a position that is not in their Complaint.  (ECF. No. 75 at 29.)  Defendants' Reply responded to that argument. Plaintiffs cannot create a right to a sur-reply by raising new arguments in their own Response.

Third, the Opposition already addressed the relevance of the SEC's decision not to pursue enforcement actions.  (ECF No. 75 at 40.)  If the Court finds that the SEC's formal declination warrants a sur-reply, Plaintiffs' filing should be limited to addressing only that document.

## CONCLUSION

The Court should deny Plaintiffs' Motion for Leave to File Sur-Reply.

Dated: February 23, 2022

Respectfully submitted,

/s/ Noelle M. Reed
Noelle M. Reed
   State Bar No. 24044211
Wallis M. Hampton
   State Bar No. 00784199
Brent M. Hanson
   State Bar No. 24106051
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
1000 Louisiana Street, Suite 6800
Houston, Texas 77002
Tel.: (713) 655-5122
Fax: (713) 483-9122
noelle.reed@skadden.com
wallis.hampton@skadden.com
brent.hanson@skadden.com

Michelle L. Davis
   State Bar No. 24038854
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
308 Bahama Court
Granbury, Texas 76048
Tel: (713) 655-5197
Fax: (713) 483-9197
michelle.davis@skadden.com

*Attorneys for Defendants Exxon Mobil
Corporation, Darren W. Woods, Neil A.
Chapman, Jack Williams, Neil A. Hansen,
David S. Rosenthal, Liam M. Mallon, Jeffrey
J. Woodbury, and Sara N. Ortwein*

3