**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| MENDI YOSHIKAWA, *et al.*, | ) ) ) |
| *Plaintiffs*, | ) ) ) |
| v. | ) ) ) Civil Action No. 3:21-cv-00194-N |
| EXXON MOBIL CORP., *et al.* | ) ) |
| *Defendants*. | ) ) ) ) ) ) ) ) ) |

**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS**
**ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS**

Defendants Exxon Mobil Corporation ("ExxonMobil"), Darren W. Woods, Liam M. Mallon, and Melissa Bond (collectively, "Defendants" or "Exxon Defendants") hereby answer the Second Amended Class Action Complaint ("SAC") of Lead Plaintiffs Amalgamated Bank ("Amalgamated") and State of Rhode Island, Office of the General Treasurer, on behalf of the Employees' Retirement System of Rhode Island ("Rhode Island") (together, "Lead Plaintiffs" or "Plaintiffs") in this action. Defendants generally deny all allegations not expressly denied or admitted, including those in the preamble, prayer for relief, unnumbered headings or titles, and appendices or exhibits. Any factual averment admitted in this Answer is admitted only as to the specific facts and not as to any conclusion, characterization, implication, innuendo, or speculation contained in any averment or in the SAC as a whole. Headings in the SAC are not allegations and therefore do not require a response.

1. The allegations in paragraph 1 are Plaintiffs' characterization of the SAC to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 1.

2. Defendants admit that Woods became ExxonMobil's CEO on January 1, 2017. Otherwise denied.

3. Defendants admit that on March 5, 2019, ExxonMobil issued a press release, a copy of which is attached as Exhibit 1. Defendants refer to the March 5, 2019 press release for its complete and accurate contents. Otherwise denied.

4. Defendants admit that on January 15, 2021, the *Wall Street Journal* published an article regarding ExxonMobil. Otherwise denied.

5. Defendants admit that on October 6, 2022, the *Washington Post* published an article regarding ExxonMobil. Otherwise denied.

6. Defendants deny the allegations in paragraph 6.

7.      Defendants deny the allegations in paragraph 7.

8.      Defendants deny the allegations in paragraph 8.

9.      Defendants admit that on March 6, 2019, ExxonMobil held an Investor Day call.  Excerpts from the transcript of this call are attached as Exhibit 2.  Defendants refer to the transcript of the Investor Day call for its complete and accurate contents.  Otherwise denied.

10.      Defendants deny the allegations in paragraph 10.

11.      Defendants deny the allegations in paragraph 11.

12.      Defendants deny the allegations in paragraph 12.

13.      Defendants deny the allegations in paragraph 13.

14.      Defendants deny the allegations in paragraph 14.

15.      Defendants deny the allegations in paragraph 15.

16.      Defendants admit that on June 18, 2019, Liam Mallon attended a J.P. Morgan Energy Conference.  Defendants refer to the transcript of this conference for its complete and accurate contents.  Otherwise denied.

17.      Defendants deny the allegations in paragraph 17.

18.      Defendants deny the allegations in paragraph 18.

19.      Defendants deny the allegations in paragraph 19.

20.      Defendants deny the allegations in paragraph 20.

21.      Defendants admit that on October 6, 2022, the *Washington Post* published an article regarding ExxonMobil.  Otherwise denied.

22.      Defendants deny the allegations in paragraph 22.

23.      Defendants admit that ExxonMobil filed a Form 8-K on April 26, 2019, a copy of which is attached as Exhibit 3.  Defendants refer to this Form 8-K for its complete and accurate contents.  Otherwise denied.

24.      Defendants deny the allegations in paragraph 24.

25.      Defendants admit that Woods spoke at a conference sponsored by Barclays on September 4, 2019.  Excerpts of the presentation and transcript are attached as Exhibits 26 and 27, respectively.  Defendants refer to the transcript of the conference presentation for its complete and accurate contents.  Otherwise denied.

26.      Defendants deny the allegations in paragraph 26.

27.      Defendants deny the allegations in paragraph 27.

28.      Defendants deny the allegations in paragraph 28.

29.      Defendants deny the allegations in paragraph 29.

30.      Defendants deny the allegations in paragraph 30.

31.      Defendants admit that on September 30, 2022, the *Wall Street Journal* published an article regarding ExxonMobil.  Otherwise denied.

32.      Defendants deny the allegations in paragraph 32.

33.      Defendants deny the allegations in paragraph 33.

34.      Defendants deny the allegations in paragraph 34.

35.      The allegations in paragraph 35 state legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that the SAC purports to assert claims for violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), and SEC Rule 10b-5.  Otherwise denied.

36.      The allegations in paragraph 36 state legal conclusions to which no response is required.  To the extent a response is required, Defendants admit the allegations in paragraph 36.

37.      The allegations in paragraph 37 state legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that venue is proper in this District.  Otherwise denied.

38.      The allegations in paragraph 38 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 38.

39.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 and therefore deny them.

40.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40 and therefore deny them.

41.     Defendants admit the allegations in the second and third sentences of paragraph 41. Otherwise denied.

42.     Defendants admit the allegations in paragraph 42.

43.     Defendants admit the allegations in the first sentence of paragraph 43. Otherwise denied.

44.     Defendants deny the allegations in paragraph 44.

45.     Defendants deny the allegations in paragraph 45.

46.     The allegations in paragraph 46 are Plaintiffs' characterizations of the allegations in the SAC to which no response is required.

47.     Defendants deny the allegations in paragraph 47.

48.     Defendants admit the allegations in paragraph 48.

49.     Defendants deny the allegations in paragraph 49.

50.     Defendants admit that ExxonMobil filed Form 10-Ks on February 26, 2020, February 27, 2019, and February 28, 2018.  Defendants refer to the Form 10-Ks for their complete and accurate contents.  Otherwise denied.

51.     Defendants deny the allegations in paragraph 51.

52.     Defendants deny the allegations in paragraph 52.

53.     Defendants admit that ExxonMobil announced in December 2009 that it had entered into a merger agreement with XTO and that on December 14, 2009, the *Wall Street Journal* published an article regarding ExxonMobil.  Otherwise denied.

54.     Defendants deny the allegations in paragraph 54.

55.     Defendants admit that Woods became ExxonMobil's CEO on January 1, 2017 and that on December 14, 2016, and January 17, 2017, ExxonMobil issued press

releases, copies of which are attached as Exhibits 4 and 5, respectively.  Defendants refer to the press releases for their complete and accurate contents. Otherwise denied.

56.     Defendants admit that on January 15, 2021 the *Wall Street Journal* published an article regarding ExxonMobil.  Otherwise denied.

57.     Defendants deny the allegations in paragraph 57.

58.     Defendants admit that Deutsche Bank issued an analyst report on March 2, 2017 regarding ExxonMobil.  Otherwise denied.

59.     Defendants deny the allegations in paragraph 59.

60.     Defendants admit that ExxonMobil issued a press release on February 8, 2018, a copy of which is attached as Exhibit 6.  Defendants refer to this press release for its complete and accurate contents.  Otherwise denied.

61.     Defendants admit that ExxonMobil issued a press release on March 7, 2018, a copy of which is attached as Exhibit 7.  Defendants refer to this press release for its complete and accurate contents.  Otherwise denied.

62.     Defendants admit that Wells Fargo and Société Générale issued analyst reports regarding ExxonMobil on March 7, 2018 and March 12, 2018, respectively. Otherwise denied.

63.     Defendants deny the allegations in paragraph 63.

64.     Defendants admit that ExxonMobil held an earnings call on July 27, 2018, a copy of which is attached as Exhibit 8.  Defendants refer to the earnings call transcript for its complete and accurate contents.  Otherwise denied.

65.     Defendants admit that Credit Suisse and Barclays issued analyst reports regarding ExxonMobil on April 27, 2018 and July 27, 2018, respectively.   Otherwise denied.

66.     Defendants deny the allegations in paragraph 66.

67.     Defendants admit that on January 15, 2021, the *Wall Street Journal* published an article regarding ExxonMobil.  Otherwise denied.

5

68.     Defendants deny the allegations in paragraph 68.

69.     Defendants deny the allegations in paragraph 69.

70.     Defendants deny the allegations in paragraph 70.

71.     Defendants deny the allegations in paragraph 71.

72.     Defendants admit that Richard Ducharme was the head of the Global Reserves and Resource Group as of April 1, 2019.  Otherwise denied.

73.     Defendants deny the allegations in paragraph 73.

74.     Defendants deny the allegations in paragraph 74.

75.     Defendants lack knowledge of Lead Counsel's purported investigation and therefore deny the allegations in paragraph 75.

76.     Defendants lack knowledge of Lead Counsel's purported investigation and therefore deny the allegations in paragraph 76.

77.     Defendants lack knowledge of Lead Counsel's purported investigation and therefore deny the allegations in paragraph 77.

78.     Defendants deny the allegations in paragraph 78.

79.     Defendants deny the allegations in paragraph 79.

80.     Defendants deny the allegations in paragraph 80.

81.     Defendants deny the allegations in paragraph 81.

82.     Defendants deny the allegations in paragraph 82.

83.     Defendants deny the allegations in paragraph 83.

84.     Defendants deny the allegations in paragraph 84.

85.     Defendants deny the allegations in paragraph 85.

86.     Defendants deny the allegations in paragraph 86.

87.     Defendants deny the allegations in paragraph 87.

88.     Defendants deny the allegations in paragraph 88.

89.     Defendants deny the allegations in paragraph 89.

90.     Defendants deny the allegations in paragraph 90.

91.     Defendants deny the allegations in paragraph 91.

92.     Defendants deny the allegations in paragraph 92.

93.     Defendants deny the allegations in paragraph 93.

94.     Defendants deny the allegations in paragraph 94.

95.     Defendants deny the allegations in paragraph 95.

96.     Defendants deny the allegations in paragraph 96.

97.     Defendants lack knowledge of Lead Counsel's purported investigation and therefore deny the allegations in paragraph 97.

98.     Defendants deny the allegations in paragraph 98.

99.     Defendants deny the allegations in paragraph 99.

100.    Defendants lack knowledge of Lead Counsel's purported investigation and therefore deny the allegations in paragraph 100.

101.    Defendants deny the allegations in paragraph 101.

102.    Defendants deny the allegations in paragraph 102.

103.    Defendants admit that ExxonMobil issued a press release on February 26, 2019, a copy of which is attached as Exhibit 9.  Defendants refer to this press release for its complete and accurate contents.  Otherwise denied.

104.    Defendants admit that Credit Suisse issued a report regarding ExxonMobil on February 26, 2019.  Otherwise denied.

105.    Defendants admit that on March 5, 2019, Chevron issued a press release. Otherwise denied.

106.    Defendants admit that ExxonMobil issued a press release on March 5, 2019, a copy of which is attached as Exhibit 1.  Defendants refer to this press release for its complete and accurate contents.  Otherwise denied.

107.    Defendants admit that ExxonMobil issued a press release on March 5, 2019, and held an Investor Day call on March 6, 2019.  A copy of the press release and excerpts from the Investor Day call transcript are attached as Exhibit 1 and Exhibit 2, respectively.

Defendants refer to the press release and call transcript for their complete and accurate contents. Otherwise denied.

108.    Defendants admit that on March 6, 2019, ExxonMobil held an Investor Day call. Excerpts from the transcript of this call are attached as Exhibit 2. Defendants refer to the call transcript for its complete and accurate contents. Otherwise denied.

109.    Defendants admit that on March 6, 2019, ExxonMobil held an Investor Day call. Excerpts from the transcript of this call are attached as Exhibit 2. Defendants refer to the call transcript for its complete and accurate contents. Otherwise denied.

110.    Defendants admit that on March 6, 2019, Credit Suisse published a report regarding ExxonMobil and on March 7, 2019, RBC Capital Markets published a report regarding ExxonMobil. Otherwise denied.

111.    Defendants deny the allegations in paragraph 111.

112.    Defendants deny the allegations in paragraph 112.

113.    Defendants admit that Credit Suisse, UBS, and Barclays issued analyst reports on March 6, 2019, August 2, 2019, and February 28, 2020, respectively. Otherwise denied.

114.    Defendants deny the allegations in paragraph 114.

115.    Defendants admit that Drs. Gulden and Burch filed a complaint with OSHA. Otherwise denied.

116.    Defendants deny the allegations in paragraph 116.

117.    Defendants deny the allegations in paragraph 117.

118.    Defendants deny the allegations in paragraph 118.

119.    Defendants deny the allegations in paragraph 119.

120.    Defendants deny the allegations in paragraph 120.

121.    Defendants deny the allegations in paragraph 121.

122.    Defendants admit that on March 6, 2019, Darren Woods spoke during ExxonMobil's annual Investor Day. Excerpts from the transcript of his remarks are

8

attached as Exhibit 2.  Defendants refer to the March 6, 2019 Investor Day presentation for its complete and accurate contents.  Otherwise denied.

123.    Defendants deny the allegations in paragraph 123.

124.    Defendants deny the allegations in paragraph 124.

125.    Defendants deny the allegations in paragraph 125.

126.    Defendants deny the allegations in paragraph 126.

127.    Defendants deny the allegations in paragraph 127.

128.    Defendants deny the allegations in paragraph 128.

129.    Defendants deny the allegations in paragraph 129.

130.    Defendants deny the allegations in paragraph 130.

131.    Defendants deny the allegations in paragraph 131.

132.    Defendants deny the allegations in paragraph 132.

133.    Defendants admit that on October 6, 2022, the *Washington Post* published an article regarding ExxonMobil.  Otherwise denied.

134.    Defendants deny the allegations in paragraph 134.

135.    Defendants admit that Woods spoke at a conference sponsored by Barclays on September 4, 2019.  Defendants refer to the transcript of the conference presentation for its complete and accurate contents.  Otherwise denied.

136.    Defendants deny the allegations in paragraph 136.

137.    Defendants deny the allegations in paragraph 137.

138.    Defendants deny the allegations in paragraph 138.

139.    Defendants deny the allegations in paragraph 139.

140.    Defendants admit that on October 6, 2022, the *Washington Post* published an article regarding ExxonMobil.  Otherwise denied.

141.    Defendants deny the allegations in paragraph 141.

142.    Defendants deny the allegations in paragraph 142.

143.    Defendants deny the allegations in paragraph 143.

144. Defendants deny the allegations in paragraph 144.

145. Defendants admit that the *Wall Street Journal* contacted ExxonMobil regarding an article it intended to publish regarding the Delaware Basin and that ExxonMobil opened an investigation into whether company information had been improperly disclosed.  Otherwise denied.

146. Defendants admit that on September 13, 2020, the *Wall Street Journal* published an article regarding ExxonMobil.  Otherwise denied.

147. Defendants admit that in October 2020, Rick McGovern interviewed Dr. Burch.  Otherwise denied.

148. Defendants deny the allegations in paragraph 148.

149. Defendants deny the allegations in paragraph 149.

150. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and third sentences of paragraph 150. Otherwise denied.

151. Defendants admit that Dr. Gulden's employment with ExxonMobil was terminated on October 23, 2020 for lawful reasons.  Otherwise denied.

152. Defendants admit that Dr. Burch's employment with ExxonMobil was terminated on December 10, 2020 for lawful reasons.  Otherwise denied.

153. Defendants deny the allegations in paragraph 153.

154. Defendants deny the allegations in paragraph 154.

155. Defendants deny the allegations in paragraph 155.

156. Defendants admit that OSHA issued a preliminary order on October 6, 2022.  Otherwise denied.

157. Defendants deny the allegations in paragraph 157.

158. Defendants deny the allegations in paragraph 158.

159. Defendants deny the allegations in paragraph 159.

160. Defendants deny the allegations in paragraph 160.

161.   Defendants deny the allegations in paragraph 161.

162.   Defendants lack knowledge of Lead Counsel's purported investigation and therefore deny the allegations in paragraph 162.

163.   Defendants deny the allegations in paragraph 163.

164.   Defendants deny the allegations in paragraph 164.

165.   Defendants deny the allegations in paragraph 165.

166.   Defendants deny the allegations in paragraph 166.

167.   Defendants deny the allegations in paragraph 167.

168.   Defendants deny the allegations in paragraph 168.

169.   Defendants deny the allegations in paragraph 169.

170.   Defendants deny the allegations in paragraph 170.

171.   Defendants deny the allegations in paragraph 171.

172.   Defendants deny the allegations in paragraph 172.

173.   Defendants deny the allegations in paragraph 173.

174.   Defendants deny the allegations in paragraph 174.

175.   Defendants deny the allegations in paragraph 175.

176.   Defendants deny the allegations in paragraph 176.

177.   Defendants deny the allegations in paragraph 177.

178.   Defendants lack knowledge of Lead Counsel's purported investigation and therefore deny the allegations in paragraph 178.

179.   Defendants lack knowledge of Lead Counsel's purported investigation and therefore deny the allegations in paragraph 179.

180.   Defendants lack knowledge of Lead Counsel's purported investigation and therefore deny the allegations in paragraph 180.

181.   Defendants deny the allegations in paragraph 181.

182.   Defendants deny the allegations in paragraph 182.

183. Defendants lack knowledge of Lead Counsel's purported investigation and therefore deny the allegations in paragraph 183.

184. Defendants deny the allegations in paragraph 184.

185. Defendants lack knowledge of Lead Counsel's purported investigation and therefore deny the allegations in paragraph 185.

186. Defendants deny the allegations in paragraph 186.

187. Defendants deny the allegations in paragraph 187.

188. Defendants deny the allegations in paragraph 188.

189. Defendants deny the allegations in paragraph 189.

190. Defendants admit that *Oil Daily*, Raymond James, and Bloomberg issued reports regarding ExxonMobil on November 30, 2020, December 1, 2020, and October 13, 2022, respectively.  Otherwise denied.

191. Defendants admit that on March 1, 2017, the *New York Times* published an article regarding ExxonMobil.  Otherwise denied.

192. Defendants admit that on October 13, 2022, *Bloomberg* published an article regarding ExxonMobil.  Otherwise denied.

193. Defendants admit that on October 13, 2022, *Bloomberg* published an article regarding ExxonMobil.  Otherwise denied.

194. Defendants deny the allegations in paragraph 194.

195. Defendants deny the allegations in paragraph 195.

196. Defendants lack knowledge of Lead Counsel's purported investigation and therefore deny the allegations in paragraph 196.

197. Defendants lack knowledge of Lead Counsel's purported investigation and therefore deny the allegations in paragraph 197.

198. Defendants lack knowledge of Lead Counsel's purported investigation and therefore deny the allegations in paragraph 198.

199. Defendants deny the allegations in paragraph 199.

200. Defendants deny the allegations in paragraph 200.

201. Defendants deny the allegations in paragraph 201.

202. Defendants deny the allegations in paragraph 202.

203. Defendants deny the allegations in paragraph 203.

204. Defendants deny the allegations in paragraph 204.

205. Defendants lack knowledge of Lead Counsel's purported investigation and therefore deny the allegations in paragraph 205.

206. Defendants lack knowledge of Lead Counsel's purported investigation and therefore deny the allegations in paragraph 206.

207. Defendants deny the allegations in paragraph 207.

208. Defendants lack knowledge of Lead Counsel's purported investigation and therefore deny the allegations in paragraph 208.

209. Defendants lack knowledge of Lead Counsel's purported investigation and therefore deny the allegations in paragraph 209.

210. Defendants lack knowledge of Lead Counsel's purported investigation and therefore deny the allegations in paragraph 210.

211. Defendants deny the allegations in paragraph 211.

212. Defendants deny the allegations in paragraph 212.

213. Defendants deny the allegations in paragraph 213.

214. Defendants deny the allegations in paragraph 214.

215. Defendants deny the allegations in paragraph 215.

216. Defendants lack knowledge of Lead Counsel's purported investigation and therefore deny the allegations in paragraph 216.

217. Defendants lack knowledge of Lead Counsel's purported investigation and therefore deny the allegations in paragraph 217.

218. Defendants lack knowledge of Lead Counsel's purported investigation and therefore deny the allegations in paragraph 218.

219. Defendants deny the allegations in paragraph 219.

220. Defendants deny the allegations in paragraph 220.

221. Defendants deny the allegations in paragraph 221.

222. Defendants deny the allegations in paragraph 222.

223. Defendants lack knowledge of Lead Counsel's purported investigation and therefore deny the allegations in paragraph 223.

224. Defendants deny the allegations in paragraph 224.

225. Defendants lack knowledge of Lead Counsel's purported investigation and therefore deny the allegations in paragraph 225.

226. Defendants deny the allegations in paragraph 226.

227. Defendants deny the allegations in paragraph 227.

228. Defendants deny the allegations in paragraph 228.

229. Defendants deny the allegations in paragraph 229.

230. Defendants deny the allegations in paragraph 230.

231. Defendants deny the allegations in paragraph 231.

232. Defendants lack knowledge of Lead Counsel's purported investigation and therefore deny the allegations in paragraph 232.

233. Defendants deny the allegations in paragraph 233.

234. Defendants deny the allegations in paragraph 234.

235. Defendants deny the allegations in paragraph 235.

236. Defendants lack knowledge of Lead Counsel's purported investigation and therefore deny the allegations in paragraph 236.

237. Defendants lack knowledge of Lead Counsel's purported investigation and therefore deny the allegations in paragraph 237.

238. Defendants deny the allegations in paragraph 238.

239. Defendants lack knowledge of Lead Counsel's purported investigation and therefore deny the allegations in paragraph 239.

240.    Defendants deny the allegations in paragraph 240.

241.    Defendants deny the allegations in paragraph 241.

242.    Defendants deny the allegations in paragraph 242.

243.    Defendants deny the allegations in paragraph 243.

244.    Defendants admit that ExxonMobil held a Q4 2019 earnings call on January 31, 2020.  Excerpts from the transcript of this call are attached as Exhibit 10.  Defendants admit that that ExxonMobil's closing stock price on January 31, 2020 was $62.12, that ExxonMobil's stock closing price on February 4, 2020 was $60.73, and that ExxonMobil's stock closing price on February 4, 2020 was $59.97.  Defendants refer to the transcript of the 2020 Q4 2019 earnings call for its complete and accurate contents.  Defendants also refer to ExxonMobil's Q1 2020 Form 10-Q, excerpts of which are attached as Exhibit 11.  Otherwise denied.

245.    Defendants admit that ExxonMobil held a Q4 2019 earnings call on January 31, 2020.  Excerpts from the transcript of this call are attached as Exhibit 10.  Defendants refer to the transcript for its complete and accurate contents.  Otherwise denied.

246.    Defendants admit that ExxonMobil held a Q4 2019 earnings call on January 31, 2020.  Excerpts from the transcript of this call are attached as Exhibit 10.  Defendants refer to the transcript for its complete and accurate contents.  Otherwise denied.

247.    Defendants admit that ExxonMobil held a Q4 2019 earnings call on January 31, 2020.  Excerpts from the transcript of this call are attached as Exhibit 10.  Defendants refer to the transcript  for its complete and accurate contents.  Otherwise denied.

248.    Defendants deny the allegations in paragraph 248.

249.    Defendants admit that ExxonMobil held a Q1 2020 earnings call on May 1, 2020, the transcript of which is attached as Exhibit 12.  Defendants refer to the transcript for its complete and accurate contents.  Otherwise denied.

250.    Defendants deny the allegations in paragraph 250.

251.    Defendants deny the allegations in paragraph 251.

252.    Defendants admit that on January 15, 2021, the *Wall Street Journal* published an article regarding ExxonMobil.  Otherwise denied.

253.    Defendants admit that on January 15, 2021, Bloomberg published an article and that on January 17, 2021, the *Wall Street Journal* published an article regarding ExxonMobil.  Otherwise denied.

254.    Defendants admit that ExxonMobil held a Q4 2020 earnings call on February 2, 2021, the transcript of which is attached as Exhibit 13.  Defendants refer to the transcript for its complete and accurate contents.  Otherwise denied.

255.    Defendants deny the allegations in paragraph 255.

256.    Defendants admit that ExxonMobil filed a Form 10-K on February 24, 2021, excerpts of which are attached as Exhibit 14.  Defendants refer to this Form 10-K for its complete and accurate contents.  Otherwise denied.

257.    Defendants admit that ExxonMobil filed a Form 10-K on February 24, 2021, excerpts of which are attached as Exhibit 14.  Defendants refer to this Form 10-K for its complete and accurate contents.  Otherwise denied.

258.    Defendants deny the allegations in paragraph 258.

259.    Defendants deny the allegations in paragraph 259.

260.    Defendants deny the allegations in paragraph 260.

261.    Defendants deny the allegations in paragraph 261.

262.    Defendants deny the allegations in paragraph 262.

263.    Defendants deny the allegations in paragraph 263.

264.    Defendants deny the allegations in paragraph 264.

265.    A response to paragraph 265 is not necessary because the Court found that Plaintiffs failed to plead scienter as to Mallon and dismissed the Section 10(b) claim.  To the extent a response is required, Defendants deny the allegations in paragraph 265.

266.    A response to paragraph 266 is not necessary because the Court found that Plaintiffs failed to plead scienter as to Mallon and dismissed the Section 10(b) claim.  To the extent a response is required, Defendants deny the allegations in paragraph 266.

267.    Defendants admit that on March 5, 2019, ExxonMobil issued a press release, a copy of which is attached as Exhibit 1.  Defendants refer to the press release for its complete and accurate contents.  Otherwise denied.

268.    A response to paragraph 268 is not necessary because the Court found that Plaintiffs failed to plead scienter as to Woods and dismissed the Section 10(b) claim.  To the extent a response is required, Defendants deny the allegations in paragraph 268.

269.    Defendants deny the allegations in paragraph 269.

270.    Defendants deny the allegations in paragraph 270.

271.    A response to paragraph 271 is not necessary because the Court found that Plaintiffs failed to plead scienter as to Woods and dismissed the Section 10(b) claim.  To the extent a response is required, Defendants deny the allegations in paragraph 271.

272.    Defendants deny the allegations in paragraph 272.

273.    A response to paragraph 273 is not necessary because the Court found that Plaintiffs failed to plead scienter as to Darren Woods and dismissed the Section 10(b) claim.  To the extent a response is required, Defendants deny the allegations in paragraph 273.

274.    Defendants deny the allegations in paragraph 274.

275.    Defendants admit that on September 13, 2020, the *Wall Street Journal* published an article regarding ExxonMobil.  Otherwise denied.

276.    Defendants deny the allegations in paragraph 276.

277.    Defendants deny the allegations in paragraph 277.

278.    Defendants deny the allegations in paragraph 278.

279.    Defendants admit that ExxonMobil filed a Form 10-K on February 26, 2020, excerpts of which are attached as Exhibit 15.  Defendants refer to this Form 10-K for its complete and accurate contents.  Otherwise denied.

280.    A response to paragraph 280 is not necessary because the Court found that Plaintiffs failed to plead scienter as to Darren Woods and Liam Mallon and dismissed the Section 10(b) claims.  To the extent a response is required, Defendants deny the allegations in paragraph 280.

281.    Defendants deny the allegations in paragraph 281.

282.    A response to paragraph 282 is not necessary because the Court found that Plaintiffs failed to plead scienter as to Darren Woods and dismissed the Section 10(b) claim.  To the extent a response is required, Defendants deny the allegations in paragraph 282.

283.    Defendants deny the allegations in paragraph 283.

284.    A response to paragraph 284 is not necessary because the Court found that Plaintiffs failed to plead scienter as to Darren Woods and dismissed the Section 10(b) claim.  To the extent a response is required, Defendants deny the allegations in paragraph 284.

285.    A response to paragraph 285 is not necessary because the Court found that Plaintiffs failed to plead scienter as to Liam Mallon and dismissed the Section 10(b) claim.  To the extent a response is required, Defendants deny the allegations in paragraph 285.

286.    A response to paragraph 286 is not necessary because the Court found that Plaintiffs failed to plead scienter as to Darren Woods and dismissed the Section 10(b) claim.  To the extent a response is required, Defendants deny the allegations in paragraph 286.

287.    Defendants deny the allegations in paragraph 287.

288.    A response to paragraph 288 is not necessary because the Court found that Plaintiffs failed to plead scienter as to Darren Woods and dismissed the Section 10(b)

claim. To the extent a response is required, Defendants deny the allegations in paragraph 288.

289. A response to paragraph 289 is not necessary because the Court found that Plaintiffs failed to plead scienter as to Darren Woods and dismissed the Section 10(b) claim. To the extent a response is required, Defendants deny the allegations in paragraph 289.

290. A response to paragraph 290 is not necessary because the Court found that Plaintiffs failed to plead scienter as to Darren Woods and dismissed the Section 10(b) claim. To the extent a response is required, Defendants admit that Woods spoke at a conference sponsored by Barclays on September 4, 2019. Defendants refer to the transcript of the conference presentation for its complete and accurate contents. Otherwise denied.

291. A response to paragraph 291 is not necessary because the Court found that Plaintiffs failed to plead scienter as to Darren Woods and dismissed the Section 10(b) claim. To the extent a response is required, Defendants admit that Woods spoke at a conference sponsored by Barclays on September 4, 2019. Defendants refer to the transcript of the conference presentation for its complete and accurate contents. Otherwise denied.

292. A response to paragraph 292 is not necessary because the Court found that Plaintiffs failed to plead scienter as to Darren Woods and dismissed the Section 10(b) claim. To the extent a response is required, Defendants admit that ExxonMobil held a Q4 2019 earnings call on January 31, 2020. Excerpts from the transcript of this call are attached as Exhibit 10. Defendants refer to the transcript for its complete and accurate contents. Otherwise denied.

293. A response to paragraph 293 is not necessary because the Court found that Plaintiffs failed to plead scienter as to Darren Woods and dismissed the Section 10(b) claim. To the extent a response is required, Defendants deny the allegations in paragraph 293.

19

294.    A response to paragraph 294 is not necessary because the Court found that Plaintiffs failed to plead scienter as to Darren Woods and dismissed the Section 10(b) claim.  To the extent a response is required, Defendants deny the allegations in paragraph 294.

295.    A response to paragraph 295 is not necessary because the Court found that Plaintiffs failed to plead scienter as to Darren Woods and dismissed the Section 10(b) claim.  To the extent a response is required, Defendants admit that ExxonMobil issued a 2018 Summary Annual Report and 2019 Proxy Statement.  Excerpts of the 2018 Summary Annual Report are attached as Exhibit 16.  Defendants refer to these documents for their complete and accurate contents.  Otherwise denied.

296.    A response to paragraph 296 is not necessary because the Court found that Plaintiffs failed to plead scienter as to Darren Woods and dismissed the Section 10(b) claim.  To the extent a response is required, Defendants admit that ExxonMobil issued a 2018 Summary Annual Report and 2019 Proxy Statement.  Excerpts of the 2018 Summary Annual Report are attached as Exhibit 16.  Defendants refer to these documents for their complete and accurate contents.  Otherwise denied.

297.    A response to paragraph 297 is not necessary because the Court found that Plaintiffs failed to plead scienter as to Darren Woods and dismissed the Section 10(b) claim.  To the extent a response is required, Defendants deny the allegations in paragraph 297.

298.    Defendants admit that Liam Mallon has been the President of ExxonMobil Upstream Oil & Gas Company and Vice President of ExxonMobil since April 1, 2019 and that Melissa Bond served as ExxonMobil's Development Manager for the Delaware Basin from approximately 2018 to 2021 and currently serves as ExxonMobil's Lead Country Manager for Angola.  Otherwise denied.

299.    Defendants deny the allegations in paragraph 299.

300.    Defendants deny the allegations in paragraph 300.

301.    Defendants deny the allegations in paragraph 301.

302.    Defendants deny the allegations in paragraph 302.

303.    Defendants deny the allegations in paragraph 303.

304.    Defendants deny the allegations in paragraph 304.

305.    Defendants deny the allegations in paragraph 305.

306.    Defendants deny the allegations in paragraph 306.

307.    Defendants deny the allegations in paragraph 307.

308.    Defendants admit that (1) ExxonMobil issued a press release on April 26, 2019, a copy of which is attached as Exhibit 18; and (2) on June 18, 2019, ExxonMobil participated in a J.P. Morgan Energy Conference by presenting on growing upstream value. Excerpts from this presentation are attached as Exhibit 19. Defendants refer to Exhibits 18 and 19 for their complete and accurate contents. Otherwise denied.

309.    Defendants deny the allegations in paragraph 309.

310.    Defendants admit that on March 6, 2019, ExxonMobil held an Investor Day call. Excerpts from the transcript of this call are attached as Exhibit 2. Defendants refer to the transcript for its complete and accurate contents. Otherwise denied.

311.    Defendants deny the allegations in paragraph 311.

312.    Defendants deny the allegations in paragraph 312.

313.    Defendants deny the allegations in paragraph 313.

314.    Defendants deny the allegations in paragraph 314.

315.    Defendants refer to ExxonMobil's 10-Ks for a description of reserves, the various categories of reserves, and how ExxonMobil estimates and reports them in accordance with GAAP. Otherwise denied.

316.    The allegations in paragraph 316 contain legal allegations and reference accounting standards to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 316.

317.     Defendants refer to Exxon's 10-Ks for a description of reserves, the various categories of reserves, and how ExxonMobil estimates and reports them in accordance with GAAP.  Otherwise denied.

318.     Defendants refer to ExxonMobil's 10-Ks for a description of reserves, the various categories of reserves, and how ExxonMobil estimates and reports them in accordance with GAAP.  Otherwise denied.

319.     Defendants refer to ExxonMobil's 10-Ks for a description of reserves, the various categories of reserves, and how ExxonMobil estimates and reports them in accordance with GAAP.  Otherwise denied.

320.     The allegations in paragraph 320 are legal allegations and reference accounting standards to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 320.

321.     The allegations in paragraph 321 are legal allegations and reference accounting standards to which no response is required.  To the extent a response is required, Defendants refer to ExxonMobil's 10-Ks for a description of reserves, the various categories of reserves, and how ExxonMobil estimates and reports them in accordance with GAAP.  Otherwise denied.

322.     The allegations in paragraph 322 are legal allegations and reference accounting standards to which no response is required.  To the extent a response is required, Defendants refer to ExxonMobil's 10-Ks for a description of reserves, the various categories of reserves, and how ExxonMobil estimates and reports them in accordance with GAAP.  Defendants also refer to ASC 105 for its complete and accurate contents.  Otherwise denied.

323.     The allegations in paragraph 323 reference accounting standards to which no response is required.  To the extent a response is required, Defendants refer to ExxonMobil's 10-Ks for a description of reserves, the various categories of reserves, and how ExxonMobil estimates and reports them in accordance with GAAP.  Defendants also

22

refer to FASCON 8 Accounting Standards Codification for its complete and accurate contents.  Otherwise denied.

324.    The allegations in paragraph 324 are legal allegations and reference accounting standards to which no response is required.  To the extent a response is required, Defendants refer to ExxonMobil's 10-Ks for a description of reserves, the various categories of reserves, and how ExxonMobil estimates and reports them in accordance with GAAP.  Otherwise denied.

325.    The allegations in paragraph 325 are references to accounting standards to which no response is required.  To the extent a response is required, Defendants refer to ASC 932-235-50-2 for its complete and accurate contents.  Otherwise denied.

326.    The allegations in paragraph 326 are references to accounting standards to which no response is required.  To the extent a response is required, Defendants refer to ASC 932-235-50-3 through 50-11B for their complete and accurate contents.  Otherwise denied.

327.    The allegations in paragraph 327 are references to accounting standards to which no response is required.  To the extent a response is required, Defendants refer to ASC 932-235-50-4 for its complete and accurate contents.  Otherwise denied.

328.    The allegations in paragraph 328 are references to accounting standards to which no response is required.  To the extent a response is required, Defendants refer to ASC 932-235-50-5 for its complete and accurate contents.  Otherwise denied.

329.    The allegations in paragraph 329 are references to accounting standards to which no response is required.  To the extent a response is required, Defendants refer to ASC 932-235-50-10 for its complete and accurate contents.  Otherwise denied.

330.    The allegations in paragraph 330 are references to accounting standards to which no response is required.  To the extent a response is required, Defendants refer to ASC 932-235-50-11 for its complete and accurate contents.  Otherwise denied.

331.    The allegations in paragraph 331 are references to accounting standards to which no response is required.  To the extent a response is required, Defendants refer to ExxonMobil's 10-Ks for a description of reserves, the various categories of reserves, and how ExxonMobil estimates and reports them in accordance with GAAP.  Otherwise denied.

332.    The allegations in paragraph 332 are references to accounting standards to which no response is required.  To the extent a response is required, Defendants refer to ASC 932-10-S99-1(a)(22) for its complete and accurate contents.  Otherwise denied.

333.    Defendants admit that ExxonMobil filed its 2019 Form 10-K on February 26, 2020.  Defendants refer to this Form 10-K for its complete and accurate contents.  Otherwise denied.

334.    Defendants admit that ExxonMobil filed its 2019 Form 10-K on February 26, 2020.  Defendants refer to this Form 10-K for its complete and accurate contents.  Otherwise denied.

335.    The allegations in paragraph 335 are legal allegations and references to accounting standards to which no response is required. To the extent a response is required, Defendants refer to ExxonMobil's 10-Ks for a description of reserves, the various categories of reserves, and how ExxonMobil estimates and reports them in accordance with GAAP.  Otherwise denied.

336.    The allegations in paragraph 336 are legal allegations and references to accounting standards to which no response is required.  To the extent a response is required, Defendants refer to SEC Regulation S-X Rule 4-10 for its complete and accurate contents.  Otherwise denied.

337.    The allegations in paragraph 337 are legal allegations and references to accounting standards to which no response is required.  To the extent a response is required, Defendants refer to the SEC regulations for their complete and accurate contents.  Otherwise denied.

24

338.     The allegations in paragraph 338 are legal allegations and references to accounting standards to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 338.

339.     The allegations in paragraph 339 reference accounting standards to which no response is required.  To the extent a response is required, Defendants refer to ExxonMobil's 10-Ks for a description of reserves, the various categories of reserves, and how ExxonMobil estimates and reports them in accordance with GAAP.  Otherwise denied.

340.     Defendants admit that ExxonMobil filed its 2019 Form 10-K on February 26, 2020 and its 2018 Form 10-K on February 27, 2019.  Defendants refer to these 10-Ks for their complete and accurate contents.  Otherwise denied.

341.     Defendants deny the allegations in paragraph 341.

342.     Defendants deny the allegations in paragraph 342.

343.     Defendants deny the allegations in paragraph 343.

344.     A response to paragraph 344 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants deny the allegations in paragraph 344.

345.     A response to paragraph 345 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants admit that on March 7, 2018, ExxonMobil issued a press release, a copy of which is attached as Exhibit 7.  Defendants refer to the March 7, 2018 press release for its complete and accurate contents.  Otherwise denied.

346.     A response to paragraph 346 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants deny the allegations in paragraph 346.

347.     A response to paragraph 347 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim.

To the extent a response is required, Defendants admit that ExxonMobil issued a Financial & Operating Review Report on April 3, 2018. Defendants refer to this report for its complete and accurate contents. Otherwise denied.

348.    A response to paragraph 348 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants deny the allegations in paragraph 348.

349.    A response to paragraph 349 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants admit that ExxonMobil issued a press release on May 30, 2018, a copy of which is attached as Exhibit 20. Defendants refer to the May 30, 2018 press release for its complete and accurate contents. Otherwise denied.

350.    A response to paragraph 350 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants deny the allegations in paragraph 350.

351.    A response to paragraph 351 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants admit that ExxonMobil issued a press release on February 26, 2019, a copy of which is attached as Exhibit 9. Defendants refer to the February 26, 2019 press release for its complete and accurate contents. Otherwise denied.

352.    A response to paragraph 352 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants deny the allegations in paragraph 352.

353.    A response to paragraph 352 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants admit that ExxonMobil issued a press release on February 26, 2019. Otherwise denied.

354.    A response to paragraph 354 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants deny the allegations in paragraph 354.

355.    A response to paragraph 355 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants admit that ExxonMobil filed its 2018 Form 10-K on February 27, 2019.  Defendants refer to the 10-K for its complete and accurate contents.  Otherwise denied.

356.    A response to paragraph 356 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants deny the allegations in paragraph 356.

357.    A response to paragraph 357 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants admit that ExxonMobil filed its 2018 Form 10-K on February 27, 2019, excerpts of which are attached as Exhibit 21.  Defendants refer to the 10-K for its complete and accurate contents.  Otherwise denied.

358.    A response to paragraph 358 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants deny the allegations in paragraph 358.

359.    A response to paragraph 359 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants admit that ExxonMobil filed its 2018 Form 10-K on February 27, 2019, excerpts of which are attached as Exhibit 21.  Defendants refer to the 10-K for its complete and accurate contents.  Otherwise denied.

360.    A response to paragraph 360 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants deny the allegations in paragraph 360.

27

361. A response to paragraph 361 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants admit that ExxonMobil issued press releases on March 5 and 6, 2019, and that Darren Woods spoke with investors during ExxonMobil's annual Investor Day on March 6, 2019. Copies of the press releases and the Investor Day transcript are attached as Exhibits 1, 22, and 2, respectively. Defendants refer to the March 5, 2019 press release, the March 6, 2019 press release, and the transcript of the March 6, 2019 Investor Day presentation for their complete and accurate contents. Otherwise denied.

362. A response to paragraph 362 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants admit that on March 6, 2019, ExxonMobil held an Investor Day call. Excerpts from the transcript of this call are attached as Exhibit 2. Defendants refer to the transcript of the March 6, 2019 investor call for its complete and accurate contents. Otherwise denied.

363. A response to paragraph 363 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants deny the allegations in paragraph 363.

364. A response to paragraph 364 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants admit that on March 6, 2019, ExxonMobil issued a press release, a copy of which is attached as Exhibit 22. Defendants refer to March 6, 2019 press release for its complete and accurate contents. Otherwise denied.

365. A response to paragraph 365 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants admit that on March 6, 2019, ExxonMobil

made a presentation during Investor Day.  Defendants refer to the March 6, 2019 Investor Day presentation for its complete and accurate contents.  Otherwise denied.

366.    A response to paragraph 366 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim.  To the extent a response is required, Defendants deny the allegations in paragraph 366.

367.    A response to paragraph 367 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim.  To the extent a response is required, Defendants admit that on March 6, 2019, ExxonMobil held an Investor Day call.  Excerpts from the transcript of this call are attached as Exhibit 2.  Defendants refer to the transcript of the investor call for its complete and accurate contents.  Otherwise denied.

368.    A response to paragraph 368 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim.  To the extent a response is required, Defendants deny the allegations in paragraph 368.

369.    A response to paragraph 369 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim.  To the extent a response is required, Defendants deny the allegations in paragraph 369.

370.    A response to paragraph 370 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim.  To the extent a response is required, Defendants admit that ExxonMobil issued a press release on March 5, 2019, a copy of which is attached as Exhibit 1.  Defendants refer to the March 5, 2019 press release for its complete and accurate contents.  Otherwise denied.

371.    A response to paragraph 371 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim.  To the extent a response is required, Defendants admit that ExxonMobil issued a press release on March 6, 2019, a copy of which is attached as Exhibit 22.  Defendants refer to the March 6, 2019 press release  for its complete and accurate contents.  Otherwise denied.

372.   A response to paragraph 372 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants deny the allegations in paragraph 372.

373.   A response to paragraph 373 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants admit that ExxonMobil issued a press release on April 26, 2019, a copy of which is attached as Exhibit 18.  Defendants refer to the April 26, 2019 press release for its complete and accurate contents.  Otherwise denied.

374.   A response to paragraph 374 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants deny the allegations in paragraph 374.

375.   A response to paragraph 375 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants deny the allegations in paragraph 375.

376.   A response to paragraph 376 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants admit that on June 18, 2019, ExxonMobil issued its 2018 Summary Annual Report, excerpts of which are attached as Exhibit 16. Defendants refer to this 2018 Summary Annual Report for its complete and accurate contents.  Otherwise denied.

377.   A response to paragraph 377 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants deny the allegations in paragraph 377.

378.   A response to paragraph 378 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants admit that on June 18, 2019, ExxonMobil issued its 2018 Summary Annual Report.  Otherwise denied.

379.   A response to paragraph 379 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants deny the allegations in paragraph 379.

380.   A response to paragraph 380 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants admit that on June 18, 2019, ExxonMobil issued its 2018 Summary Annual Report.  Otherwise denied.

381.   A response to paragraph 381 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants deny the allegations in paragraph 381.

382.   A response to paragraph 382 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants admit that on June 18, 2019, ExxonMobil issued its 2018 Summary Annual Report.  Otherwise denied.

383.   A response to paragraph 383 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants deny the allegations in paragraph 383.

384.   A response to paragraph 384 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants admit that on June 18, 2019, ExxonMobil participated in a J.P. Morgan Energy Conference by presenting on growing upstream value. Excerpts from the presentation are attached as Exhibit 19.  Defendants refer to the transcript of that conference for its complete and accurate contents.  Otherwise denied.

385.   A response to paragraph 385 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants deny the allegations in paragraph 385.

31

386.    A response to paragraph 386 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants refer to the September 4, 2019 Barclays CEO Energy-Power Conference transcript for its complete and accurate contents. Otherwise denied.

387.    A response to paragraph 387 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants deny the allegations in paragraph 387.

388.    A response to paragraph 388 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants admit that on January 31, 2020, ExxonMobil held its Q4 2019 earnings call with investor.  Excerpts from the transcript of this call are attached as Exhibit 10.  Defendants refer to the  earnings call transcript for its complete and accurate contents.  Otherwise denied.

389.    A response to paragraph 389 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants deny the allegations in paragraph 389.

390.    A response to paragraph 390 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants admit that on January 31, 2020, ExxonMobil held its Q4 2019 earnings call with investors.  Excerpts from the transcript of this call are attached as Exhibit 10.  Defendants refer to the January 31, 2020 earnings call transcript for its complete and accurate contents.  Otherwise denied.

391.    A response to paragraph 391 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants deny the allegations in paragraph 391.

32

392.    A response to paragraph 392 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants admit that ExxonMobil filed a Form 10-K on February 26, 2020, excerpts of which are attached as Exhibit 15.  Defendants refer to this Form 10-K for its complete and accurate contents.  Otherwise denied.

393.    A response to paragraph 393 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants deny the allegations in paragraph 393.

394.    A response to paragraph 394 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants admit that ExxonMobil filed a Form 10-K on February 26, 2020, excerpts of which are attached as Exhibit 15.  Defendants refer to this Form 10-K for its complete and accurate contents.  Otherwise denied.

395.    A response to paragraph 395 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants deny the allegations in paragraph 395.

396.    A response to paragraph 396 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants admit that ExxonMobil filed a Form 10-K on February 26, 2020, excerpts of which are attached as Exhibit 15.  Defendants refer to this Form 10-K for its complete and accurate contents.  Otherwise denied.

397.    A response to paragraph 397 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants deny the allegations in paragraph 397.

398.    A response to paragraph 398 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants admit that on March 5, 2020, ExxonMobil

issued a press release and held its annual Investor Day.  Copies of the March 5, 2020 press release and Investor Day presentation are attached as Exhibits 23 and 24, respectively.  Defendants refer to the transcript and press release for their complete and accurate contents.  Otherwise denied.

399.    A response to paragraph 399 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim.  To the extent a response is required, Defendants deny the allegations in paragraph 399.

400.    A response to paragraph 400 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim.  To the extent a response is required, Defendants admit that on March 5, 2020, ExxonMobil held its annual Investor Day.  Excerpts of the presentation are attached as Exhibit 24.  Defendants refer to the transcript of the Investor Day presentation for its complete and accurate contents.  Otherwise denied.

401.    A response to paragraph 401 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim.  To the extent a response is required, Defendants deny the allegations in paragraph 401.

402.    A response to paragraph 402 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim.  To the extent a response is required, Defendants deny the allegations in paragraph 402.

403.    A response to paragraph 403 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim.  To the extent a response is required, Defendants admit that ExxonMobil held its Q4 2019 earnings call and presented its Fourth Quarter 2019 results on January 31, 2020.  The transcript and excerpts of the presentation materials from this earnings call are attached as Exhibits 10 and 25, respectively.  Defendants refer to the earnings call presentation and transcript for their complete and accurate contents.  Otherwise denied.

404.    A response to paragraph 404 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants deny the allegations in paragraph 404.

405.    A response to paragraph 405 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants deny the allegations in paragraph 405.

406.    A response to paragraph 406 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants deny the allegations in paragraph 406.

407.    A response to paragraph 407 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants deny the allegations in paragraph 407.

408.    A response to paragraph 408 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants admit that ExxonMobil held its Q1 2019 earnings call on May 1, 2020.  Defendants refer to the Q1 2019 earnings call transcript for its complete and accurate contents.  Otherwise denied.

409.    A response to paragraph 409 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants deny the allegations in paragraph 409.

410.    A response to paragraph 410 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants deny the allegations in paragraph 410.

411.    A response to paragraph 411 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants deny the allegations in paragraph 411.

412.    A response to paragraph 412 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants deny the allegations in paragraph 412.

413.    A response to paragraph 413 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants deny the allegations in paragraph 413.

414.    A response to paragraph 414 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants deny the allegations in paragraph 414.

415.    A response to paragraph 415 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants deny the allegations in paragraph 415.

416.    A response to paragraph 416 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 416 and therefore deny them.

417.    A response to paragraph 417 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants deny the allegations in paragraph 417.

418.    A response to paragraph 418 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants deny the allegations in paragraph 418.

419.    A response to paragraph 419 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. The allegations in paragraph 419 are also legal allegations to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 419.

420. A response to paragraph 420 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. The allegations in paragraph 420 are also legal allegations to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 420.

421. A response to paragraph 421 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. The allegations in paragraph 421 are also legal allegations to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 421.

422. A response to paragraph 422 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. The allegations in paragraph 422 are also legal allegations to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 422.

423. A response to paragraph 423 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. To the extent a response is required, Defendants deny the allegations in paragraph 423.

424. A response to paragraph 424 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Defendants and dismissed the claim. The allegations in paragraph 424 are also legal allegations to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 424.

425. The allegations in paragraph 425 are Plaintiffs' characterizations of their complaint to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 425.

426. The allegations in paragraph 426 are Plaintiffs' conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 426.

427. The allegations in paragraph 427 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 427.

428. The allegations in paragraph 428 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 428.

429. The allegations in paragraph 429 are legal allegations to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 429.

430. The allegations in paragraph 430 are legal allegations to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 430.

431. Defendants repeat each of the above responses as if fully set forth herein.

432. Defendants deny the allegations in paragraph 432.

433. Defendants deny the allegations in paragraph 433.

434. Defendants deny the allegations in paragraph 434.

435. Defendants deny the allegations in paragraph 435.

436. A response to paragraph 436 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against ExxonMobil and dismissed the claim. To the extent a response is required, Defendants deny the allegations in paragraph 436.

437. A response to paragraph 437 is not necessary because the Court found that Plaintiffs failed to plead scienter as to Darren Woods and Liam Mallon and dismissed the Section 10(b) claims. To the extent a response is required, Defendants deny the allegations in paragraph 437.

438. A response to paragraph 438 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Woods, Mallon, and ExxonMobil

38

and dismissed the Section 10(b) claims.  To the extent a response is required, Defendants deny the allegations in paragraph 438.

439.    A response to paragraph 439 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Woods, Mallon, and ExxonMobil and dismissed the Section 10(b) claims.  To the extent a response is required, Defendants deny the allegations in paragraph 439.

440.    A response to paragraph 440 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Woods, Mallon, and ExxonMobil and dismissed the Section 10(b) claims.  To the extent a response is required, Defendants deny the allegations in paragraph 440.

441.    A response to paragraph 441 is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Woods, Mallon, and ExxonMobil and dismissed the Section 10(b) claims.  To the extent a response is required, Defendants deny the allegations in paragraph 441.

442.    Defendants deny the allegations in paragraph 442.

443.    Defendants deny the allegations in paragraph 443.

444.    A response to paragraph 444  is not necessary because the Court found that Plaintiffs failed to plead Rule 10b-5(b) claims against Woods, Mallon, and ExxonMobil and dismissed the Section 10(b) claims.  To the extent a response is required, Defendants deny the allegations in paragraph 444.

445.    Defendants repeat each of the above responses as if fully set forth herein.

446.    Defendants deny the allegations in paragraph 446.

447.    Defendants deny the allegations in paragraph 447.

448.    Defendants deny the allegations in paragraph 448.

449.    Defendants deny the allegations in paragraph 449.

450.    Defendants deny the allegations in paragraph 450.

451.    Defendants deny the allegations in paragraph 451.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to the requested relief.

## JURY DEMAND

Plaintiffs' jury demand is Plaintiffs' characterization of its own allegations to which no response is required.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses, Defendants allege as follows.  By alleging the matters set forth below as "Affirmative Defenses," Defendants do not thereby allege or admit that Defendants have the burden of proof or the burden of persuasion with respect to any of these matters.  Furthermore, Defendants hereby give notice that they intend to rely upon such other further defenses and claims of avoidance as may become available or apparent during pretrial proceedings in this action and hereby reserve their rights to amend their Answer and assert all such defenses.

## FIRST AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because the SAC fails to state a claim upon which relief can be granted against Defendants.

## SECOND AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because Plaintiffs lack standing to assert the claims alleged in the SAC.

## THIRD AFFIRMATIVE DEFENSE

The claims alleged in the SAC against Defendants are barred, in whole or in part, on the grounds that no Defendant made a false or misleading statement of material fact or omitted to state a material fact that was required to be stated, and no Defendant is

40

responsible (in law or in fact) for any alleged false or misleading statements or omissions of material fact.

## FOURTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because Defendants are immune from liability for certain statements complained of in the SAC under the safe harbor provisions of the PSLRA, 15 U.S.C. § 78u-5(c), as well as the common law "bespeaks caution" doctrine.

## FIFTH AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because certain statements complained of in the SAC are non-actionable statements of opinion.

## SIXTH AFFIRMATIVE DEFENSE

The claims alleged in the SAC against Defendants are barred, in whole or in part, because, in connection with the making of any statements to any purchasers of the securities of ExxonMobil, Defendants exercised reasonable diligence and reasonably relied on information provided to them by ExxonMobil's independent public accountants and other professionals and experts and reasonably and in good faith believed such statements to be materially accurate and not misleadingly incomplete.

## SEVENTH AFFIRMATIVE DEFENSE

The claims alleged in the SAC against Defendants are barred, in whole or in part, on the grounds that Defendants were under no duty to revise, update, or correct any previously made statements that the Complaint alleges were not subsequently revised, updated, or corrected.

## EIGHTH AFFIRMATIVE DEFENSE

The claims alleged in the SAC against Defendants are barred, in whole or in part, because no individually named Defendant exerted control or influence over the alleged transactions described in the SAC.

## NINTH AFFIRMATIVE DEFENSE

The claims alleged in the SAC against Defendants are barred, in whole or in part, because the acts alleged in the SAC were not the actual or proximate cause of any injury to Plaintiffs or members of the putative class.

## TENTH AFFIRMATIVE DEFENSE

The claims alleged in the SAC against Defendants are barred, in whole or in part, because the allegedly false and misleading statements or alleged scheme on which each Defendant's purported liability is based did not affect the price or value of the securities described in the SAC.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims alleged in the SAC against Defendants are barred, in whole or in part, because of the absence of actual reliance by Plaintiffs on the statements, acts, omissions, or alleged scheme in the SAC to have been made or, in the alternative, because any reliance (if proved) was unreasonable.

## TWELFTH AFFIRMATIVE DEFENSE

The claims alleged in the SAC against Defendants are barred, in whole or in part, by the doctrines of contributory negligence, comparative negligence, and/or assumption of risk.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims alleged in the SAC against Defendants are barred, in whole or in part, because factors other than the alleged misrepresentations or omissions by Defendants caused some or all of the alleged decline in the value of the securities with respect to which Defendants' liability is asserted.

## FOURTEENTH AFFIRMATIVE DEFENSE

The claims alleged in the SAC against Defendants are barred, in whole or in part, because any injury to Plaintiffs or the putative class was caused by supervening and intervening acts or events unconnected to Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims alleged in the SAC against Defendants are barred, in whole or in part, because any information that Defendants allegedly had a duty to disclose but did not disclose was in fact disclosed.

## SIXTEENTH AFFIRMATIVE DEFENSE

The claims alleged in the SAC against Defendants are barred, in whole or in part, because Defendants at no time were aware of facts indicating the probability that statements being made by ExxonMobil to the investing public were materially incorrect or misleadingly incomplete.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The claims alleged in the SAC against Defendants are barred, in whole or in part, because the allegedly false and misleading statements on which each Defendant's purported liability is based did not induce Plaintiffs to engage in the transaction described in the SAC.

43

## EIGHTEENTH AFFIRMATIVE DEFENSE

The claims alleged in the SAC against Defendants are barred, in whole or in part, by the applicable statute of limitation.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs and members of the putative class by acts, omissions and/or conduct, have waived, in whole or in part, their right to obtain relief sought in the SAC from any of the Defendants.

## TWENTIETH AFFIRMATIVE DEFENSE

The claims alleged in the SAC against Defendants are barred, in whole or in part, because the alleged damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of the alleged damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs and members of the putative class are estopped, in whole or in part, from obtaining the relief sought in the SAC from any of the Defendants.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The claims alleged in the SAC against Defendants Woods and Mallon brought under Section 20(a) of the Exchange Act fail because Plaintiffs have failed to allege and cannot establish a primary violation under Section 10(b).

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The claims alleged in the SAC against Defendants are barred, in whole or in part, because all of some or Plaintiffs and members of the putative class suffered no damages cognizable under 15 U.S.C. § 78u-4(b).

44

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The claims alleged in the SAC against Defendants are barred, in whole or in part, because any Plaintiffs' or putative class member's recovery for damages is subject to offset in the amount of any tax benefits that person or entity received related to his, her, or its investments in or acquisition of ExxonMobil securities.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The claims alleged in the SAC against Defendants are barred, in whole or in part, because Plaintiffs and members of the putative class have failed to mitigate damages and have failed to exercise due diligence in an effort to mitigate their damages (to which, in any event, they are not entitled).

## TWENTY-SIX AFFIRMATIVE DEFENSE

Any recovery for damages allegedly incurred is limited as to each Defendant to the percentage of that Defendant's responsibility in proportion to the total fault of all persons, whether or not named as parties to this action, who caused or contributed to the alleged damages, as set forth in 15 U.S.C. § 78u-4(f).

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserve their rights to amend this Answer and assert all such defenses.

October 5, 2023

Respectfully submitted,

*/s/ Noelle M. Reed*

Noelle M. Reed
   State Bar No. 24044211
Wallis M. Hampton
   State Bar No. 00784199
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
1000 Louisiana Street, Suite 6800
Houston, Texas 77002
Tel.: (713) 655-5122
Fax: (713) 483-9122
noelle.reed@skadden.com
wallis.hampton@skadden.com

Michelle L. Davis
   State Bar No. 24038854
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
308 Bahama Court
Granbury, Texas 76048
Tel.: (713) 655-5197
Fax: (713) 483-9197
michelle.davis@skadden.com

*Attorneys for Defendants Exxon Mobil Corporation, Darren W. Woods, Liam M. Mallon, and Melissa Bond*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 5, 2023, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

*/s/ Noelle M. Reed*

Noelle M. Reed
