# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MENDI YOSHIKAWA, Individually and On Behalf of All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>EXXON MOBIL CORPORATION, DARREN W. WOODS, LIAM M. MALLON, and MELISSA BOND, )<br><br>Defendants. ) | Civil Action No.: 3:21-cv-00194-N<br><br>Hon. David C. Godbey |

## LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS EXXON MOBIL CORP. AND MELISSA BOND

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Federal Rules") and the applicable Local Rules of the United States District Court for the Northern District of Texas ("Local Rules"), Plaintiffs Amalgamated Bank and State of Rhode Island, Office of the General Treasurer, on behalf of the Employees' Retirement System of Rhode Island ("Lead Plaintiffs"), individually and on behalf of all others similarly situated, by and through their undersigned attorneys, hereby request that Defendants Exxon Mobil Corp. and Melissa Bond (together, the "Scheme Defendants") each produce the documents described below for inspection and copying at the offices of Bernstein Litowitz Berger & Grossmann, 1251 Avenue of the Americas, New York, NY 10020, or at such other place as is mutually agreed upon, no later than thirty (30) days from the service hereof. These requests are continuing in nature, and the Scheme Defendants are

**A-01**

required to supplement their productions with any new or newly discovered materials responsive to these requests in accordance with Rule 26(e) of the Federal Rules. Lead Plaintiffs reserve their rights to amend or supplement these requests and seek additional discovery.

## DEFINITIONS AND INSTRUCTIONS

1. All defined terms shall have the meanings ascribed herein, whether or not capitalized in these requests.

2. "Answer" means Defendants' Answer to the Complaint filed on October 5, 2023.

3. "Bond" means Melissa Bond.

4. "Burch" means Dr. Damian Burch.

5. "Class Period" means March 5, 2019 through January 15, 2021.

6. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) by any method, whether orally, electronically, by document, telephone, telecopier, mail, fax, electronic mail, text message, instant message, internet message, intranet message, electronic bulletin board message, blog entry, website posting of any nature, voicemail message, personal delivery, or by any other means or sources.

7. "Complaint" means the Second Amended Complaint filed on October 31, 2022.

8. "Concerning" means relating to, referring to, describing, evidencing or constituting.

9. "Development Plan(s)" means the plans described in ¶¶66-67, 119-121, 124-131, 308-314, and 394-397 of the Complaint.

10. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), and includes Communications as well as "writings" and "recordings" (as defined by Rule 1001 of

2

**A-02**

the Federal Rules of Evidence).  A draft or non-identical copy is a separate document within the meaning of this term.

11.    "Employee" means any person or persons who at any time during the relevant time period acted or purported to act on behalf of an entity, You, or another person or persons, including all present and former officers, directors, executives, partners, principals, managers, staff personnel, accountants, agents, representatives, in-house attorneys, independent contractors, advisors, and consultants of such entity, person or persons.

12.    "Exxon" or the "Company" means Exxon Mobil Corp., and any of its subsidiaries, agents, Employees, divisions, and/or predecessors.

13.    "Gulden" means Dr. Lindsey Gulden.

14.    "Mallon" means Liam M. Mallon.

15.    "OSHA" means the U.S. Department of Labor Occupational Safety and Health Administration.

16.    "OSHA Investigation" means, the investigation and findings by OSHA concerning Burch and Gulden's allegations that Exxon illegally terminated them in retaliation for raising concerns about the Company's valuation of oil wells with management, which Burch and Gulden believed overinflated the Company's SEC filings and information the Company disclosed to the public, including but not limited to any OSHA proceedings identified by the number 6-1730-21-120, as described in ¶¶155-160 of the Complaint.

17.    "SEC" means the U.S. Securities and Exchange Commission.

18.    "SEC Investigation" means the SEC's reported investigation into complaints that Exxon over-valued its Permian Basin holdings, as described in ¶¶252-253 of the Complaint.

19.    "Scheme Defendants" means Exxon and Bond.

3

20. "Woods" means Darren W. Woods.

21. "You" or "Your" refers to Defendants, and all of their employees, officers, representatives, agents, and any other persons or entities acting on their behalf, collectively and individually, in the broadest sense consistent with the Federal Rules of Civil Procedure.

22. The terms "director," "officer," "employee," "agent," or "representative" mean any person serving as such and any person serving at any relevant time in such capacity, even if no longer serving in that capacity.

23. The past tense includes the present tense, and vice-versa. The singular includes the plural, and vice-versa.

24. The terms "all," "any," and "each" shall each be construed as encompassing all, any, and each.

25. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

26. The term "including" shall be construed as "including, but not limited to."

27. In responding to these requests, You shall produce all responsive documents which are in Your possession, custody or control, or in the possession, custody or control of Your predecessors, successors, parents, subsidiaries, divisions or affiliates, or any of your respective directors, executives, officers, partners, managing agents, agents, employees, accountants or any other representative. A document shall be deemed to be within Your control if You have the ability or right to secure the document or a copy of the document from another person having possession or custody of the document. Documents from the custodial files of Woods and Mallon are in the

possession, custody and control of Exxon and must be produced if such files contain documents that are responsive to these requests.

28.    Pursuant to the Federal Rules, You are to produce for inspection and copying by Plaintiffs original documents as they are kept in the usual course of business and You shall organize and label them to correspond with the categories in these requests.

29.    In responding to these requests, You shall produce all responsive documents available at the time of production and You shall supplement your responses as required by Federal Rule 26(e).

30.    If any responsive document was, but no longer is, in Your possession or subject to Your control, state whether the document is: (a) missing or lost; (b) destroyed; (c) transferred to others; or (d) otherwise disposed of, and in each instance identify the name and address of its current or last known custodian, and the circumstances surrounding such disposition.

31.    Any claim of any form of attorney-client privilege, work product, or any other claim of privilege or immunity shall comply with the requirements of any Protective Order or Electronic Discovery Protocol entered by the Court.

32.    If a portion of any document responsive to these requests is withheld under a claim of privilege pursuant to Instruction No. 30, any non-privileged portion of such document must be produced with the portion claimed to be privileged or protected redacted.

33.    You are to produce each document requested herein in its entirety, without deletion or excision (except as qualified by Instruction Nos. 30 and 31 above) regardless of whether You consider the entire document to be relevant or responsive to the requests.

34.    The singular of any term includes the plural, and the disjunctive shall include the conjunctive, and vice versa.

5

**A-05**

**RELEVANT TIME PERIOD**

Unless otherwise indicated, these Requests concern the time period of January 1, 2019 through April 15, 2021 (the "Relevant Time Period").

**DOCUMENT REQUESTS**

1.    Documents Concerning the alleged corrective disclosures on January 31, 2020; May 1, 2020; and January 15, 2021, as summarized in paragraphs 402-18 of the Complaint.

2.    Documents Concerning Exxon's stock price movements in response to or immediately following the alleged corrective disclosures, including those stock price movements identified in paragraphs 402-18 of the Complaint.

3.    Documents Concerning the alleged materially false and misleading statements and omissions on March 5-6, 2019; April 26, 2019; June 18, 2019; September 4, 2019; January 31, 2020; February 26, 2020; and March 5, 2020, as identified in paragraphs 361-401 of the Complaint.

4.    Documents Concerning Exxon's stock price movements in response to or immediately following the alleged materially false and misleading statements and omissions identified in paragraphs 361-401 of the Complaint.

5.    Documents Concerning how the Development Plan(s) or valuations of Exxon's Delaware or Permian Basin holdings, and any associated drilling assumptions (including assumptions concerning the drilling learning curve) affected, supported, or were incorporated into the alleged materially false and misleading statements and omissions identified in paragraphs 361-401 of the Complaint.

6.    All Documents and Communications Concerning an August 27, 2020 communication from the *Wall Street Journal* regarding an upcoming article on Exxon's

A-06

development plans for the Permian Basin, or that September 13, 2020 article entitled "Exxon Used to be America's Most Valuable Company. What Happened?" including any investigation or other steps taken by Exxon to determine whether Exxon employees provided information to the *Wall Street Journal* in connection with such article. *See* Answer ¶ 145, Complaint ¶ 146.

7.      Documents Concerning any presentations or meetings related to the Development Plan(s) or valuations of Exxon's Delaware or Permian Basin holdings and any associated drilling assumptions (including assumptions concerning the drilling learning curve), including any draft presentations, slide decks and speakers' notes.

8.      Documents Concerning Exxon's procedures and practices for (i) determining the net present value of the Delaware Basin or Permian Basin, (ii) creating annual Development Plans, (iii) writing down reserve values. The relevant time period for this request is September 1, 2018 to April 15, 2021.

9.      Documents Concerning Exxon's valuation the Delaware Basin or the Permian Basin, including Exxon's determination, consideration, or use of (i) learning curve assumptions, (ii)  net present value, (iii)  proved reserves, (iv) resource base valuations, and (v) drilling speeds. . The relevant time period for this request is September 1, 2018 to April 15, 2021.

10.      Documents Concerning the 2019 and 2020 annual Development Plans, including as they relate to Exxon's assets in the Delaware or Permian Basin. The relevant time period for this request is September 1, 2018 to April 15, 2021.

11.      Documents Concerning any write downs or potential write downs of proved reserves in the Delaware or Permian Basin during 2018, 2019, and 2020.

12.      Documents Concerning Exxon's decision on or around February 26, 2019 to increase reserves for year-end 2018 by 4.5 billion barrels that Bond, Woods, or Mallon possessed,

7

A-07

accessed, or viewed, including Documents which were forwarded to Bond, Woods, or Mallon, or on which Bond, Woods, or Mallon were copied.

13. Documents Concerning Chevron Corporation's March 5, 2019 announcement that it intended to reach unconventional net oil-equivalent production of 900,000 barrels of oil per day from its Permian assets by 2023. *See* Complaint ¶ 105.

14. Documents Concerning the SEC Investigation, including:

    a. All Documents Defendants produced or provided to the SEC;

    b. Any reports, findings, presentations, or conclusions in connection with the SEC Investigation;

    c. Communications with the SEC;

    d. Requests for Documents, information, testimony, and cooperation;

    e. Any responses or objections to such requests or otherwise Concerning such requests; and

    f. Transcripts, or recordings of any interviews, depositions, or meetings, including any related exhibits.

15. Documents Concerning the OSHA Investigation, including:

    a. All Documents Defendants produced or provided to OSHA or received from OSHA;

    b. Any internal reports, findings, presentations, or conclusions in connection with the OSHA Investigation;

    c. Communications with OSHA;

    d. Requests for Documents, information, testimony, and cooperation propounded by OSHA;

**A-08**

e.    Any responses or objections to such requests or otherwise Concerning such requests by Defendants; and

f.    Transcripts, or recordings of any interviews, depositions, or meetings, including any related exhibits.

16.    Documents Concerning the termination of Burch or Gulden, including:

a.    Documents Concerning or contained in the file or folder identified as having been maintained by Burch and entitled either "This is a Lie" or "Please_do_not_turn_this_into_a_lie.xlsx" in the *Washington Post* article published on October 6, 2022 titled "ExxonMobil ordered to reinstate fired whistleblowers who alleged fraud."

b.    Exxon's procedures and practices for reviewing, addressing, investigating, or resolving internal complaints;

c.    Any internal reports, findings, presentations, or conclusions produced as a result of, derived from, or issued in connection with the termination of Burch or Gulden;

d.    Documents sufficient to identify all Persons who reviewed or otherwise had any input into the decision to terminate Burch and Gulden, and Documents and Communications concerning such decision and analysis;

e.    Requests for Documents, information, or cooperation;

f.    Any responses or objections to such requests or Concerning such requests;

g.    All minutes, recordings, notes, or presentations from meetings Concerning the termination of Burch or Gulden, including the meeting between Burch and Rick McGovern in October 2020. *See* Answer ¶ 147; and

9

**A-09**

       h.     All notes, transcripts, or recordings of any interviews Concerning the termination of Burch or Gulden.

17. Documents sufficient to show the organization and structure of any groups, divisions, or other segments in the Company that during the Relevant Period:

       a.     Were responsible for communications with investors and filing reports with the SEC;

       b.     Were responsible for the valuation of the Delaware or Permian Basins;

       c.     Were responsible for the Development Plans for the Delaware or Permian Basins;

       d.     Were responsible for reviewing, addressing, investigating, or resolving internal complaints such as those raised by Burch and Gulden, including those who would have been briefed or otherwise made aware of such complaints; or

       e.     Were responsible for the termination of Burch or Gulden, including any divisions or committees thereof, including the reporting, oversight, and management responsibilities of the Company's employees.

The relevant time period for subparts (b) and (c) of this request is September 1, 2018 to April 15, 2021.

18. Documents Concerning Bond's transfer to Lead County Manager/Managing Director for ExxonMobil Angola, including any discussion of or reasons for the transfer. The relevant period for this request is from January 1, 2020 to April 1, 2021.

**A-10**

19.     Documents Concerning Exxon's document retention and preservation policies, guidance, or rules, including litigation holds issued in connection with this litigation. The time period for this request is from September 1, 2018 to the present.

20.     Documents concerning or reflecting any insurance policy, indemnification agreement, hold harmless agreement or by-law that may provide coverage for any Defendant for all or part of any potential liability arising from any claims asserted in this litigation.

Dated: November 30, 2023

/s/ Daniel L. Berger
Daniel L. Berger (*pro hac vice*)
dberger@gelaw.com
Caitlin M. Moyna (*pro hac vice*)
cmoyna@gelaw.com
Lauren Salamon (*pro hac vice*)
lsalamon@gelaw.com
**GRANT & EISENHOFER PA**
485 Lexington Avenue
New York, New York 10017
Phone: (646) 722-8500
Fax: (646) 722-8501

*Co-Lead Counsel for the Class and Counsel for Co-Lead Plaintiff Amalgamated Bank*

/s/ John Rizio-Hamilton
John Rizio-Hamilton (*pro hac vice*)
johnr@blbglaw.com
Rebecca E. Boon (*pro hac vice*)
rebecca.boon@blbglaw.com
John J. Esmay (*pro hac vice*)
john.esmay@blbglaw.com
Thomas Sperber (*pro hac vice*)
thomas.sperber@blbglaw.com
Stephen Boscolo (*pro hac vice*)
stephen.boscolo@blbglaw.com
**BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP**
1251 Avenue of the Americas
New York, New York 10020
Phone: (212) 554-1400

11

**A-11**

Fax: (212) 554-1444

*Co-Lead Counsel for the Class and Counsel for Co-Lead Plaintiff State of Rhode Island, Office of the General Treasurer, on behalf of the Employees' Retirement System of Rhode Island*

Lewis T. LeClair
Texas Bar No. 12072500
lleclair@mckoolsmith.com
**McKOOL SMITH PC**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Phone: (214) 978-4000
Fax: (214) 978-4044

*Liaison Counsel for the Class*

12

**A-12**

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2023, a true and correct copy of the foregoing has been served via electronic mail and/or FedEx to the following recipients:

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
Noelle M. Reed (State Bar No. 24044211)
noelle.reed@skadden.com
Wallis M. Hampton (State Bar No. 00784199)
wallis.hampton@skadden.com
Brent M. Hanson (State Bar No. 24106051)
brent.hanson@skadden.com

1000 Louisiana Street, Suite 6800
Houston, Texas 77002
Telephone: (713) 655-5122
Facsimile: (713) 483-9122

Michelle L. Davis (State Bar No. 24038854)
michelle.davis@skadden.com

308 Bahama Court
Granbury, Texas 76048
Telephone: (713) 655-5197
Facsimile: (713) 483-9197

*Counsel for Defendants Exxon Mobil Corp., Darren Woods, Liam Mallon, and Melissa Bond*

*/s/ John Esmay*
John Esmay

13

**A-13**