# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| MENDI YOSHIKAWA, Individually and On Behalf of All Others Similarly Situated,  )<br><br>*Plaintiffs*,  )<br><br>v.  )<br><br>EXXON MOBIL CORPORATION, *et al*.,  )<br><br>*Defendants*.  )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 3:21-cv-00194-N |

**DEFENDANTS EXXON MOBIL CORPORATION AND MELISSA BOND'S RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Texas, and any other applicable rules ("Applicable Rules"), Defendants Exxon Mobil Corporation and Melissa Bond (collectively "Defendants"), by and through their undersigned counsel, hereby respond and object to the First Request for Production of Documents, dated November 30, 2023 ("Requests"), of Plaintiffs Amalgamated Bank and State of Rhode Island, Office of the General Treasurer, on behalf of the Employees' Retirement System of Rhode Island (collectively "Lead Plaintiffs"), individually and on behalf of all others similarly situated, in the above-captioned action (the "Action").

**A-26**

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Defendants object to the following definitions and instructions and incorporate their objections into their Responses to each Request using the definitions and instructions.

1. Defendants object to the definition "Communication" to the extent that it seeks to impose on the Defendants a burden higher than or different from that imposed by the Applicable Rules. Defendants will comply with the Applicable Rules in their Responses.

2. Defendants object to the definition "Document" to the extent that it seeks to impose on the Defendants a burden higher than or different from that imposed by the Applicable Rules. As defined, the definition of "Document" relies, in part, on Federal Rule of Civil Procedure 34(a), which does not define or otherwise provide the meaning and scope of the term "document." In responding to the Requests, unless otherwise specified, Defendants will interpret "Document" to have its ordinary and plain meaning, and will comply with the Applicable Rules in their Responses.

3. Defendants object to the definition "Development Plan" on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the Action. The definition includes all Development Plans mentioned in Lead Plaintiffs Complaint, without limit, rather than the 2019 annual Development Plan relevant to the remaining scheme liability claims under Rule 10b-5(a) and (c) in this Action against Defendants. In responding to the Requests, unless otherwise specified, Defendants will interpret "Development Plan" to refer to the 2019 annual Development Plan.

4. Defendants object to the definition "Employee" on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the Action. The definition includes unidentified officers, directors, executives, partners, principals, managers, staff personnel, accountants, agents, representatives, in-house attorneys, independent contractors,

2

**A-27**

advisors, and consultants, regardless of their relationship to the remaining scheme liability claims under Rule 10b-5(a) and (c) in this Action against Defendants.  Defendants further object to the definition to the extent it seeks the production of documents that are subject to the attorney-clint privilege or work product doctrine.  In responding to the Requests, unless otherwise specified, Defendants will interpret "Employee" to include directors, officers, employees, and agents known to Defendants.

5.      Defendants object to the definitions "Exxon" and the "Company" on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the Action to the extent that it purports to include entities or individuals other than Exxon Mobil Corporation's employees and officers or seek documents outside Exxon Mobil Corporation's possession, custody, or control.  In responding to the Requests, unless otherwise specified, Defendants will interpret "Exxon" and the "Company" to mean Exxon Mobil Corporation, including its directors, officers, employees, and agents known to Defendants.

6.      Defendants object to the definition "Scheme Defendants" to the extent that it purports to state any legal conclusion or purports to attribute any "scheme" liability to Defendants. Defendants deny that they are liable for any "scheme" as alleged by Lead Plaintiffs and nothing in these Responses and Objections should be construed as an admission to the contrary.

7.      Defendants object to the definitions "You" and "Your" on the grounds that they are overly broad, unduly burdensome, and disproportionate to the needs of the Action.  The definitions include any persons or entities acting on Defendants' behalf, regardless of their relationship to Defendants or the remaining scheme liability claims under Rule 10b-5(a) and (c) in this Action against Defendants.  Defendants further object to the definitions to the extent they seek the production of documents that are subject to the attorney-clint privilege or work product doctrine.

3

**A-28**

In responding to the Requests, unless otherwise specified, Defendants will interpret "You" and "Your" to the named Defendants Exxon Mobil Corporation, Darren W. Woods, Liam M. Mallon, and Melissa Bond, and Exxon Mobil Corporation's directors, officers, employees, and agents known to Defendants.

8.     Defendants object to the definitions "director," "officer," "employee," "agent," and "representative," on the grounds that such definitions are overly broad and unduly burdensome. Specifically, Defendants object to the definitions to the extent they include individuals regardless of their relationship to Defendants or the remaining scheme liability claims under Rule 10b-5(a) and (c) in this Action against Defendants.  Defendants further object to the definitions to the extent they seek the production of documents that are subject to the attorney-clint privilege or work product doctrine.  In responding to the Requests, unless otherwise specified, Defendants will interpret the definitions "director," "officer," "employee," "agent," and "representative," to be limited to Exxon Mobil Corporation's directors, officers, employees, and agents known to Defendants.

9.     Defendants object to Instruction No. 27 to the extent it seeks to impose on Defendants a burden higher than or different from that imposed by the Applicable Rules by seeking documents from entities and individuals other than Defendants, including but not limited to their parents, subsidiaries, affiliates, partners, agents, or any other representatives.  Defendants have no way of knowing the contents, custodian, or identity of documents not within their possession, custody, or control.  Defendants further object to this Request to the extent that it seeks the production of: (i) information that is not relevant to the remaining scheme liability claims under Rule 10b-5(a) and (c) in this Action against Defendants and is overly broad, unduly burdensome, and disproportionate to the needs of the Action; and (ii) documents that are subject to the attorney-

4

client privilege or work product doctrine. Defendants will endeavor to coordinate with Lead Plaintiffs in order to conduct a reasonable search for responsive documents using search terms and custodians agreed to by the parties.

10.     Defendants object to Instruction No. 28 to the extent that it seeks to impose on Defendants a burden higher than or different from that imposed by the Applicable Rules. Defendants will comply with the Applicable Rules and the caselaw interpreting the Applicable Rules in their Responses.

11.     Defendants object to Instruction No. 29 to the extent that it seeks to impose on Defendants a burden higher than or different from that imposed by the Applicable Rules. Defendants will comply with the Applicable Rules and the caselaw interpreting the Applicable Rules in their Responses.

12.     Defendants object to Instruction No. 30 to the extent it seeks to impose on Defendants a burden higher than or different from that imposed by the Applicable Rules, and to the extent it purports to require Defendants to produce, create, generate, compile or develop documents not currently in Defendants' possession or subject to Defendants' control. Defendants will comply with the Applicable Rules and the caselaw interpreting the Applicable Rules in their Responses.

13.     Defendants object to Instruction No. 32 to the extent that it seeks to impose on Defendants a burden higher than or different from that imposed by the Applicable Rules. Defendants will comply with the Applicable Rules and the caselaw interpreting the Applicable Rules in their Responses. Defendants object to the Requests to the extent they seek documents containing any confidential, proprietary or commercially sensitive information, including personal or customer information that is not otherwise privileged.

5

**A-30**

14.    Defendants object to Instruction No. 33 to the extent that it seeks to impose on Defendants a burden higher than or different from that imposed by the Applicable Rules. Defendants will comply with the Applicable Rules and the caselaw interpreting the Applicable Rules in their Responses.  Defendants reserve the right to redact highly sensitive irrelevant material that may not be protected appropriately by any protective order entered in the litigation.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Documents Concerning the alleged corrective disclosures on January 31, 2020; May 1, 2020; and January 15, 2021, as summarized in paragraphs 402-18 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendants object to this Request on the grounds that it pertains solely to the merits of this action, rather than class certification, and is thus premature in light of the Court's December 11, 2023 Class Certification Scheduling Order (ECF No. 122).  Defendants also object to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this Action, and seeks information that is not relevant to class certification discovery.  Defendants further object to this Request on the grounds that it seeks the production of information that is relevant only to Lead Plaintiffs' claims premised on allegedly misleading statements and omissions that the Court has dismissed, and is not relevant to the remaining scheme liability claims under Rule 10b-5(a) and (c) in this Action against Defendants.

Subject to and without waiving the foregoing objections, Defendants are willing to meet and confer as to whether and how this request relates to class certification.

6

**A-31**

**REQUEST FOR PRODUCTION NO. 2:**

Documents Concerning Exxon's stock price movements in response to or immediately following the alleged corrective disclosures, including those stock price movements identified in paragraphs 402-18 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendants object to this Request on the grounds that it pertains solely to the merits of this action, rather than class certification, and is thus premature in light of the Court's December 11, 2023 Class Certification Scheduling Order (ECF No. 122). Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this Action. Defendants also object to this request to the extent it purports to state any legal conclusion with respect to Exxon's stock price movements. Defendants further object to this Request to the extent that it seeks the production of: (i) information that is not relevant to the remaining scheme liability claim under Rule 10b-5(a) and (c) against Defendants in this Action; and (ii) documents that are subject to the attorney-client privilege or work product doctrine.

Subject to and without waiving the foregoing objections, Defendants are willing to meet and confer as to whether and how this request relates to class certification.

**REQUEST FOR PRODUCTION NO. 3:**

Documents Concerning the alleged materially false and misleading statements and omissions on March 5-6, 2019; April 26, 2019; June 18, 2019; September 4, 2019; January 31, 2020; February 26, 2020; and March 5, 2020, as identified in paragraphs 361-401 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendants object to this Request on the grounds that it pertains solely to the merits of this action, rather than class certification, and is thus premature in light of the Court's December 11,

2023 Class Certification Scheduling Order (ECF No. 122). Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this Action, and seeks information that is not relevant to class certification discovery. Defendants further object to this Request on the grounds that it seeks the production of information that is relevant only to Lead Plaintiffs' claims premised on allegedly misleading statements and omissions that the Court has dismissed, and is not relevant to the remaining scheme liability claims under Rule 10b-5(a) and (c) in this Action against Defendants.

Subject to and without waiving the foregoing objections, Defendants are willing to meet and confer as to whether and how this request relates to class certification.

**REQUEST FOR PRODUCTION NO. 4:**

Documents Concerning Exxon's stock price movements in response to or immediately following the alleged materially false and misleading statements and omissions identified in paragraphs 361-401 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendants object to this Request on the grounds that it pertains solely to the merits of this action, rather than class certification, and is thus premature in light of the Court's December 11, 2023 Class Certification Scheduling Order (ECF No. 122). Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this Action. Defendants also object to this request to the extent it purports to state any legal conclusion with respect to Exxon's stock price movements. Defendants further object to this Request to the extent that it seeks the production of: (i) information that is not relevant to the remaining scheme liability claim under Rule 10b-5(a) and (c) against Defendants in this Action; and (ii) documents that are subject to the attorney-client privilege or work product doctrine.

8

**A-33**

Subject to and without waiving the foregoing objections, Defendants are willing to meet and confer as to whether and how this request relates to class certification.

**REQUEST FOR PRODUCTION NO. 5:**

Documents Concerning how the Development Plan(s) or valuations of Exxon's Delaware or Permian Basin holdings, and any associated drilling assumptions (including assumptions concerning the drilling learning curve) affected, supported, or were incorporated into the alleged materially false and misleading statements and omissions identified in paragraphs 361-401 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendants object to this Request on the grounds that it pertains solely to the merits of this action, rather than class certification, and is thus premature in light of the Court's December 11, 2023 Class Certification Scheduling Order (ECF No. 122). Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to class certification discovery. Defendants also object to this request to the extent it purports to state any legal conclusion. Defendants further object to this Request on the grounds that it seeks the production of information that is relevant only to Lead Plaintiffs' claims premised on allegedly misleading statements and omissions that the Court has dismissed, and is not relevant to the remaining scheme liability claims under Rule 10b-5(a) and (c) in this Action against Defendants.

Subject to and without waiving the foregoing objections, Defendants are willing to meet and confer as to whether and how this request relates to class certification.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications Concerning an August 27, 2020 communication from the *Wall Street Journal* regarding an upcoming article on Exxon's development plans for the

Permian Basin, or that September 13, 2020 article entitled "Exxon Used to be America's Most Valuable Company. What Happened?" including any investigation or other steps taken by Exxon to determine whether Exxon employees provided information to the *Wall Street Journal* in connection with such article. *See* Answer ¶ 145, Complaint ¶ 146.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendants object to this Request on the grounds that it pertains solely to the merits of this action, rather than class certification, and is thus premature in light of the Court's December 11, 2023 Class Certification Scheduling Order (ECF No. 122). Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to class certification discovery. Defendants further object to this Request on the grounds that it seeks the production of information that is relevant only to Lead Plaintiffs' claims premised on allegedly misleading statements and omissions that the Court has dismissed, and is not relevant to the remaining scheme liability claims under Rule 10b-5(a) and (c) in this Action against Defendants.

Subject to and without waiving the foregoing objections, Defendants are willing to meet and confer as to whether and how this request relates to class certification.

**REQUEST FOR PRODUCTION NO. 7:**

Documents Concerning any presentations or meetings related to the Development Plan(s) or valuations of Exxon's Delaware or Permian Basin holdings and any associated drilling assumptions (including assumptions concerning the drilling learning curve), including any draft presentations, slide decks and speakers' notes.

**A-35**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendants object to this Request on the grounds that it pertains solely to the merits of this action, rather than class certification, and is thus premature in light of the Court's December 11, 2023 Class Certification Scheduling Order (ECF No. 122). Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to class certification discovery. Defendants further object to this Request on the grounds that it seeks the production of information that is relevant only to Lead Plaintiffs' claims premised on allegedly misleading statements and omissions that the Court has dismissed, and is not relevant to the remaining scheme liability claims under Rule 10b-5(a) and (c) in this Action against Defendants.

Subject to and without waiving the foregoing objections, Defendants are willing to meet and confer as to whether and how this request relates to class certification.

11

Dated: January 10, 2024

Respectfully submitted,

/s/ *Noelle M. Reed*

Noelle M. Reed
   State Bar No. 24044211
Wallis M. Hampton
   State Bar No. 00784199
Brent M. Hanson
   State Bar No. 24106051
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
1000 Louisiana Street, Suite 6800
Houston, Texas 77002
Tel.: (713) 655-5122
Fax: (713) 483-9122
noelle.reed@skadden.com
wallis.hampton@skadden.com
brent.hanson@skadden.com

Michelle L. Davis
   State Bar No. 24038854
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
308 Bahama Court
Granbury, Texas 76048
Tel.: (713) 655-5197
Fax: (713) 483-9197
michelle.davis@skadden.com

*Attorneys for Defendants Exxon Mobil
Corporation, Darren W. Woods, Liam M.
Mallon, and Melissa Bond*

12

**A-37**

**CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2024, I served the foregoing on all counsel of record via email.

/s/ Noelle M. Reed
Noelle M. Reed

13

**A-38**