# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**



| | | |
|---|---|---|
| ~~PLAINTIFF,~~ | | |
| ~~Plaintiff,~~ | | |
| ~~v.~~ | | ~~Civil Action No. 3:00-CV-0000-N~~ |
| ~~DEFENDANT,~~ | | |
| ~~Defendant.~~ | | |

| | | |
|---|---|---|
| MENDI YOSHIKAWA, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: 3:21-cv-00194-N |
| v. | ) ) ) | |
| EXXON MOBIL CORPORATION, DARREN W. WOODS, LIAM M. MALLON, and MELISSA BOND, | ) ) ) ) | |
| Defendants. | ) ) ) ) ) | |

## **PROTECTIVE ORDER**

### **Proceedings and Information Governed.**

1.      This Order ("Protective Order") is made under Fed. R. Civ. P. 26(c). It governs any document, information, or other thing furnished by any party to any other party, and it includes any nonparty who receives a subpoena in connection with this action. The information protected includes, but is not limited to: answers to interrogatories;

ORDER – PAGE 1

answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other writings or things produced, given or filed in this action that are designated by a party as "Confidential Information" or "Confidential Attorney Eyes Only Information" in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**Designation and Maintenance of Information.**

2.      For purposes of this Protective Order, (a) the "Confidential Information" designation means that the document is comprised of trade secrets or commercial information that is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c)(1)(G), or other information required by law or agreement to be kept confidential and (b) the "Confidential Attorney Eyes Only" designation means that the document is comprised of information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, or any other sensitive trade secret information.  Confidential Information and Confidential Attorney Eyes Only Information does not include, and this Protective Order does not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information,

ORDER – PAGE 2

or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

3.      Documents and things produced during the course of this litigation within the scope of paragraph 2(a) above, may be designated by the producing party as containing Confidential Information by placing on each page and each thing a legend, or otherwise conspicuously designating electronically stored information, substantially as follows:

**CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

Documents and things produced during the course of this litigation within the scope of paragraph 2(b) above may be designated by the producing party as containing Confidential Attorney Eyes Only Information by placing on each page and each thing a legend, or otherwise conspicuously designating electronically stored information, substantially as follows:

**CONFIDENTIAL ATTORNEY EYES ONLY INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

A party may designate information disclosed at a deposition as Confidential Information or Confidential Attorney Eyes Only Information by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition.  If no such designation is made at the time of the deposition, any party will have fourteen (14) calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, whether the transcript is to be designated as Confidential Information or Confidential Attorneys Eyes Only Information.  If no such designation is made at the

ORDER — PAGE 3

deposition or within this fourteen (14) calendar day period (during which period, the transcript must be treated as Confidential Attorneys Eyes Only Information, unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be considered devoid of Confidential Information or Confidential Attorneys Eyes Only Information. Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each party to maintain materials containing Confidential Information or Confidential Attorney Eyes Only Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

### Inadvertent Failure to Designate.

4.       The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity. The information must be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

### Challenge to Designations.

ORDER – PAGE 4

5.      A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation.  The producing party will then have ten (10) business days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation.  If the parties are unable to reach agreement after the expiration of this ten (10) business day time-frame, and after the conference required under LR 7. 17.1(a), the receiving party may at any time thereafter seek an order to alter the confidential status of the designated information.  Until any dispute under this paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Protective Order.

**Disclosure and Use of Confidential Information.**

6.      Information designated as Confidential Information or Confidential Attorney Eyes Only Information may only be used for purposes of preparation, trial, and appeal of this action.  Confidential Information or Confidential Attorney Eyes Only Information may not be used under any circumstances for any other purpose.

7.      Subject to paragraph 9 below, Confidential Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) two (2the receiving party (if a natural person) or employees of the receiving party (if an entity) who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions,

ORDER — PAGE 5

and who are identified as such in writing to counsel for the designating party in advance of the disclosure; (b) two (2) in-house counsel who are identified byfor the receiving party; (c) outside counsel for the receiving party; (d) supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; (e) experts or consultants retained in this matter, including their administrative or clerical staff; and (f) any persons and their administrative and clerical staff requested by counsel to furnish services such as document hosting, managed review, document coding, image scanning, mock trial, jury profiling, mediation or dispute resolution services, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents.

8.        Subject to paragraph 9 below, Confidential Attorney Eyes Only Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) outside counsel for the receiving party:; (b) in-house counsel for the receiving party; (c) supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services, document hosting and managed review vendors, and mediation or dispute resolution services; (ed) experts or consultants; and (df) those individuals designated in paragraph 11(c).

9.        Further, prior to disclosing Confidential Information or confidentialConfidential Attorney Eyes Only Information to a receiving party's proposed expert, or consultant, or employees, the receiving party must provide to the producing

ORDER — PAGE 6

~~party~~obtain and maintain a signed Confidentiality Agreement in the form attached as Exhibit A~~, the resume or curriculum vitae of the proposed expert or consultant, the expert or consultant's business affiliation, and any current and past consulting relationships in the industry. The producing party will thereafter have ten (10) business days from receipt of the Confidentiality Agreement to object to any proposed individual. The objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within ten (10) business days constitutes approval. If the parties are unable to resolve any objection, the receiving party may apply to the presiding judge to resolve the matter. There will be no disclosure to any proposed individual during the ten (10) business day objection period, unless that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection, or the presiding judge has ruled upon any resultant motion~~.

10.     Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. ~~Counsel may fulfill this obligation by obtaining~~Prior to disclosing Confidential Information to persons requested by counsel to furnish services such as document hosting, managed review, document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents, the receiving party must obtain and maintain a signed Confidentiality Agreement in the form attached as Exhibit B.

ORDER ~~8~~ – PAGE 7

11. Confidential Information or Confidential Attorney Eyes Only Information may be disclosed to a person who is not already allowed access to such information under this Protective Order if:

(a) the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6);

(b) the designating party is the person or is a party for whom the person is a current or former director, officer, employee, consultant or agent; or

(c) counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of Confidential Information. Disclosure of material pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclosed.

12. In the event that: (a) Confidential Information or Confidential Attorney Eyes Only Information is disclosed to any person other than in the manner authorized by this Protective Order, or (b) that any information comes to a receiving party's attention that may indicate or that indicates there was or is likely to be a loss of confidentiality of any Confidential Information or Confidential Attorney Eyes Only Information, the receiving party responsible for the disclosure or loss of confidentiality shall immediately inform the

ORDER – PAGE 8

producing party of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person to whom the disclosure was made.  The receiving party responsible for the disclosure or loss of confidentiality shall make every effort to retrieve the improperly disclosed Confidential Information or Confidential Attorney Eyes Only Information and to prevent further unauthorized disclosure of such Confidential Information or Confidential Attorney Eyes Only Information on its own part and on the part of the unauthorized recipient(s) of such information or material.

**Nonparty Information.**

~~12~~13. The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

**Filing Documents With the Court.**

~~13~~14. If any party wishes to submit Confidential Information to the court, the submission must be filed only under seal on CM/ECF if filed electronically or if filed in hard copy in a sealed envelope bearing the caption of this action and a notice in the following form:

**CONFIDENTIAL INFORMATION**
**[caption]**
**This envelope, which is being filed under seal,**
**contains documents that are subject to a Protective**

ORDER — PAGE 9

**Order governing the use of confidential discovery material.**

**No Prejudice.**

~~14~~15. Producing or receiving confidential information, or otherwise complying with the terms of this Protective Order, will not (a) operate as an admission by any party that any particular Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a party to apply to the presiding judge for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

**Subpoena or Other Compulsory Process.**

16. If any receiving party receives a subpoena or other compulsory process seeking the production or other disclosure of Confidential Information or Confidential Attorney Eyes Only Information (a "Demand"), the receiving party: (a) shall give written notice, unless prohibited by applicable law, by email to counsel for the producing party within 3 business days of receipt of such Demand (or if a response to the Demand is due in less than 3 business days, at least 24 hours before the deadline for a response to the Demand), identifying the Confidential Information or Confidential Attorney Eyes Only Information sought and enclosing a copy of the Demand, and (b) must object to the

ORDER – PAGE 10

production of the Confidential Information or Confidential Attorney Eyes Only Information on the grounds of the existence of this Protective Order. The burden of opposing the enforcement of a Demand will fall on the producing party. In the event that the producing party advises the receiving party that it intends to move for a court order to preclude or restrict production of any Confidential Information or Confidential Attorney Eyes Only Information requested pursuant to a Demand, the receiving party shall not produce or divulge the contents of any Confidential Information or Confidential Attorney Eyes Only Information until such motion is resolved, unless it is required to do so by court order. Nothing herein shall be construed as requiring the receiving party to challenge or appeal any court order requiring production of Confidential Information or Confidential Attorney Eyes Only Information, or to subject itself to any penalties for noncompliance with any legal process or court order, or to seek any relief from this Court or any other court. Compliance by a receiving party with any court order directing production pursuant to a Demand of any Confidential Information or Confidential Attorney Eyes Only Information shall not constitute a violation of this Protective Order.

**Conclusion of Litigation.**

1517. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information or Confidential Attorney Eyes Only

ORDER – PAGE 11

Information, and to certify to the producing party that this destruction or return has been done. However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order. After the termination of this action (including all appeals relating to this action having been exhausted or the time to appeal having expired), this Protective Order will continue to be binding upon the parties, who agree that this Court will retain jurisdiction over any enforcement of the Protective Order's provisions.

### Other Proceedings.

16 18. By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who may be subject to a motion to disclose another party's information designated Confidential pursuant to this Protective Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

### Remedies.

17 19. It is Ordered that this Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in

ORDER – PAGE 12

contempt.   All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

~~18~~20.   Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.


        Signed:


                                        _____
                                                David C. Godbey
                                                                United States District Judge

Exhibit A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | |
|---|---|
| ~~PLAINTIFF,~~ | |
| ~~Plaintiff,~~ | |
| ~~v.~~ | ~~Civil Action No. 3:00-CV-0000-N~~ |
| ~~DEFENDANT,~~ | |
| ~~Defendant.~~ | |

| | |
|---|---|
| MENDI YOSHIKAWA, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) |
| Plaintiff, | ) Civil Action No.: 3:21-cv-00194-N ) |
| v. | ) ) ) |
| EXXON MOBIL CORPORATION, DARREN W. WOODS, LIAM M. MALLON, and MELISSA BOND, | ) ) ) ) |
| Defendants. | ) ) ) ) ) ) |

**CONFIDENTIALITY AGREEMENT FOR EXPERT,
<u>CONSULTANT OR EMPLOYEES OF ANY PARTY</u>**

I hereby affirm that:

Information, including documents and things, designated as "Confidential

Information," or "Confidential Attorney Eyes Only Information," as defined in the

CONFIDENTIALITY AGREEMENT – PAGE 1

Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Information or Confidential Attorney Eyes Only Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Confidential Information or Confidential Attorney Eyes Only Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me

CONFIDENTIALITY AGREEMENT – PAGE 2

containing any Confidential Information or Confidential Attorney Eyes Only Information

are to be returned to counsel who provided me with such documents and materials.

_____
Signed

_____
Printed Name

_____
Date

CONFIDENTIALITY AGREEMENT — PAGE 3

Exhibit B

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | |
|---|---|
| MENDI YOSHIKAWA, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) |
| Plaintiff, | ) Civil Action No.: 3:21-cv-00194-N |
| v. | ) ) ) |
| EXXON MOBIL CORPORATION, DARREN W. WOODS, LIAM M. MALLON, and MELISSA BOND, | ) ) ) |
| Defendants. | ) ) ) ) ) ) |

**CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS**

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information," or "Confidential Attorney Eyes Only Information," as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

CONFIDENTIALITY AGREEMENT – PAGE 1

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Information or Confidential Attorney Eyes Only Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

I also agree to notify any administrative or clerical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

_____
Signed

_____
Printed Name

_____
Date

CONFIDENTIALITY AGREEMENT – PAGE 2