# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |
|---|---|
| MENDI YOSHIKAWA, Individually and On Behalf of All Others Similarly Situated, <br><br> *Plaintiff*, <br><br> v. <br><br> EXXON MOBIL CORPORATION, DARREN W. WOODS, LIAM M. MALLON, and MELISSA BOND, <br><br> *Defendants*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. 3:21-cv-00194-N |

## DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
1000 Louisiana Street, Suite 6800
Houston, TX 77002
Tel.: (713) 655-5122
Fax: (713) 483-9122

*Attorneys for Defendants Exxon Mobil Corporation, Darren W. Woods, Liam M. Mallon, and Melissa Bond*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ...........................................................................................................1

BACKGROUND .............................................................................................................2

I.      This Court granted Plaintiffs' motion to compel based on Plaintiffs'
        representations that their requests for production were reasonably tailored to
        identify documents connecting Bond's purported conduct with Defendants' public
        disclosures...........................................................................................................2

II.     Defendants repeatedly attempted to negotiate a reasonable compromise with
        Plaintiffs regarding appropriate custodians. .......................................................3

III.    Plaintiffs served third-party subpoenas for deposition testimony without
        conferring with Defendants on dates. ..................................................................5

ARGUMENT...................................................................................................................6

CONCLUSION................................................................................................................7

**TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Fuller v. Werner Enterprises, Inc.*,
No. 3:16-CV-2958-BK, 2018 WL 10374819 (N.D. Tex. Apr. 24, 2018) ..........................6

*Impact Fulfillment Services, LLC v. Graham Packaging Co.*,
No. 3:14-CV-03577-N, 2015 WL 13118143 (N.D. Tex. Nov. 6, 2015) .............................7

*Parsons v. Liberty Insurance Corp.*,
No. 3:20-cv-1682-K, 2021 WL 11718301 (N.D. Tex. June 14, 2021)................................6

*Royal Hospitality Corp. v. Underwriters At Lloyd's*,
No. 3:18-cv-102, 2022 WL 18436756 (S.D. Tex. Feb. 24, 2022) ......................................7

*Stancu v. Hyatt Corp./Hyatt Regency, Dallas*,
No. 3:17-cv-675-L-BN, 2017 WL 2984052 (N.D. Tex. July 13, 2017).............................6

*Walker v. Alta Colleges, Inc.*,
No. A-09-CV-894-LY, 2010 WL 2710769 (W.D. Tex. July 6, 2010) ...............................7

**RULES**

Fed. R. Civ. P. 26(b)(2)(C)(i) .......................................................................................................7

Fed. R. Civ. P. 26(c)(1)............................................................................................................1, 6

Pursuant to Federal Rule of Civil Procedure 26(c)(1), Defendants Exxon Mobil Corporation ("ExxonMobil"), Darren W. Woods ("Woods"), Liam M. Mallon ("Mallon"), and Melissa Bond ("Bond") (together, "Defendants") respectfully move for a protective order prohibiting the production of documents from the custodial files of Woods and Mallon in connection with class certification discovery.

## INTRODUCTION

In response to the Court's February 26, 2024 order on Plaintiffs' motion to compel, Defendants agreed to (1) review documents from seventeen custodians and to apply seventeen broad search strings across their custodial files and (2) review and produce documents from shared document repositories in relevant business lines. The seventeen custodians include defendant Melissa Bond – who plaintiffs allege "orchestrated" the scheme pleaded in the SAC – Bond's supervisor, and two senior Investor Relations employees who would have been involved in the public statements Plaintiffs allege were misleading. The scope of this proposed production is substantial and will require Defendants to review roughly 228,080 documents – a number more typical in substantive merits discovery than at the class certification stage. Reviewing this volume of documents will be time-consuming and will require a significant extension of the class certification briefing schedule.

While Defendants have offered multiple compromises and have agreed to collect documents from Bond and her supervisor – who would undoubtedly have in their possession any evidence of "the connection between Bond's scheme and Defendants' public disclosures" – Plaintiffs refuse to compromise. Instead, Plaintiffs insist their demand is "non-negotiable," and that Defendants must also search and review the custodial files of Darren Woods – ExxonMobil's Chief Executive Officer and Chairman of its Board of Directors – and of Liam Mallon – an ExxonMobil Vice President and President of ExxonMobil Upstream Company. Plaintiffs insist

1

these searches are necessary, despite the limited scope of the remaining scheme allegations that are the subject of Defendants' currently pending motion for judgment on the pleadings, and they ignore that any supposed link between Bond and statements by Mallon or Woods will necessarily be included in Bond's files or her supervisor's – both of which Defendants have agreed to search. And Plaintiffs completely disregard the fact that their proposal would add roughly 50,000 additional documents to the document review effort.  Given Plaintiffs' refusal to agree to any reasonable compromise, Defendants have no other option than to seek a protective order from this Court.

## BACKGROUND

I.      **This Court granted Plaintiffs' motion to compel based on Plaintiffs' representations that their requests for production were reasonably tailored to identify documents connecting Bond's purported conduct with Defendants' public disclosures.**

On November 30, 2023, Plaintiffs served their First Requests for Production of Documents to Defendants Exxon Mobil Corp. and Melissa Bond (the "Requests"), propounding twenty primarily merits-related document requests.  (Dkt. 127-3 [Plaintiffs' Ex. A to Motion to Compel].)  Shortly thereafter, on December 11, 2023, this Court issued the Class Certification Scheduling Order staying all discovery "except regarding class certification."  (Dkt. 122 ¶ 3.)  In light of the Court's order, Plaintiffs identified Requests Nos. 1-7 to Defendants Exxon and Bond as class certification requests.  (Dkt. 127-4.)  When Defendants declined to run custodial searches in response to merits-related requests, Plaintiffs moved this Court to compel production of documents responsive to Request Nos. 1-7.  (Dkt. 127.)

In doing so, Plaintiffs represented that they were asking Defendants to conduct a "reasonable search" to "identify documents that are relevant to their articulated defenses to class certification."  (Dkt. 127 at 2.)  As to those defenses, Plaintiffs repeatedly stated that their requests were "tailored" to Defendants' "factual contention that there is no connection between the alleged

2

scheme, Defendants' public misstatements and omissions, and Exxon[Mobil]'s stock price."  (*Id.*; *see also id.* ("Request Nos. 1-4 . . . are necessary to assess Defendants' claim that there can be no class wide presumption of reliance or damages because Bond and Exxon[Mobil]'s scheme did not impact the market price for Exxon[Mobil]'s stock."); *id.* ("Request Nos. 5-7 seek other documents related to the connection between Bond's scheme and Defendants' public disclosures."); *id.* at 10 (Request Nos. 5 and 7 "are specifically tailored to demonstrating the very connection Defendants assert does not exist between the alleged scheme and Exxon[Mobil]'s false statements.").)

Based on these representations, on February 26, 2024, this Court granted Plaintiffs' motion to compel the production of documents in response to Plaintiffs' Request Nos. 1-7.  (Dkt. 133.)

II.     **Defendants repeatedly attempted to negotiate a reasonable compromise with Plaintiffs regarding appropriate custodians.**

On February 28, 2024, Defendants proposed that Plaintiffs prepare a preliminary set of search terms and Defendants prepare a preliminary list of custodians. (Ex. A.)  Plaintiffs provided proposed search terms on February 28, 2024.  (Exs. B, C.)  Counsel began working with ExxonMobil to identify custodians appropriate to the topics on which Plaintiffs sought discovery. On March 12, 2024, while Defendants were still working to identify the right custodians, collecting custodial data, and testing various proposed search terms to determine whether they were over or underinclusive, Plaintiffs made their own custodian proposal with sixteen proposed custodians. (Exs. D, E.)  On March 15, 2024, Defendants made a reasonable counterproposal, which included eight custodians, fifteen search terms, and broad time periods covering various ranges between March 1, 2019 to January 15, 2021, with the custodians, search terms, and date ranges organized by the Request to which they were responsive.  (Exs. F, G.)

Defendants' counterproposal covered each of the substantive topics that Plaintiffs had represented to this Court they were targeting in their document requests.  For example, Defendants

3

included as a custodian Defendant Bond – who Plaintiffs allege is the connective tissue between the 2019 Development Plan (and the allegedly falsified learning curve assumptions incorporated therein) and any alleged misleading statements.  Defendants also proposed to collect from two senior Investor Relations employees who would have been involved in ExxonMobil's public disclosures and communications with investors during the relevant time period.  All told, Defendants' broad initial counterproposal would have required Defendants to review roughly 100,000 documents (Ex. J), a significant undertaking in connection with class certification discovery.

On March 15, 2024, Plaintiffs rejected Defendants' proposal and insisted that the inclusion of Woods and Mallon as custodians was "non-negotiable."  Defendants explained that Woods and Mallon were unnecessary and duplicative because Defendants were already offering Bond and custodians from Investor Relations, but nevertheless said they would consider Plaintiffs' proposed response.  On March 20, 2024, Plaintiffs returned with a new "counterproposal" that more than doubled the number of proposed custodians in Defendants' proposal, added back search terms that Defendants had proposed removing, and extended certain of Defendants' proposed date ranges by over ten months.  (Exs. H, I.)  As relevant here, Plaintiffs asked Defendants to search for and produce documents from Woods and Mallon that hit on any and every proposed search term for a period of nearly two years.  (Ex. I.)

In a continued attempt to reach an appropriate compromise, on March 28, 2024, Defendants made another counterproposal with significant concessions.  (Exs. J, K.)  Defendants agreed to a number of new search terms and added nine custodians to Defendants' original proposal – for a total of seventeen custodians (one <u>more</u> than Plaintiffs had included in their own proposal). Defendants explained to Plaintiffs that given the scope of discovery they had already agreed to,

Woods' and Mallon's custodial files were not necessary because any documents showing that Bond's purportedly false planning data was disseminated or incorporated in ExxonMobil's public disclosures would necessarily be included. (Ex. J.) Defendants also explained that Plaintiffs' counterproposal would already require Defendants to review roughly 228,080 documents, and that adding Woods and Mallon would add an additional 50,000 documents for review. (*Id.*) Accordingly, Defendants asked Plaintiffs to confirm whether they were standing on their position that Woods and Mallon must be included as custodians. (*Id.*)

On March 29, 2024, Plaintiffs stated they would accept Defendants' significant concessions only if Woods and Mallon were included as custodians across all 17 agreed-upon search strings. (Exs. L, M.) In a subsequent meet and confer on April 2, 2024, Defendants again explained why the custodial files of Woods and Mallon were not necessary. The parties are now at an impasse, and this motion for a protective order follows.

III.    **Plaintiffs served third-party subpoenas for deposition testimony without conferring with Defendants on dates.**

On March 20, 2024, while the parties were negotiating their search term and custodian proposals, Plaintiffs served on Defendants, without any prior notice or discussion, a Notice of Issuance of Subpoenas and Subpoenas to Testify at a Deposition in a Civil Action directed to third parties Damian Burch and Lindsey Gulden. (Exs. N, O.) These subpoenas noticed depositions for April 10 and April 11, respectively. (*Id.*) After Defendants learned from counsel for Burch and Gulden that Plaintiffs had confirmed those dates without conferring with Defendants' counsel, counsel promptly notified Plaintiffs' counsel that Defendants' counsel anticipated participating in those depositions, but that they were unavailable on the noticed dates. (Ex. J.) Plaintiffs initially refused to agree to move the deposition dates, despite Defendants' counsels' unavailability, unless Defendants agreed to their proposed class certification schedule. (Ex. P.) It was only after

Defendants threatened to seek relief from this Court that Plaintiffs confirmed that they would coordinate with Defendants to reschedule the depositions on dates both parties were available. (*Id.*)

## ARGUMENT

This Court should enter a protective order confirming that Defendants need not collect and review documents from Woods and Mallon at this stage of class certification discovery.  A court may enter a protective order for good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1); *see also Stancu v. Hyatt Corp./Hyatt Regency, Dallas*, No. 3:17-cv-675-L-BN, 2017 WL 2984052, at *2 (N.D. Tex. July 13, 2017) ("A protective order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection.") (citing *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 435 (5th Cir. 1990)).  Courts routinely grant protective orders in the face of unduly burdensome discovery requests that are "wasteful" (*Parsons v. Liberty Ins. Corp.*, No. 3:20-cv-1682-K, 2021 WL 11718301, at *1 (N.D. Tex. June 14, 2021)) or "not proportional to the needs of the case" (*Fuller v. Werner Enters., Inc.*, No. 3:16-CV-2958-BK, 2018 WL 10374819, at *2–3 (N.D. Tex. Apr. 24, 2018)).

Plaintiffs' insistence that Defendants collect and produce broad swaths of documents from Woods and Mallon is the type of disproportionate request that merits relief.  Defendants have offered to produce documents from four custodians targeted to identify and produce documents concerning the link (if any) between Bond's alleged conduct and ExxonMobil's disclosures – Bond herself, her supervisor, and two senior individuals from ExxonMobil's Investor Relations group. If Bond had actually communicated the results of any fraudulent conduct to anyone – including ExxonMobil senior management, and those results were incorporated into ExxonMobil's public disclosures, documents reflecting those communications would be in the custodial files of those

6

four custodians.  Plaintiffs nevertheless insist that Defendants must search the custodial files of Woods and Mallon, applying all 17 of their proposed search strings across a two-year time period, which would require Defendants to review an additional 50,000 documents.  That is the very definition of wasteful and disproportionate at the class certification stage and merits this Court's relief.  *See Fuller*, 2018 WL 10374819, at *2–3 (granting protective order where plaintiff's records request was not "proportional to the needs of the case" and was "premised on [] bald speculation"); *see also Walker v. Alta Colls., Inc.*, No. A-09-CV-894-LY, 2010 WL 2710769, at *9 (W.D. Tex. July 6, 2010) (granting protective order where the only discovery ongoing was for the purposes of class certification and the discovery sought would be irrelevant and wasted if the class was not certified).

Moreover, the Court must also limit the "extent of discovery otherwise allowed by [the Federal Rules of Civil Procedure] or by local rule if it determines that . . . the discovery sought is unreasonably cumulative or duplicative."  Fed. R. Civ. P. 26(b)(2)(C)(i); *see also Impact Fulfillment Servs., LLC v. Graham Packaging Co.,* No. 3:14-CV-03577-N, 2015 WL 13118143, at *1–2 (N.D. Tex. Nov. 6, 2015) (Godbey J.) (granting protective order "to avoid unreasonably cumulative and duplicative discovery"); *see also Royal Hosp. Corp. v. Underwriters At Lloyd's*, No. 3:18-cv-102, 2022 WL 18436756, at *2 (S.D. Tex. Feb. 24, 2022).  For class certification purposes (and as Plaintiffs have articulated their Requests to Defendants and this Court), any responsive documents or communications in Woods' or Mallon's custodial files will almost certainly be duplicative of those in the custodial files of custodians Defendants have agreed to provide.  The Court should not require Defendants to spend the time and resources reviewing 50,000 documents for a production that would be cumulative or duplicative.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion

7

for a protective order confirming that Defendants need not collect and review documents from

Woods and Mallon at this stage of class certification discovery.

Dated: April 4, 2024

Respectfully submitted,

/s/ Noelle M. Reed
Noelle M. Reed
   State Bar No. 24044211
Abigail E. Davis (admitted *pro hac vice*)
   State Bar No. 24139564
Wallis M. Hampton
   State Bar No. 00784199
Brent M. Hanson
   State Bar No. 24106051
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
1000 Louisiana Street, Suite 6800
Houston, Texas 77002
Tel.: (713) 655-5122
Fax: (713) 483-9122
noelle.reed@skadden.com
abigail.sheehan@skadden.com
wallis.hampton@skadden.com
brent.hanson@skadden.com

Michelle L. Davis
   State Bar No. 24038854
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
308 Bahama Court
Granbury, Texas 76048
Tel.: (713) 655-5197
Fax: (713) 483-9197
michelle.davis@skadden.com

Michael W. Restey Jr. (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001-8602
Tel.: (212) 735-3000
Fax: (212) 735-2000
michael.restey@skadden.com

*Attorneys for Defendants Exxon Mobil Corporation, Darren W. Woods, Liam M. Mallon, and Melissa Bond*

9

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2024, I served the foregoing on all counsel of record via ECF.

/s/ Noelle M. Reed
Noelle M. Reed

## CERTIFICATE OF CONFERENCE

I, Michael W. Restey Jr., hereby certify that, on April 2, 2024, counsel for Defendants, including Abigail E. Davis and myself, and counsel for Plaintiffs, including Rebecca E. Boon and John J. Esmay, conferred telephonically concerning the parties' search term and custodian proposals.  Counsel for Defendants informed counsel for Lead Plaintiffs that they would move the Court for a protective order, and the parties determined they had reached an impasse on these issues.

/s/ Michael W. Restey Jr.
Michael W. Restey Jr.