# EXHIBIT L

| | |
|---|---|
| **From:** | Rebecca Boon |
| **To:** | Restey, Michael W (NYC); John Esmay; Thomas Sperber; Reed, Noelle M (HOU); Davis, Abby (HOU); Milstead, Virginia (LAC); Hampton, Wallis M (HOU); Hanson, Brent M (HOU); Docket, Houston (HOU); Davis, Michelle L (HOU) |
| **Subject:** | [Ext] RE: Yoshikawa v. Exxon Mobil Corp., No. 21-cv-00194 |
| **Date:** | 3/29/2024 4:42:00 PM |
| **CC:** | John Rizio-Hamilton; Stephen Boscolo; Daniel Berger; Caitlin Moyna; Lauren Salamon; Alex Forgione |
| **BCC:** | |

**Message:**

Mike,

We maintain that our proposals are more than reasonable.  However, in a final effort to reach agreement and reserving all rights, we propose the following:  (1) Mallon and Woods must be custodians for all requests for the reasons we have previously explained; and (2) we will agree to the rest of your revisions, with the exception of a modified version of the "lie" search because individuals at Exxon would have been discussing the "this is a lie" file without using its complete file name.

With regard to the schedule, we propose the below which we need to file with the Court next week.  If the schedule moves, we can discuss adjusting the deposition dates of Drs. Burch and Gulden.

Substantial completion of document production: **Monday, May 13, 2024**
Class certification discovery, except for deposition of Defendants' expert:  **Friday, June 14, 2024**
Defendants' opposition to class certification motion: **Friday, June 14, 2024**
Deposition of Defendants' expert:  **Monday, July 8 , 2024**
Reply in support of class certification: **Monday, July 15, 2024**
Class certification motion submission date:  **Monday, July 29, 2024**

Plaintiffs are available to meet and confer on Tuesday at 3 ET – if that works for you, please send an invite.  In addition to the above, please be prepared to discuss on that call what custodial sources you intend to search, particularly given that you deleted the language in the search term proposal regarding custodial sources.

With regard to the rest of your email, suffice for now to say, we disagree.

Regards,
Rebecca


Rebecca Boon
**Bernstein Litowitz Berger & Grossmann LLP**
1251 Avenue of the Americas
New York, NY 10020
Phone: (212) 554-1594
Fax: (212) 554-1444

**From:** Restey, Michael W <Michael.Restey@skadden.com>
**Sent:** Thursday, March 28, 2024 9:16 PM
**To:** John Esmay <John.Esmay@blbglaw.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Reed, Noelle M <Noelle.Reed@skadden.com>; Davis, Abby <Abigail.Sheehan@skadden.com>; Milstead, Virginia <Virginia.Milstead@skadden.com>; Hampton, Wallis M <Wallis.Hampton@skadden.com>; Hanson, Brent M <Brent.Hanson@skadden.com>; Docket, Houston <dockethouston@skadden.com>; Davis, Michelle L <Michelle.Davis@skadden.com>
**Cc:** John Rizio-Hamilton <Johnr@blbglaw.com>; Rebecca Boon <Rebecca.Boon@blbglaw.com>; Stephen Boscolo <Stephen.Boscolo@blbglaw.com>; Daniel Berger <dberger@gelaw.com>; Caitlin Moyna <cmoyna@gelaw.com>; Lauren Salamon <lsalamon@gelaw.com>; Alex Forgione <aforgione@gelaw.com>; Restey, Michael W <Michael.Restey@skadden.com>
**Subject:** RE: Yoshikawa v. Exxon Mobil Corp., No. 21-cv-00194

**[External]**

John,

Please find attached Defendants' counterproposal, along with a redline against the last document that you sent.  Defendants believe that this proposal is more than sufficient to identify and produce documents responsive to Request Nos. 1-7.  This broad proposal will require Defendants to review roughly 228,080 documents in connection with class certification discovery.  A few notes:

- While you proposed adding back Beth Casteel and Rick McGovern as custodians, it is extremely unlikely that those individuals will have any documents relevant to this litigation, either concerning class certification or the substantive merits.  ExxonMobil's Audit function did not conduct any investigation or assessment of the substantive allegations contained in the Wall Street Journal article.  It goes without saying that this case concerns Bond's allegedly deceptive scheme regarding the Delaware Basin plan, and not whether Ms. Gulden and Mr. Burch improperly shared information with a third party.  Casey Norton, ExxonMobil's Corporate Media Manager, was responsible for communicating with the Wall Street Journal regarding that article and, as a part of that process, would have received information pertaining to the article's substance.  Accordingly, he is the more appropriate custodian for these purposes.
- Defendants continue to believe that Woods and Mallon are unnecessary to include at this stage.  As you represented to the Court in your motion to compel, your requests are targeting documents related to Defendants' defenses to class certification, including documents showing the link (if any) between Bond's conduct and ExxonMobil's public statements.  Those documents, if they existed, would be in the files of Melissa Bond, Neil Hansen, and Stephen Littleton.  As a compromise, we will also agree to include Bond's supervisor, Staale Gjervik, as a custodian in this proposal (provided Woods and Mallon are dropped), further ensuring that any documents that might connect Bond's conduct to ExxonMobil's disclosures (if they existed) would be identified.  Finally, we note that the inclusion of Woods and Mallon across every proposed search term, as reflected in your last proposal, adds nearly 50,000 additional documents for review – a substantial increase to the already significant volume of documents that Defendants are agreeing to review in connection with class certification.  Given the above, please let us know if you are standing on your position that Woods and Mallon are non-negotiable inclusions by COB Friday, March 29.

- With respect to the searches for Request Nos. 1, 3, 5 and 7, Defendants do not believe that extending the period past June 1, 2020, is necessary.  As we understand it, Plaintiffs are seeking documents showing a connection between the 2019 Company Plan and ExxonMobil's public disclosures.  By mid-2020, any documents responsive to the search terms for Request Nos. 1, 3, 5 and 7 will concern the 2020 Company Plan, which are not relevant to class certification based on your articulation of what you are looking for.  Nor are there any corrective disclosures during that period after June 1, 2020, until the 2021 Wall Street Journal article, the substance of which concerns events from 2019.

We also note that we disagree with your characterization of the February 26 hearing and the burden on Defendants in your email below.  Judge Godbey simply asked the parties to use their best efforts to produce within 30 days, to which Defendants' counsel *immediately* responded saying that it was impossible.  Defendants were correct, of course, given that even Defendants' more limited counterproposal here will require substantial time for review, well beyond 30 days.  Moreover, your assertion that the review of several hundred thousand documents is not usual or disproportionate for a case this size borders on the absurd – that may be true for merits discovery, but merits discovery remains stayed in this case.  Judge Godbey's February 26 order did not give Plaintiffs carte blanche to proceed with full blown merits discovery.

Turning to ExxonMobil's amended interrogatory responses, we expect to provide them early next week.

Finally, we received your notice of subpoenas for the third-party depositions of Drs. Gulden and Burch for April 10 and 11.  Defendants anticipate participating in any such depositions, but the noticed dates, of which Defendants were not informed prior to the subpoenas' issuance, do not work for Defendants.  We also think that it makes more sense to hold them in abeyance until documents are produced given that they are agreed-upon custodians here.  We'd like to discuss the timing of these depositions during our next meet and confer.

Please let us know your availability for a meet and confer early next week.

Best,
Mike

---

**From:** John Esmay <John.Esmay@blbglaw.com>
**Sent:** Tuesday, March 26, 2024 4:26 PM
**To:** Restey, Michael W (NYC) <Michael.Restey@skadden.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Reed, Noelle M (HOU) <Noelle.Reed@skadden.com>; Davis, Abby (HOU) <Abigail.Sheehan@skadden.com>; Milstead, Virginia (LAC) <Virginia.Milstead@skadden.com>; Hampton, Wallis M (HOU) <Wallis.Hampton@skadden.com>; Hanson, Brent M (HOU) <Brent.Hanson@skadden.com>; Docket, Houston (HOU) <dockethouston@skadden.com>; Davis, Michelle L (HOU) <Michelle.Davis@skadden.com>
**Cc:** John Rizio-Hamilton <Johnr@blbglaw.com>; Rebecca Boon <Rebecca.Boon@blbglaw.com>; Stephen Boscolo <Stephen.Boscolo@blbglaw.com>; Daniel Berger <dberger@gelaw.com>; Caitlin Moyna <cmoyna@gelaw.com>; Lauren Salamon <lsalamon@gelaw.com>; Alex Forgione <aforgione@gelaw.com>
**Subject:** [Ext] RE: Yoshikawa v. Exxon Mobil Corp., No. 21-cv-00194

Mike,

I write in response to your email below. Notwithstanding Defendants' claim during the February 26 hearing that it would be impossible, the Court ordered the parties to "use best efforts to get [Defendants'] production done within 30 days." As you know, that deadline is tomorrow. Yet, you still have not provided a counterproposal to our latest search terms and custodians, or provided any indication of when defendants will produce documents. Nor have you provided revised interrogatory responses—or even indicated when you will do so—despite having promised to do so on March 6.

As for Plaintiffs' latest proposal, you have not provided us with any information for us to assess your claims of burden, which are based on your guess about the number of documents that would require review. Even if accurate, the review of several hundred thousand documents is not unusual or disproportionate for a case of this nature and size. Moreover, Plaintiffs' proposal is reasonable and justified as It mainly added the named defendants and whistleblowers, used the relevant time period based on the allegations in the complaint, and added a small number of relevant terms to Defendants' counterproposal. Finally, the Court has already ruled that Plaintiffs' requests are related to class certification, so there is no basis for you to now try to "minimize merits-related production," as you say you are doing.

Please provide your counterproposal tomorrow, and availability to meet and confer this week.

Thank you, John

---

**From:** Restey, Michael W <Michael.Restey@skadden.com>
**Sent:** Friday, March 22, 2024 5:01 PM
**To:** John Esmay <John.Esmay@blbglaw.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Reed, Noelle M <Noelle.Reed@skadden.com>; Davis, Abby <Abigail.Sheehan@skadden.com>; Milstead, Virginia <Virginia.Milstead@skadden.com>; Hampton, Wallis M <Wallis.Hampton@skadden.com>; Hanson, Brent M <Brent.Hanson@skadden.com>; Docket, Houston <dockethouston@skadden.com>; Davis, Michelle L <Michelle.Davis@skadden.com>
**Cc:** John Rizio-Hamilton <Johnr@blbglaw.com>; Rebecca Boon <Rebecca.Boon@blbglaw.com>; Stephen Boscolo <Stephen.Boscolo@blbglaw.com>; Daniel Berger <dberger@gelaw.com>; Caitlin Moyna <cmoyna@gelaw.com>; Lauren Salamon <lsalamon@gelaw.com>; Alex Forgione <aforgione@gelaw.com>; Restey, Michael W <Michael.Restey@skadden.com>
**Subject:** RE: Yoshikawa v. Exxon Mobil Corp., No. 21-cv-00194

**[External]**

---

Counsel,

As discussed on our Friday call, Defendants believe that their custodian and search term proposal was appropriately tailored to provide Plaintiffs with class certification-related discovery while minimizing merits-related production as well as the substantial burden on Defendants.  Defendants offered 8 custodians and 15 broad search terms that cover each of Plaintiff's topics. Those searches would already result in Defendants having to review more than a hundred thousand documents.  Plaintiffs' counterproposal significantly expands on every aspect of that proposal; it would add more custodians,

4

more search terms, and a broader date range – likely adding hundreds of thousands more documents to review.  That proposal is therefore overly burdensome and not proportional to the needs of the case, particularly at the class cert stage. Nevertheless, we are assessing your counterproposal (including additional search term and custodian testing) and will get back to you as soon as possible.

With respect to the timing of substantial completion for Defendants' production, we again note that during the hearing Defendants explicitly told Judge Godbey that production within 30 days would be "impossible."  Judge Godbey recognized that he can change the schedule if needed, and asked only that the parties let him know if that was necessary.  At this point, Defendants do not have enough information to know when they will be able to substantially complete production.  For those custodians, search terms, and date ranges where the parties agree, Defendants are currently processing documents and beginning review.  Once that process is further along Defendants will have more information on the timing of substantial completion for that portion of the production.  Any timeframe for completing production would of course be extended (likely by months) if Plaintiffs continue to insist on further broadening the already more-than-sufficient scope of collection and review.

Regards,
Mike

---

**From:** John Esmay <John.Esmay@blbglaw.com>
**Sent:** Wednesday, March 20, 2024 1:57 PM
**To:** Restey, Michael W (NYC) <Michael.Restey@skadden.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Reed, Noelle M (HOU) <Noelle.Reed@skadden.com>; Davis, Abby (HOU) <Abigail.Sheehan@skadden.com>; Milstead, Virginia (LAC) <Virginia.Milstead@skadden.com>; Hampton, Wallis M (HOU) <Wallis.Hampton@skadden.com>; Hanson, Brent M (HOU) <Brent.Hanson@skadden.com>; Docket, Houston (HOU) <dockethouston@skadden.com>; Davis, Michelle L (HOU) <Michelle.Davis@skadden.com>
**Cc:** John Rizio-Hamilton <Johnr@blbglaw.com>; Rebecca Boon <Rebecca.Boon@blbglaw.com>; Stephen Boscolo <Stephen.Boscolo@blbglaw.com>; Daniel Berger <dberger@gelaw.com>; Caitlin Moyna <cmoyna@gelaw.com>; Lauren Salamon <lsalamon@gelaw.com>; Alex Forgione <aforgione@gelaw.com>
**Subject:** [Ext] RE: Yoshikawa v. Exxon Mobil Corp., No. 21-cv-00194

Mike,

As we discussed on our call last Friday, Defendants' search term and custodian proposal is not acceptable. Attached is our counterproposal, reserving all rights to modify this proposal based on additional information learned during discovery, including Defendants' amended interrogatory responses which you have not yet served.

As we explained, in addition to the custodians you proposed, the named defendants and the whistleblowers are necessary, non-negotiable additions to the searches. We also do not see any valid reason to exclude Beth Casteel or Rick McGovern in the search for RFP No. 6, because as alleged in the Complaint, they were involved in the relevant investigation into Drs. Gulden and Burch. With regard to the reservoir engineers, as we explained, we at a minimum need the reservoir engineer for the Permian Basin during the Class Period, along with the head of Development Planning.  We are willing to discuss with you which of these individuals had those roles and must be added as document custodians.

5

A-67

Regarding search terms, we endeavored to accept your changes and make additional cuts wherever possible.  However, we added back a limited number of terms that we believe are necessary.

Finally, we reiterate the need to update the court well before March 27th on the progress of discovery and the likely need for an extension of the schedule. As such, we need to understand when Defendants will be able to substantially complete production and provide responses to our interrogatories. On Friday, you stated you would get back to us this week on that request.

Please let us know your availability this week to discuss our counterproposal and the timing of Defendants' discovery responses.

Thanks,
John

---

**From:** Restey, Michael W <Michael.Restey@skadden.com>
**Sent:** Friday, March 15, 2024 3:46 PM
**To:** Thomas Sperber <Thomas.Sperber@blbglaw.com>; Reed, Noelle M <Noelle.Reed@skadden.com>; Davis, Abby <Abigail.Sheehan@skadden.com>; Milstead, Virginia <Virginia.Milstead@skadden.com>; Hampton, Wallis M <Wallis.Hampton@skadden.com>; Hanson, Brent M <Brent.Hanson@skadden.com>; Docket, Houston <dockethouston@skadden.com>; Davis, Michelle L <Michelle.Davis@skadden.com>
**Cc:** John Rizio-Hamilton <Johnr@blbglaw.com>; Rebecca Boon <Rebecca.Boon@blbglaw.com>; John Esmay <John.Esmay@blbglaw.com>; Stephen Boscolo <Stephen.Boscolo@blbglaw.com>; Daniel Berger <dberger@gelaw.com>; Caitlin Moyna <cmoyna@gelaw.com>; Lauren Salamon <lsalamon@gelaw.com>; Alex Forgione <aforgione@gelaw.com>; Restey, Michael W <Michael.Restey@skadden.com>
**Subject:** RE: Yoshikawa v. Exxon Mobil Corp., No. 21-cv-00194

**[External]**

---

Counsel,

Please find attached Defendants' proposed custodians, search terms, and date ranges, which reflect our review and proposed modifications to your search terms and custodians.  Defendants reserve all rights, including to supplement or modify this proposal based on further developments during the review process.  We note that, contrary to the implication in your email, Defendants have not been idle since the February 26 hearing.  Defendants have been identifying the appropriate custodians, migrating large volumes of data to the necessary databases, and testing various search terms (including Plaintiffs' proposed search terms).

As Defendants explained to both the Court, and to Plaintiffs in prior correspondence, Plaintiffs' broad requests will necessitate substantial time for document review.  By way of example, today's proposal alone will require Defendants to review tens of thousands of documents, which is no surprise given the breadth of Plaintiffs' proposed search terms.  It is for this reason that Defendants immediately explained

6

to Judge Godbey, and Plaintiffs, that production would not be able to be completed within 30 days.  Accordingly, Defendants will not be making a substantial production by March 26.

Finally, ExxonMobil is in the process of preparing revised interrogatory responses.  We note, however, that like Plaintiffs' document requests, the interrogatories are extremely broad in scope.  For example, Interrogatories 1 and 2 seek the identity of every person involved in the creation or review of the portion of the 2019 Development Plan concerning the Delaware Basin or the learning curve assumptions used – a request touching on several different groups within the Company and a substantial number of different individuals.  ExxonMobil will provide the revised interrogatory responses as soon as they are finalized.  In addition, Defendants will not agree to run additional searches against the custodians in the attached proposal based on ExxonMobil's revised interrogatory responses.

Regards,
Mike

**From:** Thomas Sperber <Thomas.Sperber@blbglaw.com>
**Sent:** Tuesday, March 12, 2024 2:16 PM
**To:** Restey, Michael W (NYC) <Michael.Restey@skadden.com>; Reed, Noelle M (HOU) <Noelle.Reed@skadden.com>; Davis, Abby (HOU) <Abigail.Sheehan@skadden.com>; Milstead, Virginia (LAC) <Virginia.Milstead@skadden.com>; Hampton, Wallis M (HOU) <Wallis.Hampton@skadden.com>; Hanson, Brent M (HOU) <Brent.Hanson@skadden.com>; Docket, Houston (HOU) <dockethouston@skadden.com>; Davis, Michelle L (HOU) <Michelle.Davis@skadden.com>
**Cc:** John Rizio-Hamilton <Johnr@blbglaw.com>; Rebecca Boon <Rebecca.Boon@blbglaw.com>; John Esmay <John.Esmay@blbglaw.com>; Stephen Boscolo <Stephen.Boscolo@blbglaw.com>; Daniel Berger <dberger@gelaw.com>; Caitlin Moyna <cmoyna@gelaw.com>; Lauren Salamon <lsalamon@gelaw.com>; Alex Forgione <aforgione@gelaw.com>
**Subject:** [Ext] RE: Yoshikawa v. Exxon Mobil Corp., No. 21-cv-00194

Counsel,

It has been over two weeks since the Court granted Plaintiffs' motion to compel discovery responses and despite several requests from Plaintiffs, Defendants still have not provided a list of proposed custodians to conduct a search for responsive documents. Accordingly, Plaintiffs have compiled the attached list of document custodians. This list is subject to our right to supplement or revise it once we receive answers to Plaintiffs' first set of interrogatories. In the interim, we expect Defendants to use these custodians now to search for documents called for by our Rule 34 request and begin producing documents no later than March 26 with a substantial production.  Please also inform us when you expect Defendants' document production will be completed.

Best,
Tom

**From:** Restey, Michael W <Michael.Restey@skadden.com>
**Sent:** Wednesday, March 6, 2024 6:20 PM
**To:** Thomas Sperber <Thomas.Sperber@blbglaw.com>; Reed, Noelle M <Noelle.Reed@skadden.com>; Davis, Abby <Abigail.Sheehan@skadden.com>; Milstead, Virginia <Virginia.Milstead@skadden.com>; Hampton, Wallis M <Wallis.Hampton@skadden.com>; Hanson, Brent M

<Brent.Hanson@skadden.com>; Docket, Houston <dockethouston@skadden.com>; Davis, Michelle L <Michelle.Davis@skadden.com>
**Cc:** John Rizio-Hamilton <Johnr@blbglaw.com>; Rebecca Boon <Rebecca.Boon@blbglaw.com>; John Esmay <John.Esmay@blbglaw.com>; Stephen Boscolo <Stephen.Boscolo@blbglaw.com>; Daniel Berger <dberger@gelaw.com>; Caitlin Moyna <cmoyna@gelaw.com>; Lauren Salamon <lsalamon@gelaw.com>; Alex Forgione <aforgione@gelaw.com>; Restey, Michael W <Michael.Restey@skadden.com>
**Subject:** RE: Yoshikawa v. Exxon Mobil Corp., No. 21-cv-00194

**[External]**

Counsel,

We are in receipt of your email below. As an initial matter, we disagree with your mischaracterization of Judge Godbey's comments during the February 26 hearing. Judge Godbey asked if production within 30 days was feasible, and Defendants' counsel immediately stated that it was not. Given this, Judge Godbey noted that he could consider extending the timeline for class-related discovery. In any event, Defendants will work with Plaintiffs to complete their production as expediently as possible given the broad scope of the requested discovery.

With respect to ExxonMobil's responses and objections to Plaintiffs' first set of interrogatories, ExxonMobil will serve revised responses.

Finally, we will be back to you as soon as possible with proposed custodians and edits to your search terms.

Regards,
Mike

**From:** Thomas Sperber <Thomas.Sperber@blbglaw.com>
**Sent:** Tuesday, March 5, 2024 1:07 PM
**To:** Restey, Michael W (NYC) <Michael.Restey@skadden.com>; Reed, Noelle M (HOU) <Noelle.Reed@skadden.com>; Davis, Abby (HOU) <Abigail.Sheehan@skadden.com>; Milstead, Virginia (LAC) <Virginia.Milstead@skadden.com>; Hampton, Wallis M (HOU) <Wallis.Hampton@skadden.com>; Hanson, Brent M (HOU) <Brent.Hanson@skadden.com>; Docket, Houston (HOU) <dockethouston@skadden.com>; Davis, Michelle L (HOU) <Michelle.Davis@skadden.com>
**Cc:** John Rizio-Hamilton <Johnr@blbglaw.com>; Rebecca Boon <Rebecca.Boon@blbglaw.com>; John Esmay <John.Esmay@blbglaw.com>; Stephen Boscolo <Stephen.Boscolo@blbglaw.com>; Daniel Berger <dberger@gelaw.com>; Caitlin Moyna <cmoyna@gelaw.com>; Lauren Salamon <lsalamon@gelaw.com>; Alex Forgione <aforgione@gelaw.com>
**Subject:** [Ext] RE: Yoshikawa v. Exxon Mobil Corp., No. 21-cv-00194

Counsel,

It has been nearly one week since your email below committing to propose custodians and respond to our request that Defendants amend their responses and objections to Plaintiffs' interrogatories. We

8

A-70

note that Plaintiffs endeavored to provide proposed search terms as quickly as possible to help ensure compliance with the Court's request that Defendants complete their production 30 days after the February 26, 2024 hearing.

Please provide both your list of proposed custodians and your response regarding interrogatory R&Os by the end of the day tomorrow. We are available to meet and confer on Friday March 8 and Monday March 11.

Best,
Tom

---

**From:** Restey, Michael W <Michael.Restey@skadden.com>
**Sent:** Wednesday, February 28, 2024 8:13 PM
**To:** Thomas Sperber <Thomas.Sperber@blbglaw.com>; Reed, Noelle M <Noelle.Reed@skadden.com>; Davis, Abby <Abigail.Sheehan@skadden.com>; Milstead, Virginia <Virginia.Milstead@skadden.com>; Hampton, Wallis M <Wallis.Hampton@skadden.com>; Hanson, Brent M <Brent.Hanson@skadden.com>; Docket, Houston <dockethouston@skadden.com>; Davis, Michelle L <Michelle.Davis@skadden.com>
**Cc:** John Rizio-Hamilton <Johnr@blbglaw.com>; Rebecca Boon <Rebecca.Boon@blbglaw.com>; John Esmay <John.Esmay@blbglaw.com>; Stephen Boscolo <Stephen.Boscolo@blbglaw.com>; Daniel Berger <dberger@gelaw.com>; Caitlin Moyna <cmoyna@gelaw.com>; Lauren Salamon <lsalamon@gelaw.com>; Alex Forgione <aforgione@gelaw.com>; Restey, Michael W <Michael.Restey@skadden.com>
**Subject:** RE: Yoshikawa v. Exxon Mobil Corp., No. 21-cv-00194

**[External]**

---

Counsel,

We are in receipt of your email.  We will provide you with our proposed custodians and ExxonMobil's response to your request that it amend its responses and objections to Plaintiffs' interrogatories, but not pursuant to your unreasonable and unilaterally imposed deadlines.

Regards,
Mike

---

**From:** Thomas Sperber <Thomas.Sperber@blbglaw.com>
**Sent:** Wednesday, February 28, 2024 1:03 PM
**To:** Reed, Noelle M (HOU) <Noelle.Reed@skadden.com>; Davis, Abby (HOU) <Abigail.Sheehan@skadden.com>; Milstead, Virginia (LAC) <Virginia.Milstead@skadden.com>; Hampton, Wallis M (HOU) <Wallis.Hampton@skadden.com>; Hanson, Brent M (HOU) <Brent.Hanson@skadden.com>; Docket, Houston (HOU) <dockethouston@skadden.com>; Davis, Michelle L (HOU) <Michelle.Davis@skadden.com>; Restey, Michael W (NYC) <Michael.Restey@skadden.com>
**Cc:** John Rizio-Hamilton <Johnr@blbglaw.com>; Rebecca Boon <Rebecca.Boon@blbglaw.com>; John Esmay <John.Esmay@blbglaw.com>; Stephen Boscolo <Stephen.Boscolo@blbglaw.com>; Daniel Berger

9

A-71

<dberger@gelaw.com>; Caitlin Moyna <cmoyna@gelaw.com>; Lauren Salamon
<lsalamon@gelaw.com>; Alex Forgione <aforgione@gelaw.com>
**Subject:** [Ext] Yoshikawa v. Exxon Mobil Corp., No. 21-cv-00194

Counsel,

Plaintiffs are in receipt of your Responses and Objections to Lead Plaintiffs' First Set of Interrogatories. We note that you refused to respond to, or meet and confer concerning, Interrogatories 1-4 and 11, and otherwise merely quote or identify publicly available materials. You also repeatedly object to such interrogatories on the basis that discovery has been bifurcated. In light of the Court's bench ruling on Plaintiffs' Motion to Compel on Monday, your blanket refusal to substantively respond on the basis that our interrogatories call for responses that overlap with merits discovery is untenable. Please confirm by close of business Thursday, February 29, that you will revise your responses and objections by close of business Wednesday, March 6 to align with the Court's ruling. Otherwise, please provide your availability to meet and confer on Friday, March 1.

With regard to Plaintiffs' requests for production of documents, we agree with your proposal that Defendants prepare a list of custodians in the first instance. Plaintiffs reserve all rights to request additional custodians, including after Defendants revise their responses to Plaintiffs' interrogatories. Please provide that list today. Our proposed search terms list is attached.

We are presently finalizing the ESI stipulation and protective order for filing and will send final versions for you to review today.

Best,
Tom

Tom Sperber
**BLB&G**
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas
New York, NY 10020
(212) 554-1939


-------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

========================================================================
=========

--------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

========================================================================
=========

--------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

========================================================================
=========

--------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

========================================================================
=========

A-73

--------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.


================================================================================
=========

**Attachments:**

    Exxon - search term and custodian proposal Mar 29.DOCX

12

A-74