**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

|  |  |
|---|---|
| MENDI YOSHIKAWA, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) Civil Action No.: 3:21-cv-00194-N ) |
| v. | ) CLASS ACTION ) |
| EXXON MOBIL CORPORATION, DARREN W. WOODS, LIAM M. MALLON, and MELISSA BOND, | ) ) ) ) |
| Defendants. | ) ) ) ) ) |

**APPENDIX IN SUPPORT OF LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

1

Lead Plaintiffs Amalgamated Bank and State of Rhode Island, Office of the General Treasurer, on behalf of the Employees' Retirement Systems of Rhode Island submit the following documents in support of their Opposition to Defendants' Motion for Protective Order.

| Exhibit | Description | Pages |
|---------|-------------|-------|
| A | Transcript of motion to compel hearing before the Honorable David C. Godbey on February 26, 2024 | A-1 – A-7 |
| B | Email chain between the parties dated April 4, 2024 | A-8 – A-21 |
| C | Attachment to email chain in Exhibit B | A-22 – A-26 |

Dated: April 18, 2024                    Respectfully submitted,

/s/ *John Rizio-Hamilton*                         /s/ *Daniel L. Berger*

John Rizio-Hamilton (pro hac vice)              Daniel L. Berger (pro hac vice)
johnr@blbglaw.com                               dberger@gelaw.com
Rebecca E. Boon (pro hac vice)                  Caitlin M. Moyna (pro hac vice)
rebecca.boon@blbglaw.com                        cmoyna@gelaw.com
John J. Esmay (pro hac vice)                    Lauren J. Salamon (pro hac vice)
john.esmay@blbglaw.com                          lsalamon@gelaw.com
Thomas Sperber (pro hac vice)                   GRANT & EISENHOFER PA
thomas.sperber@blbglaw.com                      485 Lexington Avenue
Stephen Boscolo (pro hac vice)                  New York, New York 10017
stephen.boscolo@blbglaw.com                     Phone: (646) 722-8500
BERNSTEIN LITOWITZ BERGER &                     Fax: (646) 722-8501
GROSSMANN LLP
1251 Avenue of the Americas                     *Co-Lead Counsel for the Class and Counsel*
New York, New York 10020                        *for Co-Lead Plaintiff Amalgamated Bank*
Phone: (212) 554-1400
Fax: (212) 554-1444                             Lewis T. LeClair
                                                Texas Bar No. 12072500
*Co-Lead Counsel for the Class and Counsel*     lleclair@mckoolsmith.com
*for Co-Lead Plaintiff State of Rhode Island,*  McKOOL SMITH PC
*Office of the General Treasurer, on behalf of* 300 Crescent Court, Suite 1500
*the Employees' Retirement System of Rhode*     Dallas, Texas 75201
*Island*                                        Phone: (214) 978-4000
                                                Fax: (214) 978-4044

                                                *Liaison Counsel for the Class*

2

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION


MENDI YOSHIKAWA, et al.,                    )  3:21-CV-00194-N
            PLAINTIFF,                       )
                                            )
vs.                                         )  DALLAS, TEXAS
                                            )
EXXON MOBIL CORPORATION, et al.,            )
            DEFENDANT.                       )  February 26, 2024



**TRANSCRIPT OF MOTION TO COMPEL HEARING**

**BEFORE THE HONORABLE DAVID C. GODBEY**

**UNITED STATES DISTRICT JUDGE**

**(TAKEN TELEPHONICALLY)**


A P P E A R A N C E S:


FOR THE PLAINTIFF:      **MS. REBECCA ELLEN BOONE**
                        BERNSTEIN, LITOWITZ, BERGER &
                        GROSSMANN, LLP
                        1251 Avenue of the Americas
                        New York, New York 10020
                        rebecca.boone@blbglaw.com
                        (212) 554-1444

Jeff Foster, RMR, CRR     (214) 753-2349

FOR THE DEFENDANT:          **MS. NOELLE M. REED**
                           **MS. ABIGAIL ELIZABETH DAVIS**
                           SKADDEN, ARPS, SLATE, MEAGHER & FLOM
                           1000 Louisiana Street, Suite 6800
                           Houston, Texas 77002-5026
                           noelle.reed@skadden.com
                           abigail.sheehan@skadden.com
                           (713) 655-5122

**COURT REPORTER:**          **MR. JEFF L. FOSTER, RMR, CRR**
                           United States Court Reporter
                           1100 Commerce St., Room 1504
                           Dallas, Texas 75242
                           jeff_foster@txnd.uscourts.gov
                           (214) 753-2349

        Proceedings reported by mechanical stenography and transcript produced by computer.

MOTION TO COMPEL HEARING -- FEBRUARY 26, 2024

P R O C E E D I N G S

THE COURT:  Good afternoon.

MS. BOONE:  Good afternoon, Your Honor.

MS. REED:  Good afternoon, Your Honor.

THE COURT:  We are on the record, but I don't anticipate this taking terribly long.  I should just say as an aside I was interested to see that Skadden now has a Granbury office apparently.

MS. REED:  We've actually had a Midlothian office for many, many years, Your Honor.  She just happened to move.

THE COURT:  Fair enough.  First, let me ask if anything has changed since the briefing.

MS. BOONE:  Nothing has changed, Your Honor.  This is Rebecca Boone for the Plaintiff.

THE COURT:  Okay.  Not surprising, but nonetheless it makes me sad.  I'm going to grant the Plaintiff's motion.  I think you could argue about some of them, but I think they're close enough to class related that I'm going to permit that to go forward.

With that said from me, can you-all get together and figure out an agreeable set of search terms of custodians?

MS. BOONE:  This is Rebecca from the plaintiff.  We absolutely will endeavor to do that, Your Honor.

THE COURT:  Okay.

MS. REED:  Your Honor, this is Noel Reed.  I mean, in granting every document concerning these disclosures, not just documents relating to price impact, is going to -- I mean, it's very broad discovery for class certification.

THE COURT:  Yeah, I admit it.  So how long do you think it will take to do production?

MS. REED:  I mean, if it's this broad, I don't know.  We'll have to, I suppose, see the list of proposed custodians and search terms, but I can anticipate that potentially throwing off the schedule as it's currently -- as it's currently set up.

THE COURT:  Okay.  I can change schedules if I need to.  Why don't you use best efforts to get production done within 30 days.  And if that's a problem, come back and let me know.

MS. REED:  Okay.  I mean, I can almost guarantee, Your Honor, that with the breadth of these requests that that will be impossible.

THE COURT:  Okay.

MS. REED:  They're very, very broad and a lot of disclosures.  So we'll be happy to come back with specific statistics on that.

And, you know, we do think, Your Honor, it would be very helpful for both parties to have a hearing on our motion for judgment on the pleadings, which I think will clarify a lot of the questions that are open here.  Not instead of or before the discovery, we're not proposing that we delay it in any way, but

we do think that that would be very helpful to the Court.

THE COURT:  Okay.  You know, I have noticed lawyers always think hearings would be helpful to the Court.  I appreciate that latitude.  I'm not sure I necessarily agree with you.  But I'll take a look at it and if it looks to me like a hearing would help I'll let you know.

MS. BOONE:  We appreciate that, Your Honor.

MS. REED:  It's an unusual -- it's an unusual issue, it's not one that arises often, and that's the reason that we made that suggestion.

THE COURT:  Okay.  I'll take a look at --

MS. BOONE:  We appreciate -- I apologize for interrupting, Your Honor.  We appreciate that.  And obviously it's Plaintiff's position that no hearing is necessary and that this doesn't present an unusual issue, but all of that is set forth in our response to their motion.

THE COURT:  Okay.  I will be sure to look at them.  Anything else constructive we can do for this afternoon?

MS. BOONE:  Not from Plaintiff's perspective, Your Honor.  Thank you very much.

MS. REED:  Not from our perspective, Your Honor.

THE COURT:  Okay.  All right.  Thank you all for your time, have a good afternoon, and we'll be in touch in due course.

MS. BOONE:  Thank you very much, Your Honor.

THE COURT:  Bye-bye.

INDEX

Court's ruling........................................... 3

I, Jeff L. Foster, United States Court Reporter for the United States District Court in and for the Northern District of Texas, Dallas Division, hereby certify that the above and foregoing contains a true and correct transcription of the proceedings in the above entitled and numbered cause.

WITNESS MY HAND on this 14th day of March, 2024

/s/ Jeff L. Foster_____
JEFF L. FOSTER, RMR, CRR
United States Court Reporter
1100 Commerce St., Room 1504
Dallas, Texas 75242
(214) 753-2349

# EXHIBIT B

| | |
|---|---|
| **From:** | Lauren Salamon |
| **Sent:** | Thursday, April 4, 2024 1:30 PM |
| **To:** | Davis, Abby; Restey, Michael W |
| **Cc:** | John Esmay; 'Rebecca Boon'; Thomas Sperber; Reed, Noelle M; Milstead, Virginia; Hampton, Wallis M; Hanson, Brent M; Docket, Houston; Davis, Michelle L; John Rizio-Hamilton; Stephen Boscolo; Daniel Berger; Caitlin Moyna; Alex Forgione |
| **Subject:** | RE: Yoshikawa v. Exxon Mobil Corp., No. 21-cv-00194 |
| **Attachments:** | Exxon - Class Discovery Disputes 4-4-24.PDF |

Counsel,

Further to our discussions, please see the attached correspondence. In addition, we expect that Defendants will serve your amended interrogatory responses no later than Monday the 8th, as you promised on our last call you would do so this week. If not, we will be forced to move the court for relief, as the interrogatory responses are now long overdue.

Best,

Lauren

**Lauren J. Salamon | Associate**
Grant & Eisenhofer, P.A.
485 Lexington Avenue, 29th Floor
New York, New York 10017
Office: 347.841.8815

LSalamon@gelaw.com

---

**From:** Restey, Michael W <Michael.Restey@skadden.com>
**Sent:** Wednesday, April 3, 2024 8:35 PM
**To:** 'Rebecca Boon' <Rebecca.Boon@blbglaw.com>
**Cc:** John Esmay <John.Esmay@blbglaw.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Reed, Noelle M <Noelle.Reed@skadden.com>; Davis, Abby <Abigail.Sheehan@skadden.com>; Milstead, Virginia <Virginia.Milstead@skadden.com>; Hampton, Wallis M <Wallis.Hampton@skadden.com>; Hanson, Brent M <Brent.Hanson@skadden.com>; Docket, Houston <dockethouston@skadden.com>; Davis, Michelle L <Michelle.Davis@skadden.com>; John Rizio-Hamilton <Johnr@blbglaw.com>; Stephen Boscolo <Stephen.Boscolo@blbglaw.com>; Daniel Berger <dberger@gelaw.com>; Caitlin Moyna <cmoyna@gelaw.com>; Lauren Salamon <lsalamon@gelaw.com>; Alex Forgione <aforgione@gelaw.com>; Restey, Michael W <Michael.Restey@skadden.com>
**Subject:** RE: Yoshikawa v. Exxon Mobil Corp., No. 21-cv-00194

Rebecca,

Thank you for confirming you are not proceeding with the depositions on April 10 and 11, and that we will agree to mutually-agreeable dates once we have agreed on a schedule.

Regards,
Mike

**From:** Rebecca Boon <Rebecca.Boon@blbglaw.com>
**Sent:** Wednesday, April 3, 2024 8:19 PM
**To:** Restey, Michael W (NYC) <Michael.Restey@skadden.com>
**Cc:** John Esmay <John.Esmay@blbglaw.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Reed, Noelle M (HOU) <Noelle.Reed@skadden.com>; Davis, Abby (HOU) <Abigail.Sheehan@skadden.com>; Milstead, Virginia (LAC) <Virginia.Milstead@skadden.com>; Hampton, Wallis M (HOU) <Wallis.Hampton@skadden.com>; Hanson, Brent M (HOU) <Brent.Hanson@skadden.com>; Docket, Houston (HOU) <dockethouston@skadden.com>; Davis, Michelle L (HOU) <Michelle.Davis@skadden.com>; John Rizio-Hamilton <Johnr@blbglaw.com>; Stephen Boscolo <Stephen.Boscolo@blbglaw.com>; Daniel Berger <dberger@gelaw.com>; Caitlin Moyna <cmoyna@gelaw.com>; Lauren Salamon <lsalamon@gelaw.com>; Alex Forgione <aforgione@gelaw.com>
**Subject:** [Ext] Re: Yoshikawa v. Exxon Mobil Corp., No. 21-cv-00194

Mike, We already agreed to move the dates. We can't agree on new dates until we have a schedule.

> On Apr 3, 2024, at 8:15 PM, Restey, Michael W <Michael.Restey@skadden.com> wrote:

**[External]**

Rebecca,

The depositions of Gulden and Burch begin a week from today.  If you will not agree to move those dates until we have an agreement on a schedule, even though you know that Defendants' counsel are not available and all parties agree that an extension to the schedule is needed, then we need to know if you will agree to our schedule proposal tonight so that we can seek appropriate relief.  To the extent you will not provide us with your position tonight, we will be folding this into our motion and filing tonight.

Regards,
Mike

**From:** Rebecca Boon <Rebecca.Boon@blbglaw.com>
**Sent:** Wednesday, April 3, 2024 7:52 PM
**To:** Restey, Michael W (NYC) <Michael.Restey@skadden.com>; John Esmay <John.Esmay@blbglaw.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Reed, Noelle M (HOU) <Noelle.Reed@skadden.com>; Davis, Abby (HOU) <Abigail.Sheehan@skadden.com>; Milstead, Virginia (LAC) <Virginia.Milstead@skadden.com>; Hampton, Wallis M (HOU) <Wallis.Hampton@skadden.com>; Hanson, Brent M (HOU) <Brent.Hanson@skadden.com>; Docket, Houston (HOU) <dockethouston@skadden.com>; Davis, Michelle L (HOU) <Michelle.Davis@skadden.com>
**Cc:** John Rizio-Hamilton <Johnr@blbglaw.com>; Stephen Boscolo <Stephen.Boscolo@blbglaw.com>; Daniel Berger <dberger@gelaw.com>; Caitlin Moyna <cmoyna@gelaw.com>; Lauren Salamon <lsalamon@gelaw.com>; Alex Forgione <aforgione@gelaw.com>
**Subject:** [Ext] RE: Yoshikawa v. Exxon Mobil Corp., No. 21-cv-00194

Mike, We got your email and will respond tomorrow.  We have already told you that we will move the depositions of Drs. Gulden and Burch when we have a new schedule in place.

Regards,
Rebecca

2

Rebecca Boon
**Bernstein Litowitz Berger & Grossmann LLP**
1251 Avenue of the Americas
New York, NY 10020
Phone: (212) 554-1594
Fax: (212) 554-1444

---

**From:** Restey, Michael W <Michael.Restey@skadden.com>
**Sent:** Wednesday, April 3, 2024 7:33 PM
**To:** Rebecca Boon <Rebecca.Boon@blbglaw.com>; John Esmay <John.Esmay@blbglaw.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Reed, Noelle M <Noelle.Reed@skadden.com>; Davis, Abby <Abigail.Sheehan@skadden.com>; Milstead, Virginia <Virginia.Milstead@skadden.com>; Hampton, Wallis M <Wallis.Hampton@skadden.com>; Hanson, Brent M <Brent.Hanson@skadden.com>; Docket, Houston <dockethouston@skadden.com>; Davis, Michelle L <Michelle.Davis@skadden.com>
**Cc:** John Rizio-Hamilton <Johnr@blbglaw.com>; Stephen Boscolo <Stephen.Boscolo@blbglaw.com>; Daniel Berger <dberger@gelaw.com>; Caitlin Moyna <cmoyna@gelaw.com>; Lauren Salamon <lsalamon@gelaw.com>; Alex Forgione <aforgione@gelaw.com>; Restey, Michael W <Michael.Restey@skadden.com>
**Subject:** RE: Yoshikawa v. Exxon Mobil Corp., No. 21-cv-00194

**[External]**

Counsel,

We write to follow up on our April 2, 2024, meet and confer.  As discussed during that call, because of the volume of documents Plaintiffs have requested that Defendants collect and review, a 60-day extension of the class certification schedule is unworkable.  Defendants would prefer not to burden the Court with a scheduling dispute and can agree to a 90-day extension of the current schedule.  Please confirm today whether Plaintiffs will agree to that 90-day extension.

Finally, please confirm that you are unwilling to move the deposition dates for Drs. Gulden and Burch, notwithstanding that Defendants have notified you that they are not available on the noticed dates and all parties agree that the class certification schedule needs to be extended.  Given that those deposition dates are next week, please confirm today whether you will agree to move the depositions to dates when defense counsel is available, or whether you will refuse to do so unless Defendants agree to your proposed 60-day extension of the schedule.  Defendants intend to raise this issue in their motion for a protective order if necessary.

Regards,
Mike

---

**From:** Rebecca Boon <Rebecca.Boon@blbglaw.com>
**Sent:** Friday, March 29, 2024 4:42 PM
**To:** Restey, Michael W (NYC) <Michael.Restey@skadden.com>; John Esmay <John.Esmay@blbglaw.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Reed, Noelle M (HOU) <Noelle.Reed@skadden.com>; Davis, Abby (HOU) <Abigail.Sheehan@skadden.com>; Milstead, Virginia (LAC) <Virginia.Milstead@skadden.com>; Hampton, Wallis M (HOU) <Wallis.Hampton@skadden.com>; Hanson, Brent M (HOU) <Brent.Hanson@skadden.com>; Docket, Houston (HOU) <dockethouston@skadden.com>; Davis, Michelle L (HOU) <Michelle.Davis@skadden.com>
**Cc:** John Rizio-Hamilton <Johnr@blbglaw.com>; Stephen Boscolo <Stephen.Boscolo@blbglaw.com>;

3

Daniel Berger <dberger@gelaw.com>; Caitlin Moyna <cmoyna@gelaw.com>; Lauren Salamon <lsalamon@gelaw.com>; Alex Forgione <aforgione@gelaw.com>
**Subject:** [Ext] RE: Yoshikawa v. Exxon Mobil Corp., No. 21-cv-00194

Mike,

We maintain that our proposals are more than reasonable.  However, in a final effort to reach agreement and reserving all rights, we propose the following:  (1) Mallon and Woods must be custodians for all requests for the reasons we have previously explained; and (2) we will agree to the rest of your revisions, with the exception of a modified version of the "lie" search because individuals at Exxon would have been discussing the "this is a lie" file without using its complete file name.

With regard to the schedule, we propose the below which we need to file with the Court next week.  If the schedule moves, we can discuss adjusting the deposition dates of Drs. Burch and Gulden.

Substantial completion of document production: **Monday, May 13, 2024**
Class certification discovery, except for deposition of Defendants' expert:  **Friday, June 14, 2024**
Defendants' opposition to class certification motion: **Friday, June 14, 2024**
Deposition of Defendants' expert:  **Monday, July 8 , 2024**
Reply in support of class certification: **Monday, July 15, 2024**
Class certification motion submission date:  **Monday, July 29, 2024**

Plaintiffs are available to meet and confer on Tuesday at 3 ET – if that works for you, please send an invite.  In addition to the above, please be prepared to discuss on that call what custodial sources you intend to search, particularly given that you deleted the language in the search term proposal regarding custodial sources.

With regard to the rest of your email, suffice for now to say, we disagree.

Regards,
Rebecca


Rebecca Boon
**Bernstein Litowitz Berger & Grossmann LLP**
1251 Avenue of the Americas
New York, NY 10020
Phone: (212) 554-1594
Fax: (212) 554-1444

---

**From:** Restey, Michael W <Michael.Restey@skadden.com>
**Sent:** Thursday, March 28, 2024 9:16 PM
**To:** John Esmay <John.Esmay@blbglaw.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Reed, Noelle M <Noelle.Reed@skadden.com>; Davis, Abby <Abigail.Sheehan@skadden.com>; Milstead, Virginia <Virginia.Milstead@skadden.com>; Hampton, Wallis M <Wallis.Hampton@skadden.com>; Hanson, Brent M <Brent.Hanson@skadden.com>; Docket, Houston <dockethouston@skadden.com>; Davis, Michelle L <Michelle.Davis@skadden.com>
**Cc:** John Rizio-Hamilton <Johnr@blbglaw.com>; Rebecca Boon <Rebecca.Boon@blbglaw.com>; Stephen Boscolo <Stephen.Boscolo@blbglaw.com>; Daniel Berger <dberger@gelaw.com>; Caitlin Moyna <cmoyna@gelaw.com>; Lauren Salamon <lsalamon@gelaw.com>; Alex Forgione

4

<aforgione@gelaw.com>; Restey, Michael W <Michael.Restey@skadden.com>
**Subject:** RE: Yoshikawa v. Exxon Mobil Corp., No. 21-cv-00194

**[External]**

John,

Please find attached Defendants' counterproposal, along with a redline against the last document that you sent.  Defendants believe that this proposal is more than sufficient to identify and produce documents responsive to Request Nos. 1-7.  This broad proposal will require Defendants to review roughly 228,080 documents in connection with class certification discovery.  A few notes:

1.  While you proposed adding back Beth Casteel and Rick McGovern as custodians, it is extremely unlikely that those individuals will have any documents relevant to this litigation, either concerning class certification or the substantive merits.  ExxonMobil's Audit function did not conduct any investigation or assessment of the substantive allegations contained in the Wall Street Journal article.  It goes without saying that this case concerns Bond's allegedly deceptive scheme regarding the Delaware Basin plan, and not whether Ms. Gulden and Mr. Burch improperly shared information with a third party.  Casey Norton, ExxonMobil's Corporate Media Manager, was responsible for communicating with the Wall Street Journal regarding that article and, as a part of that process, would have received information pertaining to the article's substance.  Accordingly, he is the more appropriate custodian for these purposes.

2.  Defendants continue to believe that Woods and Mallon are unnecessary to include at this stage.  As you represented to the Court in your motion to compel, your requests are targeting documents related to Defendants' defenses to class certification, including documents showing the link (if any) between Bond's conduct and ExxonMobil's public statements.  Those documents, if they existed, would be in the files of Melissa Bond, Neil Hansen, and Stephen Littleton.  As a compromise, we will also agree to include Bond's supervisor, Staale Gjervik, as a custodian in this proposal (provided Woods and Mallon are dropped), further ensuring that any documents that might connect Bond's conduct to ExxonMobil's disclosures (if they existed) would be identified.  Finally, we note that the inclusion of Woods and Mallon across every proposed search term, as reflected in your last proposal, adds nearly 50,000 additional documents for review – a substantial increase to the already significant volume of documents that Defendants are agreeing to review in connection with class certification.  Given the above, please let us know if you are standing on your position that Woods and Mallon are non-negotiable inclusions by COB Friday, March 29.

3.  With respect to the searches for Request Nos. 1, 3, 5 and 7, Defendants do not believe that extending the period past June 1, 2020, is necessary.  As we understand it, Plaintiffs are seeking documents showing a connection between the 2019 Company Plan and ExxonMobil's public disclosures.  By mid-2020, any documents responsive to the search terms for Request Nos. 1, 3, 5 and 7 will concern the 2020 Company Plan, which are not relevant to class certification based on your articulation of what you are looking for.  Nor are there any corrective disclosures during that period after June 1, 2020, until the 2021 Wall Street Journal article, the substance of which concerns events from 2019.

We also note that we disagree with your characterization of the February 26 hearing and the burden on Defendants in your email below.  Judge Godbey simply asked the parties to use their best efforts to produce within 30 days, to which Defendants' counsel *immediately* responded saying that it was impossible.  Defendants were correct, of course, given that even Defendants' more limited counterproposal here will require substantial time for review, well beyond 30 days.  Moreover, your assertion that the review of several hundred thousand documents is not usual or disproportionate for a case this size borders on the absurd – that may be true for merits discovery, but merits discovery

remains stayed in this case.  Judge Godbey's February 26 order did not give Plaintiffs carte blanche to proceed with full blown merits discovery.

Turning to ExxonMobil's amended interrogatory responses, we expect to provide them early next week.

Finally, we received your notice of subpoenas for the third-party depositions of Drs. Gulden and Burch for April 10 and 11.  Defendants anticipate participating in any such depositions, but the noticed dates, of which Defendants were not informed prior to the subpoenas' issuance, do not work for Defendants.  We also think that it makes more sense to hold them in abeyance until documents are produced given that they are agreed-upon custodians here.  We'd like to discuss the timing of these depositions during our next meet and confer.

Please let us know your availability for a meet and confer early next week.

Best,
Mike

---

**From:** John Esmay <John.Esmay@blbglaw.com>
**Sent:** Tuesday, March 26, 2024 4:26 PM
**To:** Restey, Michael W (NYC) <Michael.Restey@skadden.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Reed, Noelle M (HOU) <Noelle.Reed@skadden.com>; Davis, Abby (HOU) <Abigail.Sheehan@skadden.com>; Milstead, Virginia (LAC) <Virginia.Milstead@skadden.com>; Hampton, Wallis M (HOU) <Wallis.Hampton@skadden.com>; Hanson, Brent M (HOU) <Brent.Hanson@skadden.com>; Docket, Houston (HOU) <dockethouston@skadden.com>; Davis, Michelle L (HOU) <Michelle.Davis@skadden.com>
**Cc:** John Rizio-Hamilton <Johnr@blbglaw.com>; Rebecca Boon <Rebecca.Boon@blbglaw.com>; Stephen Boscolo <Stephen.Boscolo@blbglaw.com>; Daniel Berger <dberger@gelaw.com>; Caitlin Moyna <cmoyna@gelaw.com>; Lauren Salamon <lsalamon@gelaw.com>; Alex Forgione <aforgione@gelaw.com>
**Subject:** [Ext] RE: Yoshikawa v. Exxon Mobil Corp., No. 21-cv-00194

Mike,

I write in response to your email below. Notwithstanding Defendants' claim during the February 26 hearing that it would be impossible, the Court ordered the parties to "use best efforts to get [Defendants'] production done within 30 days." As you know, that deadline is tomorrow. Yet, you still have not provided a counterproposal to our latest search terms and custodians, or provided any indication of when defendants will produce documents. Nor have you provided revised interrogatory responses—or even indicated when you will do so—despite having promised to do so on March 6.

As for Plaintiffs' latest proposal, you have not provided us with any information for us to assess your claims of burden, which are based on your guess about the number of documents that would require review. Even if accurate, the review of several hundred thousand documents is not unusual or disproportionate for a case of this nature and size. Moreover, Plaintiffs' proposal is reasonable and justified as It mainly added the named defendants and whistleblowers, used the relevant time period based on the allegations in the complaint, and added a small number of relevant terms to Defendants' counterproposal. Finally, the Court has already ruled that Plaintiffs' requests are related to class certification, so there is no basis for you to now try to "minimize merits-related production," as you say you are doing.

Please provide your counterproposal tomorrow, and availability to meet and confer this week.

6

A-0013

Thank you, John

---

**From:** Restey, Michael W <Michael.Restey@skadden.com>
**Sent:** Friday, March 22, 2024 5:01 PM
**To:** John Esmay <John.Esmay@blbglaw.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Reed, Noelle M <Noelle.Reed@skadden.com>; Davis, Abby <Abigail.Sheehan@skadden.com>; Milstead, Virginia <Virginia.Milstead@skadden.com>; Hampton, Wallis M <Wallis.Hampton@skadden.com>; Hanson, Brent M <Brent.Hanson@skadden.com>; Docket, Houston <dockethouston@skadden.com>; Davis, Michelle L <Michelle.Davis@skadden.com>
**Cc:** John Rizio-Hamilton <Johnr@blbglaw.com>; Rebecca Boon <Rebecca.Boon@blbglaw.com>; Stephen Boscolo <Stephen.Boscolo@blbglaw.com>; Daniel Berger <dberger@gelaw.com>; Caitlin Moyna <cmoyna@gelaw.com>; Lauren Salamon <lsalamon@gelaw.com>; Alex Forgione <aforgione@gelaw.com>; Restey, Michael W <Michael.Restey@skadden.com>
**Subject:** RE: Yoshikawa v. Exxon Mobil Corp., No. 21-cv-00194

[External]

Counsel,

As discussed on our Friday call, Defendants believe that their custodian and search term proposal was appropriately tailored to provide Plaintiffs with class certification-related discovery while minimizing merits-related production as well as the substantial burden on Defendants.  Defendants offered 8 custodians and 15 broad search terms that cover each of Plaintiff's topics. Those searches would already result in Defendants having to review more than a hundred thousand documents.  Plaintiffs' counterproposal significantly expands on every aspect of that proposal; it would add more custodians, more search terms, and a broader date range – likely adding hundreds of thousands more documents to review.  That proposal is therefore overly burdensome and not proportional to the needs of the case, particularly at the class cert stage. Nevertheless, we are assessing your counterproposal (including additional search term and custodian testing) and will get back to you as soon as possible.

With respect to the timing of substantial completion for Defendants' production, we again note that during the hearing Defendants explicitly told Judge Godbey that production within 30 days would be "impossible."  Judge Godbey recognized that he can change the schedule if needed, and asked only that the parties let him know if that was necessary.  At this point, Defendants do not have enough information to know when they will be able to substantially complete production.  For those custodians, search terms, and date ranges where the parties agree, Defendants are currently processing documents and beginning review.  Once that process is further along Defendants will have more information on the timing of substantial completion for that portion of the production.  Any timeframe for completing production would of course be extended (likely by months) if Plaintiffs continue to insist on further broadening the already more-than-sufficient scope of collection and review.

Regards,
Mike

---

**From:** John Esmay <John.Esmay@blbglaw.com>
**Sent:** Wednesday, March 20, 2024 1:57 PM
**To:** Restey, Michael W (NYC) <Michael.Restey@skadden.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Reed, Noelle M (HOU) <Noelle.Reed@skadden.com>; Davis, Abby (HOU) <Abigail.Sheehan@skadden.com>; Milstead, Virginia (LAC) <Virginia.Milstead@skadden.com>; Hampton, Wallis M (HOU) <Wallis.Hampton@skadden.com>; Hanson, Brent M (HOU) <Brent.Hanson@skadden.com>; Docket, Houston (HOU) <dockethouston@skadden.com>; Davis, Michelle L (HOU) <Michelle.Davis@skadden.com>

A-0014

Cc: John Rizio-Hamilton <Johnr@blbglaw.com>; Rebecca Boon <Rebecca.Boon@blbglaw.com>; Stephen Boscolo <Stephen.Boscolo@blbglaw.com>; Daniel Berger <dberger@gelaw.com>; Caitlin Moyna <cmoyna@gelaw.com>; Lauren Salamon <lsalamon@gelaw.com>; Alex Forgione <aforgione@gelaw.com>
Subject: [Ext] RE: Yoshikawa v. Exxon Mobil Corp., No. 21-cv-00194

Mike,

As we discussed on our call last Friday, Defendants' search term and custodian proposal is not acceptable. Attached is our counterproposal, reserving all rights to modify this proposal based on additional information learned during discovery, including Defendants' amended interrogatory responses which you have not yet served.

As we explained, in addition to the custodians you proposed, the named defendants and the whistleblowers are necessary, non-negotiable additions to the searches. We also do not see any valid reason to exclude Beth Casteel or Rick McGovern in the search for RFP No. 6, because as alleged in the Complaint, they were involved in the relevant investigation into Drs. Gulden and Burch. With regard to the reservoir engineers, as we explained, we at a minimum need the reservoir engineer for the Permian Basin during the Class Period, along with the head of Development Planning.  We are willing to discuss with you which of these individuals had those roles and must be added as document custodians.

Regarding search terms, we endeavored to accept your changes and make additional cuts wherever possible.  However, we added back a limited number of terms that we believe are necessary.

Finally, we reiterate the need to update the court well before March 27th on the progress of discovery and the likely need for an extension of the schedule. As such, we need to understand when Defendants will be able to substantially complete production and provide responses to our interrogatories. On Friday, you stated you would get back to us this week on that request.

Please let us know your availability this week to discuss our counterproposal and the timing of Defendants' discovery responses.

Thanks,
John

From: Restey, Michael W <Michael.Restey@skadden.com>
Sent: Friday, March 15, 2024 3:46 PM
To: Thomas Sperber <Thomas.Sperber@blbglaw.com>; Reed, Noelle M <Noelle.Reed@skadden.com>; Davis, Abby <Abigail.Sheehan@skadden.com>; Milstead, Virginia <Virginia.Milstead@skadden.com>; Hampton, Wallis M <Wallis.Hampton@skadden.com>; Hanson, Brent M <Brent.Hanson@skadden.com>; Docket, Houston <dockethouston@skadden.com>; Davis, Michelle L <Michelle.Davis@skadden.com>
Cc: John Rizio-Hamilton <Johnr@blbglaw.com>; Rebecca Boon <Rebecca.Boon@blbglaw.com>; John Esmay <John.Esmay@blbglaw.com>; Stephen Boscolo <Stephen.Boscolo@blbglaw.com>; Daniel Berger <dberger@gelaw.com>; Caitlin Moyna <cmoyna@gelaw.com>; Lauren Salamon <lsalamon@gelaw.com>; Alex Forgione <aforgione@gelaw.com>; Restey, Michael W <Michael.Restey@skadden.com>
Subject: RE: Yoshikawa v. Exxon Mobil Corp., No. 21-cv-00194

[External]

Counsel,

8

A-0015

Please find attached Defendants' proposed custodians, search terms, and date ranges, which reflect our review and proposed modifications to your search terms and custodians.  Defendants reserve all rights, including to supplement or modify this proposal based on further developments during the review process.  We note that, contrary to the implication in your email, Defendants have not been idle since the February 26 hearing.  Defendants have been identifying the appropriate custodians, migrating large volumes of data to the necessary databases, and testing various search terms (including Plaintiffs' proposed search terms).

As Defendants explained to both the Court, and to Plaintiffs in prior correspondence, Plaintiffs' broad requests will necessitate substantial time for document review.  By way of example, today's proposal alone will require Defendants to review tens of thousands of documents, which is no surprise given the breadth of Plaintiffs' proposed search terms.  It is for this reason that Defendants immediately explained to Judge Godbey, and Plaintiffs, that production would not be able to be completed within 30 days.  Accordingly, Defendants will not be making a substantial production by March 26.

Finally, ExxonMobil is in the process of preparing revised interrogatory responses.  We note, however, that like Plaintiffs' document requests, the interrogatories are extremely broad in scope.  For example, Interrogatories 1 and 2 seek the identity of every person involved in the creation or review of the portion of the 2019 Development Plan concerning the Delaware Basin or the learning curve assumptions used – a request touching on several different groups within the Company and a substantial number of different individuals.  ExxonMobil will provide the revised interrogatory responses as soon as they are finalized.  In addition, Defendants will not agree to run additional searches against the custodians in the attached proposal based on ExxonMobil's revised interrogatory responses.

Regards,
Mike

---

**From:** Thomas Sperber <Thomas.Sperber@blbglaw.com>
**Sent:** Tuesday, March 12, 2024 2:16 PM
**To:** Restey, Michael W (NYC) <Michael.Restey@skadden.com>; Reed, Noelle M (HOU) <Noelle.Reed@skadden.com>; Davis, Abby (HOU) <Abigail.Sheehan@skadden.com>; Milstead, Virginia (LAC) <Virginia.Milstead@skadden.com>; Hampton, Wallis M (HOU) <Wallis.Hampton@skadden.com>; Hanson, Brent M (HOU) <Brent.Hanson@skadden.com>; Docket, Houston (HOU) <dockethouston@skadden.com>; Davis, Michelle L (HOU) <Michelle.Davis@skadden.com>
**Cc:** John Rizio-Hamilton <Johnr@blbglaw.com>; Rebecca Boon <Rebecca.Boon@blbglaw.com>; John Esmay <John.Esmay@blbglaw.com>; Stephen Boscolo <Stephen.Boscolo@blbglaw.com>; Daniel Berger <dberger@gelaw.com>; Caitlin Moyna <cmoyna@gelaw.com>; Lauren Salamon <lsalamon@gelaw.com>; Alex Forgione <aforgione@gelaw.com>
**Subject:** [Ext] RE: Yoshikawa v. Exxon Mobil Corp., No. 21-cv-00194

Counsel,

It has been over two weeks since the Court granted Plaintiffs' motion to compel discovery responses and despite several requests from Plaintiffs, Defendants still have not provided a list of proposed custodians to conduct a search for responsive documents. Accordingly, Plaintiffs have compiled the attached list of document custodians. This list is subject to our right to supplement or revise it once we receive answers to Plaintiffs' first set of interrogatories. In the interim, we expect Defendants to use these custodians now to search for documents called for by our Rule 34 request and begin producing documents no later than March 26 with a substantial production.  Please also inform us when you expect Defendants' document production will be completed.

Best,
Tom

---

**From:** Restey, Michael W <Michael.Restey@skadden.com>
**Sent:** Wednesday, March 6, 2024 6:20 PM
**To:** Thomas Sperber <Thomas.Sperber@blbglaw.com>; Reed, Noelle M <Noelle.Reed@skadden.com>; Davis, Abby <Abigail.Sheehan@skadden.com>; Milstead, Virginia <Virginia.Milstead@skadden.com>; Hampton, Wallis M <Wallis.Hampton@skadden.com>; Hanson, Brent M <Brent.Hanson@skadden.com>; Docket, Houston <dockethouston@skadden.com>; Davis, Michelle L <Michelle.Davis@skadden.com>
**Cc:** John Rizio-Hamilton <Johnr@blbglaw.com>; Rebecca Boon <Rebecca.Boon@blbglaw.com>; John Esmay <John.Esmay@blbglaw.com>; Stephen Boscolo <Stephen.Boscolo@blbglaw.com>; Daniel Berger <dberger@gelaw.com>; Caitlin Moyna <cmoyna@gelaw.com>; Lauren Salamon <lsalamon@gelaw.com>; Alex Forgione <aforgione@gelaw.com>; Restey, Michael W <Michael.Restey@skadden.com>
**Subject:** RE: Yoshikawa v. Exxon Mobil Corp., No. 21-cv-00194

**[External]**

---

Counsel,

We are in receipt of your email below.  As an initial matter, we disagree with your mischaracterization of Judge Godbey's comments during the February 26 hearing.  Judge Godbey asked if production within 30 days was feasible, and Defendants' counsel immediately stated that it was not.  Given this, Judge Godbey noted that he could consider extending the timeline for class-related discovery.  In any event, Defendants will work with Plaintiffs to complete their production as expediently as possible given the broad scope of the requested discovery.

With respect to ExxonMobil's responses and objections to Plaintiffs' first set of interrogatories, ExxonMobil will serve revised responses.

Finally, we will be back to you as soon as possible with proposed custodians and edits to your search terms.

Regards,
Mike

---

**From:** Thomas Sperber <Thomas.Sperber@blbglaw.com>
**Sent:** Tuesday, March 5, 2024 1:07 PM
**To:** Restey, Michael W (NYC) <Michael.Restey@skadden.com>; Reed, Noelle M (HOU) <Noelle.Reed@skadden.com>; Davis, Abby (HOU) <Abigail.Sheehan@skadden.com>; Milstead, Virginia (LAC) <Virginia.Milstead@skadden.com>; Hampton, Wallis M (HOU) <Wallis.Hampton@skadden.com>; Hanson, Brent M (HOU) <Brent.Hanson@skadden.com>; Docket, Houston (HOU) <dockethouston@skadden.com>; Davis, Michelle L (HOU) <Michelle.Davis@skadden.com>
**Cc:** John Rizio-Hamilton <Johnr@blbglaw.com>; Rebecca Boon <Rebecca.Boon@blbglaw.com>; John Esmay <John.Esmay@blbglaw.com>; Stephen Boscolo <Stephen.Boscolo@blbglaw.com>; Daniel Berger <dberger@gelaw.com>; Caitlin Moyna <cmoyna@gelaw.com>; Lauren Salamon <lsalamon@gelaw.com>; Alex Forgione <aforgione@gelaw.com>
**Subject:** [Ext] RE: Yoshikawa v. Exxon Mobil Corp., No. 21-cv-00194

Counsel,

10

A-0017

It has been nearly one week since your email below committing to propose custodians and respond to our request that Defendants amend their responses and objections to Plaintiffs' interrogatories. We note that Plaintiffs endeavored to provide proposed search terms as quickly as possible to help ensure compliance with the Court's request that Defendants complete their production 30 days after the February 26, 2024 hearing.

Please provide both your list of proposed custodians and your response regarding interrogatory R&Os by the end of the day tomorrow. We are available to meet and confer on Friday March 8 and Monday March 11.

Best,
Tom

---

**From:** Restey, Michael W <Michael.Restey@skadden.com>
**Sent:** Wednesday, February 28, 2024 8:13 PM
**To:** Thomas Sperber <Thomas.Sperber@blbglaw.com>; Reed, Noelle M <Noelle.Reed@skadden.com>; Davis, Abby <Abigail.Sheehan@skadden.com>; Milstead, Virginia <Virginia.Milstead@skadden.com>; Hampton, Wallis M <Wallis.Hampton@skadden.com>; Hanson, Brent M <Brent.Hanson@skadden.com>; Docket, Houston <dockethouston@skadden.com>; Davis, Michelle L <Michelle.Davis@skadden.com>
**Cc:** John Rizio-Hamilton <Johnr@blbglaw.com>; Rebecca Boon <Rebecca.Boon@blbglaw.com>; John Esmay <John.Esmay@blbglaw.com>; Stephen Boscolo <Stephen.Boscolo@blbglaw.com>; Daniel Berger <dberger@gelaw.com>; Caitlin Moyna <cmoyna@gelaw.com>; Lauren Salamon <lsalamon@gelaw.com>; Alex Forgione <aforgione@gelaw.com>; Restey, Michael W <Michael.Restey@skadden.com>
**Subject:** RE: Yoshikawa v. Exxon Mobil Corp., No. 21-cv-00194

**[External]**

---

Counsel,

We are in receipt of your email. We will provide you with our proposed custodians and ExxonMobil's response to your request that it amend its responses and objections to Plaintiffs' interrogatories, but not pursuant to your unreasonable and unilaterally imposed deadlines.

Regards,
Mike

---

**From:** Thomas Sperber <Thomas.Sperber@blbglaw.com>
**Sent:** Wednesday, February 28, 2024 1:03 PM
**To:** Reed, Noelle M (HOU) <Noelle.Reed@skadden.com>; Davis, Abby (HOU) <Abigail.Sheehan@skadden.com>; Milstead, Virginia (LAC) <Virginia.Milstead@skadden.com>; Hampton, Wallis M (HOU) <Wallis.Hampton@skadden.com>; Hanson, Brent M (HOU) <Brent.Hanson@skadden.com>; Docket, Houston (HOU) <dockethouston@skadden.com>; Davis, Michelle L (HOU) <Michelle.Davis@skadden.com>; Restey, Michael W (NYC) <Michael.Restey@skadden.com>
**Cc:** John Rizio-Hamilton <Johnr@blbglaw.com>; Rebecca Boon <Rebecca.Boon@blbglaw.com>; John Esmay <John.Esmay@blbglaw.com>; Stephen Boscolo <Stephen.Boscolo@blbglaw.com>; Daniel Berger <dberger@gelaw.com>; Caitlin Moyna <cmoyna@gelaw.com>; Lauren Salamon <lsalamon@gelaw.com>; Alex Forgione <aforgione@gelaw.com>
**Subject:** [Ext] Yoshikawa v. Exxon Mobil Corp., No. 21-cv-00194

11

A-0018

Counsel,

Plaintiffs are in receipt of your Responses and Objections to Lead Plaintiffs' First Set of Interrogatories. We note that you refused to respond to, or meet and confer concerning, Interrogatories 1-4 and 11, and otherwise merely quote or identify publicly available materials. You also repeatedly object to such interrogatories on the basis that discovery has been bifurcated. In light of the Court's bench ruling on Plaintiffs' Motion to Compel on Monday, your blanket refusal to substantively respond on the basis that our interrogatories call for responses that overlap with merits discovery is untenable. Please confirm by close of business Thursday, February 29, that you will revise your responses and objections by close of business Wednesday, March 6 to align with the Court's ruling. Otherwise, please provide your availability to meet and confer on Friday, March 1.

With regard to Plaintiffs' requests for production of documents, we agree with your proposal that Defendants prepare a list of custodians in the first instance. Plaintiffs reserve all rights to request additional custodians, including after Defendants revise their responses to Plaintiffs' interrogatories. Please provide that list today. Our proposed search terms list is attached.

We are presently finalizing the ESI stipulation and protective order for filing and will send final versions for you to review today.

Best,
Tom

Tom Sperber
**BLB&G**
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas
New York, NY 10020
(212) 554-1939


-----------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

===============================================================================

-----------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be

A-0019

provided upon request.

===============================================================

-----------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

===============================================================

-----------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

===============================================================

-----------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

===============================================================

-----------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be

13

A-0020

provided upon request.

==============================================================================

--------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

==============================================================================

--------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

==============================================================================

14

A-0021

# EXHIBIT C

 

Grant & Eisenhofer P.A.

April 4, 2024

**VIA EMAIL**

Abigail Davis
1000 Louisiana Street
Suite 6800
Houston, Texas 77002

     Re:    *Yoshikawa v. Exxon Mobil Corp. et al.*, 3:21-cv-00194-N (N.D. Tex.)

Dear Ms. Davis:

This letter is to memorialize the April 2, 2024 meet and confer between plaintiffs ("Lead Plaintiffs") and defendants ("Defendants") in the above-captioned action. During the meet and confer, the parties confirmed that they are at an impasse with regard to the issue of whether Darren Woods and Liam Mallon should be custodians. Lead Plaintiffs understand from our call that Defendants refuse to search Woods's and Mallon's documents for any of the categories of requests or run any searches on them. We also understand that Defendants intend to make a motion to the Court seeking a protective order with regard to Woods's and Mallon's documents.

The parties were able to reach agreement with regard to all other custodians, as well as search terms and date ranges, which are set forth in Exhibit A, attached. We expect that if Woods and Mallon ultimately are not custodians, Defendants will add Staale Gjervik as a custodian to the searches, as previously offered.

Thus, the only remaining issue of contention is the schedule for class discovery and the remaining briefing of Plaintiffs' Motion for Class Certification (the "Motion").

With regard to scheduling, Defendants offered to substantially complete document production by June 24, 2024, and proposed an extension to the current schedule of 90 days. Lead Plaintiffs are willing to agree to Defendants' substantial completion deadline, provided that the parties agree that documents be produced on a rolling basis, and that fact discovery be completed by August 8, 2024. Based on these dates, Lead Plaintiffs propose the following schedule:

| | |
|---|---|
| June 24, 2024 | Substantial completion of document production |
| August 8, 2024 | Completion of class discovery, excluding the deposition of Defendants' expert |
| August 8, 2024 | Defendants' Opposition to Lead Plaintiffs' Motion |

Page  2

September 13, 2024   Deadline for deposition of Defendants' expert
September 20, 2024   Lead Plaintiffs' Reply in support of their Motion
October 7, 2024      Submission date for Lead Plaintiffs' Motion

       Please advise as to whether Defendants are amenable to Lead Plaintiffs' proposal by
April 8, 2024.

                                              Very truly yours,


/s/ *Rebecca E. Boon*                         /s/ *Daniel L. Berger*


John Rizio-Hamilton (*pro hac vice*)          Daniel L. Berger (*pro hac vice*)
johnr@blbglaw.com                             dberger@gelaw.com
Rebecca E. Boon (*pro hac vice*)              Caitlin M. Moyna (*pro hac vice*)
rebecca.boon@blbglaw.com                      cmoyna@gelaw.com
John J. Esmay (*pro hac vice*)                Lauren J. Salamon (*pro hac vice*)
john.esmay@blbglaw.com                        lsalamon@gelaw.com
Thomas Sperber (*pro hac vice*)               **GRANT & EISENHOFER PA**
thomas.sperber@blbglaw.com                    485 Lexington Avenue
Stephen Boscolo (*pro hac vice*)              New York, New York 10017
stephen.boscolo@blbglaw.com                   Phone: (646) 722-8500
**BERNSTEIN LITOWITZ BERGER &**               Fax: (646) 722-8501
**GROSSMANN LLP**
1251 Avenue of the Americas                   *Co-Lead Counsel for the Class and Counsel*
New York, New York 10020                      *for Co-Lead Plaintiff Amalgamated Bank*
Phone: (212) 554-1400
Fax: (212) 554-1444


*Co-Lead Counsel for the Class and Counsel*   Lewis T. LeClair
*for Co-Lead Plaintiff State of Rhode Island,* Texas Bar No. 12072500
*Office of the General Treasurer, on behalf of* lleclair@mckoolsmith.com
*the Employees' Retirement System of Rhode*   **McKOOL SMITH PC**
*Island*                                      300 Crescent Court, Suite 1500
                                              Dallas, Texas 75201
                                              Phone: (214) 978-4000
                                              Fax: (214) 978-4044


                                              *Liaison Counsel for the Class*



Encl.: Schedule A


                                                                              A-0023

Page  3

<u>**Schedule A**</u>

Agreed Search Protocol

Defendants will search email inboxes, My Site servers, shared drives, local H drives, and hard copy documents of the following custodians using the enumerated search terms.

1. <u>**Request No. 6**</u>
   a. **Custodian(s)**
      i. Casey Norton (Corporate Media Manager)
   b. **Search Terms**
      i. Lindsey OR Gulden OR Damian OR Burch
      ii. (Permian OR Delaware OR WSJ OR "Wall Street Journal" OR "the Journal" OR "WS Journal") AND (whistleblow* OR OR "whistle blow*" OR Rosero OR (Chris* w/5 Matthews))
      iii. (Permian OR Delaware) AND (WSJ OR "Wall Street Journal" OR "the Journal")
      iv. (Permian OR Delaware) AND (journalist w/25 (speak* OR spoke OR disclos* OR talk*))
   c. **Date Range**
      i. August 1, 2020 – January 15, 2021
2. <u>**Request Nos. 1, 3, 5, 7**</u>
   a. **Custodian(s)**
      i. Melissa Bond (Delaware Development Manager)
      ii. Dr. Lindsey Gulden (Data Science and Optimization Team Lead, Digital Transformation)
      iii. Dr. Damian Burch (Principal Data Scientist)
      iv. Neil Hansen (Vice President, Investor Relations)
      v. Stephen Littleton (Vice President, Investor Relations)
      vi. Rich DuCharme (Reserves Manager)
      vii. Kirsten Bannister (Team Lead – STP Advisor)
      viii. Elizabeth Hay (Global Reserves & Resources Supervisor – STP-A)
      ix. Sam Wiley (Staff Engineers Regional Coordinator)
      x. Ozgur Ozen (Delaware Development Planning Team supervisor)

Page  4

   xi. Afif Alafifi (Reservoir Engineer for the Permian Basin)

   xii. F. Terry Perkins (Senior Vice President of Reservoir Engineering)

   xiii. Andrew Bridwell (Senior Project Controls Manager, Contractor)

   xiv. Kaylene Tovar (Reservoir Engineer, XTO Energy)

   xv. Kendal Decker (Permian Drilling Manager)

b. **Search Terms**

   i. "learning curve*" AND ( (dev* w/5 plan) OR "CP19" OR "19CP")

   ii. ((dev* w/5 plan) OR "CP19" OR "19CP") w/50 (reserve* OR resource* OR base* OR (produc* w/20 (Permian OR Delaware OR Upstream)))

   iii. (Permian OR Delaware OR Upstream) AND produc* AND (impossible OR unachievab* OR unrealistic OR "not realistic" OR false)

   iv. (drill* OR produc* OR learn* OR growth OR develop* OR optimiz* OR enhance) AND (plan OR forecast OR model OR perform* OR speed* OR time* OR rate* OR assum* OR curve OR (days w/2 depth) OR (days w/2 MD)) AND (reserve* OR resource* OR base*)

   v. (POD OR DP OR "decline curve" OR DCA) AND (reserve OR resource* OR base*)

   vi. (claw* /3 back) AND (NPV OR PV OR valu*)

   vii. (Permian OR Delaware) AND (drill* OR produc* OR learn* OR growth OR develop* OR optimiz* OR enhance) AND (plan OR forecast OR model OR perform* OR speed* OR time* OR rate* OR assum* OR curve OR (days w/2 depth) OR (days w/2 MD)) AND (NPV OR PV OR valu*)

   viii. (Permian OR Delaware) AND (POD OR DP OR "decline curve" OR DCA) AND (NPV OR PV OR valu*)

   ix. (Woods OR Permian OR Delaware OR "green blob" OR (Accelerat* w/5 value) OR (aggressive w/5 growth) w/30 ("1 mil*" OR "one mil*" OR "a mil*" OR 1M or "1 M" OR "1,000,000")

   x. Unleash* w/3 hounds

   xi. Innovat* w/3 "development plan"

   xii. "This is a Lie" OR "Please_do_not_turn_this_into_a_lie" OR ((Lie OR Lying OR liar) AND ("learning curve*" OR (dev* w/5 plan) OR reserve* OR resource* OR base* OR (million /5 barrels) OR produc* OR data OR Permian OR Delaware OR drill* OR SEC OR file OR doc*))

c. **Date Range**

Page  5

        i.  March 1, 2019 – June 1, 2020

3. **Request Nos. 2, 4**

    a. **Custodian(s)**

        i.  Neil Hanson

       ii.  Stephen Littleton

    b. **Search Terms**

        i.  (XOM OR stock OR share* OR price*) /25 (fall* OR fell* OR drop* OR declin* OR rising OR rise* OR rose OR increase* OR react* OR bump* OR dip* OR move* OR change)

    c. **Date Range**

        i.  February 19, 2019 – March 19, 2019

       ii.  April 12, 2019 – May 10, 2019

      iii.  June 4, 2019 – July 2, 2019

      iv.  August 21, 2019 – September 18, 2019

       v.  January 17, 2020 – March 19, 2020

      vi.  April 17, 2020 – May 15, 2020

     vii.  January 1, 2021 – January 29, 2021

A-0026