# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

|  |  |  |
|---|---|---|
| MENDI YOSHIKAWA, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) | |
| *Plaintiff*, | ) ) ) | Civil Action No. 3:21-cv-00194-N |
| v. | ) ) | |
| EXXON MOBIL CORPORATION, DARREN W. WOODS, LIAM M. MALLON, and MELISSA BOND, | ) ) ) ) | |
| *Defendants*. | ) ) | |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL**
**AUTHORITY IN SUPPORT OF MOTION**
**FOR JUDGMENT ON THE PLEADINGS**

Defendants Exxon Mobil Corporation, Darren W. Woods, Liam M. Mallon, and Melissa Bond (collectively, "Defendants") file this notice of supplemental authority in further support of their Motion for Judgment on the Pleadings (the "Motion") [Dkt. No. 123]. On March 27, 2024, the United States District Court of the Southern District of Ohio issued an opinion in *In re: Washington Prime Group, Inc. Securities Litigation*, No. 2:21-cv-2757, 2024 WL 1307103 (S.D. Ohio Mar. 27, 2024) dismissing a scheme liability claim based on the plaintiffs' failure to plead how allegedly false internal data was presented to anyone outside the company. A copy of the *Washington Prime Group* opinion is attached.

In *Washington Prime Group*, the district court dismissed the plaintiffs' scheme liability claims on the grounds that plaintiffs had failed to plead "any substantive allegations supporting a theory of scheme liability based on conduct beyond the alleged misstatements" because the

Complaint failed to allege that the results of the individual defendants' purported manipulation of yield figures "were externally distributed, examined, or reviewed."[1]  *Id.* at \*27-28.

In reaching this conclusion, the court noted a "critical distinction" between *Washington Prime Group*, and *S.E.C. v. City of Miami, Fla.*, 988 F. Supp. 2d 1343, 1352 (S.D. Fla. 2013), a case cited by Plaintiffs here in their opposition to Defendants' Motion:

> "In [the *City of Miami*] case and others like it, false financial documents were presented to auditors, credit rating agencies, financial institutions or other third parties to deceive them and accomplish a step in furtherance of the scheme, such as obtaining a clean audit or favorable credit rating.  The company's scheme in those cases was to deceive external systems – audits, credit ratings, etc. – in order to maintain or increase the desirability of the company's securities in the eyes of investors."

*Washington Prime Group*, 2024 WL 1307103, at \*27 (emphasis added).  In *Washington Prime Group*, however, there was no allegation that false information was "externally distributed, examined, or reviewed."  *Id.*  Accordingly, because the Complaint showed that the allegedly false information "went nowhere beyond [WPG's] own managers," the court held that as pleaded, defendants' actions could not have deceived investors, as is required to support a scheme liability claim.

The facts of *Washington Prime Group* are on all fours with this case.  *See* Dkt. 123 at 5-7.  In both cases, plaintiffs alleged that defendants falsified *internal* data but failed to allege that the false information was conveyed to investors or other outsiders.  *See* Dkt. 125 at 5-6; *Washington Prime Group*, 2024 WL 1307103, at \*3.  Here, in its decision on the second Motion to Dismiss, this Court found as much, holding that it could not credit the SAC's allegations about meetings between Bond, Woods, and Mallon—the only alleged link between Bond's internal conduct and investors or outsiders.  *Washington Prime Group* provides additional authority

---

[1] Although the court acknowledged that defendants argued that scheme liability was not asserted in the Complaint, the court addressed the merits of plaintiffs' argument that the internal manipulation of yield figures constituted a "scheme or artifice to defraud."  *Id.* at \*27.

supporting the position on Defendant's Motion that the facts alleged in the SAC cannot support a scheme liability claim because, in the absence of any pleaded fact suggesting that the allegedly deceptive acts were communicated to investors, the conduct alleged "did not 'operate as a fraud or deceit upon any person,' as is required for a deceptive act to support a claim of scheme liability." *Washington Prime Group*, 2024 WL 1307103, at *28. In addition, for all the reasons explained by the court in *Washington Prime Group*, Plaintiffs' citation to *S.E.C. v. City of Miami, Fla.*, 988 F. Supp. 2d 1343 (S.D. Fla. 2013) (*see* Dkt. 125 at 24), is misplaced because it is distinguishable from the case at bar.

Dated: April 11, 2024

Respectfully submitted,

/s/ Noelle M. Reed
Noelle M. Reed
   State Bar No. 24044211
Abigail E. Davis
   State Bar No. 24139564
Wallis M. Hampton
   State Bar No. 00784199
Brent M. Hanson
   State Bar No. 24106051
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
1000 Louisiana Street, Suite 6800
Houston, Texas 77002
Tel.: (713) 655-5122
Fax: (713) 483-9122
noelle.reed@skadden.com
abigail.sheehan@skadden.com
wallis.hampton@skadden.com
brent.hanson@skadden.com

Michelle L. Davis
   State Bar No. 24038854
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
308 Bahama Court
Granbury, Texas 76048
Tel.: (713) 655-5197
Fax: (713) 483-9197
michelle.davis@skadden.com

Michael W. Restey Jr. (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001-8602
Tel.: (212) 735-3000
Fax: (212) 735-2000
michael.restey@skadden.com

*Attorneys for Defendants Exxon Mobil Corporation, Darren W. Woods, Liam M. Mallon, and Melissa Bond*

4