**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| MENDI YOSHIKAWA, Individually and On Behalf of All Others Similarly Situated, <br><br> *Plaintiff*, <br><br> v. <br><br> EXXON MOBIL CORPORATION, DARREN W. WOODS, LIAM M. MALLON, and MELISSA BOND, <br><br> *Defendants*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Civil Action No. 3:21-cv-00194-N

**<u>DEFENDANTS' MOTION TO ENFORCE PROTECTIVE ORDER</u>**

SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
1000 Louisiana Street, Suite 6800
Houston, TX 77002
Tel.: (713) 655-5100

*Attorneys for Defendants Exxon Mobil Corporation, Darren W. Woods, Liam M. Mallon, and Melissa Bond*

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................1

BACKGROUND ................................................................................................................2

    I.      The Court entered a Protective Order governing the use of the Parties' Confidential and Highly Confidential Information ..............................................2

    II.    Plaintiffs sought production of Confidential Information from Defendants, which Defendants designated as Confidential pursuant to the Court's Protective Order..................................................................................................4

    III.    Plaintiffs disclosed ExxonMobil's Confidential Information to Burch after the Parties agreed to cancel Burch's deposition ......................................5

ARGUMENT......................................................................................................................7

    I.      Plaintiffs violated the Protective Order by disclosing ExxonMobil's Confidential Information to Burch.........................................................................7

    II.    Plaintiffs should be ordered to comply with Paragraph 12 of the Protective Order and subject to sanctions under Fed. R. Civ. P. 37(b)................................10

CONCLUSION..................................................................................................................11

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bead Filters International, LLC v. Mills,*
2009 WL 3837863 (W.D. Tex. Nov. 12, 2009) ................................................................ 10, 11

*FTC v. Hold Billing Services, Ltd.,*
2014 WL 12873039 (W.D. Tex. Apr. 4, 2014) ...................................................................... 10

*Harrell v. CheckAGAIN, LLC,*
2006 WL 5453652 (S.D. Miss. July 31, 2006) ......................................................................9

*Positive Software Solutions, Inc. v. New Century Mortgage Corp.,*
2004 WL 7329341 (N.D. Tex. Mar. 3, 2004) .................................................................... 9, 10

*Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.,*
685 F.3d 486 (5th Cir. 2012) .................................................................... 7, 8, 10, 11

*Super Future Equities, Inc. v. Wells Fargo Bank, N.A.,*
2007 WL 9717292 (N.D. Tex. Dec. 3, 2007) .................................................................... 10, 11

*Vicknair v. Louisiana Department of Public Safety & Corr.,*
555 F. App'x 325 (5th Cir. 2014) ...............................................................................8

**Rules**

Fed. R. Civ. P. 37(b)(2) ..............................................................................................8

Pursuant to Federal Rule of Civil Procedure 37(b) ("Rule 37(b)"), Defendants Exxon Mobil Corporation ("ExxonMobil" or the "Company"), Darren W. Woods ("Woods"), Liam M. Mallon ("Mallon"), and Melissa Bond ("Bond") (together, "Defendants") respectfully move to enforce the Court's Protective Order (ECF 138) ("Protective Order" or "PO"), entered on March 4, 2024.

## INTRODUCTION

Plaintiffs' Motion for Leave to File a Third Amended Class Action Complaint ("Motion for Leave") and their Reply make clear that Plaintiffs violated the Protective Order entered in this case.   Plaintiffs admit that they conducted an *ex parte* interview of ExxonMobil's former employee, Damian Burch ("Burch") – a non-party who is suing the Company in separate litigation – and asked him to "confirm" the contents of Defendants' Confidential Information.[1]  In their Reply, Plaintiffs claim that they were entitled to disclose ExxonMobil's Confidential Information to any of ExxonMobil's thousands of former employees.  But that position is not only absurd, it is unsupported by the Protective Order provision on which they rely.  That provision, which refers to a "presiding judge" and "reporter," clearly applies only to disclosures to witnesses during formal witness testimony.  But Plaintiffs deliberately chose **not** to proceed with a scheduled deposition of Burch with ExxonMobil counsel present.  Instead, Plaintiffs conducted an *ex parte* interview of Burch, divulged Defendants' Confidential Information to him during that interview, and then used the information from that interview to draft their Proposed Third Amended Complaint ("PTAC") and Motion for Leave.  There is nothing in the Protective Order that justifies Plaintiffs' use of ExxonMobil's Confidential Information in a private interview to bolster their attempt to plead their claims for a fourth time.

---

[1]    Capitalized terms not defined herein have the same meaning ascribed to them in the Protective Order.

Because Plaintiffs' own representations in their Motion for Leave and their Proposed Third Amended Complaint make clear that Plaintiffs disclosed ExxonMobil's Confidential Information to Burch in violation of the Protective Order, this Court should enforce Paragraph 12 of the Protective Order by requiring that Plaintiffs provide a full accounting of the Confidential Information they disclosed to Burch and providing to Defendants their interview notes or memoranda.  In addition, Plaintiffs' conduct warrants the imposition of sanctions pursuant to Rule 37(b), including, without limitation, Defendants' reasonable attorneys' fees and costs incurred as a result of Plaintiffs' violations of the Protective Order.

## BACKGROUND

### I.   The Court entered a Protective Order governing the use of the Parties' Confidential and Highly Confidential Information

On March 4, 2024, this Court entered the Protective Order that governed the exchange and use of the parties' confidential and highly confidential information.  (ECF 138.)  The Protective Order generally follows this Court's standard form protective order with minor modifications agreed to by the parties to "provide additional protections and safeguards against the dissemination of their respective confidential information."  (ECF 134.)  The Court's Protective Order allows the parties to designate information Confidential or Confidential Attorneys' Eyes Only depending on the sensitive nature of the material produced.  (PO ¶ 2.)  Pursuant to the Protective Order, "the 'Confidential Information' designation means that the document is comprised of trade secrets or commercial information that is not publicly known and is of technical or commercial advantage to its possessor," "or other information required by law or agreement to be kept confidential."  (*Id.*)

In recognition of the sensitive nature of Confidential Information, the Protective Order limits the categories of people to whom Confidential Information may be disclosed.  In particular, Paragraph 7 sets forth six categories of people to whom Confidential Information may be

2

disclosed: (a) the receiving party and its employees (meaning the party to whom the documents or information are produced), (b) in-house and outside counsel for the receiving party, (c) litigation counsel's supporting personnel, (d) experts or consultants retained in the litigation, or (e) persons requested by litigation counsel to furnish litigation-related services such as document hosting, managed review, document coding, image scanning, mock trial, jury profiling, mediation or dispute resolution services, translation services, demonstrative exhibit preparation, or the creation of any computer database from documents.  (PO ¶ 7(a)-(f).)  Neither former employees of a party nor original senders or recipients of Confidential Information fall within these enumerated categories.  (*Id.*)

The Protective Order also contemplates that Confidential Information may be disclosed during formal testimony such as depositions or trial testimony.  Paragraph 11 provides that Confidential Information may be disclosed to certain persons who are "not already allowed access to such information under this Protective Order," if: "(a) the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6); (b) the designating party is the person or is a party for whom the person is a current or former director, officer, employee, consultant or agent; or (c) counsel for the party designating the material agrees that the material may be disclosed to the person."  (PO ¶ 11.)  But Paragraph 11 specifies that "[i]n the event of disclosure **<u>under this paragraph</u>**, only 'the reporter,' the person, his or her counsel, 'the presiding judge,' and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of Confidential Information."  (PO ¶ 11.)  In other words, Paragraph 11 plainly contemplates disclosure during a deposition (at

3

which there would be a court *reporter*) or during hearing or trial testimony before a "presiding judge." (*Id.*)

The Protective Order provides that violations of its terms are "enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt." (*Id.* ¶ 19.)  "All other remedies available to any person injured by a violation of this Protective Order are fully reserved." (*Id.*)  Paragraph 12 of the Protective Order also provides that, in the event Confidential Information or Confidential Attorney Eyes Only Information is disclosed "to any person other than in the manner authorized by this Protective Order," the party responsible for the loss of confidentiality "shall immediately," among other things, "inform the producing party of ***all pertinent facts*** relating to the disclosure or loss of confidentiality." (PO ¶ 12.)

## II.    Plaintiffs sought production of Confidential Information from Defendants, which Defendants designated as Confidential pursuant to the Court's Protective Order

Throughout class certification discovery, Plaintiffs have sought production of Confidential and Confidential Attorney Eyes Only Information regarding how ExxonMobil evaluates and values its assets, prepares its plans to develop those assets, and estimates its proved reserves. (Exs. A, B; ECF 127.)  In the Rule 26(f) Report, Plaintiffs asserted they needed "discovery relevant to any analysis of the price impact of all alleged misstatements and omissions, the materiality of such misstatements and omissions, and the manner in which the scheme affected the public statements," including "discovery concerning the impact of false 'learning curve' drilling assumptions that were incorporated into statements to investors." (ECF 116 at 11.)  On November 30, 2023, Plaintiffs served their First Requests for Production of Documents to Defendants ExxonMobil and Melissa Bond (the "Requests"), which propounded twenty broad, merits-based requests. (Ex. B.)  Shortly thereafter, on December 11, 2023, the Court entered the

4

Class Certification Scheduling Order (the "Scheduling Order"), staying all discovery "except regarding class certification." (ECF 122.) During two discovery disputes subsequent to the entry of the Scheduling Order, Plaintiffs insisted that they required merits discovery regarding ExxonMobil's learning curves to prosecute their motion for class certification. (ECF 127 at 1-4, 15-16; ECF 147 at 5.) The Court ordered Defendants to produce the requested materials. (ECF 139 at 3; ECF 153 at 3-4.)

Complying with this Court's orders, Defendants have produced 22,428 documents to date. (ECF 166 at 9.) Given the sensitive nature of these documents, Defendants have designated documents as Confidential Information or Confidential Attorney Eyes Only Information as permitted by the Court's Protective Order.

### III.    Plaintiffs disclosed ExxonMobil's Confidential Information to Burch after the Parties agreed to cancel Burch's deposition

Plaintiffs' allegations in their Complaint are "based, in part, on findings [OSHA] made with respect to two whistleblowers, Dr. Damian Burch and Dr. Lindsey Gulden." (ECF 160 at 3.) Burch and Gulden – both of whom are litigating employment claims against ExxonMobil in federal court in New Jersey, *see Gulden et al. v. Exxon Mobil Corp.*, Case No. 3:22-cv-07418-MAS-TJB (D.N.J.) – did not work in ExxonMobil's drilling organization, were not members of the Permian Basin Drilling Team, and were not involved in estimating how long it would take to drill wells. Instead, as Plaintiffs' own allegations make clear, Burch was a "computational scientist" who helped with "mathematical modeling." (ECF 92 ¶¶ 19, 117-18.) That is, he helped run models used by the development planning team – and the learning curve assumptions were just one input in the models provided by the drilling experts for the "mathematical modeling."

In connection with class certification discovery, the Parties scheduled and noticed a deposition of Burch on September 18, 2024. (Ex. C at 8.) On August 20, 2024, and just minutes

5

before the first scheduled class discovery deposition, Plaintiffs notified Defendants they intended to file a motion to amend their complaint. (Ex. C at 1.) In light of this anticipated motion, the Parties agreed to defer any further discovery, including postponing all depositions that had previously been scheduled, and negotiated a schedule for briefing the anticipated motion. (Ex. C at 1-2; ECF 164.) Plaintiffs failed to disclose to Defendants, however, that they planned to conduct a private, *ex parte* interview of Burch, outside the presence of Defendants' counsel. Had they revealed their intent, Defendants would not have agreed to postpone the deposition of Burch.

Plaintiffs first revealed to Defendants and to the Court that they "***re-interviewed***" Burch in "September 2024" when they filed their motion to file a Third Amended Complaint. (ECF 160 at 12.) Plaintiffs' Proposed Third Amended Complaint also reveals that they disclosed to Burch documents designated "Confidential" under the Court's Protective Order. (*See,* e.g., ECF 160-1 ("PTAC") ¶¶ 183-86, 189, 203-04, 225-26, 229.) For example:

- Plaintiffs showed Burch or disclosed the contents of emails from May 21, 2019, and May 22, 2019, produced by Defendants and marked "Confidential – Subject to Protective Order," assessing various assumptions used in the Company's planning process and asked Burch to "confirm" the conclusions ExxonMobil drew, and should have drawn, from those assumptions. (PTAC ¶¶ 184-86.)

- Plaintiffs showed Burch or disclosed the contents of an October 11, 2019 email, produced by Defendants and marked "Confidential – Subject to Protective Order," from Melissa Bond to Staale Gjervik, Carman Mullins, and Chad Rasmussen, and rely in the PTAC on Burch's criticism of Bond's analysis contained in that email. (PTAC ¶¶ 225-26.)

6

- Plaintiffs showed Burch or disclosed the contents of a November 20, 2019 email, produced by Defendants and marked "Confidential – Subject to Protective Order," from Liam Mallon to Neil Duffin, Stephen Greenlee, and Linda DuCharme, and allege that "Dr. Burch confirmed" Plaintiffs' interpretation of certain projections contained in the email and its attachment.  (PTAC ¶ 229.).

Plaintiffs then relied on Burch's interpretation and "confirm[ation]" of the Confidential Information contained in these and other documents to bring their motion to revive their claims under Section 10(b) and Rule 10b-5(b) and the claim under Rule 10b-5(a) and (c) against Mallon that this Court has already dismissed with prejudice.  (ECF 112 at 22.)

Defendants raised the violation of the Protective Order in their opposition to Plaintiffs' Motion for Leave.  (ECF 166 at 32-34.)  On reply, Plaintiffs confirmed that they had shown Confidential Information to Burch but attempted to justify the violation of the Protective Order by claiming that Paragraph 11(b) permitted the disclosure of Confidential Information to **any** former ExxonMobil employee.  (ECF 170 at 16.)  Plaintiffs also argued that "nearly" all of ExxonMobil's Confidential Information they showed to Burch was also either authored or received by him, making the disclosure permissible under Paragraph 11(a) of the Protective Order as well.  (*Id.*)  Both arguments are contrary to the language and logic of the Protective Order itself.

## ARGUMENT

### I.    Plaintiffs violated the Protective Order by disclosing ExxonMobil's Confidential Information to Burch

Federal Rule of Civil Procedure 37 provides the court with broad powers to impose any sanctions it deems just to remedy a violation of a discovery order, including "striking pleadings," "dismissing the action or proceeding in whole or in part," and "reasonable expenses, including attorney's fees, caused by the failure."  Fed. R. Civ. P. 37(b)(2); *see Smith & Fuller, P.A. v. Cooper*

*Tire & Rubber Co.*, 685 F.3d 486, 488-89 (5th Cir. 2012).  Rule 37(b)(2) sanctions "must be both just and specifically related to the claim at issue in the discovery order." *Vicknair v. Louisiana Dep't of Pub. Safety & Corr.*, 555 F. App'x 325, 332 (5th Cir. 2014).  In addition, as discussed above, Paragraph 12 of the Protective Order requires a party breaching the Protective Order to "immediately inform the producing party of all pertinent facts relating to the disclosure or loss of confidentiality."  (PO ¶ 12.)

The Protective Order allows the parties to designate documents containing "trade secrets or commercial information that is not publicly known and is of technical or commercial" advantage as Confidential Information.  (*Id.* ¶ 2.)  Defendants availed themselves of that protection by designating portions of the production as Confidential Information or Confidential Attorney Eyes Only Information.  Given their sensitive nature, the Protective Order limits the categories of people to whom Confidential Information may be disclosed, which includes in-house and external counsel and counsel's supporting personnel.  (*Supra* pp. 2-3.)  Former employees of a party are not included in those categories.  (*Supra* pp. 2-3.)

Plaintiffs concede they disclosed Confidential Information to Burch (*supra* pp. 5-7), a former ExxonMobil employee who does not fall into any of the categories outlined in Paragraph 7 of the Protective Order.  This is a straightforward violation of the Court's Protective Order.

Plaintiffs erroneously contend that their disclosure of ExxonMobil Confidential Information was permitted by Paragraph 11 of the Protective Order.  But that Paragraph plainly applies to disclosures made during testimony.  Paragraph 11 states that for any disclosure under that Paragraph, "only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of Confidential Information."  (*Id.* ¶ 11.)  In other words, that

8

provision applies only to testimony provided in front of a court reporter or judge. In light of this language, it is clear that the disclosure of Confidential Information to former employees or to persons who authored or received that information that is permitted by Paragraph 11 is intended to be limited to those specific settings, rather than serving as blanket authorization to disclose any Confidential Information to any former employee of the producing party. Any other interpretation would do violence to the plain language and clear intent of the Protective Order. *See Harrell v. CheckAGAIN, LLC*, 2006 WL 5453652, at *4 (S.D. Miss. July 31, 2006) ("A protective order should be read in a reasonable and common sense manner so that its prohibitions are connected to its purpose." (citation omitted)); *Positive Software Sols., Inc. v. New Century Mortg. Corp.*, 2004 WL 7329341, at *8 (N.D. Tex. Mar. 3, 2004) (Godbey, J.) ("The Protective Order does not exist in a vacuum, and it should be read in the context of the litigation.").

Plaintiffs' apparent reading of Paragraph 11 to mean that because Burch is a former employee of ExxonMobil, they are entitled to show him every page of ExxonMobil Confidential Information they please in their *ex parte* interview would render Paragraph 7, which limits disclosure "by the receiving party" only to the receiving party and its employees, counsel and counsel's supporting personnel, a nullity. *Positive Software Sols., Inc.*, 2004 WL 7329341, at *6 (courts are "reluctant to interpret [protective] orders in a manner that renders them a pointless exercise . . . . particularly . . . when, as here, there is an alternative construction that gives life and effect to the order.") ExxonMobil has tens of thousands of former employees. Some have gone on to work at direct competitors and some – like Burch – are engaged in ongoing disputes with the Company. In drafting its form order, the Court cannot have intended its protections to be so illusory that every one of those former employees – regardless of when they were employed, how long they were employed, or whether they were involved at all with the subjects at issue in this

litigation – may be shown the most sensitive ExxonMobil Confidential Information without even agreeing to be bound by the Protective Order and without disclosure to ExxonMobil.  Under Plaintiffs' reading, the "Protective" Order provides no protection at all.  Paragraph 11 is not intended to give former employees unfettered access to ExxonMobil's Confidential Information at Plaintiffs' sole discretion.  *See id.* ("The Fifth Circuit has made clear that it will not interpret 'confidential information' in a way that renders a protective order a nullity.").

## II.    Plaintiffs should be ordered to comply with Paragraph 12 of the Protective Order and subject to sanctions under Fed. R. Civ. P. 37(b)

"[O]nce a protective order has been violated, the burden is on the party that violated the order to show why such violation was substantially justified." *Super Future Equities, Inc. v. Wells Fargo Bank, N.A.*, 2007 WL 9717292, at \*1 (N.D. Tex. Dec. 3, 2007).  Here, Plaintiffs can offer no substantial justification for their violation.   Plaintiffs used Defendants' Confidential Information during an informal interview of a former employee actively pursuing litigation against the Company after his deposition – and thus Defendants' opportunity to be present – was canceled following Plaintiffs' representation that they intended to move to amend their operative complaint. And they did so solely to seek additional facts to bolster amendments of the same claims this Court has already dismissed with prejudice.

Even if Plaintiffs' interpretation of Paragraph 11 were merely mistaken rather than clearly wrong, that would not excuse their violation of the Order.  "[T]here is no good faith exception to the requirement of obedience to a court order."  *FTC v. Hold Billing Servs., Ltd.*, 2014 WL 12873039, at \*19 (W.D. Tex. Apr. 4, 2014); *see also Cooper Tire & Rubber Co.*, 685 F.3d at 487 (affirming sanctions imposed by the district court for violating the court's protective order despite finding plaintiffs' counsel "did not willfully violate the [p]rotective [o]rder"); *Bead Filters Int'l,*

*LLC v. Mills*, 2009 WL 3837863, at \*3 (W.D. Tex. Nov. 12, 2009) ("The lack of willfulness, however, does not preclude the imposition of civil sanctions.").

In light of Plaintiffs' breach, the Court should order Plaintiffs to comply with the requirements of Paragraph 12 of the Protective Order.  Specifically, Plaintiffs should provide a full accounting of the ExxonMobil Confidential Information that was disclosed to Burch, as well as their notes and memoranda from the *ex parte* interview.  In addition, given Plaintiffs' conduct, sanctions pursuant to Fed. R. Civ. P. 37(b) are appropriate.  Plaintiffs agreed to postpone Burch's deposition and then conducted an *ex parte* interview using Defendants' Confidential Information. They did so to prevent Defendants from being present, asking questions, and, as outlined in Defendants' opposition to the Motion for Leave, further developing the already robust factual record that is contrary to the assertions in the Motion for Leave and the allegations in Plaintiffs' most recent iteration of the complaint.  At a minimum, Plaintiffs should be ordered to pay Defendants reasonable attorneys' fees and costs incurred as a result of Plaintiffs' violations of the Protective Order, plus any additional fees Defendants are forced to incur in preparing a reply brief and appearing at a hearing to prosecute this motion.  *See Cooper Tire & Rubber Co.*, 685 F.3d at 487 (ordering attorneys' fees and expenses to be paid by the party for violating the court's protective order); *Super Future Equities, Inc.*, 2007 WL 9717292, at \*2 (same).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' motion to enforce the protective order.  Defendants respectfully request that the Court issue an order:

1.    finding that Plaintiffs violated the Court's Protective Order entered on March 4, 2024 (ECF 138);

2.    requiring Plaintiffs to provide a full accounting of all ExxonMobil Confidential

11

Information that was disclosed to Burch, pursuant to Plaintiffs' obligations under Paragraph 12 of the Protective Order;

3.  requiring Plaintiffs to provide Defendants with any notes or memoranda from their *ex parte* interview of Burch;

4.  awarding Defendants reasonable attorneys' fees and costs incurred as a result of Plaintiffs' violations of the Protective Order plus any additional fees Defendants are forced to incur in preparing a reply brief and appearing at hearing to prosecute this motion; and

5.  any other sanctions that the Court deems just and proper.

Dated: December 16, 2024                    Respectfully submitted,

                                            */s/ Noelle M. Reed*
                                            Noelle M. Reed
                                                State Bar No. 24044211
                                            Abigail E. Davis
                                                State Bar No. 24139564
                                            Wallis M. Hampton
                                                State Bar No. 00784199
                                            SKADDEN, ARPS, SLATE,
                                                MEAGHER & FLOM LLP
                                            1000 Louisiana Street, Suite 6800
                                            Houston, Texas 77002
                                            Tel.: (713) 655-5122
                                            Fax: (713) 483-9122
                                            noelle.reed@skadden.com
                                            abigail.sheehan@skadden.com
                                            wallis.hampton@skadden.com

                                            Michelle L. Davis
                                                State Bar No. 24038854
                                            SKADDEN, ARPS, SLATE,
                                                MEAGHER & FLOM LLP
                                            308 Bahama Court
                                            Granbury, Texas 76048
                                            Tel.: (713) 655-5197
                                            Fax: (713) 483-9197
                                            michelle.davis@skadden.com

                                            Michael W. Restey Jr. (admitted *pro hac vice*)
                                            SKADDEN, ARPS, SLATE,
                                                MEAGHER & FLOM LLP
                                            One Manhattan West
                                            New York, New York 10001
                                            Tel.: (212) 735-3000
                                            Fax: (212) 735-2000
                                            michael.restey@skadden.com

                                            *Attorneys for Defendants Exxon Mobil
                                            Corporation, Darren W. Woods, Liam M.
                                            Mallon, and Melissa Bond*

13

**CERTIFICATE OF SERVICE**

I hereby certify that on December 16, 2024, I served the foregoing on all counsel of record via ECF.

*/s/ Noelle M. Reed*
Noelle M. Reed


**CERTIFICATE OF CONFERENCE**

I, Michael W. Restey Jr., hereby certify that, on December 13 and 16, 2024, counsel for Defendants and counsel for Lead Plaintiffs conferred regarding Plaintiffs' violation of the Court's Protective Order. Counsel for Defendants informed counsel for Lead Plaintiffs that they would move the Court to enforce the Protective Order, and the parties determined they had reached an impasse on these issues.

*/s/ Michael W. Restey Jr.*
Michael W. Restey Jr.

14