**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| MENDI YOSHIKAWA, Individually and On Behalf of All Others Similarly Situated, *Plaintiff*, v. EXXON MOBIL CORPORATION, DARREN W. WOODS, LIAM M. MALLON, and MELISSA BOND, *Defendants*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 3:21-cv-00194-N |

**APPENDIX IN SUPPORT OF
<u>DEFENDANTS' MOTION TO ENFORCE PROTECTIVE ORDER</u>**

SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
1000 Louisiana Street, Suite 6800
Houston, TX 77002
Tel.: (713) 655-5122
Fax: (713) 483-9122

*Attorneys for Defendants Exxon Mobil
Corporation, Darren W. Woods, Liam M.
Mallon, and Melissa Bond*

In support of Defendants' Motion to Enforce Protective Order, attached are true and correct copies of the following documents:

| Exhibit No. | Description | Page(s) |
|---|---|---|
| 1 | Declaration of Noelle M. Reed | A-1 – A-2 |
| A | Lead Plaintiffs' First Request for Production of Documents to Defendants Darren W. Woods and Liam M. Mallon | A-3 – A-10 |
| B | Lead Plaintiffs' First Request for Production of Documents to Defendants Exxon Mobil Corporation and Melissa Bond | A-11 – A-23 |
| C | Email thread between Michael Restey, counsel for Defendants and counsel for Plaintiffs between July 22, 2024 and August 20, 2024 | A-24 – A-34 |

Dated: December 16, 2024

Respectfully submitted,

/s/ Noelle M. Reed
Noelle M. Reed
   State Bar No. 24044211
Abigail E. Davis
   State Bar No. 24139564
Wallis M. Hampton
   State Bar No. 00784199
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
1000 Louisiana Street, Suite 6800
Houston, Texas 77002
Tel.: (713) 655-5122
Fax: (713) 483-9122
noelle.reed@skadden.com
abigail.sheehan@skadden.com
wallis.hampton@skadden.com

Michelle L. Davis
   State Bar No. 24038854
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
308 Bahama Court
Granbury, Texas 76048
Tel.: (713) 655-5197
Fax: (713) 483-9197
michelle.davis@skadden.com

Michael W. Restey Jr. (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Tel.: (212) 735-3000
Fax: (212) 735-2000
michael.restey@skadden.com

*Attorneys for Defendants Exxon Mobil Corporation, Darren W. Woods, Liam M. Mallon, and Melissa Bond*

3

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| MENDI YOSHIKAWA, Individually and On Behalf of All Others Similarly Situated, *Plaintiff*, v. EXXON MOBIL CORPORATION, DARREN W. WOODS, LIAM M. MALLON, and MELISSA BOND, *Defendants*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 3:21-cv-00194-N |

**DECLARATION OF NOELLE M. REED**

1.      My name is Noelle M. Reed.  I am a partner in the law firm of Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden"), resident in the firm's Houston office.  I am over the age of 18, of sound mind, am competent to make this declaration, and every statement herein is based upon my personal knowledge or on information provided to me and is true and correct to the best of my knowledge.  I represent Defendants Exxon Mobil Corporation, Darren W. Woods, Liam M. Mallon, and Melissa Bond ("Defendants") in the above-captioned matter.

2.      I submit this declaration in support of Defendants' Motion to Enforce Protective Order.

3.      Attached as Exhibit A is a true and correct copy of Lead Plaintiffs' First Request for Production of Documents to Defendants Darren W. Woods and Liam M. Mallon, which was served on Defendants on November 30, 2023.

4.      Attached as Exhibit B is a true and correct copy of Lead Plaintiffs' First Request for Production of Documents to Defendants Exxon Mobil Corporation and Melissa Bond, which was served on Defendants on November 30, 2023.

5.      Attached as Exhibit C is a true and correct copy of an email thread between Michael Restey, counsel for Defendants and counsel for Plaintiffs between July 22, 2024 and August 20, 2024.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 16, 2024.

_____
Noelle M. Reed

2

A-2

# EXHIBIT A

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| MENDI YOSHIKAWA, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) |
| Plaintiff, | ) Civil Action No.: 3:21-cv-00194-N ) |
| v. | ) Hon. David C. Godbey ) |
| EXXON MOBIL CORPORATION, DARREN W. WOODS, LIAM M. MALLON, and MELISSA BOND, | ) ) ) ) |
| Defendants. | ) ) ) ) ) ) |

**LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO
<u>DEFENDANTS DARREN W. WOODS AND LIAM M. MALLON</u>**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Federal Rules") and the applicable Local Rules of the United States District Court for the Northern District of Texas ("Local Rules"), Plaintiffs Amalgamated Bank and State of Rhode Island, Office of the General Treasurer, on behalf of the Employees' Retirement System of Rhode Island ("Lead Plaintiffs"), individually and on behalf of all others similarly situated, by and through their undersigned attorneys, hereby request that Defendants Darren W. Woods and Liam M. Mallon (together, the "Executive Defendants") each produce the documents described below for inspection and copying at the offices of Bernstein Litowitz Berger & Grossmann, 1251 Avenue of the Americas, New York, NY 10020, or at such other place as is mutually agreed upon, no later than thirty (30) days from the service hereof.  These requests are continuing in nature, and the Executive Defendants

A-3

are required to supplement their productions with any new or newly discovered materials responsive to these requests in accordance with Rule 26(e) of the Federal Rules. Lead Plaintiffs reserve their rights to amend or supplement these requests and seek additional discovery.

## DEFINITIONS AND INSTRUCTIONS

1.      All defined terms shall have the meanings ascribed herein, whether or not capitalized in these requests.

2.      "Bond" means Melissa Bond.

3.      "Class Period" means March 5, 2019 through January 15, 2021.

4.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) by any method, whether orally, electronically, by document, telephone, telecopier, mail, fax, electronic mail, text message, instant message, internet message, intranet message, electronic bulletin board message, blog entry, website posting of any nature, voicemail message, personal delivery, or by any other means or sources.

5.      "Complaint" means the Second Amended Complaint filed on October 31, 2022.

6.      "Concerning" means relating to, referring to, describing, evidencing or constituting.

7.      "Defendants" means Exxon, Bond, Mallon, and Woods.

8.      "Development Plan(s)" means the plans described in ¶¶66-67, 119-121, 124-131, 308-314, and 394-397 of the Complaint.

9.      "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), and includes Communications as well as "writings" and "recordings" (as defined by Rule 1001 of

2

A-4

the Federal Rules of Evidence).  A draft or non-identical copy is a separate document within the meaning of this term.

10.     "Employee" means any person or persons who at any time during the relevant time period acted or purported to act on behalf of an entity, You, or another person or persons, including all present and former officers, directors, executives, partners, principals, managers, staff personnel, accountants, agents, representatives, in-house attorneys, independent contractors, advisors, and consultants of such entity, person or persons.

11.     "Exxon" or the "Company" means Exxon Mobil Corp., and any of its subsidiaries, agents, Employees, divisions, and/or predecessors.

12.     "Mallon" means Liam M. Mallon.

13.     "Woods" means Darren W. Woods.

14.     "You" or "Your" refers to Defendants, and all of their employees, officers, representatives, agents, and any other persons or entities acting on their behalf, collectively and individually, in the broadest sense consistent with the Federal Rules of Civil Procedure.

15.     The terms "director," "officer," "employee," "agent," or "representative" mean any person serving as such and any person serving at any relevant time in such capacity, even if no longer serving in that capacity.

16.     The past tense includes the present tense, and vice-versa.  The singular includes the plural, and vice-versa.

17.     The terms "all," "any," and "each" shall each be construed as encompassing all, any, and each.

A-5

18.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

19.     The term "including" shall be construed as "including, but not limited to."

20.     In responding to these requests, You shall produce all responsive documents which are in Your possession, custody or control, or in the possession, custody or control of Your predecessors, successors, parents, subsidiaries, divisions or affiliates, or any of your respective directors, executives, officers, partners, managing agents, agents, employees, accountants or any other representative. A document shall be deemed to be within Your control if You have the ability or right to secure the document or a copy of the document from another person having possession or custody of the document.

21.     Pursuant to the Federal Rules, You are to produce for inspection and copying by Plaintiffs original documents as they are kept in the usual course of business and You shall organize and label them to correspond with the categories in these requests.

22.     In responding to these requests, You shall produce all responsive documents available at the time of production and You shall supplement your responses as required by Federal Rule 26(e).

23.     If any responsive document was, but no longer is, in Your possession or subject to Your control, state whether the document is: (a) missing or lost; (b) destroyed; (c) transferred to others; or (d) otherwise disposed of, and in each instance identify the name and address of its current or last known custodian, and the circumstances surrounding such disposition.

A-6

24.     Any claim of any form of attorney-client privilege, work product, or any other claim of privilege or immunity shall comply with the requirements of any Protective Order or Electronic Discovery Protocol entered by the Court.

25.     If a portion of any document responsive to these requests is withheld under a claim of privilege pursuant to Instruction No. 30, any non-privileged portion of such document must be produced with the portion claimed to be privileged or protected redacted.

26.     You are to produce each document requested herein in its entirety, without deletion or excision (except as qualified by Instruction Nos. 30 and 31 above) regardless of whether You consider the entire document to be relevant or responsive to the requests.

27.     The singular of any term includes the plural, and the disjunctive shall include the conjunctive, and vice versa.

## RELEVANT TIME PERIOD

Unless otherwise indicated, these Requests concern the time period of January 1, 2019 through April 15, 2021 (the "Relevant Time Period").

## DOCUMENT REQUESTS

1.     Documents Concerning Woods' and Mallon's review, approval, oversight, or awareness of the alleged corrective disclosures on January 31, 2020; May 1, 2020; and January 15, 2021, as summarized in paragraphs 402-18 of the Complaint.

2.     Documents Concerning Woods' and Mallon's review, approval, oversight, or awareness of any analysis or messaging regarding Exxon's stock price movements in response to or immediately following the alleged corrective disclosures, including those stock price movements identified in paragraphs 402-18 of the Complaint.

5

A-7

3.      Documents Concerning Woods' and Mallon's review, approval, oversight, or awareness of the statements that Defendants made to investors during the Class Period, as alleged in paragraphs 361-401 of the Complaint.

4.      Documents Concerning Woods' and Mallon's review, approval, oversight, or awareness of any analysis or messaging regarding Exxon's stock price movements in response to or immediately following the alleged materially false and misleading statements and omissions identified in paragraphs 361-401 of the Complaint.

5.      Documents concerning Woods' and Mallon's review, approval, oversight or awareness of the Development Plan(s), including the in-person meetings that took place between Woods, Mallon, and other Exxon employees concerning the Development Plan(s), as alleged in paragraphs 124-126, 131, 162-163 of the Complaint.

6.      Documents concerning Woods' and Mallon's review, approval, oversight or awareness of the use of any "learning curve assumptions," as alleged in paragraphs 129, 161-164, and 263 of the Complaint.

7.      Documents concerning Woods' and Mallon's management roles at the Company, authority over Exxon and Bond, and reporting structure for all of their indirect and direct reports, including but not limited to Bond.

Dated: November 30, 2023

> _/s/ Daniel L. Berger_
> Daniel L. Berger (*pro hac vice*)
> dberger@gelaw.com
> Caitlin M. Moyna (*pro hac vice*)
> cmoyna@gelaw.com
> Lauren Salamon (*pro hac vice*)
> lsalamon@gelaw.com
> **GRANT & EISENHOFER PA**
> 485 Lexington Avenue
> New York, New York 10017

6

A-8

Phone: (646) 722-8500
Fax: (646) 722-8501

*Co-Lead Counsel for the Class and Counsel for Co-Lead Plaintiff Amalgamated Bank*

*/s/ John Rizio-Hamilton*
John Rizio-Hamilton (*pro hac vice*)
johnr@blbglaw.com
Rebecca E. Boon (*pro hac vice*)
rebecca.boon@blbglaw.com
John J. Esmay (*pro hac vice*)
john.esmay@blbglaw.com
Thomas Sperber (*pro hac vice*)
thomas.sperber@blbglaw.com
Stephen Boscolo (*pro hac vice*)
stephen.boscolo@blbglaw.com
**BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP**
1251 Avenue of the Americas
New York, New York 10020
Phone: (212) 554-1400
Fax: (212) 554-1444

*Co-Lead Counsel for the Class and Counsel for Co-Lead Plaintiff State of Rhode Island, Office of the General Treasurer, on behalf of the Employees' Retirement System of Rhode Island*

Lewis T. LeClair
Texas Bar No. 12072500
lleclair@mckoolsmith.com
**McKOOL SMITH PC**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Phone: (214) 978-4000
Fax: (214) 978-4044

*Liaison Counsel for the Class*

7

A-9

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2023, a true and correct copy of the foregoing has been served via electronic mail and/or FedEx to the following recipients:

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
Noelle M. Reed (State Bar No. 24044211)
noelle.reed@skadden.com
Wallis M. Hampton (State Bar No. 00784199)
wallis.hampton@skadden.com
Brent M. Hanson (State Bar No. 24106051)
brent.hanson@skadden.com

1000 Louisiana Street, Suite 6800
Houston, Texas 77002
Telephone: (713) 655-5122
Facsimile: (713) 483-9122

Michelle L. Davis (State Bar No. 24038854)
michelle.davis@skadden.com

308 Bahama Court
Granbury, Texas 76048
Telephone: (713) 655-5197
Facsimile: (713) 483-9197

*Counsel for Defendants Exxon Mobil Corp., Darren Woods, Liam Mallon, and Melissa Bond*

*/s/ John Esmay*
John Esmay

8

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

|  |  |
|---|---|
| MENDI YOSHIKAWA, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) |
| Plaintiff, | ) Civil Action No.: 3:21-cv-00194-N ) |
| v. | ) Hon. David C. Godbey ) |
| EXXON MOBIL CORPORATION, DARREN W. WOODS, LIAM M. MALLON, and MELISSA BOND, | ) ) ) ) |
| Defendants. | ) ) ) ) ) ) |

**LEAD PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO**
**DEFENDANTS EXXON MOBIL CORP. AND MELISSA BOND**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Federal Rules") and the applicable Local Rules of the United States District Court for the Northern District of Texas ("Local Rules"), Plaintiffs Amalgamated Bank and State of Rhode Island, Office of the General Treasurer, on behalf of the Employees' Retirement System of Rhode Island ("Lead Plaintiffs"), individually and on behalf of all others similarly situated, by and through their undersigned attorneys, hereby request that Defendants Exxon Mobil Corp. and Melissa Bond (together, the "Scheme Defendants") each produce the documents described below for inspection and copying at the offices of Bernstein Litowitz Berger & Grossmann, 1251 Avenue of the Americas, New York, NY 10020, or at such other place as is mutually agreed upon, no later than thirty (30) days from the service hereof.  These requests are continuing in nature, and the Scheme Defendants are

A-11

required to supplement their productions with any new or newly discovered materials responsive to these requests in accordance with Rule 26(e) of the Federal Rules. Lead Plaintiffs reserve their rights to amend or supplement these requests and seek additional discovery.

<u>**DEFINITIONS AND INSTRUCTIONS**</u>

1.    All defined terms shall have the meanings ascribed herein, whether or not capitalized in these requests.

2.    "Answer" means Defendants' Answer to the Complaint filed on October 5, 2023.

3.    "Bond" means Melissa Bond.

4.    "Burch" means Dr. Damian Burch.

5.    "Class Period" means March 5, 2019 through January 15, 2021.

6.    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) by any method, whether orally, electronically, by document, telephone, telecopier, mail, fax, electronic mail, text message, instant message, internet message, intranet message, electronic bulletin board message, blog entry, website posting of any nature, voicemail message, personal delivery, or by any other means or sources.

7.    "Complaint" means the Second Amended Complaint filed on October 31, 2022.

8.    "Concerning" means relating to, referring to, describing, evidencing or constituting.

9.    "Development Plan(s)" means the plans described in ¶¶66-67, 119-121, 124-131, 308-314, and 394-397 of the Complaint.

10.    "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), and includes Communications as well as "writings" and "recordings" (as defined by Rule 1001 of

2

the Federal Rules of Evidence).  A draft or non-identical copy is a separate document within the meaning of this term.

11.     "Employee" means any person or persons who at any time during the relevant time period acted or purported to act on behalf of an entity, You, or another person or persons, including all present and former officers, directors, executives, partners, principals, managers, staff personnel, accountants, agents, representatives, in-house attorneys, independent contractors, advisors, and consultants of such entity, person or persons.

12.     "Exxon" or the "Company" means Exxon Mobil Corp., and any of its subsidiaries, agents, Employees, divisions, and/or predecessors.

13.     "Gulden" means Dr. Lindsey Gulden.

14.     "Mallon" means Liam M. Mallon.

15.     "OSHA" means the U.S. Department of Labor Occupational Safety and Health Administration.

16.     "OSHA Investigation" means, the investigation and findings by OSHA concerning Burch and Gulden's allegations that Exxon illegally terminated them in retaliation for raising concerns about the Company's valuation of oil wells with management, which Burch and Gulden believed overinflated the Company's SEC filings and information the Company disclosed to the public, including but not limited to any OSHA proceedings identified by the number 6-1730-21-120, as described in ¶¶155-160 of the Complaint.

17.     "SEC" means the U.S. Securities and Exchange Commission.

18.     "SEC Investigation" means the SEC's reported investigation into complaints that Exxon over-valued its Permian Basin holdings, as described in ¶¶252-253 of the Complaint.

19.     "Scheme Defendants" means Exxon and Bond.

3

20.     "Woods" means Darren W. Woods.

21.     "You" or "Your" refers to Defendants, and all of their employees, officers, representatives, agents, and any other persons or entities acting on their behalf, collectively and individually, in the broadest sense consistent with the Federal Rules of Civil Procedure.

22.     The terms "director," "officer," "employee," "agent," or "representative" mean any person serving as such and any person serving at any relevant time in such capacity, even if no longer serving in that capacity.

23.     The past tense includes the present tense, and vice-versa.  The singular includes the plural, and vice-versa.

24.     The terms "all," "any," and "each" shall each be construed as encompassing all, any, and each.

25.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

26.     The term "including" shall be construed as "including, but not limited to."

27.     In responding to these requests, You shall produce all responsive documents which are in Your possession, custody or control, or in the possession, custody or control of Your predecessors, successors, parents, subsidiaries, divisions or affiliates, or any of your respective directors, executives, officers, partners, managing agents, agents, employees, accountants or any other representative. A document shall be deemed to be within Your control if You have the ability or right to secure the document or a copy of the document from another person having possession or custody of the document. Documents from the custodial files of Woods and Mallon are in the

4

possession, custody and control of Exxon and must be produced if such files contain documents that are responsive to these requests.

28.     Pursuant to the Federal Rules, You are to produce for inspection and copying by Plaintiffs original documents as they are kept in the usual course of business and You shall organize and label them to correspond with the categories in these requests.

29.     In responding to these requests, You shall produce all responsive documents available at the time of production and You shall supplement your responses as required by Federal Rule 26(e).

30.     If any responsive document was, but no longer is, in Your possession or subject to Your control, state whether the document is: (a) missing or lost; (b) destroyed; (c) transferred to others; or (d) otherwise disposed of, and in each instance identify the name and address of its current or last known custodian, and the circumstances surrounding such disposition.

31.     Any claim of any form of attorney-client privilege, work product, or any other claim of privilege or immunity shall comply with the requirements of any Protective Order or Electronic Discovery Protocol entered by the Court.

32.     If a portion of any document responsive to these requests is withheld under a claim of privilege pursuant to Instruction No. 30, any non-privileged portion of such document must be produced with the portion claimed to be privileged or protected redacted.

33.     You are to produce each document requested herein in its entirety, without deletion or excision (except as qualified by Instruction Nos. 30 and 31 above) regardless of whether You consider the entire document to be relevant or responsive to the requests.

34.     The singular of any term includes the plural, and the disjunctive shall include the conjunctive, and vice versa.

A-15

**RELEVANT TIME PERIOD**

Unless otherwise indicated, these Requests concern the time period of January 1, 2019 through April 15, 2021 (the "Relevant Time Period").

**DOCUMENT REQUESTS**

1.      Documents Concerning the alleged corrective disclosures on January 31, 2020; May 1, 2020; and January 15, 2021, as summarized in paragraphs 402-18 of the Complaint.

2.      Documents Concerning Exxon's stock price movements in response to or immediately following the alleged corrective disclosures, including those stock price movements identified in paragraphs 402-18 of the Complaint.

3.      Documents Concerning the alleged materially false and misleading statements and omissions on March 5-6, 2019; April 26, 2019; June 18, 2019; September 4, 2019; January 31, 2020; February 26, 2020; and March 5, 2020, as identified in paragraphs 361-401 of the Complaint.

4.      Documents Concerning Exxon's stock price movements in response to or immediately following the alleged materially false and misleading statements and omissions identified in paragraphs 361-401 of the Complaint.

5.      Documents Concerning how the Development Plan(s) or valuations of Exxon's Delaware or Permian Basin holdings, and any associated drilling assumptions (including assumptions concerning the drilling learning curve) affected, supported, or were incorporated into the alleged materially false and misleading statements and omissions identified in paragraphs 361-401 of the Complaint.

6.      All Documents and Communications Concerning an August 27, 2020 communication from the *Wall Street Journal* regarding an upcoming article on Exxon's

A-16

development plans for the Permian Basin, or that September 13, 2020 article entitled "Exxon Used to be America's Most Valuable Company. What Happened?" including any investigation or other steps taken by Exxon to determine whether Exxon employees provided information to the *Wall Street Journal* in connection with such article. *See* Answer ¶ 145, Complaint ¶ 146.

7.      Documents Concerning any presentations or meetings related to the Development Plan(s) or valuations of Exxon's Delaware or Permian Basin holdings and any associated drilling assumptions (including assumptions concerning the drilling learning curve), including any draft presentations, slide decks and speakers' notes.

8.      Documents Concerning Exxon's procedures and practices for (i) determining the net present value of the Delaware Basin or Permian Basin, (ii) creating annual Development Plans, (iii) writing down reserve values. The relevant time period for this request is September 1, 2018 to April 15, 2021.

9.      Documents Concerning Exxon's valuation the Delaware Basin or the Permian Basin, including Exxon's determination, consideration, or use of (i) learning curve assumptions, (ii)  net present value, (iii)  proved reserves, (iv) resource base valuations, and (v) drilling speeds. . The relevant time period for this request is September 1, 2018 to April 15, 2021.

10.     Documents Concerning the 2019 and 2020 annual Development Plans, including as they relate to Exxon's assets in the Delaware or Permian Basin. The relevant time period for this request is September 1, 2018 to April 15, 2021.

11.     Documents Concerning any write downs or potential write downs of proved reserves in the Delaware or Permian Basin during 2018, 2019, and 2020.

12.     Documents Concerning Exxon's decision on or around February 26, 2019 to increase reserves for year-end 2018 by 4.5 billion barrels that Bond, Woods, or Mallon possessed,

7

accessed, or viewed, including Documents which were forwarded to Bond, Woods, or Mallon, or on which Bond, Woods, or Mallon were copied.

13. Documents Concerning Chevron Corporation's March 5, 2019 announcement that it intended to reach unconventional net oil-equivalent production of 900,000 barrels of oil per day from its Permian assets by 2023. *See* Complaint ¶ 105.

14. Documents Concerning the SEC Investigation, including:

    a. All Documents Defendants produced or provided to the SEC;

    b. Any reports, findings, presentations, or conclusions in connection with the SEC Investigation;

    c. Communications with the SEC;

    d. Requests for Documents, information, testimony, and cooperation;

    e. Any responses or objections to such requests or otherwise Concerning such requests; and

    f. Transcripts, or recordings of any interviews, depositions, or meetings, including any related exhibits.

15. Documents Concerning the OSHA Investigation, including:

    a. All Documents Defendants produced or provided to OSHA or received from OSHA;

    b. Any internal reports, findings, presentations, or conclusions in connection with the OSHA Investigation;

    c. Communications with OSHA;

    d. Requests for Documents, information, testimony, and cooperation propounded by OSHA;

e. Any responses or objections to such requests or otherwise Concerning such requests by Defendants; and

f. Transcripts, or recordings of any interviews, depositions, or meetings, including any related exhibits.

16. Documents Concerning the termination of Burch or Gulden, including:

a. Documents Concerning or contained in the file or folder identified as having been maintained by Burch and entitled either "This is a Lie" or "Please_do_not_turn_this_into_a_lie.xlsx" in the *Washington Post* article published on October 6, 2022 titled "ExxonMobil ordered to reinstate fired whistleblowers who alleged fraud."

b. Exxon's procedures and practices for reviewing, addressing, investigating, or resolving internal complaints;

c. Any internal reports, findings, presentations, or conclusions produced as a result of, derived from, or issued in connection with the termination of Burch or Gulden;

d. Documents sufficient to identify all Persons who reviewed or otherwise had any input into the decision to terminate Burch and Gulden, and Documents and Communications concerning such decision and analysis;

e. Requests for Documents, information, or cooperation;

f. Any responses or objections to such requests or Concerning such requests;

g. All minutes, recordings, notes, or presentations from meetings Concerning the termination of Burch or Gulden, including the meeting between Burch and Rick McGovern in October 2020. *See* Answer ¶ 147; and

9

h.    All notes, transcripts, or recordings of any interviews Concerning the termination of Burch or Gulden.

17.    Documents sufficient to show the organization and structure of any groups, divisions, or other segments in the Company that during the Relevant Period:

a.    Were responsible for communications with investors and filing reports with the SEC;

b.    Were responsible for the valuation of the Delaware or Permian Basins;

c.    Were responsible for the Development Plans for the Delaware or Permian Basins;

d.    Were responsible for reviewing, addressing, investigating, or resolving internal complaints such as those raised by Burch and Gulden, including those who would have been briefed or otherwise made aware of such complaints; or

e.    Were responsible for the termination of Burch or Gulden, including any divisions or committees thereof, including the reporting, oversight, and management responsibilities of the Company's employees.

The relevant time period for subparts (b) and (c) of this request is September 1, 2018 to April 15, 2021.

18.    Documents Concerning Bond's transfer to Lead County Manager/Managing Director for ExxonMobil Angola, including any discussion of or reasons for the transfer. The relevant period for this request is from January 1, 2020 to April 1, 2021.

10

A-20

19.     Documents Concerning Exxon's document retention and preservation policies, guidance, or rules, including litigation holds issued in connection with this litigation. The time period for this request is from September 1, 2018 to the present.

20.     Documents concerning or reflecting any insurance policy, indemnification agreement, hold harmless agreement or by-law that may provide coverage for any Defendant for all or part of any potential liability arising from any claims asserted in this litigation.

Dated: November 30, 2023

/s/ Daniel L. Berger
Daniel L. Berger (*pro hac vice*)
dberger@gelaw.com
Caitlin M. Moyna (*pro hac vice*)
cmoyna@gelaw.com
Lauren Salamon (*pro hac vice*)
lsalamon@gelaw.com
**GRANT & EISENHOFER PA**
485 Lexington Avenue
New York, New York 10017
Phone: (646) 722-8500
Fax: (646) 722-8501

*Co-Lead Counsel for the Class and Counsel for Co-Lead Plaintiff Amalgamated Bank*

/s/ John Rizio-Hamilton
John Rizio-Hamilton (*pro hac vice*)
johnr@blbglaw.com
Rebecca E. Boon (*pro hac vice*)
rebecca.boon@blbglaw.com
John J. Esmay (*pro hac vice*)
john.esmay@blbglaw.com
Thomas Sperber (*pro hac vice*)
thomas.sperber@blbglaw.com
Stephen Boscolo (*pro hac vice*)
stephen.boscolo@blbglaw.com
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
1251 Avenue of the Americas
New York, New York 10020
Phone: (212) 554-1400

Fax: (212) 554-1444

*Co-Lead Counsel for the Class and Counsel for Co-Lead Plaintiff State of Rhode Island, Office of the General Treasurer, on behalf of the Employees' Retirement System of Rhode Island*

Lewis T. LeClair
Texas Bar No. 12072500
lleclair@mckoolsmith.com
**McKOOL SMITH PC**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Phone: (214) 978-4000
Fax: (214) 978-4044

*Liaison Counsel for the Class*

12

A-22

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2023, a true and correct copy of the foregoing has

been served via electronic mail and/or FedEx to the following recipients:

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
Noelle M. Reed (State Bar No. 24044211)
noelle.reed@skadden.com
Wallis M. Hampton (State Bar No. 00784199)
wallis.hampton@skadden.com
Brent M. Hanson (State Bar No. 24106051)
brent.hanson@skadden.com

1000 Louisiana Street, Suite 6800
Houston, Texas 77002
Telephone: (713) 655-5122
Facsimile: (713) 483-9122

Michelle L. Davis (State Bar No. 24038854)
michelle.davis@skadden.com

308 Bahama Court
Granbury, Texas 76048
Telephone: (713) 655-5197
Facsimile: (713) 483-9197

*Counsel for Defendants Exxon Mobil Corp., Darren Woods, Liam Mallon, and Melissa Bond*

*/s/ John Esmay*
John Esmay

13

A-23

# EXHIBIT C

| | |
|---|---|
| **From:** | Alex Forgione |
| **To:** | Restey, Michael W (NYC); 'Rebecca Boon'; Caitlin Moyna; 'John Esmay' |
| **Subject:** | [Ext] RE: Yoshikawa v. Exxon Mobil Corp., No. 21-cv-00194 |
| **Date:** | 8/20/2024 1:08:00 PM |
| **CC:** | 'Thomas Sperber'; 'John Rizio-Hamilton'; 'Stephen Boscolo'; Daniel Berger; Lauren Salamon; Reed, Noelle M (HOU); Davis, Abby (HOU); Milstead, Virginia (LAC); Hampton, Wallis M (HOU); Docket, Houston (HOU); Davis, Michelle L (HOU); Cecilia Stein; Timothy Clark Dauz |
| **BCC:** | |

**Message:**
Mike,

Please find the draft of the Joint Stipulation Regarding Lead Plaintiffs' Motion for Leave to Amend and Related Briefing Schedule attached. I am confirming that, in light of Plaintiffs' motion, the depositions will not proceed as scheduled.

Best,
Alex

---

**From:** Restey, Michael W <Michael.Restey@skadden.com>
**Sent:** Tuesday, August 20, 2024 12:51 PM
**To:** Alex Forgione <aforgione@gelaw.com>; 'Rebecca Boon' <Rebecca.Boon@blbglaw.com>; Caitlin Moyna <cmoyna@gelaw.com>; 'John Esmay' <John.Esmay@blbglaw.com>
**Cc:** 'Thomas Sperber' <Thomas.Sperber@blbglaw.com>; 'John Rizio-Hamilton' <Johnr@blbglaw.com>; 'Stephen Boscolo' <Stephen.Boscolo@blbglaw.com>; Daniel Berger <dberger@gelaw.com>; Lauren Salamon <lsalamon@gelaw.com>; Reed, Noelle M <Noelle.Reed@skadden.com>; Davis, Abby <Abigail.Sheehan@skadden.com>; Milstead, Virginia <Virginia.Milstead@skadden.com>; Hampton, Wallis M <Wallis.Hampton@skadden.com>; Docket, Houston <dockethouston@skadden.com>; Davis, Michelle L <Michelle.Davis@skadden.com>; Cecilia Stein <cstein@gelaw.com>; Timothy Clark Dauz <tdauz@gelaw.com>; Restey, Michael W <Michael.Restey@skadden.com>
**Subject:** RE: Yoshikawa v. Exxon Mobil Corp., No. 21-cv-00194

Counsel,

As you are aware, you notified us minutes before Mr. Ozen's deposition was scheduled to begin this morning that you intend to file a motion seeking leave to amend the operative complaint and believe that class certification-related discovery and briefing should be put on hold pending the Court's decision on that motion. You also stated that you intend to send us a stipulation reflecting this adjustment to the schedule today. We have yet to receive your draft stipulation. As we advised you yesterday, in light of the upcoming August 22 deadline, if we are not able to reach an

1

A-24

agreement on the stipulation today, we intend to file a motion requesting an abatement of the current class certification-related deadlines while this issue is resolved.

Additionally, given your representations this morning, we understand that all noticed depositions will not proceed at this time, and we will so advise the witnesses.

Regards,
Mike

---

**From:** Restey, Michael W (NYC)
**Sent:** Monday, August 19, 2024 7:12 PM
**To:** 'Alex Forgione' <aforgione@gelaw.com>; 'Rebecca Boon' <Rebecca.Boon@blbglaw.com>; 'Caitlin Moyna' <cmoyna@gelaw.com>; 'John Esmay' <John.Esmay@blbglaw.com>
**Cc:** 'Thomas Sperber' <Thomas.Sperber@blbglaw.com>; 'John Rizio-Hamilton' <Johnr@blbglaw.com>; 'Stephen Boscolo' <Stephen.Boscolo@blbglaw.com>; 'Daniel Berger' <dberger@gelaw.com>; 'Lauren Salamon' <lsalamon@gelaw.com>; Reed, Noelle M (HOU) <Noelle.Reed@skadden.com>; Davis, Abby (HOU) <Abigail.Sheehan@skadden.com>; Milstead, Virginia (LAC) <Virginia.Milstead@skadden.com>; Hampton, Wallis M (HOU) <Wallis.Hampton@skadden.com>; Docket, Houston (HOU) <dockethouston@skadden.com>; Davis, Michelle L (HOU) <Michelle.Davis@skadden.com>; 'Cecilia Stein' <cstein@gelaw.com>; 'Timothy Clark Dauz' <tdauz@gelaw.com>; Restey, Michael W (NYC) <Michael.Restey@skadden.com>
**Subject:** RE: [Ext] RE: Yoshikawa v. Exxon Mobil Corp., No. 21-cv-00194

Counsel,

Given that August 22 is quickly approaching, we intend to make a motion tomorrow, as necessary, for the following modification of the briefing schedule:

1. Defendants' Opposition, including all supporting evidence and supporting brief, will be served on Plaintiffs on September 25, 2024;
2. Lead Plaintiffs' Reply, including rebuttal evidence, if any, and supporting brief, will be served on Defendants on November 11, 2024; and
3. The Parties will file with the Court Lead Plaintiffs' Motion for Class Certification, Defendants' Opposition, and Lead Plaintiffs' Reply, together with all supporting evidence and briefs, on November 21, 2024.

Please let us know plaintiffs' position on the motion.

Regards,
Mike

**From:** Restey, Michael W (NYC)
**Sent:** Friday, August 16, 2024 9:26 AM
**To:** 'Alex Forgione' <aforgione@gelaw.com>; 'Rebecca Boon' <Rebecca.Boon@blbglaw.com>; 'Caitlin Moyna' <cmoyna@gelaw.com>; 'John Esmay' <John.Esmay@blbglaw.com>
**Cc:** 'Thomas Sperber' <Thomas.Sperber@blbglaw.com>; 'John Rizio-Hamilton' <Johnr@blbglaw.com>; 'Stephen Boscolo' <Stephen.Boscolo@blbglaw.com>; 'Daniel Berger' <dberger@gelaw.com>; 'Lauren Salamon' <lsalamon@gelaw.com>; Reed, Noelle M (HOU) <Noelle.Reed@skadden.com>; Davis, Abby (HOU) <Abigail.Sheehan@skadden.com>; Milstead, Virginia (LAC) <Virginia.Milstead@skadden.com>; Hampton, Wallis M (HOU) <Wallis.Hampton@skadden.com>; Docket, Houston (HOU) <dockethouston@skadden.com>; Davis, Michelle L (HOU) <Michelle.Davis@skadden.com>; 'Cecilia Stein' <cstein@gelaw.com>; 'Timothy Clark Dauz' <tdauz@gelaw.com>; Restey, Michael W (NYC) <Michael.Restey@skadden.com>
**Subject:** RE: [Ext] RE: Yoshikawa v. Exxon Mobil Corp., No. 21-cv-00194

Counsel,

I'm following up on my email below.  Please let us know if this proposal is amenable.

Best,
Mike

**From:** Restey, Michael W (NYC)
**Sent:** Monday, August 12, 2024 3:27 PM
**To:** 'Alex Forgione' <aforgione@gelaw.com>; Rebecca Boon <Rebecca.Boon@blbglaw.com>; Caitlin Moyna <cmoyna@gelaw.com>; John Esmay <John.Esmay@blbglaw.com>
**Cc:** Thomas Sperber <Thomas.Sperber@blbglaw.com>; John Rizio-Hamilton <Johnr@blbglaw.com>; Stephen Boscolo <Stephen.Boscolo@blbglaw.com>; Daniel Berger <dberger@gelaw.com>; Lauren Salamon <lsalamon@gelaw.com>; Reed, Noelle M (HOU) <Noelle.Reed@skadden.com>; Davis, Abby (HOU) <Abigail.Sheehan@skadden.com>; Milstead, Virginia (LAC) <Virginia.Milstead@skadden.com>; Hampton, Wallis M (HOU) <Wallis.Hampton@skadden.com>; Docket, Houston (HOU) <dockethouston@skadden.com>; Davis, Michelle L (HOU) <Michelle.Davis@skadden.com>; Cecilia Stein <cstein@gelaw.com>; Timothy Clark Dauz <tdauz@gelaw.com>; Restey, Michael W (NYC) <Michael.Restey@skadden.com>
**Subject:** RE: [Ext] RE: Yoshikawa v. Exxon Mobil Corp., No. 21-cv-00194

Alex,

We think it makes sense to set up the stipulation as follows:

- The parties have agreed to take the following depositions outside of the class certification discovery deadline: [list the depositions];
- The deadline to take the deposition of Defendants' expert will be November 4, 2024;
- Neither party has agreed to any additional discovery beyond what has been served or scheduled as of the date of this stipulation;
- The parties agree to meet and confer (and if needed, seek Court guidance) regarding any discovery a party believes is necessitated by the depositions scheduled outside the discovery deadline;
- Assuming neither party seeks additional discovery, Defendants' Opposition, including all supporting evidence and supporting brief, will be served on Plaintiffs on September 25, 2024;
- Lead Plaintiffs' Reply, including rebuttal evidence, if any, and supporting brief, will be served on Defendants on November 11, 2024; and
- The Parties will file with the Court Lead Plaintiffs' Motion for Class Certification, Defendants' Opposition, and Lead Plaintiffs' Reply, together with all supporting evidence and briefs, on November 21, 2024.

Please let us know if this works.

Best,
Mike

-----Original Message-----
From: Alex Forgione <aforgione@gelaw.com>
Sent: Monday, August 5, 2024 6:22 PM
To: Restey, Michael W (NYC) <Michael.Restey@skadden.com>; Rebecca Boon <Rebecca.Boon@blbglaw.com>; Caitlin Moyna <cmoyna@gelaw.com>; John Esmay <John.Esmay@blbglaw.com>
Cc: Thomas Sperber <Thomas.Sperber@blbglaw.com>; John Rizio-Hamilton <Johnr@blbglaw.com>; Stephen Boscolo <Stephen.Boscolo@blbglaw.com>; Daniel Berger <dberger@gelaw.com>; Lauren Salamon <lsalamon@gelaw.com>; Reed, Noelle M (HOU) <Noelle.Reed@skadden.com>; Davis, Abby (HOU) <Abigail.Sheehan@skadden.com>; Milstead, Virginia (LAC) <Virginia.Milstead@skadden.com>; Hampton, Wallis M (HOU) <Wallis.Hampton@skadden.com>; Docket, Houston (HOU) <dockethouston@skadden.com>; Davis, Michelle L (HOU) <Michelle.Davis@skadden.com>; Cecilia Stein <cstein@gelaw.com>; Timothy Clark Dauz <tdauz@gelaw.com>
Subject: [Ext] RE: Yoshikawa v. Exxon Mobil Corp., No. 21-cv-00194

Mike,

Now that the deposition dates have been confirmed, we should discuss the extension of the Class Certification discovery deadlines and get the stipulation on file. As previously noted, we are willing to agree to the below schedule, which includes your 5-day extension for your opposition brief deadline. We propose a Class Certification deadline for September 25 to allow time for all of the depositions. If Defendants agree to this extension, Plaintiffs will agree to not seek additional discovery absent compelling circumstances based on testimony given during the depositions.

4

1.  The completion of Class Certification discovery, excluding the deposition of Defendants' expert, will be on September 25, 2024;

2.  Defendants' Opposition, including all supporting evidence and supporting brief, will be served on Plaintiffs on September 25, 2024;

3.  The deadline to take the deposition of Defendants' expert will be November 4, 2024;

4.  Lead Plaintiffs' Reply, including rebuttal evidence, if any, and supporting brief, will be served on Defendants on November 11, 2024; and

5.  The Parties will file with the Court Lead Plaintiffs' Motion for Class Certification, Defendants' Opposition, and Lead Plaintiffs' Reply, together with all supporting evidence and briefs, on November 21, 2024.

If Defendants agree to this schedule, we will prepare a new version of the draft stipulation and send it to you for final approval.

Thanks,
Alex

From: Restey, Michael W <Michael.Restey@skadden.com>
Sent: Wednesday, July 24, 2024 9:21 PM
To: 'Rebecca Boon' <Rebecca.Boon@blbglaw.com>; Caitlin Moyna <cmoyna@gelaw.com>; John Esmay <John.Esmay@blbglaw.com>
Cc: Thomas Sperber <Thomas.Sperber@blbglaw.com>; John Rizio-Hamilton <Johnr@blbglaw.com>; Stephen Boscolo <Stephen.Boscolo@blbglaw.com>; Daniel Berger <dberger@gelaw.com>; Lauren Salamon <lsalamon@gelaw.com>; Alex Forgione <aforgione@gelaw.com>; Reed, Noelle M <Noelle.Reed@skadden.com>; Davis, Abby <Abigail.Sheehan@skadden.com>; Milstead, Virginia <Virginia.Milstead@skadden.com>; Hampton, Wallis M <Wallis.Hampton@skadden.com>; Docket, Houston <dockethouston@skadden.com>; Davis, Michelle L <Michelle.Davis@skadden.com>; Restey, Michael W <Michael.Restey@skadden.com>
Subject: RE: Yoshikawa v. Exxon Mobil Corp., No. 21-cv-00194

Rebecca,

Respectfully, it appears to be Lead Plaintiffs who are asking for an accommodation on scheduling.  And we are happy to try to work with you given that you have advised that you are unable to depose Ms. Bond on the date we offered in August or put up your witnesses before the August 22 discovery close.  While we appreciate your willingness to schedule the Gulden and Burch depositions at a time when Defendants' counsel can attend them, that rescheduling was necessary only because you scheduled those depositions – again – without conferring with us about our availability, even though we had had previously raised that very issue with the Court when you unilaterally scheduled those depositions the first time.

What we would suggest as the most productive way forward is to confirm all of the outstanding deposition dates, lock those in, and once those dates are confirmed, negotiate any necessary adjustments to the schedule.  To that end, we will provide additional available dates for Ms. Bond and Mr. Gjervik as soon as we have them.  Finally, while we are willing to complete the depositions we've discussed outside of the discovery deadline, we will not agree that any extension to do so allows either party to notice or serve any additional discovery.

A-28

Regards,
Mike

From: Rebecca Boon <Rebecca.Boon@blbglaw.com<mailto:Rebecca.Boon@blbglaw.com>>
Sent: Wednesday, July 24, 2024 2:44 PM
To: Restey, Michael W (NYC) <Michael.Restey@skadden.com<mailto:Michael.Restey@skadden.com>>;
'Caitlin Moyna' <cmoyna@gelaw.com<mailto:cmoyna@gelaw.com>>; John Esmay
<John.Esmay@blbglaw.com<mailto:John.Esmay@blbglaw.com>>
Cc: Thomas Sperber <Thomas.Sperber@blbglaw.com<mailto:Thomas.Sperber@blbglaw.com>>; John
Rizio-Hamilton <Johnr@blbglaw.com<mailto:Johnr@blbglaw.com>>; Stephen Boscolo
<Stephen.Boscolo@blbglaw.com<mailto:Stephen.Boscolo@blbglaw.com>>; Daniel Berger
<dberger@gelaw.com<mailto:dberger@gelaw.com>>; Lauren Salamon
<lsalamon@gelaw.com<mailto:lsalamon@gelaw.com>>; Alex Forgione
<aforgione@gelaw.com<mailto:aforgione@gelaw.com>>; Reed, Noelle M (HOU)
<Noelle.Reed@skadden.com<mailto:Noelle.Reed@skadden.com>>; Davis, Abby (HOU)
<Abigail.Sheehan@skadden.com<mailto:Abigail.Sheehan@skadden.com>>; Milstead, Virginia (LAC)
<Virginia.Milstead@skadden.com<mailto:Virginia.Milstead@skadden.com>>; Hampton, Wallis M (HOU)
<Wallis.Hampton@skadden.com<mailto:Wallis.Hampton@skadden.com>>; Docket, Houston (HOU)
<dockethouston@skadden.com<mailto:dockethouston@skadden.com>>; Davis, Michelle L (HOU)
<Michelle.Davis@skadden.com<mailto:Michelle.Davis@skadden.com>>
Subject: [Ext] RE: Yoshikawa v. Exxon Mobil Corp., No. 21-cv-00194

Mike,

Your proposal does not work for us.  We pushed out the schedule to accommodate you, and all
deadlines should move, as reflected in the stipulation we sent you. We would be willing to agree to the
below schedule, which accepts your 5-day extension to your opposition brief deadline and moves the
other deadlines accordingly.

1.      The completion of Class Certification discovery, excluding the deposition of Defendants' expert,
will be on September 25, 2024;
2.      Defendants' Opposition, including all supporting evidence and supporting brief, will be served
on Plaintiffs on September 25, 2024;
3.      The deadline to take the deposition of Defendants' expert will be November 4, 2024;
4.      Lead Plaintiffs' Reply, including rebuttal evidence, if any, and supporting brief, will be served on
Defendants on November 11, 2024; and
5.      The Parties will file with the Court Lead Plaintiffs' Motion for Class Certification, Defendants'
Opposition, and Lead Plaintiffs' Reply, together with all supporting evidence and briefs, on November
21, 2024.

Regarding your depositions, Plaintiffs and Matt Cain are not available on the dates you
proposed.  Amalgamated is available on September 16 and 17; Rhode Island and Matt Cain are checking
availability for the first two weeks of September.  We will revert with dates as soon as we have them.

Regards,
Rebecca

A-29

Rebecca Boon
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas
New York, NY 10020
Phone: (212) 554-1594
Fax: (212) 554-1444


From: Restey, Michael W <Michael.Restey@skadden.com<mailto:Michael.Restey@skadden.com>>
Sent: Tuesday, July 23, 2024 7:23 PM
To: 'Caitlin Moyna' <cmoyna@gelaw.com<mailto:cmoyna@gelaw.com>>; John Esmay
<John.Esmay@blbglaw.com<mailto:John.Esmay@blbglaw.com>>
Cc: Rebecca Boon <Rebecca.Boon@blbglaw.com<mailto:Rebecca.Boon@blbglaw.com>>; Thomas
Sperber <Thomas.Sperber@blbglaw.com<mailto:Thomas.Sperber@blbglaw.com>>; John Rizio-Hamilton
<Johnr@blbglaw.com<mailto:Johnr@blbglaw.com>>; Stephen Boscolo
<Stephen.Boscolo@blbglaw.com<mailto:Stephen.Boscolo@blbglaw.com>>; Daniel Berger
<dberger@gelaw.com<mailto:dberger@gelaw.com>>; Lauren Salamon
<lsalamon@gelaw.com<mailto:lsalamon@gelaw.com>>; Alex Forgione
<aforgione@gelaw.com<mailto:aforgione@gelaw.com>>; Reed, Noelle M
<Noelle.Reed@skadden.com<mailto:Noelle.Reed@skadden.com>>; Davis, Abby
<Abigail.Sheehan@skadden.com<mailto:Abigail.Sheehan@skadden.com>>; Milstead, Virginia
<Virginia.Milstead@skadden.com<mailto:Virginia.Milstead@skadden.com>>; Hampton, Wallis M
<Wallis.Hampton@skadden.com<mailto:Wallis.Hampton@skadden.com>>; Docket, Houston
<dockethouston@skadden.com<mailto:dockethouston@skadden.com>>; Davis, Michelle L
<Michelle.Davis@skadden.com<mailto:Michelle.Davis@skadden.com>>; Restey, Michael W
<Michael.Restey@skadden.com<mailto:Michael.Restey@skadden.com>>
Subject: RE: Yoshikawa v. Exxon Mobil Corp., No. 21-cv-00194

[This message is from an external sender] _____ Caitlin,

Thanks for sending over the draft stipulation. Attached are our proposed edits in track changes. Given that the Court's scheduling order permits the parties to alter most deadlines by written agreement without need for court approval, we have limited this stipulation solely to the revised briefing and submission dates. We can keep the August 22 close of discovery and agree in writing that certain depositions – Burch, Gulden, Gjervik, Bond, and defendants' expert – will take place after that date. We have also built in a few extra days after the Gulden deposition on September 20 to accommodate receipt of an expedited transcript for incorporation into the papers, as necessary.

Separately, please let us know if we can confirm the August 5 and 7 dates for the 30(b)(6) depositions of Lead Plaintiffs Amalgamated and Rhode Island. If those dates are not available, please provide availability through August 22. Similarly, please let us know whether Dr. Cain is available for his deposition on August 14 and, if not, his availability prior to August 22.

We will be back to you shortly regarding dates for Bond and Gjervik.

Regards,
Mike

A-30

From: Caitlin Moyna <cmoyna@gelaw.com<mailto:cmoyna@gelaw.com>>
Sent: Monday, July 22, 2024 6:49 PM
To: Restey, Michael W (NYC) <Michael.Restey@skadden.com<mailto:Michael.Restey@skadden.com>>;
'John Esmay' <John.Esmay@blbglaw.com<mailto:John.Esmay@blbglaw.com>>
Cc: Rebecca Boon <Rebecca.Boon@blbglaw.com<mailto:Rebecca.Boon@blbglaw.com>>; Thomas
Sperber <Thomas.Sperber@blbglaw.com<mailto:Thomas.Sperber@blbglaw.com>>; John Rizio-Hamilton
<Johnr@blbglaw.com<mailto:Johnr@blbglaw.com>>; Stephen Boscolo
<Stephen.Boscolo@blbglaw.com<mailto:Stephen.Boscolo@blbglaw.com>>; Daniel Berger
<dberger@gelaw.com<mailto:dberger@gelaw.com>>; Lauren Salamon
<lsalamon@gelaw.com<mailto:lsalamon@gelaw.com>>; Alex Forgione
<aforgione@gelaw.com<mailto:aforgione@gelaw.com>>; Reed, Noelle M (HOU)
<Noelle.Reed@skadden.com<mailto:Noelle.Reed@skadden.com>>; Davis, Abby (HOU)
<Abigail.Sheehan@skadden.com<mailto:Abigail.Sheehan@skadden.com>>; Milstead, Virginia (LAC)
<Virginia.Milstead@skadden.com<mailto:Virginia.Milstead@skadden.com>>; Hampton, Wallis M (HOU)
<Wallis.Hampton@skadden.com<mailto:Wallis.Hampton@skadden.com>>; Hanson, Brent M (HOU)
<Brent.Hanson@skadden.com<mailto:Brent.Hanson@skadden.com>>; Docket, Houston (HOU)
<dockethouston@skadden.com<mailto:dockethouston@skadden.com>>; Davis, Michelle L (HOU)
<Michelle.Davis@skadden.com<mailto:Michelle.Davis@skadden.com>>
Subject: [Ext] RE: Yoshikawa v. Exxon Mobil Corp., No. 21-cv-00194

Dear Mike,

In light of the agreement to hold the depositions of Dr. Gulden and Dr. Burch in September, we have
prepared the attached stipulation which extends all remaining dates in the class certification discovery
and briefing schedule by 29 days.  Please let us know any edits, and we will get it filed.

Further, please provide a new date for Ms. Bond, and a date for Mr. Gjervik, as soon as possible, so that
we can confirm our schedules.

Finally, we had previously planned to take Dr. Gulden's deposition in Washington D.C. because that was
where she would be for the prior date we had scheduled, but in fact she is located in Boston, and that is
where we will take her deposition on September 20.  Dr. Burch's deposition will be in Houston, in line
with the subpoena you issued for him (however, it will be on September 18, not 19, as previously
discussed).

Best regards,
Caitlin

Caitlin M. Moyna
Office: (646) 722-8513
Cell: (917) 595-8671

From: Restey, Michael W <Michael.Restey@skadden.com<mailto:Michael.Restey@skadden.com>>
Sent: Monday, July 22, 2024 5:58 PM
To: 'John Esmay' <John.Esmay@blbglaw.com<mailto:John.Esmay@blbglaw.com>>; Caitlin Moyna
<cmoyna@gelaw.com<mailto:cmoyna@gelaw.com>>

8

A-31

Cc: Rebecca Boon <Rebecca.Boon@blbglaw.com<mailto:Rebecca.Boon@blbglaw.com>>; Thomas Sperber <Thomas.Sperber@blbglaw.com<mailto:Thomas.Sperber@blbglaw.com>>; John Rizio-Hamilton <Johnr@blbglaw.com<mailto:Johnr@blbglaw.com>>; Stephen Boscolo <Stephen.Boscolo@blbglaw.com<mailto:Stephen.Boscolo@blbglaw.com>>; Daniel Berger <dberger@gelaw.com<mailto:dberger@gelaw.com>>; Lauren Salamon <lsalamon@gelaw.com<mailto:lsalamon@gelaw.com>>; Alex Forgione <aforgione@gelaw.com<mailto:aforgione@gelaw.com>>; Reed, Noelle M <Noelle.Reed@skadden.com<mailto:Noelle.Reed@skadden.com>>; Davis, Abby <Abigail.Sheehan@skadden.com<mailto:Abigail.Sheehan@skadden.com>>; Milstead, Virginia <Virginia.Milstead@skadden.com<mailto:Virginia.Milstead@skadden.com>>; Hampton, Wallis M <Wallis.Hampton@skadden.com<mailto:Wallis.Hampton@skadden.com>>; Hanson, Brent M <Brent.Hanson@skadden.com<mailto:Brent.Hanson@skadden.com>>; Docket, Houston <dockethouston@skadden.com<mailto:dockethouston@skadden.com>>; Davis, Michelle L <Michelle.Davis@skadden.com<mailto:Michelle.Davis@skadden.com>>; Restey, Michael W <Michael.Restey@skadden.com<mailto:Michael.Restey@skadden.com>>
Subject: RE: Yoshikawa v. Exxon Mobil Corp., No. 21-cv-00194

Thanks, John.  Confirming receipt.

From: John Esmay <John.Esmay@blbglaw.com<mailto:John.Esmay@blbglaw.com>>
Sent: Monday, July 22, 2024 5:39 PM
To: Restey, Michael W (NYC) <Michael.Restey@skadden.com<mailto:Michael.Restey@skadden.com>>; 'Caitlin Moyna' <cmoyna@gelaw.com<mailto:cmoyna@gelaw.com>>
Cc: Rebecca Boon <Rebecca.Boon@blbglaw.com<mailto:Rebecca.Boon@blbglaw.com>>; Thomas Sperber <Thomas.Sperber@blbglaw.com<mailto:Thomas.Sperber@blbglaw.com>>; John Rizio-Hamilton <Johnr@blbglaw.com<mailto:Johnr@blbglaw.com>>; Stephen Boscolo <Stephen.Boscolo@blbglaw.com<mailto:Stephen.Boscolo@blbglaw.com>>; Daniel Berger <dberger@gelaw.com<mailto:dberger@gelaw.com>>; Lauren Salamon <lsalamon@gelaw.com<mailto:lsalamon@gelaw.com>>; Alex Forgione <aforgione@gelaw.com<mailto:aforgione@gelaw.com>>; Reed, Noelle M (HOU) <Noelle.Reed@skadden.com<mailto:Noelle.Reed@skadden.com>>; Davis, Abby (HOU) <Abigail.Sheehan@skadden.com<mailto:Abigail.Sheehan@skadden.com>>; Milstead, Virginia (LAC) <Virginia.Milstead@skadden.com<mailto:Virginia.Milstead@skadden.com>>; Hampton, Wallis M (HOU) <Wallis.Hampton@skadden.com<mailto:Wallis.Hampton@skadden.com>>; Hanson, Brent M (HOU) <Brent.Hanson@skadden.com<mailto:Brent.Hanson@skadden.com>>; Docket, Houston (HOU) <dockethouston@skadden.com<mailto:dockethouston@skadden.com>>; Davis, Michelle L (HOU) <Michelle.Davis@skadden.com<mailto:Michelle.Davis@skadden.com>>
Subject: [Ext] Yoshikawa v. Exxon Mobil Corp., No. 21-cv-00194

Counsel,

In accordance with the parties' Joint Stipulation to Extend the Class Certification Schedule, endorsed by Judge Godbey on June 11, 2024 (ECF No. 154), Plaintiffs designate Dr. Matthew D. Cain as a rebuttal expert. In addition, Plaintiffs may employ Paul Parsons of University of Texas and/or Randall Wright of Wright & Company as rebuttal experts if necessary to rebut evidence Defendants submit supporting their opposition to Plaintiffs' motion for class certification.

Regards, John

9

A-32

John Esmay | BLB&G
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas
New York, New York 10020
tel: 212-554-1283 | fax: 212-554-1444

-----------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

===============================================================================

-----------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

===============================================================================

-----------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

===============================================================================

-----------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named

10

A-33

herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

================================================================================
=========

**Attachments:**

Exxon - Joint Stipulation re Motion for Leave to Amend.docx

A-34