**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| MENDI YOSHIKAWA, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> EXXON MOBIL CORPORATION, DARREN W. WOODS, LIAM M. MALLON, and MELISSA BOND, <br><br> Defendants. | )<br>)<br>)<br>)<br>) Civil Action No.: 3:21-cv-00194-N<br>)<br>) <u>CLASS ACTION</u><br>)<br>) <u>DEMAND FOR JURY TRIAL</u><br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**LEAD PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION TO ENFORCE PROTECTIVE ORDER**

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ................................................................................................. 1

II.     FACTUAL BACKGROUND ................................................................................ 4

      A.      The Protective Order Allowed Counsel To Disclose Confidential
           Information To Dr. Burch .......................................................................... 4

      B.      Lead Plaintiffs Determined To Amend The Complaint ............................ 5

      C.      Lead Counsel Confirmed Certain Facts With Exxon's Former Employee,
           Dr. Burch, And ███████████████████ ............................................... 6

      D.      Defendants Offer Shifting And Inconsistent Interpretations Of The
           Protective Order ....................................................................................... 9

III.    ARGUMENT ...................................................................................................... 10

      A.      Counsel Complied With The Protective Order In Showing Confidential
           Information To Dr. Burch ....................................................................... 10

           1.      The Protective Order Permits Counsel To Discuss Confidential
                Information With Exxon Former Employee Dr. Burch .......................... 10

           2.      Paragraph 11 Of The Protective Order Does Not State That
                Documents May Be Shown To Former Employees Only In Formal
                Testimonial Settings .............................................................................. 11

           3.      The Plain Language Of Paragraph 11 Does Not Render The
                Protective Order A Nullity ..................................................................... 16

      B.      The Protective Order May Be Amended ............................................... 19

      C.      Defendants' Requested Relief And Sanctions Are Not Appropriate ..... 20

           1.      Paragraph 12 Is Not Implicated And, In Any Event, Does Not
                Require The Production Of Attorney Work Product .............................. 20

           2.      Sanctions Are Not Appropriate Because Any Failure To Comply
                Was Substantially Justified And Other Circumstances Make The
                Award Of Attorneys' Fees Unjust ......................................................... 21

IV.     CONCLUSION .................................................................................................. 23

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Adams v. Medtronic, Inc.*,
  2024 WL 265860 (E.D. Tex. Jan. 23, 2024)...................................................................13, 14

*Bead Filters Int'l, LLC v. Mills*,
  2009 WL 3837863 (W.D. Tex. Nov. 12, 2009).......................................................................19

*Cohen v Experian Info. Sols., Inc.*,
  No. 1:05-cv-01796 (D. Colo. Feb. 8, 2006), ECF No. 25.......................................................15

*Comcast Cable Commc'ns, LLC v. BT Americas, Inc.*,
  No. 3:12-cv-01712 (N.D. Tex. Mar. 4, 2013), ECF No. 86.....................................................15

*Dunn v. State Farm Fire & Cas. Co.*,
  927 F.2d 869 (5th Cir. 1991) .................................................................................................20

*Lee v. Aramark Facility Servs, LLC*,
  2021 WL 6070239 (E.D. La. June 9, 2021).............................................................................10

*Mobile Media Ideas LLC v. Research in Motion Ltd.*,
  No. 3:11-cv-02353 (N.D. Tex., Aug. 17, 2012) (Godbey, J.), ECF No. 314 ...........................14

*Morris v. Experian Info. Sols., Inc.*,
  No. 4:04-cv-00552 (S.D. Tex. Oct. 14, 2004), ECF No. 22 ....................................................14

*Moser as Tr. of Tr. Under Amended Joint Plan of Liquidation of Tango Transp.,
  LLC v. Navistar Int'l Corp.*,
  2019 WL 13212863 (E.D. Tex. Feb. 21, 2019) .................................................................20, 23

*Nafta Traders, Inc. v. adidas Am., Inc.*, 2023 WL 114703, at *6 (N.D. Tex. Jan. 4,
  2023) ......................................................................................................................................21

*Orthoflex, Inc. v. ThermoTek, Inc.*,
  2013 WL 3095106 (N.D. Tex. June 20, 2013) ......................................................11, 12, 14, 15

*Positive Software Solutions, Inc. v. New Century Mortgage Corp.*,
  2004 WL 7329341 (N.D. Tex. Mar. 3, 2004).....................................................................18, 19

*Ross Neely Sys., Inc. v. Navistar, Inc.*,
  2015 WL 12916405 (N.D. Tex. June 3, 2015) ........................................................................10

*Ross v. Dejarnetti*,
  2020 WL 7495555 (E.D. La. Dec. 21, 2020)...........................................................................21

*S.E.C. v. Brady*,
   238 F.R.D. 429 (N.D. Tex. 2006) ........................................................................20

*Samsung Elecs. Am., Inc. v. Yang Kun Chung*,
   321 F.R.D. 250 (N.D. Tex. 2017) .......................................................................21

*Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*,
   685 F.3d 486 (5th Cir. 2012) .............................................................................19

*Super Future Equities, Inc. v. Wells Fargo Bank, N.A.* ................................................19

*Tarver v. Allstate Texas Lloyd's*,
   2022 WL 704941 (E.D. Tex. Feb. 18, 2022) .........................................................7

*U.S. Philips Corp. v. Iwasaki Electric Co. Ltd.*,
   142 Fed. App'x 516 (2d Cir. 2005)..............................................................10, 15

*U.S. Risk, LLC v. Hagger*,
   650 F. Supp. 3d 520 (N.D. Tex. 2023) (Godbey, J.)...............................................23

*United States ex rel. Schroeder v. Medtronic, Inc.*,
   2024 WL 1095664 (D. Kan. Mar. 13, 2024) ........................................................10

*Wyers v. Master Lock Co.*,
   No. 1:06-cv-00619 (D. Colo. Feb. 7, 2007), ECF No. 37.......................................15

OTHER AUTHORITIES

1 McCormick On Evid. § 3 (8th ed.) .............................................................................16

Fed. R. Civ. P. 37................................................................................................20, 21, 22

## I.    INTRODUCTION

Defendants' Motion to Enforce Protective Order should be denied.  Paragraph 11(b) of the order provides that the parties may disclose Confidential Information to former employees of Exxon.  ECF No. 138 ¶11(b) ("PO").  Here, Lead Counsel showed Dr. Damian Burch, a former Exxon employee and central fact witness in the case, Confidential Information on a computer screen during a Zoom video call, for the sole purpose of confirming that certain allegations in the Amendment were accurate.  Paragraph 11(b) expressly allows this.  *Id.*

To find a violation, Defendants ask the Court to read into Paragraph 11 a restriction that is not stated in the order: namely, that disclosure under Paragraph 11 is permitted only during "testimony provided in front of a court reporter or judge." Def. Br. at 8-9.[1]  Notably, this assertion is at odds with Defendants' own stated interpretation of the Protective Order in their Response to Lead Plaintiffs' Motion for Leave to File a Third Amended Class Action Complaint.  There, they did not contend that Paragraph 11 permitted disclosure only during testimony before a court reporter or judge.  Rather, they took the position that Paragraph 11 of the Protective Order **allowed** counsel to show Confidential Information to Dr. Burch in an interview, so long as "the information was previously received or authored" by him.  ECF No. 168, at 33.  Now, however, they have changed their own interpretation and assert, for the first time, that **no** information can be shown to Dr. Burch (whether or not it was authored or received by him) **unless** it is during "testimony provided in front of a court reporter or judge."  Def. Br. at 8-9.

---

[1] "Def. Br. __" refers to the pages of Defendants Motion to Enforce Protective Order (ECF No. 172). "Amendment, ¶__" refers to the paragraphs of Lead Plaintiffs' Proposed Third Amended Class Action Complaint (ECF No. 160-1, A-1 – A-172). References to "PO" are to the Protective Order in this matter, ECF No. 134-1, "Ex. __" are to the exhibits to the Appendix. "Joint Declaration" and "Joint Decl." refer to the Declaration of Rebecca E. Boon and Caitlin M. Moyna in Support of Lead Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Enforce Protective Order, filed herewith as Ex. A.

Defendants' newfound assertion fails for several reasons. First, this restriction does not appear in the text of the Protective Order. Second, the sentence of Paragraph 11 that Defendants rely upon provides that Confidential Information "may" be shared with several different categories of people, including court reporters and judges. It does not say that a reporter or a judge *must* be present for Paragraph 11 to apply. The reason why the sentence lists a reporter and judge (among several others who may be present) is because a formal testimonial setting is *one* instance in which Paragraph 11 may come into play, but it is *not necessarily the only instance* in which Paragraph 11 would apply. Indeed, far from providing that disclosure under Paragraph 11 is limited to "testimony" before a court reporter or judge, as Defendants contend, the sentence in question allows for "disclosure or discussion" of Confidential Information. "Discussion" and "disclosure" are far broader terms than formal "testimony"—further demonstrating that Paragraph 11 is not so strictly limited. This makes sense: there are common litigation activities that typically involve information designated confidential, apart from formal testimony, including witness interviews and witness preparation.

Defendants assert that unless the Court reads this limitation into the Protective Order, the order will become a "nullity" because Exxon has tens of thousands of former employees. Def. Br. at 9. This is not true. Paragraph 6 of the Protective Order limits the use of Confidential Information to "purposes of preparation, trial, and appeal of this action." Only percipient fact witnesses could be interviewed as part of the preparation of the action, which greatly limits the former employees who could be shown Confidential Information. Equally important, the suggestion that Lead Counsel seeks to show Confidential Information on a widespread basis to any former employee is incorrect, and bears no resemblance to what happened here: counsel showed Confidential Information on a screen to one key fact witness during a video call to confirm certain allegations

2

in the Amendment. ███████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████ Lead

Counsel identified and disclosed the information they confirmed with Dr. Burch ███████

█████████, which they filed with the Court three months ago.

Because showing Confidential Information to Dr. Burch was not a violation of the Protective Order, Defendants' request for sanctions should be denied. The sanction of attorneys' fees is not warranted here for two additional reasons. First, any failure to comply with the Protective Order is "substantially justified" because, even if Defendants' term is read into the order, "reasonable minds can differ" as to the existence and meaning of a term that was not stated in the Protective Order. This is particularly true given the presence of the broad term "discussion" in the very sentence that Defendants contend limits disclosure to "testimony." Further, when parties seek to limit disclosure to formal testimonial settings, they specify that limit in the relevant protective order, which was not done here.

Second, other circumstances would make an award of fees unjust, including that there is no discernible prejudice to Defendants. Notably, Defendants are not claiming any true harm to their confidentiality interests in the material: to the contrary, they acknowledge that Dr. Burch *can* be shown Confidential Information, contending only that it must be during testimony so they can cross examine him. Defense counsel have not lost any ability to cross-examine Dr. Burch, as they will have ample opportunity to cross-examine Dr. Burch about the Amendment when he is deposed in this case and at any trial. Finally, Dr. Burch does not possess any of the Confidential Information, as nothing was sent to him.

Ultimately, should limiting Paragraph 11 to formal testimonial settings be desired, we

3

respectfully submit that the appropriate mechanism for implementing that limit is not reading a term into the Protective Order that is not stated in the order, then finding a violation of an unstated term, and then imposing sanctions for the violation of an unstated term. Rather, the appropriate mechanism for instituting such a limitation is to amend the Protective Order to state the limitation.

## II.    FACTUAL BACKGROUND

### A.    The Protective Order Allowed Counsel To Disclose Confidential Information To Dr. Burch

On March 4, 2024, the Court entered the Protective Order. *See generally* PO. Paragraph 11 of the Protective Order provides that the parties may disclose confidential information to former employees of Exxon. Paragraph 11(b) states:

> Confidential Information or Confidential Attorney Eyes Only Information may be disclosed to a person who is not already allowed access to such information under this Protective Order if:
>
> (b) *the designating party* is the person or *is a party for whom the person is a* current or *former* director, officer, *employee*, consultant or agent[.]

PO ¶11(b) (emphases added).

Lead Counsel negotiated to include "former" employees in the list of enumerated people to whom Confidential Information may be disclosed under Paragraph 11(b). ECF No. 134-2, at 9. Counsel's negotiations regarding the Protective Order were fairly extensive. *See* ECF No. 134-2.

The Protective Order contains other provisions that limit the scope of Paragraph 11 and the former employees to whom Confidential Information may be shown. As relevant here, Paragraph 6 provides that Confidential Information may only be used for purposes of preparation of the Action. Paragraph 6 provides:

> Information designated as *Confidential Information* or Confidential Attorneys Eyes Only Information *may only be used for purposes of preparation*, trial, and appeal *of this action*. Confidential Information or Confidential Attorney Eyes Only Information may not be used under any circumstances for any other purpose.

4

PO ¶6. Thus, only those former employees whose interviews are necessary for the purposes of preparing the action may be shown Confidential Information – *i.e.*, percipient fact witnesses.

### B.    Lead Plaintiffs Determined To Amend The Complaint

On August 12, 2024, the Court denied Defendants' motion for judgment on the pleadings. ECF No. 157. The August 12 Order impacted Plaintiffs' understanding of what alleged misstatements remained in the case, which triggered the Amendment. *See* ECF No. 160 at 13. Lead Counsel informed Defendants that they intended to amend the Complaint on August 20, 2024, the same day that the first deposition in the case was scheduled. Defendants canceled the deposition. *See* Ex. B at A-12 19:10-16.

The parties then entered into a Joint Stipulation regarding Lead Plaintiffs' Motion for Leave to Amend and Briefing Schedule, which was ordered on August 23, 2024. ECF Nos. 158, 159. The parties agreed in the Joint Stipulation that class certification discovery would be stayed pending resolution of Lead Plaintiffs' Motion to Amend. *Id.* The stayed class certification discovery included a previously-scheduled deposition of Dr. Burch.

The proposed Amendment had three principal purposes. First, the Amendment demonstrated that certain statements about Permian production were Exxon's corporate statements. Amendment, ¶480. ████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████ Lead Counsel re-interviewed Dr. Burch in connection with the preparation of the Amendment, ████████████████████████, and discussed directly

below.

    **C.**    **Lead Counsel Confirmed Certain Facts With Exxon's Former Employee, Dr. Burch, And** ██████████████████████

Dr. Burch is a central fact witness in this case.  A PhD scientist and oil reserve valuation expert, he is a former employee of Exxon ████████████████████████████

████████████████████████████████████████████████

████████████████. Many of the underlying facts ███████████████████ were disclosed to Exxon investors at the end of the Class Period in a January 15, 2021 *Wall Street Journal* article, and further detailed in findings issued by OSHA that were filed publicly on December 20, 2022. *See* Exs. C, D (the "2021 WSJ Article" and the "2022 OSHA Findings," respectively). Lead Counsel had previously interviewed Dr. Burch in preparing the second amendment to the complaint. ECF No. 92, at 2.



████████████████████████████████████████ Dr. Burch received and authored documents that are central to the Amendment, portions of which were first made public years ago. *See, e.g.*, Ex. C at A-18; Ex. D at A-23.

Lead Counsel conducted the September 6, 2024, interview of Dr. Burch on a Zoom video call.  Joint Decl. A-2 ¶5. The attendees on the call were representatives from Lead Counsel, Dr. Burch, Dr. Burch's attorney,[2] and a representative from Plaintiffs' industry expert, Wright & Company.  *Id.*  Paragraph 11 of the Protective Order allows disclosure of Exxon's Confidential

---

[2] Lead Counsel sent Dr. Burch's attorney the Protective Order on March 20, 2024. *Id.* ¶4.

Information to Exxon's former employee (Dr. Burch), his attorney, and "persons to whom disclosure may be made and who are bound by this Protective Order." PO ¶11. Due to an administrative oversight, Lead Counsel did not obtain Wright & Company's signature to the Protective Order until December 27, 2024, and informed defense counsel that day. Joint Decl. A-3 ¶8. Wright & Company confirmed that, consistent with the terms of their engagement letter, they have kept all Confidential Information confidential at all times.[3] *Id.*

During the video meeting with Dr. Burch, Lead Counsel asked Dr. Burch to confirm and explain certain facts in the Amendment. *Id.* A-2 ¶5. ███████████████████████ ███████████████████████████████████ Lead Counsel showed Dr. Burch Confidential Information on the computer screen only as necessary for him to confirm or explain facts alleged in the Amendment. *Id.* A-2 ¶6. ███████████████████████

███████████████████████████████████████

███████████████████████████

Lead Counsel did not send Dr. Burch or his attorney any Confidential Information at any time. Joint Decl. A-2 ¶7. ███████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████

Defendants challenge 10 paragraphs of the 536-paragraph Complaint. Def. Br. at 6 (citing ¶¶183-186, 189, 203-04, 225-26, 229). Each of those paragraphs is addressed directly below.

---

[3] Sanctions are not warranted for belated execution of a confidentiality agreement absent a showing of harm. *See Tarver v. Allstate Texas Lloyd's*, 2022 WL 704941, at *5 (E.D. Tex. Feb. 18, 2022) (no sanction where "Defendant has shown no harm by the late execution of the confidentiality agreement"). Here, there is no possible harm and no cause for sanction since Plaintiffs' expert has maintained the confidentiality of all Confidential Information.

█████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

███████

██████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

8



Lead Counsel filed the Amendment under seal on September 13, 2024.  Lead Counsel did not provide Dr. Burch or his attorney with a copy of the sealed version of the Amendment.  Joint Decl. A-2 ¶7. Lead Counsel did not interview any other former employees in connection with the preparation of the Amendment (or since). *Id*.

### D.     Defendants Offer Shifting And Inconsistent Interpretations Of The Protective Order

On November 1, 2024, Defendants filed their opposition to Lead Plaintiffs' motion to amend.  ECF No. 168.  In it, they advanced a reading of the Protective Order that is meaningfully different from the reading they now advance. *Id*. at 32-34.  While Defendants knew that Plaintiffs' interview of Dr. Burch occurred outside of a formal testimonial setting (because we disclosed that ███████████ ), Defendants did ***not*** contend that disclosure under Paragraph 11 was limited to testimony before a court reporter or judge.  Rather, they acknowledged that Paragraph 11

9

*permitted* counsel to show information designated as confidential to Dr. Burch *in the interview*, and asserted only that this information had to be limited to materials that he authored or received, stating: "Plaintiffs could not disclose Confidential Information to Damian Burch unless 'the information was previously received or authored' by him." ECF No. 168, at 33 (citing PO ¶11(a)); *see also id.* at 33 n.7 ("Despite not receiving or sending this email . . . .").

Defendants filed this Motion on December 16, 2024, three months after Lead Counsel filed the Amendment.  In this Motion, they advance a different reading of the Protective Order.  Now, Defendants say that counsel was not permitted to show any Confidential Information to Dr. Burch in the interview, contending that Paragraph 11 is strictly limited to formal testimony given before a court reporter or judge (although they now admit that Plaintiffs *can* show Dr. Burch Confidential Information he neither authored nor received during formal testimony). As explained below, Defendants' most recent reading of Paragraph 11 as limited to formal testimony is not correct.

## III.    ARGUMENT

### A.    Counsel Complied With The Protective Order In Showing Confidential Information To Dr. Burch

The Motion should be denied because the plain language of the Protective Order permits Lead Counsel to show Confidential Information to Dr. Burch, so long as Lead Counsel does so as part of the preparation of this action, which they did.

#### 1.    The Protective Order Permits Counsel To Discuss Confidential Information With Exxon Former Employee Dr. Burch

"Analysis begins with the plain language of the [Protective Order.]"  *Ross Neely Sys., Inc. v. Navistar, Inc.*, 2015 WL 12916405, at \*7 (N.D. Tex. June 3, 2015); *Lee v. Aramark Facility Servs, LLC*, 2021 WL 6070239 at \*3 (E.D. La. June 9, 2021) (same); *see also U.S. Philips Corp. v. Iwasaki Electric Co. Ltd.*, 142 Fed. App'x 516, 518 (2d Cir. 2005) (rejecting argument that party violated protective order because "the plain language of the protective order . . . does not support

that argument"); *United States ex rel. Schroeder v. Medtronic, Inc.*, 2024 WL 1095664, at *10 (D. Kan. Mar. 13, 2024) (stating that "[t]he starting point for interpretation of a protective order lies in its plain language" and noting that filing of text messages under seal in a related litigation was permitted because "the plain language of the Amended Protective Order makes [plaintiff's] use of confidential information fair game"). "[T]he four corners of the protective order" control. *Orthoflex, Inc. v. ThermoTek, Inc.*, 2013 WL 3095106, at *4 (N.D. Tex. June 20, 2013).

Paragraph 11(b) provides that Confidential Information "may be disclosed to a person who is not already allowed access to such information under this Protective Order if: (b) ***the designating party . . . is a party for whom the person is a current or former . . . employee***[.]" PO ¶11(b) (emphasis added). Paragraph 6 provides that any disclosure of Confidential Information must be only "for purposes of ***preparation***, trial and appeal of this action." PO ¶6 (emphasis added).

With respect to the Confidential Information at issue on this motion, the designating party is Exxon and Dr. Burch is a former employee of Exxon. Thus, under the plain terms of Paragraph 11(b) of the Protective Order, Plaintiffs may show Confidential Information designated by Exxon to Dr. Burch, so long as it was done for the purpose of "preparation" of this action. In this case, that was its exact purpose. Lead Counsel showed Dr. Burch Confidential Information for the purpose of confirming certain allegations in the Amendment. That is a bona fide aspect of preparing the case.

**2.      Paragraph 11 Of The Protective Order Does Not State That Documents May Be Shown To Former Employees Only In Formal Testimonial Settings**

Despite the plain language of Paragraph 11, Defendants nevertheless assert that Paragraph 11 permits disclosure to former employees "***only*** [during] testimony provided in front of a court reporter or judge." Def. Br. at 8-9 (emphasis added). As noted above, this new interpretation differs meaningfully from the interpretation they originally advanced, in which they acknowledged

11

that Dr. Burch *could* be shown certain Confidential Information outside the formal testimonial setting.

Further, Defendants' new assertion is incorrect. Paragraph 11 simply does not set forth that limitation. *See Orthoflex*, 2013 WL 3095106 at *3-4 (rejecting party's attempt to imply a term that was not stated "within the four corners of the Protective Order," applying its terms "as written," and noting that the party could have set forth its desired limitation in the order but did not to do so).

Here, the parties negotiated the terms of Paragraph 11, and specifically expanded the form protective order to allow for the disclosure of Confidential Information to former employees. *See* ECF No. 134-2 at 9. Defendants suggested other limitations to the Protective Order and had every opportunity to seek to limit Paragraph 11 to formal testimonial settings, but they did not do so. *See Orthoflex*, 2013 WL 3095106 at *4 ("ThermoTek could have insisted that the Protective Order include [] a provision that covered this very type of situation, but it apparently did not.").

Recognizing that this limitation is not stated in Paragraph 11, Defendants contend that it must be inferred. The basis for this argument is the second-to-last sentence of Paragraph 11 that states: "In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of Confidential Information." PO ¶11; *see also* Def. Br. at 8 (quoting PO ¶11). This argument is also incorrect.

This sentence lists the individuals who "may" be present when disclosure is made under Paragraph 11. It certainly does *not* say that Paragraph 11 is *limited* to formal testimonial settings. Nor does it say that any of the enumerated people *must* be present for Paragraph 11(b) to apply, much less all of them.

The sentence lists the reporter and the presiding judge among those who may be present because the formal testimonial setting is *one* scenario in which Paragraph 11 could apply. But this does *not* mean that a formal testimonial setting is the *one and only* circumstance that Paragraph 11 is *necessarily limited to*.

Other aspects of the sentence on which Defendants rely further demonstrate that it does not restrict Paragraph 11 solely to formal testimonial settings. Specifically, this sentence contemplates "disclosure *or discussion* of Confidential Information." If this sentence were to operate as restricting the disclosure of Confidential Information strictly to "*testimony*" provided before a court reporter or judge, it would not use the far broader term "discussion."

This use of the term "discussion" further demonstrates that this sentence refers to more than formal testimony only. "Discussion," by definition, includes other types of communication done as part of legitimately preparing the action, such as witness interviews, deposition preparation, and trial witness preparation. It makes little sense to infer that this sentence strictly limits Paragraph 11 to formal "testimony provided in front of a court reporter or judge" when: (1) the sentence does not state that limitation, *and* (2) it affirmatively uses the far broader term "discussion" instead of "testimony." Likewise, the term "disclosure" is far more expansive than "testimony" as confidential information can be disclosed in many forms.

We are aware of one court that has stated that the language in Paragraph 11 supports disclosure of confidential information to a witness *outside* the context of testimony before a court reporter or judge. *See Adams v. Medtronic, Inc.,* 2024 WL 265860, at *8 (E.D. Tex. Jan. 23, 2024). In *Adams*, the plaintiff sought to provide a confidential document to their expert (Dr. Moore) outside the context of testimony before a reporter or judge. Defendants objected vociferously, arguing that Dr. Moore was a direct competitor and that "allowing Dr. Moore to view the

13

confidential documents will put Defendants at a severe competitive disadvantage." *Id*. at *7. In analyzing whether disclosure was permitted, the court invoked paragraph 11(a) (which is similar to Paragraph 11(a) here) and found that it "supports the disclosure of confidential documents to Dr. Moore." *Id*. at *8.

Significantly, paragraph 11 of that protective order contained the ***same sentence*** that Defendants rely on here to contend that documents may be disclosed only during testimony before a court reporter or a judge. *See* D. Br. at 3 (quoting PO ¶11); Ex. E at A-38 – A-39 ¶11 (Protective Order, *Adams*, No. 4:19-cv-870 (E.D. Tex. July 17, 2020), ECF No. 22). The court in *Adams* saw no such limitation in paragraph 11, and it held that Dr. Moore could receive the confidential information outside of these contexts. *See Adams*, 2024 WL 265860 at *8. While paragraph 11 was not the only basis on which disclosure was permitted in *Adams*, the fact remains that if Defendants' interpretation of Paragraph 11 was correct, the Court would not have reasoned that paragraph 11 "supports the disclosure of confidential documents" outside of a testimonial setting. *See id.*

Moreover, when the Protective Order means to refer to testimony, it does so expressly. The Protective Order expressly refers to "testimony" (PO ¶13), "deposition" (*id.* ¶3), and "trial" (*id.* ¶¶6, 17), where it seeks to impose limitations in such contexts. *See Orthoflex*, 2013 WL 3095106 at *4 (noting that other terms in protective order demonstrated that party "presumably knew how to include such a clause"). Paragraph 11 does not state this limitation.

Notably, where parties intend to limit disclosure to former employee-witnesses to a formal testimonial setting, they expressly say so. *See, e.g.*, Ex. F at A-60 ¶17 (Amended Agreed Protective Order, *Mobile Media Ideas LLC v. Research in Motion Ltd.*, No. 3:11-cv-02353 (N.D. Tex., Aug. 17, 2012) (Godbey, J.), ECF No. 314) (protective order limiting disclosure to former employees

and others "in taking testimony at any deposition or hearing"); Ex. G at A-71 – A-72 ¶5 (Protective

Order, *Morris v. Experian Info. Sols., Inc.*, No. 4:04-cv-00552 (S.D. Tex. Oct. 14, 2004), ECF No.

22) (providing that confidential information "may not be disclosed to any person other than . . . (e)

present or former employees of the producing party in connection with their depositions in this

action"); Ex. H at A-75 – A-76 ¶5 (Stipulated Protective Order, *Cohen v Experian Info. Sols., Inc.*,

No. 1:05-cv-01796 (D. Colo. Feb. 8, 2006), ECF No. 25) (same); Ex. I at A-83 ¶4 (Stipulated

Protective Order, *Wyers v. Master Lock Co.*, No. 1:06-cv-00619 (D. Colo. Feb. 7, 2007), ECF No.

37) ("[A]ny party may disclose CONFIDENTIAL MATERIALS to the Providing Party's . . .

former employees . . . during deposition or trial."); Ex. J at A-99 ¶4.2(f) (Protective Order, *Comcast*

*Cable Commc'ns, LLC v. BT Americas, Inc.*, No. 3:12-cv-01712 (N.D. Tex. Mar. 4, 2013), ECF

No. 86) ("During their depositions . . . the questioning attorney may show the CONFIDENTIAL

document to a former employee . . . solely to ask the witness preliminary questions to determine

authorship, receipt or access to the CONFIDENTIAL document.").

Sometimes protective orders contain such limits and sometimes they do not; the point is

that parties know how to state those limits when they want to, and they do so expressly.  The

Protective Order does not set forth this limitation.  *See Orthoflex*, 2013 WL 3095106 at *4

("ThermoTek could have insisted that the Protective Order include in a provision that covered this

very type of situation, but it apparently did not."). This principle is particularly applicable here

where the parties and their counsel are sophisticated and experienced. *See U.S. Philips Corp.*, 142

Fed. App'x at 518 ("Indeed, if U.S. Philips and Royal Philips had wished to limit paragraph 11

disclosure in such a fashion, these sophisticated parties could certainly have drafted the

protect[ive] order to so state. They did not.").

Further, Defendants are asking the Court to read a limitation into the Protective Order that

15

would bar the use of any Confidential Information during common and legitimate litigation activities that often involve Confidential Information. As noted above, Paragraph 6 of the Protective Order provides that Confidential Information may be used "for purposes of preparation" of "this action." PO ¶6. Interviews of critical fact witnesses like Dr. Burch are a legitimate and common part of the "preparation" of the action. They are employed as part of pretrial preparation, or to confirm the allegations in a complaint and meet stringent pleading standards. *See* 1 McCormick On Evid. § 3 (8th ed.) ("[O]ne of the essential steps in informal trial preparation is interviewing the potential witnesses with firsthand knowledge of the relevant facts."); *id.* § 2 (informal witness interviews are often required to meet federal pleading standards). The limitation that Defendants seek would also bar the use of any Confidential Information during other common litigation activities – including ***preparing*** important fact witnesses for deposition, hearings, and trial testimony. The limitation that Defendants are asking the Court to read into the order leaves no room for such standard practices and is nowhere stated in the order.

### 3. The Plain Language Of Paragraph 11 Does Not Render The Protective Order A Nullity

Defendants next contend that applying the plain language of Paragraph 11 would "do violence" to the Protective Order. Specifically, Defendants claim that it would render Paragraph 7 of the Protective Order a "nullity" by allowing Plaintiffs to show Confidential Information to ***any*** of Exxon's tens of thousands of former employees. Def. Br. at 9. This is incorrect for several reasons.

**First**, Plaintiffs do not contend that the Protective Order permits them to show Confidential Information to ***any*** former employee, and giving effect to its plain language would not authorize this expansive suggestion by Defendants. The Protective Order allows Plaintiffs to show former-employee fact witnesses documents during an interview ***only if*** those interviews are legitimately

16

conducted "for purposes of preparation" of this action. *See* PO ¶6. This requirement narrowly circumscribes the former employee witnesses falling within Paragraph 11: it limits them to only those former employees who are percipient fact witnesses to the events in question during the time period in question.

To be clear, given the limitation noted above, Plaintiffs do not believe that the order permits Confidential Information to be shared with *any* former Exxon employee. And the approach Lead Counsel actually took in this situation belies any suggestion that we hold such an expansive view. Lead Counsel showed Confidential Information during a single interview with Dr. Burch. Dr. Burch is undeniably a fact witness in this case. Lead Counsel did this solely to confirm certain allegations in the Amendment. Lead Counsel did not disclose Confidential Information to any random former Exxon employee for any reason.

**Second**, Paragraph 7 is not the only paragraph under the Protective Order that governs the persons to whom Plaintiffs may show Confidential Information. Defendants ignore that Paragraph 11 expressly expands the list of persons permitted to receive Confidential Information to include additional people, *inter alia*, (a) persons who previously received or authored the information, (b) current and former employees, and (c) anyone to whom counsel for the designating party agrees to provide access. PO ¶11(a)-(c). These are defined, limited, and expressly enumerated categories; nothing about Paragraph 11 renders Paragraph 7 a nullity.

**Third**, other provisions of the Protective Order further confirm that the Protective Order would not be "meaningless" if the plain language of Paragraph 11 were adhered to. For instance, the Protective Order continues to:

- Prohibit the use of Confidential Information for any purpose other than to prepare the case for trial or appeal of this action, PO ¶6;

- Prohibit the disclosure of Confidential Information to any unauthorized third parties

> or competitors, PO ¶¶7, 8, 11;

- Prohibit publishing or making public Confidential Information, PO ¶14;

- Require filing all Confidential Information under seal, *id.*; and

- Require notifying Defendants of any subpoena or similar request for Confidential Information, PO ¶16.

All these provisions retain full force when the plain language of Paragraph 11 is applied.

Defendants cite this Court's decision in *Positive Software Solutions, Inc. v. New Century Mortgage Corp.*, 2004 WL 7329341 (N.D. Tex. Mar. 3, 2004), to contend that unless the Court infers their desired limitation into the Protective Order, it will become a "nullity." Def. Br. at 9. *Positive Software* involved unique and extreme facts that are inapposite here. In that case, Positive Software had obtained a temporary injunction and protective order to protect its intellectual property called LoanForce from New Century, its competitor. New Century represented to the Court that "further relief was unnecessary because New Century had itself taken all steps needed to preserve evidence and protect LoanForce from misuse." *Positive Software,* 2004 WL 7329341 at *1. In what this Court described as "breathtaking" "boldness," New Century's counsel subsequently directed New Century to provide a full copy of LoanForce to New Century's Chief Technical Officer, who could harvest the intellectual property, and it did not advise Positive Software or the Court of its actions. *Id*.

In seeking to justify this, New Century advanced an interpretation of "Confidential Information" that was both at odds with the plain language of the protective order and would have utterly vitiated that fundamental definition. Specifically, "[u]nder New Century's interpretation, the information that receives protection when it is stored on media produced in the course of litigation receives no protection when it is stored on backup tapes or forensic copies." *Id*. at *7. As this Court correctly found, "Confidential Information," by definition, refers to "information,

18

not merely the medium on which the information is found" – a concept that is not at issue here. *Id.* at \*4. Notably, the Court also concluded that "the plain language of the Protective Order [regarding the definition of Confidential Information] precludes New Century's conduct," and that "an alternate construction need not be implied into the words of the order." *Id.* at \*5-6. In addition, the Court found that New Century's interpretation of the order would "conflict with other orders in effect at the time," namely, its own prior preliminary injunction. *Id.* at \*8.

Here, in contrast: (1) the challenged conduct complies with "the plain language" of the Protective Order; (2) Plaintiffs are not advancing a definition of Confidential Information that would entirely nullify the concept of confidentiality; (3) Defendants are in fact advancing "an alternate construction" of Paragraph 11's plain terms that must "be implied into the words of the order;" and (4) counsel disclosed the interview of Dr. Burch and identified the facts that Dr. Burch confirmed ████████████████.

Defendants' remaining authority is inapt because it concerned wide dissemination of confidential information to the public at large, violations of clear stated terms, and even repeat violators. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 487 (5th Cir. 2012) (counsel, who had previously violated a different protective order, violated a clearly defined term by disseminating CDs of confidential information at a conference); *Bead Filters Int'l, LLC v. Mills*, 2009 WL 3837863, at \*3 (W.D. Tex. Nov. 12, 2009) (attorney published confidential information on public docket); *Super Future Equities, Inc. v. Wells Fargo Bank, N.A.*, 2007 WL 9717292, at \*1 (N.D. Tex. Dec. 3, 2007) (confidential information published on public website).

**B.    The Protective Order May Be Amended**

As explained above, Plaintiffs did not violate the Protective Order by showing Confidential Information to Dr. Burch. If Defendants wish to revise Paragraph 11 to limit it, we respectfully submit that the appropriate vehicle for accomplishing this is ***not*** inferring an unwritten term into

19

the Protective Order and finding that this unwritten term was violated, and it certainly is not to impose sanctions for the violation of an unstated term.  Rather, the appropriate action would be for the parties to negotiate a revision to Paragraph 11.

### C.   Defendants' Requested Relief And Sanctions Are Not Appropriate

Defendants request several forms of relief and sanctions in their motion, including a finding that Plaintiffs violated the Protective Order; consequently, the disclosures required by Paragraph 12 of the Protective Order, which Defendants contend include attorney work product; and attorneys' fees.  As set forth below, this relief is not warranted.

### 1.   Paragraph 12 Is Not Implicated And, In Any Event, Does Not Require The Production Of Attorney Work Product

For the reasons set forth above, a finding that Plaintiffs violated the order is not warranted, and Paragraph 12 does not apply.

Even if Paragraph 12 did apply, Paragraph 12 calls only for "pertinent facts relating to the disclosure . . . including, if known, the name, address, and employer of each person to whom disclosure was made."  PO ¶12.  Contrary to Defendants' argument, Paragraph 12 does not require the production of Lead Counsel's "notes and memoranda from the *ex parte* interview."  Def. Br. at 11.  Significantly, the type of materials Defendants seek (attorney memoranda and notes) are privileged and protected under the work product doctrine.  *See, e.g.*, *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 875 (5th Cir. 1991) ("the work product doctrine insulates . . . notes and memoranda of witness' statements from an opposing counsel's inquiries."); *S.E.C. v. Brady*, 238 F.R.D. 429, 442 (N.D. Tex. 2006) ("[w]ork product include[s] memoranda created by an attorney or his agent, regarding witness interviews").

The information called for in Paragraph 12 is far more limited and can be provided without invading privilege.  (Indeed, Defendants already have this information.)  Similarly, nothing in Rule

37 authorizes or even contemplates the production of attorney work product as an appropriate remedy. *See* Fed. R. Civ. P. 37. Under the Fifth Circuit's precedent, district courts must employ "the least onerous sanction[.]" *Moser as Tr. of Tr. Under Amended Joint Plan of Liquidation of Tango Transp., LLC v. Navistar Int'l Corp.*, 2019 WL 13212863, at *3 (E.D. Tex. Feb. 21, 2019) (finding sanctions "inappropriate" given minimal prejudice despite protective order violation).

███████████████████████████████████████████████

████████████████████████████████████

### 2. Sanctions Are Not Appropriate Because Any Failure To Comply Was Substantially Justified And Other Circumstances Make The Award Of Attorneys' Fees Unjust

Even if the Court were to read into the Protective Order the provision that Defendants seek, the imposition of sanctions such as attorneys' fees is not warranted. Rule 37(b) provides that attorneys' fees should ***not*** be imposed where ***either*** (1) the failure to comply with the court order was "substantially justified," or (2) "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); *see also Ross v. Dejarnetti*, 2020 WL 7495555 at *3-5 (E.D. La. Dec. 21, 2020) (quoting Rule 37(b)(2)(C) and denying motion for sanctions). Both these conditions are met here.

**First**, any failure to comply with the Protective Order was substantially justified. "A party's discovery conduct is found to be 'substantially justified' under Rule 37 if it is a response to a 'genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 278 (N.D. Tex. 2017). This Court has held on a Rule 37 motion that the contested conduct "does not merit punishment" "[w]hen reasonable minds can differ as to the interpretation" of the relevant term. *Nafta Traders, Inc. v. adidas Am., Inc.*, 2023 WL 114703, at *6 (N.D. Tex. Jan. 4, 2023).

We submit that we did not violate the Protective Order for all the reasons set forth above.

21

Even if one disagrees, at minimum, "reasonable minds can differ" as to the existence and nature of a testimonial limitation that is not stated in the Protective Order. This is especially true given that Defendants themselves have offered their own differing interpretations at various stages of the litigation, and that the sentence at issue refers only to "disclosure or discussion" rather than "testimony"; and that when parties seek to limit disclosure to depositions or trial, they expressly state this in the order. *See supra* at III.A. For this reason alone, attorneys' fees are not warranted.

**Second**, and independently, "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). These circumstances include the following:

- Lead Counsel did not violate a clear—or even stated—term of the Protective Order, for all the reasons noted above.

- We shared certain Confidential Material with one central fact witness, not random former Exxon employees.

- We shared this information for the purpose of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. This a legitimate activity undertaken in preparation of the action.

- We shared only Confidential Information related to the Amendment; ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

- We showed only excerpts of Confidential Information over a computer screen; we did not send the witness any documents for his use.

- Lead Counsel never hid that we did this and made no attempt to hide it. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

- Lead Counsel filed the Amendment under seal.

In short, the circumstances of the disclosure at issue here do not warrant sanctions. *See U.S. Risk, LLC v. Hagger*, 650 F. Supp. 3d 520, 526 (N.D. Tex. 2023) (Godbey, J.) (declining to impose sanctions under all the circumstances).

22

In addition, sanctions are not appropriate where, as here, there is no prejudice to Defendants. *See Hagger*, 650 F. Supp. 3d at 526 (declining to impose sanctions on the grounds that "nor can any prejudice to USR be traced solely to Hagger's conduct"); *Navistar Int'l Corp,* 2019 WL 13212863 at *3 ("[L]esser sanctions are not warranted because the prejudice to Navistar caused by Merrion's violation is minimal.").

Here, there is no discernible prejudice. Critically, Defendants ***are not claiming any harm to their confidentiality interests*** in the information shown to Dr. Burch. They do ***not*** contend (nor could they) that Dr. Burch could not be shown Confidential Information, rather just that such disclosure must occur during a deposition or hearing.

In this way, the harm Defendants suggest they suffered is an inability to cross-examine Dr. Burch about the Confidential Information. But Defendants still have the ability to cross-examine Dr. Burch about the Amendment, any Confidential Information cited therein, or indeed, anything related to the Action, when he is deposed or testifies at trial. They have not lost the right to cross-examine Dr. Burch, which remains intact.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' motion should be denied.

Dated: January 6, 2025                              Respectfully submitted,

/s/ *John Rizio-Hamilton*                           /s/ *Daniel L. Berger*

John Rizio-Hamilton (pro hac vice)          Daniel L. Berger (pro hac vice)
johnr@blbglaw.com                                   dberger@gelaw.com
Rebecca E. Boon (pro hac vice)               Caitlin M. Moyna (pro hac vice)
rebecca.boon@blbglaw.com                      cmoyna@gelaw.com
John J. Esmay (pro hac vice)                    Lauren J. Salamon (pro hac vice)
john.esmay@blbglaw.com                         lsalamon@gelaw.com
Thomas Sperber (pro hac vice)                 GRANT & EISENHOFER PA
thomas.sperber@blbglaw.com                   485 Lexington Avenue
Stephen Boscolo (pro hac vice)                New York, New York 10017
stephen.boscolo@blbglaw.com                  Phone: (646) 722-8500
BERNSTEIN LITOWITZ BERGER &             Fax: (646) 722-8501

GROSSMANN LLP
1251 Avenue of the Americas
New York, New York 10020
Phone: (212) 554-1400
Fax: (212) 554-1444

*Co-Lead Counsel for the Class and Counsel for Co-Lead Plaintiff Amalgamated Bank*

*Co-Lead Counsel for the Class and Counsel for Co-Lead Plaintiff State of Rhode Island, Office of the General Treasurer, on behalf of the Employees' Retirement System of Rhode Island*

Lewis T. LeClair
Texas Bar No. 12072500
lleclair@mckoolsmith.com
McKOOL SMITH PC
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Phone: (214) 978-4000
Fax: (214) 978-4044

Liaison Counsel for the Class

24