Case 3:21-cv-00194-N    Document 178    Filed 01/06/25    Page 1 of 3    PageID 5724

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MENDI YOSHIKAWA, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-CV-194-N |
| | § | |
| EXXON MOBIL CORP., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

This Order addresses Plaintiffs' Motion for Leave to File a Third Amended Class Action Complaint [161]. Because Plaintiffs have already had the opportunity to amend the complaint twice, and because the third amended complaint is based upon evidence obtained under the guise of class certification discovery and to allow amendment would subvert the protections of the PSLRA, the Court denies the motion.

Plaintiffs move to amend their class action complaint for a third time. Federal Rule of Civil Procedure 15(a)(2) permits courts to grant leave to amend pleadings and states that courts "should freely grant leave when justice so requires." FED. R. CIV. P. 15(a)(2). Rule 15(a) "evinces a bias in favor of granting leave to amend," and the Fifth Circuit has determined that if there is not "a substantial reason, such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial." *Petty v. Great W. Casualty Co.*, 783 F. App'x 414, 414 (5th Cir. 2019) (internal citations omitted).

ORDER – PAGE 1

Defendants object to Plaintiffs' motion for three primary reasons. First, they argue that the newly discovered evidence was obtained in violation of the Court's order permitting only class certification discovery. Next, they argue that introducing new evidence obtained during class certification discovery to the complaint subverts the Private Securities Litigation Reform Act's ("PSLRA") requirement to have evidence for claims prior to discovery. Finally, they argue that amendment would prejudice Defendants because it would deny them the PSLRA protections and fundamentally alter the scope of the lawsuit, multiplying expenses for the Defendants in addition to those incurred over three years in discovery, motions, and developing defenses.

PSLRA creates a heightened pleading requirement for securities fraud claims. Plaintiffs must, "with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2)(A). "The purpose of the PSLRA's automatic stay of discovery is to "protect[] defendants from plaintiffs who would use discovery to substantiate an initially frivolous complaint." *Newby v. Enron Corp.*, 338 F.3d 467, 471 (5th Cir. 2003).

The Court placed limitations on discovery in line with the PSLRA protections by staying all discovery except regarding class certification. Order, Dec. 11, 2023 [122]. The evidence proposed here was obtained in discovery efforts that exceeded the scope of the Court's limitation. Because the evidence underlying the proposed amendments to the complaint were obtained in discovery, the Court finds that to allow such evidence to form the basis of an amended complaint would subvert the protections of the PSLRA and violate

ORDER – PAGE 2

the prior order of this Court. The Court therefore denies the motion to amend the complaint.

Signed January 6, 2025.

David C. Godbey
Chief United States District Judge

ORDER – PAGE 3