**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

|  |  |  |
|---|---|---|
| MENDI YOSHIKAWA, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | Civil Action No. 3:21-cv-00194-N |
| EXXON MOBIL CORPORATION, DARREN W. WOODS, LIAM M. MALLON, and MELISSA BOND, | ) ) ) ) ) | |
| *Defendants*. | ) ) ) ) ) ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR**
**MOTION TO ENFORCE PROTECTIVE ORDER**

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
1000 Louisiana Street, Suite 6800
Houston, TX 77002
Tel.: (713) 655-5100

*Attorneys for Defendants Exxon Mobil*
*Corporation, Darren W. Woods, Liam M.*
*Mallon, and Melissa Bond*

**Introduction**

It is clear from the Plaintiffs' Response to the Motion that they either failed to consider the Protective Order before sharing documents with witnesses or they simply decided it was better to beg forgiveness than ask permission to violate the Protective Order. Plaintiffs concede, as they must, that the Court's model Protective Order cannot reasonably be read to allow them to show ExxonMobil's Confidential discovery materials to the thousands of ExxonMobil former employees in the world. They attempt to explain away language contemplating that a judge and/or court reporter would be present in connection with disclosures permitted under Paragraph 11. But they are forced to add language that is not in that Paragraph at all to try to make their interpretation reasonable. There is nothing in Paragraph 11 that permits Plaintiffs to share Confidential Information in any setting with any former ExxonMobil employee as long as Plaintiffs believe the disclosure is "for purposes of preparation" of this lawsuit.[1] (Opp. at 11.) And that interpretation would make the Protective Order illusory. It would allow Plaintiffs to disclose Confidential Information – including ExxonMobil's most sensitive information – to any former employees Plaintiffs choose to characterize as "percipient fact witnesses." (Opp. at 6.) This interpretation would give them essentially unfettered discretion to decide what Confidential Information they could share and with whom. And under Plaintiffs' interpretation, none of these individuals would have to sign, or be bound by, the Protective Order. This cannot have been the Court's intent in drafting the model Protective Order. And even if that Order were ambiguous, it was incumbent upon Plaintiffs to clarify that ambiguity *before* sharing ExxonMobil Confidential Information – not after the fact.

---

[1]    Capitalized terms used in this Response have the meaning ascribed to them in the Protective Order.

This is not an empty risk.  The issues in this case have already been the subject of extensive media coverage.  Plaintiffs' interpretation could lead to the public disclosure of yet more confidential ExxonMobil information – or its use by Damian Burch or others in disputes with ExxonMobil.  The Court should not endorse Plaintiffs' unreasonable interpretation of the Protective Order.  Instead, the Court should order Plaintiffs to (1) comply with the disclosure requirements in the Protective Order, (2) produce all of their interview notes or memoranda from the interview in which they disclosed this information, and (3) pay the attorneys' fees that Defendants incurred in bringing the Motion.

<u>**Argument**</u>

**I.      Plaintiffs violated the Protective Order by disclosing ExxonMobil's Confidential Information to Burch.**

**A.      Plaintiffs didn't have the right to share Confidential Information with Burch merely because he was a former employee whom Plaintiffs believed was a "percipient fact witness."**

Plaintiffs do not contend that they could disclose Confidential Information to Burch under Paragraphs 7 or 9 of the Protective Order.  They argue instead that they were permitted to disclose ExxonMobil's Confidential Information to Burch under Paragraph 11(b) because he was a former Exxon employee.  But Paragraph 11 states that when disclosure is made under that Paragraph, "only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of Confidential Information."  (PO ¶ 11.)  This language clearly reflects that Paragraph 11 applies to disclosures made in testimonial settings such as hearings or depositions.

Plaintiffs' attempts to explain away this language are meritless.  First, they assert that the analysis "begins with the plain language" and argue that Paragraph 11 doesn't expressly state that

it applies only to testimonial proceedings.  (Opp. at 10.)  But they concede that the plain language is only the "starting point."  (Opp. at 11.)  Courts routinely look to the language, intent, and structure of a protective order to determine its meaning.  *See Positive Software Sols., Inc. v. New Century Mortg. Corp.*, 2004 WL 7329341, at *8 (N.D. Tex. Mar. 3, 2004) ("[T]he purpose, text, and structure of the Protective Order, the context of other orders accompanying it, the audience for whom it was written, and applicable cannons of interpretation all cut against [party's] claim that its interpretation of the Order was reasonable.")  (Godbey, J.)  The intent of this Protective Order is to protect the parties' Confidential Information by limiting its disclosure to narrowly defined categories of people.  If the parties intended that Plaintiffs would have a broad right to share Confidential Information with all of ExxonMobil's former employees, Paragraph 7 would have been the logical place to reflect that intent.  Instead, the structure and language of Paragraph 11 – which refers to the presence of the presiding judge and reporter "[i]n the event of disclosure under this paragraph" – is designed to identify a narrow set of circumstances in which information can be shared with persons other than those identified in Paragraphs 7 and 9.

Second, they contend that because Paragraph 11 states that "only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of Confidential Information," it does not mean that a judge or court reporter *must* be present.  (Opp. at 12-13.)  But the word "may" simply reflects that the identified categories of people may also attend a deposition or hearing in which this information is disclosed even if they otherwise would not fall within Paragraph 7 or 9.  This provision merely establishes the commonsense requirement that these additional persons may also learn Confidential Information in testimonial proceedings and others

3

who do not fall within this provision or within Paragraphs 7 or 9 cannot be present in those proceedings.

Third, Plaintiffs incorrectly argue that Paragraph 11's reference to "disclosure or discussion" means that Paragraph 11 does not apply only to testimonial proceedings. (Opp. at 13.) But that language reflects that people might discuss Confidential Information in testimonial settings even if the witness is not actually testifying at that moment (*e.g.*, discussions between counsel, colloquies with the Court, etc.).

Fourth, Plaintiffs' reliance on dicta in *Adams v. Medtronic, Inc.*, 2024 WL 265860, at *8 (E.D. Tex. Jan. 23, 2024) is also misplaced. (Opp. at 13-14.) In *Adams*, a party objected to the disclosure of its confidential information to one of the opposing party's experts pursuant to a provision similar to Paragraph 9 here, arguing that the expert had ties to its competitors and was a competitor himself. After rejecting the defendants' objection to that expert, the court *sua sponte* noted that the protective order permitted disclosure to the expert because he had "previously received" the documents in other cases. *Id.* *Adams* didn't address whether disclosures to former employees were permitted outside the testimonial setting.

Fifth, Plaintiffs argue that Paragraph 11's language could have been more explicit. (Opp. at 14-16.) Defendants believe that language is clear. But if the language is unclear, that's because Plaintiffs didn't bargain for the explicit right to share Confidential Information with any former employee in any setting. And it must be the case that where a party has doubt as to whether a disclosure is permitted, the correct course of action is to clarify that doubt before making a disclosure – not to decide unilaterally that they may share Confidential Information with whomever they please. Plaintiffs cannot now rely on that failure to justify their actions. *See Orthoflex, Inc. v. ThermoTek, Inc.*, 2013 WL 3095106 at *4 (N.D. Tex. June 20, 2013)

4

("Thermotek could have insisted that the Protective Order include . . . a provision that covered this very type of situation, but it apparently did not."). If there were any uncertainty about what the language permitted, Plaintiffs should have sought to amend the Protective Order or otherwise requested clarification from ExxonMobil or from the Court. Plaintiffs' argument that witness interviews are "legitimate and common" (Opp. at 16) doesn't justify ignoring the Protective Order's provisions either – it highlights the importance of following them.

Plaintiffs' choice to conduct this third-party interview without ExxonMobil present after pulling down depositions of Gulden and Burch undercuts their claim of an innocent misinterpretation of the Protective Order. It was no accident that Plaintiffs elected to attempt to gather evidence to bolster their complaint using what they claimed was class certification discovery without ExxonMobil present.

Finally, contrary to Plaintiffs' assertion (Opp. at 9-10), Defendants have not proposed different interpretations of the Protective Order. In their Opposition to Plaintiffs' Motion for Leave to Amend, Defendants highlighted that Plaintiffs could not share information with Burch under Paragraph 11(a) unless the information had been previously authored or received by him. (ECF 168 at 33.) Plaintiffs claimed in their reply that they could share any Confidential Information with him under Paragraph 11(b) because he was a former employee. (ECF 171 at 16). Accordingly, the Motion focuses on the broader question of what disclosures are permitted under Paragraph 11.

B.    Plaintiffs' interpretation would make the Protective Order illusory.

Plaintiffs' interpretation of Paragraph 11(b) would permit near limitless disclosure of ExxonMobil's Confidential Information so long as Plaintiffs claimed it was for the purposes of this action. While Plaintiffs claim they would share Confidential Information only with "percipient fact witnesses" (Opp. at 2, 5), that restriction appears nowhere in the Protective Order

5

and is entirely subjective.   More importantly, Plaintiffs' interpretation would give them *carte blanche* to share Confidential Information with whomever they wanted as long as they could claim it was part of their investigation.   Courts are – and should be – "reluctant to interpret [protective] orders in a manner that renders them a pointless exercise."   *Positive Software*, 2004 WL 7329341, at *6.   ExxonMobil should not have to rely on Plaintiffs' judgment of what Confidential Information is appropriate to share with witnesses in private interviews.

**II.    The Court's Protective Order specifically permits Defendants' requested relief.**

Paragraph 12 provides that if a party discloses Confidential Information in violation of the Protective Order, the party must "immediately inform the producing party of *all pertinent facts* relating to the disclosure or loss of confidentiality."   (PO ¶ 12.)   That provision applies whether the disclosure was intentional or inadvertent.   In this case, the pertinent facts include the notes or memoranda from their *ex parte* interview of Burch.   Plaintiffs' assertion that these documents are privileged is meritless.   (Opp. at 20-21.)   Burch is not their client, so the documents aren't protected by the attorney-client privilege.   And the work product doctrine does not protect the factual portions of interview notes and summaries.   *See Adams v. Mem'l Hermann*, 973 F.3d 343, 350 (5th Cir. 2020) ("[T]he work-product doctrine 'protects only the [attorney's work product] and not the underlying facts'" (alteration in original) (citation omitted)); *SEC v. Cuban*, 2013 WL 1091233, at *4 (N.D. Tex. Mar. 15, 2013) (granting motion to compel production of "factual portions of interview notes and summaries" because "objective information, such as verbatim witness testimony, is not opinion work product, provided that the notes' compilation or organization of such information does not 'reveal the lawyer's selection process and thus his mental impressions'" (citation omitted)).   Plaintiffs' cases are not to the contrary.   *See Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 875 (5th Cir. 1991) ("[T]he work product doctrine insulates a lawyer's research, analysis of legal theories, mental impressions, notes, and memoranda of witnesses' statements

6

from an opposing counsel's inquiries"); *S.E.C. v. Brady*, 238 F.R.D. 429, 442 (N.D. Tex. 2006) (discussing opinion work product).

Even if these materials were protected by the work product doctrine, Plaintiffs waived that privilege by disclosing what Burch told them. *See Jolivet v. Compass Grp. USA, Inc.*, 340 F.R.D. 7, 19 (N.D. Tex. 2021) ("[T]he work product privilege is waived . . . when the attorney discloses the information to the court voluntarily or makes no objection when it is offered." (citation omitted)). Having decided to share some information from the interview with the Court in their proposed Third Amended Complaint and in their Response, Plaintiffs cannot withhold the remainder.

### III.    Plaintiffs have not provided a substantial justification for their violation of the Protective Order.

Rule 37(b) sanctions are appropriate where there is willful disobedience, gross indifference, or deliberate callousness, but not where the failure to comply is outside the party's control. *Janvey v. Proskauer Rose LLP*, 2018 WL 10418492, at *5 (N.D. Tex. Mar. 6, 2018). Here, the failure to comply was entirely within Plaintiffs' control. They concede that Paragraph 11 did not clearly permit the use of Confidential Information in an ex parte interview with a third-party witness. As noted above, they had many options – for instance, negotiating different language or asking ExxonMobil to consent or asking the Court to modify or clarify the Protective Order – before flouting its provisions.

Plaintiffs also downplay their violation by suggesting that it involved a limited disclosure to one witness. (Opp. at 22.) To be clear, this was not an inadvertent disclosure: Plaintiffs deliberately shared Confidential Information with Burch and then included his response to that information as a central feature of their proposed Third Amended Complaint. That the Court ultimately denied the Motion for Leave does not eliminate the prejudice or cure the breach.

7

Without confirmation of the scope of Paragraph 11, Plaintiffs could continue to share ExxonMobil's Confidential Information with Burch or other former ExxonMobil employees. Indeed, Plaintiffs' Response suggests that they will continue to do so absent this Court's intervention. In addition, Burch is currently pursuing litigation claims against ExxonMobil, and Plaintiffs' sharing of Confidential Information in this litigation could affect its defense in the separate litigation. Likewise, ExxonMobil now faces the risk that Burch will disclose or already has disclosed the Confidential Information.

### Conclusion

Defendants respectfully request that the Court grant Defendants' Motion to Enforce the Protective Order.

Dated: January 21, 2025

Respectfully submitted,

*/s/ Noelle M Reed*
Noelle M. Reed
   State Bar No. 24044211
Abigail E. Davis
   State Bar No. 24139564
Wallis M. Hampton
   State Bar No. 00784199
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
1000 Louisiana Street, Suite 6800
Houston, Texas 77002
Tel.: (713) 655-5122
Fax: (713) 483-9122
noelle.reed@skadden.com
abigail.sheehan@skadden.com
wallis.hampton@skadden.com

Michelle L. Davis
   State Bar No. 24038854
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
308 Bahama Court
Granbury, Texas 76048
Tel.: (713) 655-5197
Fax: (713) 483-9197
michelle.davis@skadden.com

Michael W. Restey Jr. (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Tel.: (212) 735-3000
Fax: (212) 735-2000
michael.restey@skadden.com

*Attorneys for Defendants Exxon Mobil*
*Corporation, Darren W. Woods, Liam M.*
*Mallon, and Melissa Bond*