**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| MENDI YOSHIKAWA, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> EXXON MOBIL CORPORATION, DARREN W. WOODS, LIAM M. MALLON, and MELISSA BOND, <br><br> Defendants. | Civil Action No.: 3:21-cv-00194-N <br><br> Hon. David C. Godbey |

**OPPOSED MOTION FOR LEAVE TO FILE EXCESS PAGES**
**AND BRIEF IN SUPPORT**

Co-Lead Plaintiffs State of Rhode Island, Office of the General Treasurer, on behalf of the Employees' Retirement System of Rhode Island, and Amalgamated Bank (together, "Plaintiffs") respectfully move this Court under Local Rule 7.1 for leave to file their Reply in Further Support of Class Certification in excess of the 10-page limit set by Local Rule 7.2(c). Plaintiffs respectfully request permission to file a reply brief not to exceed 25 pages.

## I. INTRODUCTION

Plaintiffs satisfy the standard to request additional pages under Local Rule 7.2(c) for multiple reasons. First, under the class certification schedule, Plaintiffs served their opening brief while discovery was still ongoing. At that time, no depositions had yet been taken; discovery remained ongoing for another four months, until just before Defendants served their opposition brief. Plaintiffs' reply brief is therefore the first opportunity they will have to address the completed

class certification discovery record (an opportunity Defendants have already had with their opposition)—including the several fact depositions that were taken, and the forthcoming deposition of Defendants' expert on July 18.

Second, Defendants' class certification opposition totaled over 1,000 pages, including an expert report, a fact declaration, and cites to Exxon documents and the testimony of witnesses who were deposed. In that voluminous submission, Defendants advanced a host of highly fact-intensive arguments contending that Plaintiffs are not entitled to a presumption of reliance and that there was no price impact. The reply is the first opportunity Plaintiffs will have to respond to these factual and legal assertions.

Third, the schedule already provides that Defendants may submit a sur-reply, so Defendants will have the opportunity to respond with their own additional submission after Plaintiffs file their reply.

Precisely because plaintiffs in securities class actions typically must respond to complex arguments that turn on a voluminous record and expert testimony, granting requests to enlarge page limits for class certification reply briefs is standard practice in securities fraud cases. Courts within this District and throughout the country allow for additional pages in similar circumstances, and we respectfully submit that this Court should do so here. *See infra* at 5-6.

Despite Plaintiffs consenting to each of Defendants' multiple requests for page limit extensions throughout this case, Defendants do not consent to this motion.

## II.  PROCEDURAL BACKGROUND

On December 11, 2023, the Court entered an Order setting forth the original class certification schedule. ECF No. 122. Under the schedule, the Court directed that Plaintiffs were to serve their opening motion for class certification well before the Parties completed class

certification discovery. *Id.* Then, ***after*** class certification discovery was complete, Defendants were directed to serve their opposition, after which Plaintiffs would serve a reply responding to Defendants' arguments that had the benefit of the full discovery record. *Id.* On January 4, 2024, Plaintiffs served their motion for class certification and supporting memorandum of law. On August 23, 2024, the Court stayed the class certification schedule pending the resolution of Plaintiffs' motion for leave to amend the complaint. ECF No. 159.

On February 11, 2025, following the resolution of Plaintiffs' motion for leave to amend, the Court entered a similar class certification schedule. ECF No. 181. Under the revised schedule, (i) Plaintiffs would file their renewed motion for class certification well before the completion of discovery, (ii) the Parties would then complete class certification discovery, (iii) Defendants would then serve their opposition along with supporting expert reports, (iv) Plaintiffs would then take discovery of Defendants' expert, (v) Plaintiffs would then file a reply including any "rebuttal evidence" to dispute Defendants' assertions, (vi) Defendants would then take discovery of Plaintiffs' experts, and finally, (vii) Defendants would serve a sur-reply. *Id.*

Pursuant to the revised schedule, on February 7, 2025, Plaintiffs served Defendants with their Renewed Motion for Class Certification (the "Motion").[1] That motion set out facts and arguments seeking to demonstrate that this Action meets all the requirements of Federal Rule of Civil Procedure 23 and Local Rule 23.2, including expert analysis on whether Exxon Mobil Corp. common stock traded in an efficient market during the Class Period, and whether calculation of damages on a class-wide basis is subject to a common methodology.

As contemplated by the schedule, Class Certification discovery closed on June 6, 2025,

---

[1] Pursuant to the Court's scheduling orders, the Parties' submissions concerning class certification to-date have been served on the opposing party, but not filed on the docket.

four months after Plaintiffs served the Motion. The class certification discovery record now includes approximately 27,000 documents totaling nearly 215,000 pages, including some productions of documents made by Defendants after Plaintiffs served the Motion, but before Defendants' Opposition was due. In addition, after Plaintiffs served the Motion but before Defendants served the Opposition, the Parties conducted depositions of five fact witnesses and two representatives from the Co-Lead Plaintiffs.

On June 23, 2025, Defendants served Plaintiffs with their Opposition to Plaintiffs' Renewed Motion for Class Certification (the "Opposition"). Therein, Defendants made a host of fact-intensive arguments disputing whether this Action fulfills the requirements of Rule 23, including whether Plaintiffs could rely on either the *Basic* or *Affiliated Ute* presumptions of reliance, whether the Class Period comports with the factual record, and whether Plaintiffs are typical or adequate as class representatives. Defendants further argue that they have rebutted the *Basic* fraud-on-the market presumption of reliance by proving a lack of price impact.

Defendants attached to the Opposition a report from their own expert in support of Defendants' arguments that there was no price impact, and hundreds of pages of exhibits, including documents from the record, deposition testimony excerpts, and a witness declaration. Defendants' submission totals over 1,000 pages.

Lead Counsel will depose Defendants' expert on July 18, 2025.

Plaintiffs' forthcoming Reply is due on August 6, 2025. The stipulated schedule provides Defendants the opportunity to file a sur-reply by September 2, 2025 (ECF No. 181), wherein Defendants may respond to Plaintiffs' Reply.

### III.   ARGUMENT

Plaintiffs meet the standard for extending the page limits for their reply brief for at least

four reasons.

***First***, extensions of page limits for class certification reply briefs are appropriate in securities cases, where, as here, the record is still developing when plaintiffs file their opening brief, and defendants raise fact-intensive arguments concerning the presumption of reliance and price impact in their opposition brief. Given this feature of securities fraud litigation, it is common for courts in this Circuit to extend the page limits of class certification reply briefs. *See, e.g.*, *Ramirez v. Exxon Mobil Corp.*, No. 3:16-cv-031110, ECF No. 96 (N.D. Tex., Apr. 15, 2023) (granting motion for 30-page reply brief); *Erica P. John Fund, Inc. v. Halliburton Co.*, No. 3:02-CV-01152, ECF Nos. 571-72 (N.D. Tex. Sept. 8, 2014) (ordering supplemental briefing and granting the parties 28 pages each to address the issue of price impact); *City of Warwick Ret. Sys. v. Concho Res. Inc.*, No. 4:21-cv-02473, ECF No. 67 (S.D. Tex. Mar. 6, 2024) (granting plaintiffs 20 pages for their reply brief); *KB Partners I, L.P. v. Barbier*, 2013 WL 2443217, at *1 (W.D. Tex. June 4, 2013) (granting motion (ECF No. 80) to extend reply by ten pages); *Edwards v. McDermott Int'l, Inc.*, No. 4:18-cv-04330, ECF No. 335 (S.D. Tex. Mar. 15, 2023) (granting motion to extend reply to 30 pages).

Courts from around the country follow suit. *See Seeks v. Boeing Co.*, No. 1:19-cv-02394, ECF No. 386 (N.D. Ill. Feb. 5, 2025) (granting extension to 30 pages); *Homyk v. Chemocentryx, Inc.*, No. 4:21-cv-03343-JST, ECF No. 100 (N.D. Cal. Jan. 17, 2024) (granting extension to 25 pages); *In re Qualcomm Inc. Sec. Litig.*, No. 3:17-cv-00121, ECF No. 233 (S.D. Cal. July 1, 2022) (granting extension to 25 pages); *Sjunde AP-Fonden v. Goldman Sachs Grp, Inc.*, No. 1:18-cv-12084, ECF No. 283 (S.D.N.Y Aug. 24, 2023) (granting extension to 20 pages); *In re Willis Towers Watson PLC Proxy Litig.*, No. 1:17-cv-01338, ECF No. 161 (E.D. Va. July 10, 2020) (granting extension to 25 pages).

*Second*, Plaintiffs require additional pages to adequately address the complex fact issues raised in Defendants' voluminous Opposition. Defendants' 24-page opposition cites to 54 exhibits consisting of over 950 pages, including, *inter alia*, an expert report on the fact intensive issue of price impact, and a fact affidavit from an Exxon employee. Apart from price impact, Defendants advance fact-intensive arguments on when the alleged scheme began and whether it was connected to any public statement. Plaintiffs' 15-page extension is warranted in order to adequately address these complex fact issues against the backdrop of the now-completed class certification discovery record.

This Court consistently grants motions for leave to enlarge page limits when, as here, the complexity of issues raised by the opposing party makes a longer brief appropriate. *See, e.g.*, *Freight Essentials, LLC v. WWEX UNI Topco Holdings LLC*, No. 3:24-cv-03104, ECF No. 52 (N.D. Tex. Apr. 30, 2025) (Godbey, J.) (granting leave to exceed by 25 pages the 25-page limit for consolidated opposition to motions to dismiss); *United States v. Healthcare Assocs. of Tex., LLC*, No. 3:19-cv-02486, ECF Nos. 401-02 (N.D. Tex. July 31, 2024) (Godbey, J.) (granting leave to exceed by 25 pages the 50-page limit for summary judgment briefs); *In re AT&T Inc. Sec. Litig.*, No. 3:24-cv-01196, ECF No. 72 (N.D. Tex. Sept. 10, 2024) (Godbey, J.) (granting leave to exceed page limit for motion to dismiss). This Court granted three such motions brought by Defendants in this Action. *See* ECF No. 78 (permitting Defendants to file 18-page Reply in support of Defendants' first motion to dismiss); ECF No. 98 (permitting the Parties to submit 45-page briefs in support of and in opposition to Defendants' second motion to dismiss); ECF No. 105 (permitting Defendants to file 20-page Reply in support of their second motion to dismiss).

*Third*, the class certification schedule and fundamental fairness dictate that Plaintiffs be provided with an adequate opportunity to fully respond to the discovery cited in the Opposition.

As explained above, according to the Court's class certification schedule, substantial class certification discovery was conducted after Plaintiffs served the Motion. Every deposition taken in this case was conducted after Plaintiffs' Motion was served. While most of the documents were produced earlier, the later-occurring depositions were critical to exploring, understanding, and contextualizing these documents. Defendants got the benefit of this full class discovery record in drafting their Opposition, which was served after the close of discovery. Plaintiffs should be given equal opportunity as the responding party to oppose Defendants' arguments based on the complete class certification record.

*Fourth*, in good faith, Plaintiffs consented to Defendants filing a sur-reply brief in further opposition to class certification. Thus, Defendants will get to file an additional brief responding to Plaintiffs' reply, once again with the benefit of a full class certification discovery record. Defendants will suffer no prejudice from Plaintiffs having an opportunity to fully respond to the arguments raised in Defendants' Opposition. On the other hand, Plaintiffs' forthcoming Reply is the first ***and only*** opportunity for Plaintiffs to incorporate and address the now-complete class certification record.

Accordingly, in consideration of the typical practice in securities class action cases, the voluminous Opposition submission, the complexity of the factual and legal issues, the class certification discovery schedule, and the Parties' agreement to afford Defendants a sur-reply, the requested extension of the page limit for Plaintiffs' Reply is warranted.

## IV.   CONCLUSION

For the foregoing reasons, there is good cause for an extension of the default 10-page limit for reply briefs. Plaintiffs respectfully request an extension of 15 pages, resulting in a total of 25 pages, for their Reply in Further Support of Plaintiffs' Renewed Motion for Class Certification.

Dated: July 11, 2025							Respectfully submitted,

*/s/ John Rizio-Hamilton*
John Rizio-Hamilton (*pro hac vice*)
johnr@blbglaw.com
Rebecca E. Boon (*pro hac vice*)
rebecca.boon@blbglaw.com
John Esmay (*pro hac vice*)
john.esmay@blbglaw.com
Thomas Z. Sperber (*pro hac vice*)
thomas.sperber@blbglaw.com
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
1251 Avenue of the Americas
New York, New York 10020
Phone: (212) 554-1400
Fax: (212) 554-1444

*Co-Lead Counsel for Co-Lead Plaintiffs State of Rhode Island, Office of the General Treasurer, on behalf of the Employees' Retirement System of Rhode Island*

Barbara J. Hart (*pro hac vice)*
bhart@gelaw.com
Caitlin M. Moyna (*pro hac vice)*
cmoyna@gelaw.com
Lauren J. Salamon (*pro hac vice)*
lsalamon@gelaw.com
**GRANT & EISENHOFER PA**
485 Lexington Avenue
New York, New York 10017
Phone: (646) 722-8500
Fax: (646) 722-8501

*Co-Lead Counsel for Co-Lead Plaintiffs Amalgamated Bank*

Lewis T. LeClair
Texas Bar No. 12072500
lleclair@mckoolsmith.com
**McKOOL SMITH PC**
300 Crescent Court, Suite 1500
Dallas, Texas 75201

8

Phone: (214) 978-4000
Fax: (214) 978-4044

*Liaison Counsel for the Class*

## CERTIFICATE OF CONFERENCE

I certify that on July 8, 2025, Lead Counsel, including Thomas Sperber, conferred via email with counsel for Defendants, including Noelle Reed, who stated via response email that they oppose the relief requested in this motion.

/s/ *John Rizio-Hamilton*
John Rizio-Hamilton

## CERTIFICATE OF SERVICE

I certify that on July 11, 2025, a true and correct copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

/s/ *John Rizio-Hamilton*
John Rizio-Hamilton