# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

|  |  |
|---|---|
| MENDI YOSHIKAWA, Individually and On Behalf of All Others Similarly Situated,<br><br>*Plaintiff*,<br><br>v.<br><br>EXXON MOBIL CORPORATION, DARREN W. WOODS, LIAM M. MALLON, and MELISSA BOND,<br><br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 3:21-cv-00194-N<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS'
## OPPOSED MOTION FOR LEAVE TO FILE EXCESS PAGES

Both Plaintiffs' opening brief and Defendants' Opposition were 25 pages, the standard length permitted under this Court's Local Rules. But Plaintiffs seek to more than double the permitted length of their reply brief from 10 pages to 25 pages (the "Motion"). *See* Local Rule 7.2(c). Rule 7.2(c) provides that page limit extensions "will be granted by the presiding judge for only extraordinary and compelling reasons." *Id.* The ten cases Plaintiffs cite in which page extensions were granted are readily distinguishable. (*See* Motion at 5.) In all but three of them, the court granted page extensions for **both** the opposition and the reply brief, and in most of them the Rule 7.2(c) standard did not apply to the extension request.[1] Plaintiffs do not offer an

---

[1] *See* Order, *Ramirez v. Exxon Mobil Corp.*, No. 3:16-cv-03111 (N.D. Tex. Apr. 15, 2019), Dkt. No. 96 (extending opposition and reply page limits by 20 pages each); Order, *City of Warwick Ret. Sys. v. Concho Res. Inc.*, No. 4:21-cv-02473 (S.D. Tex. Mar. 6, 2024), Dkt. No. 67

extraordinary or compelling reason to allow them 50 pages of briefing to Defendants' 25 pages in opposition. It appears their intent may be to introduce on reply evidence they did not present in their opening brief. Plaintiffs' Motion should be denied.

Plaintiffs do not argue that they need more pages to respond to anything in particular in Defendants' Opposition. Instead, Plaintiffs offer three ancillary justifications – none of them extraordinary or compelling – for their request.

First, Plaintiffs argue that when they submitted their opening brief, class discovery was ongoing. That is typical in securities cases, not extraordinary. And Plaintiffs acknowledge that they knew the class discovery schedule when they submitted their opening brief. (*See* Motion at 3.) Plaintiffs do not explain why the schedule alone warrants an extended reply brief, and they make no argument that something they learned in discovery warrants a 15-page extension.

Implicit in their request, however, is the suggestion that Plaintiffs may intend to submit new evidence or arguments on reply. But this Court prohibits the submission of new evidence or

---

(extending opposition and reply page limits by 10 pages each); Order, *KB Partners I, L.P. v. Barbier*, No. A–11–CA–1034–SS (W.D. Tex. Jan. 22, 2013), Dkt. No. 82 (extending opposition and reply page limits by 15 and 10 pages, respectively); Order, *Seeks v. Boeing Co.*, No. 1:19-cv-02394 (N.D. Ill. Feb. 5, 2025), Dkt. No. 386 (extending opposition and reply page limits to 30 pages each); Order, *Homyk v. ChemoCentryx, Inc.*, No. 21-cv-03343-JST (N.D. Cal. Jan. 17, 2024), Dkt. No. 100 (extending reply page limits by 10 pages after previously extending opposition page limits by 3 pages); Order, *In re Qualcomm Inc. Sec. Litig.*, 3:17-cv-00121 (S.D. Cal. July 1, 2022), Dkt. No. 233 (extending opposition and reply page limits by 15 pages each); Order, *In re Willis Towers Watson PLC Proxy Litig.*, No. 1:17-cv-01338 (E.D. Va. July 10, 2020), Dkt. No. 161 (extending opposition and reply page limits by 5 pages each). In *Halliburton*, the court ordered supplemental briefing after a remand from the U.S. Supreme Court on the issue of price impact and allowed **both** parties a three-page extension. *See* Order, *Erica P. John Fund v. Halliburton Co.*, No. 3:02-CV-01152 (N.D. Tex. Sept. 8, 2014), Dkt. No. 571. The courts in *McDermott* and *Goldman* do not apply the "extraordinary and compelling reasons" standard in the Northern District Local Rules, and in any case both courts granted only a five-page extension for reply briefing. *See* Order, *Edwards v. McDermott Int'l, Inc.*, No. 4:18-cv-04330 (S.D. Tex. Mar. 15, 2023), Dkt. No. 335; Order, *Sjunde AP-Fonden v. Goldman Sachs Grp., Inc.*, No. 1:18-cv-12084 (S.D.N.Y. Aug. 24, 2023), Dkt. No. 283.

arguments on reply.  *See Hackbelt 27 Partners, LP v. City of Coppell*, 2015 WL 13742342, at *1 (N.D. Tex. Oct. 6, 2015) (Godbey, J.) (declining to consider "new arguments and additional evidence in [a] Reply brief").

Class discovery closed on June 6, 2025.  (ECF No. 181.)  Defendants' opposition brief was not due until June 23, 2025.  (*Id.*)  If Plaintiffs needed to supplement their class certification motion based on information learned in class certification discovery, their remedy was to seek leave to amend or supplement their opening brief.  This would have allowed Defendants a full opportunity to brief any response.  Instead, it appears that Plaintiffs waited to preview Defendants' Opposition – which identifies multiple deficiencies in the class certification motion – and are now attempting to use their reply brief to introduce new arguments or evidence to address those deficiencies.  But Plaintiffs were responsible for proffering evidence to establish all requirements for class certification in their initial moving papers.  *See Berger v. Compaq Comput. Corp.*, 257 F.3d 475, 481 (5th Cir. 2001) ("[T]he party seeking class certification bears the burden of establishing that *all* requirements of rule 23(a) have been satisfied").  They should not be given 15 additional pages in their reply to meet that burden.  *See Hackbelt 27 Partners*, 2015 WL 13742342, at *1.

Plaintiffs next argue that Defendants' opposition ***submission*** – including declarations, exhibits, and expert report – was voluminous.  (Motion at 4.)  But Local Rule 7.2(c) governs the length of briefs, not submissions.  Defendants' brief complied with Rule 7.2(c)'s 25-page limit.  It is not extraordinary for a defendant to submit an expert report and exhibits in support of a class certification opposition.  Nor is it extraordinary for defendants to make fact-intensive arguments in opposition to a class certification motion.  And Plaintiffs are not limited in the number of pages of supporting documentation they can attach to their reply.  The cases Plaintiffs cite in which courts granted motions for leave to enlarge page limits to deal with complex securities law issues are all

in the context of motions to dismiss or summary judgment – not class certification.  (*See* Motion at 6.)

Finally, Plaintiffs point to Defendants' "opportunity to file a sur-reply."  (Motion at 4.) Plaintiffs agreed to that sur-reply in the class certification scheduling order and did not request any related page extension at that time.  (*See* ECF 181 ¶ 7.)  Moreover, Defendants' sur-reply is limited to those issues on which ***Defendants*** bear the burden of proof.  (*Id.*)  Defendants spent just six pages on the only such issue (price impact) in their Opposition.  Plaintiffs seek to add 15 pages to the permitted length of their reply brief – more than double the number of pages Defendants used on this issue.

For these reasons, Defendants respectfully request that the Court deny the Motion. However, should the Court allow Plaintiffs to exceed the page limit for their reply brief, Defendants respectfully request that Plaintiffs be given no more than six additional pages and that the Court order that they not attempt to introduce new arguments or evidence to support the arguments in their class certification motion.

Dated: July 17, 2025

Respectfully submitted,

/s/ Noelle M. Reed
Noelle M. Reed
   State Bar No. 24044211
Abigail E. Davis
   State Bar No. 24139564
Wallis M. Hampton
   State Bar No. 00784199
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
1000 Louisiana Street, Suite 6800
Houston, Texas 77002
Tel.: (713) 655-5122
Fax: (713) 483-9122
noelle.reed@skadden.com
abigail.sheehan@skadden.com
wallis.hampton@skadden.com

Michelle L. Davis
   State Bar No. 24038854
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
308 Bahama Court
Granbury, Texas 76048
Tel.: (713) 655-5197
Fax: (713) 483-9197
michelle.davis@skadden.com

Michael W. Restey Jr. (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Tel.: (212) 735-3000
Fax: (212) 735-2000
michael.restey@skadden.com

*Attorneys for Defendants*
*Exxon Mobil Corporation, Darren W. Woods,*
*Liam M. Mallon, and Melissa Bond*

5