**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| MENDI YOSHIKAWA, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) ) Civil Action No.: 3:21-cv-00194-N |
| v. | ) ) ) Hon. David C. Godbey |
| EXXON MOBIL CORPORATION, DARREN W. WOODS, LIAM M. MALLON, and MELISSA BOND, | ) ) ) ) |
| Defendants. | ) ) ) ) ) ) |

**LEAD PLAINTIFFS' REPLY IN SUPPORT OF ITS**
**MOTION FOR LEAVE TO FILE EXCESS PAGES**

In their opening brief, Plaintiffs explained why a 15-page extension for their reply brief in support of their motion for class certification is warranted and satisfies the standard of Local Rule 7.2(c). First, under the class certification schedule, Plaintiffs' reply will be the *first* and *only* opportunity for them to address the full and voluminous class certification discovery record, which was developed *after* Plaintiffs served their opening brief. Second, additional pages are required to address Defendants' fact-intensive price impact arguments. As Defendants acknowledged, Defendants bear the burden of proof on these arguments, and they raised them for the first time in their opposition brief with the benefit of the full class certification record. Defendants' submission was 1,000 pages. In similar circumstances in securities class actions, courts routinely grant additional pages for class certification replies. Finally, additional pages are fair and warranted

because Defendants have been granted a sur-reply and thus have already been given additional pages for their briefing and an opportunity to respond to Plaintiffs' reply.

## ARGUMENT

Defendants principally contend that no additional pages are warranted because Plaintiffs are not allowed to submit any new arguments or evidence on reply, but this argument fails for multiple reasons. First, the schedule entered by the Court expressly permits Plaintiffs to submit "*rebuttal evidence*" with their reply brief, and for Defendants to respond in a sur-reply. ECF No. 181 (*e.g.*, scheduling "Lead Plaintiffs' Reply, including rebuttal evidence" and the deposition of "any rebuttal expert submitted with Lead Plaintiffs' Reply"). Prohibiting Plaintiffs from submitting additional evidence to rebut Defendants' arguments would contravene the Court's Order and allow Defendants to renege on this agreed-upon process after benefiting from it themselves.

Second, prohibiting additional rebuttal evidence and arguments would be unfair because Plaintiffs' reply brief is their first opportunity to address the full discovery record. Plaintiffs were required to serve their opening brief before the completion of significant discovery, including *before all depositions of fact witnesses, before Defendants' expert submitted his report, and before the deposition of Defendants' expert*. In their opposition, Defendants also put in a fact declaration of an Exxon employee who was not deposed, to which Plaintiffs will need to respond. Thus, under the schedule, Plaintiffs' reply is the only place and time Plaintiffs can address such discovery. To rebut Defendants' arguments about price impact and the connection between the underlying scheme and Defendants' statements to the market, Plaintiffs will point to documents and testimony from *all* five fact-witness depositions of current and former Exxon employees. Moreover, Plaintiffs will cite the testimony of Defendants' expert, who, according to the schedule,

2

submitted his report on June 23, 2025, and was deposed on July 18, 2025 (well after Plaintiffs filed their opening papers). It would not make sense to permit extensive class certification discovery but then allow only Defendants to use the full record. This would be highly prejudicial to Plaintiffs.

Third, in attempting to limit Plaintiffs to ten pages and prohibit new argument or evidence, Defendants ignore the burden-shifting framework for class certification in securities fraud cases. This framework provides that, once a plaintiff triggers a presumption of reliance by showing market efficiency, Defendants bear the burden of proof to rebut that presumption by raising price impact arguments—which, by definition, they raise for the first time in their opposition brief. *Goldman Sachs Grp., Inc. v. Ark. Tchr. Ret. Sys.*, 594 U.S. 113, 114-15 (2021) ("[T]he **defendant** must 'in fact' 'seve[r] the link' between a misrepresentation and the price paid by the plaintiff."). Plaintiffs then have the opportunity to respond in their reply brief, which will necessarily include new arguments and evidence showing that Defendants have not "severed the link." For this reason and others, courts routinely allow page extensions in reply briefs in securities class actions. *See* Mot. at 5 (collecting examples).

Fourth, Defendants are already receiving a sur-reply, which provides them with additional pages and the opportunity to respond to Plaintiffs' arguments and evidence.

Defendants rely heavily on *Hackbelt 27 Partners, LP. v. City of Coppell*, 2015 WL 13742342, at *1 (N.D. Tex., Oct. 6, 2015) (Godbey, J.), but that case does not apply here. There, a party in a litigation about a zoning application moved for summary judgment *after* the discovery record had closed, and then improperly submitted new arguments and evidence on reply. By contrast, here, significant discovery—including all fact and expert depositions—took place *after* Plaintiffs filed their opening brief. Moreover, unlike *Hackbelt*, in this case the Court-ordered

schedule allows Plaintiffs to submit "rebuttal evidence" with their reply.  ECF No. 181.  Finally, *Hackbelt* was not a securities case or a class certification motion, and thus did not involve the unique burden-shifting framework described above.

Defendants fault Plaintiffs for not pointing to any particular discovery that would warrant the page limit extension, Opp. at 2, but all discovery taken to date and after Plaintiffs' opening brief relates to class certification because the Court bifurcated discovery.  For example, as noted above, Plaintiffs will cite extensively to documents and testimony elicited during fact and expert depositions to rebut Defendants' arguments.

Defendants' opposition is an improper attempt to limit Plaintiffs' ability to use this evidence.  In opposing class certification, Defendants strenuously argued that the Court must "probe behind the pleadings" and conduct a "rigorous analysis" of the factual record in the case.[1] In doing so, they ask the Court to review excerpts from at least five deposition transcripts and forty-five exhibits.  While Defendants overstate the law regarding the Court's standard of review, in light of Defendants' arguments, Plaintiffs should be permitted to introduce evidence and arguments to rebut their factual contentions.

Finally, Defendants suggest that Plaintiffs should have moved to re-file their opening class certification brief after the discovery record closed or asked for more pages sooner.  But again, Plaintiffs' actions here are entirely consistent with the Court-ordered schedule, which the parties agreed upon, and with typical securities class action class certification motions, where defendants seek to rebut the presumption of reliance by "severing the link."  Plaintiffs did not know how many

---

[1] Pursuant to the Court's scheduling orders, the Parties' submissions concerning class certification to date have been served on the opposing party but not filed on the docket.

pages they needed to respond until they saw Defendants' submission, which (as noted above) was 1,000 pages. Plaintiffs acted promptly and reasonably in response.

Toward the end of their brief, Defendants acknowledge that Plaintiffs should be allowed the same number of additional pages that Defendants used to address price impact. *See* Opp. at 4. Even under Defendants' own reasoning, however, their page count is off. They say they used six pages to address this argument, but in reality, there are 12-15 pages of factual and legal arguments that are relevant to the price impact issue. Defendants also get additional pages to address price impact in their sur-reply, further showing that Plaintiffs' request for an additional 15 pages is reasonable. Even accepting Defendants' incorrect six-page count and using a default of 10-pages for their sur-reply, Defendants are using a total of 16 pages to address price impact compared to Plaintiffs' request on this motion for 15 additional pages.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' request for 15 additional pages for their reply in support of their motion for class certification and reject Defendants' improper request that the Court limit Plaintiffs from introducing new arguments or evidence in their reply to rebut Defendants' arguments.

Dated: July 21, 2025

Respectfully submitted,

*/s/ John Rizio-Hamilton*
John Rizio-Hamilton (*pro hac vice*)
johnr@blbglaw.com
Rebecca E. Boon (*pro hac vice*)
rebecca.boon@blbglaw.com
John Esmay (*pro hac vice*)
john.esmay@blbglaw.com
Thomas Z. Sperber (*pro hac vice*)
thomas.sperber@blbglaw.com
**BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP**
1251 Avenue of the Americas

New York, New York 10020
Phone: (212) 554-1400
Fax: (212) 554-1444

*Co-Lead Counsel for Co-Lead Plaintiffs State of Rhode Island, Office of the General Treasurer, on behalf of the Employees' Retirement System of Rhode Island*

Barbara J. Hart (*pro hac vice)*
bhart@gelaw.com
Caitlin M. Moyna (*pro hac vice)*
cmoyna@gelaw.com
Lauren J. Salamon (*pro hac vice)*
lsalamon@gelaw.com
**GRANT & EISENHOFER PA**
485 Lexington Avenue
New York, New York 10017
Phone: (646) 722-8500
Fax: (646) 722-8501

*Co-Lead Counsel for Co-Lead Plaintiffs Amalgamated Bank*

Lewis T. LeClair
Texas Bar No. 12072500
lleclair@mckoolsmith.com
**McKOOL SMITH PC**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Phone: (214) 978-4000
Fax: (214) 978-4044

*Liaison Counsel for the Class*

6

## CERTIFICATE OF SERVICE

I certify that on July 21, 2025, a true and correct copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

/s/ *John Rizio-Hamilton*
John Rizio-Hamilton