**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| MENDI YOSHIKAWA, Individually and On Behalf of All Others Similarly Situated,<br><br>     *Plaintiff*,<br><br> v.<br><br>EXXON MOBIL CORPORATION, DARREN W. WOODS, LIAM M. MALLON, and MELISSA BOND,<br><br>     *Defendants*. | Civil Action No. 3:21-cv-00194-N |

**DEFENDANTS' MOTION TO EXCLUDE THE DECLARATION OF**
**D. RANDALL WRIGHT, P.E. AND BRIEF IN SUPPORT**

SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
1000 Louisiana Street, Suite 6800
Houston, TX 77002
Tel.: (713) 655-5122
Fax: (713) 483-9122

*Attorneys for Defendants Exxon Mobil*
*Corporation, Darren W. Woods, Liam M.*
*Mallon, and Melissa Bond*

**TABLE OF CONTENTS**

<u>Page</u>

INTRODUCTION ..................................................................................................................1

FACTUAL BACKGROUND .................................................................................................2

ARGUMENT .......................................................................................................................10

I.      The Wright Declaration is not rebuttal evidence; it does not "rebut" either any
        expert opinion in Defendants' Class Opposition or any fact or argument on which
        Defendants bore the burden. ..................................................................................10

        A.      Price impact is the only subject appropriate for rebuttal evidence on reply. .........10

        B.      Plaintiffs cannot evade the bar on introducing new fact evidence on reply
                by calling it an expert opinion. ............................................................11

II.     An expert report that does not satisfy Rule 702 and *Daubert* cannot be considered
        at class certification...............................................................................................12

        A.      The Wright Declaration's recitation of the record evidence will not aid the
                Court in determining whether Plaintiffs have met their burden. ...........................13

        B.      Wright's interpretation of emails, ExxonMobil documents, and deposition
                testimony is not the product of any scientific or reliable methodology.................15

        C.      Wright is not qualified to render opinions about what ExxonMobil actually
                did or did not do with respect to ExxonMobil's internal company plan and
                SEC Proved Reserve estimation processes. ...........................................................18

III.    Defendants will be prejudiced if they have to address the Wright Declaration in
        their sur-reply.........................................................................................................19

CONCLUSION....................................................................................................................20

**TABLE OF AUTHORITIES**

Cases                                                                                                            Page(s)

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
    509 U.S. 579 (1993) ...............................................................................................12, 13

*E.E.O.C. v. Kaplan Higher Education Corp.*,
    748 F.3d 749 (6th Cir. 2014)..................................................................................18

*Erica P. John Fund, Inc. v. Halliburton Co.*,
    563 U.S. 804 (2011) ...............................................................................................11

*Factory Mutual Insurance Co. v. Alon USA L.P.*,
    705 F.3d 518 (5th Cir. 2013)..............................................................................13, 15

*General Electric Co. v. Joiner*,
    522 U.S. 136 (1997) ...............................................................................................16

*Greene v. Toyota Motor Corp.*,
    2014 WL 12575962 (N.D. Tex. May 7, 2014)........................................................11

*Guile v. United States*,
    422 F.3d 221 (5th Cir. 2005)..................................................................................14

*Halliburton Co. v. Erica P. John Fund, Inc.*,
    573 U.S. 258 (2014) ...............................................................................................19

*Hathaway v. Bazany*,
    507 F.3d 312 (5th Cir. 2007)..................................................................................18

*Kumho Tire Co. v. Carmichael*,
    526 U.S. 137 (1999) ...........................................................................................13, 18

*Moore v. Ashland Chemical Inc.*,
    151 F.3d 269 (5th Cir. 1998)..................................................................................16

*Nationwide Agribusiness Insurance Co. v. Varco Pruden Buildings, Inc.*,
    2020 WL 1778069 (N.D. Tex. Mar. 3, 2020) ........................................................10

*Orthoflex, Inc. v. ThermoTek, Inc.*,
    986 F. Supp. 2d 776 (N.D. Tex. 2013)....................................................................14

*Prantil v. Arkema Inc.*,
    986 F.3d 570 (5th Cir. 2021)..................................................................................12

*Robroy Industries-Texas, LLC v. Thomas & Betts Corp.*,
    2017 WL 1319553 (E.D. Tex. Apr. 10, 2017) ........................................................14

*Salas v. Carpenter*,
  980 F.2d 299 (5th Cir. 1992)................................................................................13, 15

*Texokan Operating, Inc. v. Hess Corp.*,
  89 F. Supp. 3d 903 (S.D. Tex. Jan. 21, 2015) .........................................................18

*United States v. Brownlee*,
  744 F.3d 479 (7th Cir. 2014)........................................................................1, 13, 15

*Weber v. Merrill Lynch Pierce Fenner & Smith, Inc.*,
  455 F. Supp. 2d 545 (N.D. Tex. Sept. 1, 2006)..................................................11, 12

**RULES**

Fed. R. Evid. 702 ................................................................................................12, 15

**REGULATIONS**

17 CFR §210.4-10.......................................................................................................7

Defendants Exxon Mobil Corporation ("ExxonMobil"), Darren W. Woods, Liam M. Mallon, and Melissa Bond (together, "Defendants") respectfully move to exclude from consideration of Plaintiffs' Renewed Motion for Class Certification (the "Class Motion") the declaration of D. Randall Wright (the "Wright Declaration") attached to Plaintiffs' Reply in Further Support of Plaintiffs' Renewed Motion for Class Certification (the "Class Reply").

## INTRODUCTION

*"An expert who parrots an out-of-court statement is not giving expert testimony; he is a ventriloquist's dummy*."[1]

Plaintiffs attached to their Class Reply a purported "expert rebuttal report" that is neither an expert report nor a rebuttal report. The Wright Declaration is nothing more than a lengthy recitation of the contents of cherry-picked ExxonMobil emails and internal documents from which Wright purports to have determined what the facts are. So it is not an expert report. Wright's opinions about the evidence do not rebut any expert opinions from Defendants' Opposition to the Class Motion. They are based on documents produced more than seven months before the Class Motion was served,[2] and they are meant not to rebut the Opposition but to remedy Plaintiffs' failure to prove multiple facts that were part of Plaintiffs' burden of proof in the Class Motion. And so it is not a rebuttal report. Instead, it is an attempt to avoid the bar on introducing new evidence on reply, circumvent the already-expanded twenty-five-page limit for the Class Reply, and cloak counsel's tardy attempt to meet its proof burden with the imprimatur of an expert.

---

[1]  R. Posner, *United States v. Brownlee*, 744 F.3d 479, 482 (7th Cir. 2014).

[2]  Wright claims to have reached his opinions based upon reading "the evidence." Only seven documents on which he says he relied were produced after Plaintiffs filed their Class Motion. (App. 2-3.)

Consistent with the law in this District, which precludes introducing new evidence in a reply brief, the parties negotiated and agreed to a class certification schedule that allowed Plaintiffs to file a reply with "rebuttal evidence" only. (ECF No. 180.) In reliance on that limitation, Defendants agreed that their sur-reply would address only matters on which Defendants bear the burden. (*Id*.) Because the Wright Declaration is not rebuttal evidence (or expert evidence), the Court should exclude it from the Court's consideration of the class certification record. Defendants seek this relief now because they should not be forced to engage a new rebuttal expert for a sur-reply, incur the expense of yet another deposition, and extend the class certification briefing schedule yet again to address Plaintiffs' attempt to carry their Class Motion burden through a reply brief.

## FACTUAL BACKGROUND

### *The parties negotiate a class certification briefing schedule.*

This Court's initial scheduling order for class certification contemplated the submission of all class certification briefing to the Court by October 21, 2024. (ECF 154 ¶7.) In compliance with that Order, class document discovery was substantially completed in July 2024 – more than a year ago. (ECF No. 143.) Defendants produced 16,487 documents before that deadline. (App. 2.) On September 13, 2024, three weeks after class discovery would have been closed, Plaintiffs moved to amend their complaint and stay the completion of class discovery. (ECF Nos. 159-160.)

On January 6, 2025, this Court denied Plaintiffs' motion to amend their complaint, and the parties negotiated and agreed on an amended class certification briefing schedule. (ECF No. 178.) The scheduling order required Plaintiffs to serve their Class Motion on February 7, 2025, and Defendants to serve their Class Opposition on June 23, 2025. (ECF No. 181.) The

2

parties agreed that Plaintiffs could serve a reply with "rebuttal evidence" only on August 6, 2025, and that Defendants would have a sur-reply "addressing only issues on which Defendants bear the burden" and "including rebuttal evidence" due September 2, 2025.  (ECF No. 180.)  The parties also agreed that expert depositions would be completed by August 20, 2025 – just two weeks after Plaintiffs' reply was due.  (*Id*.)  Defendants agreed to the deadline for expert depositions in reliance on Plaintiffs' agreement that their reply would be a rebuttal only.

> ***Plaintiffs' Class Motion relies on a single paragraph in the Second Amended Complaint to prove their alleged scheme reached investors, and Defendants' Class Opposition rebuts that allegation with extensive record evidence.***

Plaintiffs served their Class Motion on February 7, 2025.    The Class Motion acknowledged that it is Plaintiffs' burden to prove each Rule 23(b) prerequisite to class certification, including predominance.  (App. 24.)  To carry their burden with respect to the predominance requirement, Plaintiffs invoked the "fraud-on-the-market" doctrine, which they acknowledged required that they "***must demonstrate*** '(1) the alleged misrepresentations were publicly known.'"  (App. 25 (emphasis added).)  In the context of a scheme liability claim, this means Plaintiffs must show that the scheme itself or the results of the scheme were somehow incorporated into a public statement to make it materially misleading.  (App. 25.)  But Plaintiffs attached no evidence at all to their Class Motion to carry that burden.  Instead, they simply claimed it was met "because ***they have alleged"*** that Defendants "employed false learning curve drilling assumptions" to "support" Exxon's public statements about production and reserves, citing a single paragraph of the Second Amended Complaint ("SAC").  (App. 25-26 (emphasis added).)  Plaintiffs also included with the Class Motion an expert report from Dr. Matthew D. Cain, who proffered only the opinion that ExxonMobil stock trades in an efficient market.  (App. 27.)

In their Class Opposition, served on June 23, 2025, Defendants argued first that Plaintiffs could not carry their burden to prove the Rule 23(b) prerequisites by citing only their own allegations in a complaint, and so they had failed to prove that their alleged scheme was somehow communicated in a misleading statement to the public. (App. 22-24.) Alternatively, the Class Opposition then rebutted Plaintiffs' unsupported claim that learning curves were incorporated in public statements with record evidence that demonstrates that, in fact, the internal drilling learning curves Plaintiffs allege were used in the ExxonMobil Company Plan were *not* incorporated in any purported public statements about the Company's SEC Proved Reserves or Permian Resource Base. (App. 17-18.) Defendants did not submit any expert report as part of their fact-based rebuttal of Plaintiffs' claim that their alleged scheme was incorporated into public statements.

Separately, the Class Opposition also argued that the alleged misstatements in the SAC were not material because they had no price impact on ExxonMobil's stock price. The Class Opposition included the expert report of Dr. Allen Ferrell, who opines only on whether any alleged misstatement had price impact. (App. 24.) Dr. Ferrell did not offer any opinions about the factual allegations in the Class Motion or the rebuttal facts in the Opposition. Instead, Dr. Ferrell assumed for purposes of his analysis that ExxonMobil's internal learning curves had been incorporated into the alleged public misstatements. (*See* App. 10 ¶¶ 23-28.)

> ***Just before their reply is due — and after they obtain a fifteen-page extension — Plaintiffs disclose that they intend to introduce a new expert report in their reply but refuse to identify the topic of his expert opinion.***

On July 11, 2025, Plaintiffs asked this Court to more than double the ten-page limit for their Class Reply. (*See generally* ECF No. 186; ECF No. 189.) Their motion did not mention Plaintiffs' intent to introduce a new expert report on fact issues. (*Id.*) Defendants opposed the

4

motion, anticipating that Plaintiffs intended to attempt to use their reply to present the evidence they could have and should have included in their opening Class Motion.  (ECF No. 189 at 2-3.)

This Court extended Plaintiffs' Class Reply page limit from ten to twenty-five pages on July 22, 2025.  (ECF 191.)  Two days later, Plaintiffs' counsel disclosed that "[w]e will be submitting an expert report from Randy Wright with our reply brief."  (App. 223.[3])  Plaintiffs also advised that Wright would be available only on August 13 – seven days after Plaintiffs' reply deadline — for deposition.  (App. 223.)  When asked, Plaintiffs' counsel refused to identify the topic on which Wright would opine, evasively stating only that Wright "w[ould] be rebutting several incorrect assertions Defendants made in their opposition submission" and "Mr. Wright is a rebuttal expert who will be responding to the new arguments you put in your opposition papers."  (App. 220, 222.)

The reason for Plaintiffs' equivocation is now clear.  Plaintiffs intend to attempt to carry their burden of proof in their Class Reply rather than their Class Motion.  On August 6, 2025, Plaintiffs served their Class Reply with the Wright Declaration.

### *Wright's opinions are not based on any expert methodology or analysis; instead he purports to tell the Court how to interpret ExxonMobil emails and internal documents.*

Plaintiffs' Class Reply, served on August 6, 2025, includes an over 2,300-page appendix and two purported "rebuttal" expert declarations.  The declaration of Matthew Cain presents an econometric analysis that attempts to rebut the price impact opinions of Dr. Ferrell.  But the declaration of Randall Wright, a putative oil-and-gas expert, contains only Wright's recitation and interpretation of the contents of ExxonMobil internal documents and emails and his

---

[3]    Wright's Declaration does not identify when he was engaged by counsel to prepare his opinions, but it is unlikely that he was first asked to draft a report on July 23, 2025.

conclusions about what facts they do or do not prove.[4] Plaintiffs do not offer any explanation for not including the facts in Wright's Declaration in their Class Motion — nor could they. All but seven of the documents Wright claims to have relied on were produced months before Plaintiffs served their Class Motion on February 7, 2025. (App. 2-3.) ████████████

████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

██████████████████

████████████████████████████

---

[4]  Wright admits that ████████████████████████████████████████████████████████████████████████████████████████ And while Wright mentions Dr. Ferrell's report, he does not in fact rebut any expert opinion offered by Dr. Ferrell.

6





8



And here too, Plaintiffs use the Wright Declaration to evade their Class Reply page limit.

9

## ARGUMENT

**I.    The Wright Declaration is not rebuttal evidence; it does not "rebut" either any expert opinion in Defendants' Class Opposition or any fact or argument on which Defendants bore the burden.**

### A.    Price impact is the only subject appropriate for rebuttal evidence on reply.

Rebuttal expert testimony is strictly limited to evidence "'intended *solely* to contradict or rebut' opposing experts' evidence." *Nationwide Agribusiness Ins. Co. v. Varco Pruden Bldgs., Inc.*, 2020 WL 1778069, at *11 (N.D. Tex. Mar. 3, 2020) (emphasis added) (quoting *Poly-Am., Inc. v. Serrot Int'l, Inc.*, 2002 WL 1996561, at *15 (N.D. Tex. Aug. 26, 2002)).  Defendants' sole expert in opposition to the Class Motion is Dr. Ferrell, whose report presented an econometric analysis of price impact.  Nothing in Dr. Ferrell's report touches on how SEC Proved Reserves or the Resource Base are estimated or whether any internal learning curves were incorporated into public-facing disclosures.  Dr. Ferrell's analysis did not turn in any way on whether any internal scheme could actually be tied to any of the alleged misstatements.  (App. 78 ¶ 10.)  So there was nothing in Dr. Ferrell's report for an oil-and-gas expert to "rebut."

Plaintiffs tacitly conceded as much.  Before filing the Wright Declaration, they did not contend that Wright would rebut Dr. Ferrell's report in any respect even when directly asked this question.  (App. 220.)  Instead, they said only that he would dispute purported "incorrect assertions" in Defendants' Class Opposition.  (App. 222.)  The Wright Declaration does not include a single reference to "price impact" — the only proper expert rebuttal subject.  And while ten of the 119 paragraphs in the Wright Declaration mention Dr. Ferrell's report, *none* engages with or purports to rebut his econometric analysis.  Because Wright does not rebut the only expert opinion offered, it cannot be introduced in the Class Reply.

10

**B.    Plaintiffs cannot evade the bar on introducing new fact evidence on reply by calling it an expert opinion.**

"A movant may not submit, and the Court will not consider, new evidence with a reply brief. . . . [Reply] is not an opportunity to submit evidence or make arguments not previously raised in the opening brief." *Greene v. Toyota Motor Corp.*, 2014 WL 12575962, at *1 (N.D. Tex. May 7, 2014) (Godbey, J.) (citing *Dethrow v. Parkland Health Hosp. Servs.*, 204 F.R.D. 102, 103 (N.D. Tex. 2001)). The Wright Declaration is a selective recitation of record evidence aimed at establishing the core elements of Plaintiffs' class certification reliance theory: that a corporate "scheme" existed, that it was incorporated in ExxonMobil's public disclosures, and that investors relied on those disclosures. These are not rebuttal opinions; this is affirmative evidence Plaintiffs were required to present in their initial moving papers. *Weber v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 455 F. Supp. 2d 545, 551 (N.D. Tex. 2006) ("Because [plaintiffs] have in effect used their reply brief to supplement their motion . . . the court concludes that the new argument and supporting evidence should be stricken."); *see also Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 811 (2011) ("It is undisputed that securities fraud plaintiffs must prove certain things in order to invoke *Basic*'s rebuttable presumption of reliance.").

The parties substantially completed class certification document production in July 2024. Plaintiffs had approximately seven months to advance every fact they now try to introduce through Wright. Wright relied on just seven documents produced after Plaintiffs served their Class Motion. █████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

11

██████████████████████████████████████████ So Plaintiffs could

have included all of the documentary evidence and fact argument in the Wright Declaration in

their actual motion.[6] They elected instead to rest their reliance theory exclusively on a single

allegation in their own complaint. (App. 24-27.) It was only after the Class Opposition rebutted

that allegation with extensive record evidence that Plaintiffs sought to plug the hole in their proof

with the Wright Declaration — while simultaneously depriving Defendants of a meaningful

opportunity to respond. That is precisely the kind of sandbagging this Court forbids. *See Weber*,

455 F. Supp. 2d at 551 ("It is well established that 'a movant should not be permitted to cure by

way of reply what is in fact a defective motion.'" (quoting *Springs Indus., Inc. v. Am. Motorists

Ins. Co.*, 137 F.R.D. 238, 240 (N.D. Tex. 1991)).

## II.    An expert report that does not satisfy Rule 702 and *Daubert* cannot be considered at class certification.

Rule 702 of the Federal Rules of Evidence permits the use of expert testimony only if the

witness is qualified as an expert by "knowledge, skill, experience, training, or education." Fed.

R. Evid. 702(a); *see also Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993).

Qualification is only the threshold inquiry. Even a qualified expert may testify only if the

expert's specialized knowledge will aid the trier of fact and (1) the testimony is based upon

sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and

(3) the witness has applied the principles and methods reliably to the facts of the case. *See* Fed.

R. Evid. 702; *see also Daubert*, 509 U.S. at 592-593. The Fifth Circuit recently confirmed that

this standard applies equally to expert opinions proffered at class certification. "[T]he *Daubert*

hurdle must be cleared" when the expert opinion "is relevant to the decision to certify." *Prantil*

---

[6]   Although they could not have done so in the format of an expert report for the reasons stated in Section II.A-B.

*v. Arkema Inc.*, 986 F.3d 570, 575 (5th Cir. 2021). "[I]f an expert's opinion would not be admissible at trial, it should not pave the way for certifying a proposed class." *Id*. at 576.

District courts must determine that expert testimony "is not only relevant, but reliable," and make "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid" and "can be applied to the facts in issue." *Daubert*, 509 U.S. at 589, 592–93; *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150–51 (1999) (holding *Daubert* principles apply to all types of experts). The focus "must be solely on principles and methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 595. This "'gatekeeping' obligation" applies any time the court evaluates "testimony based on 'technical' and 'other specialized' knowledge." *Kumho Tire Co.*, 526 U.S. at 141 (citation omitted).

### A. The Wright Declaration's recitation of the record evidence will not aid the Court in determining whether Plaintiffs have met their burden.

Lawyers' arguments dressed up as expert opinions do not "help the trier of fact to understand the evidence or to determine a fact in issue" as required by Rule 702(a). It is axiomatic that "a proffered expert [should] bring to the jury more than the lawyers can offer in argument." *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992) (quoting *In re Air Crash Disaster at New Orleans, La.*, 795 F.2d 1230, 1233 (5th Cir. 1986)). As the Fifth Circuit has held:

> Courts nevertheless must serve a gate-keeping function with respect to Rule 703 opinions to ensure 'the expert isn't being used as a vehicle for circumventing the rules of evidence.' Rule 703 'was not intended to abolish the hearsay rule and to allow a witness, under the guise of giving expert testimony, to in effect become the mouthpiece of the witnesses on whose statements or opinions the expert purports to base his opinion.'

*Factory Mut. Ins. Co. v. Alon USA L.P.*, 705 F.3d 518, 524 (5th Cir. 2013) (citations omitted).

"[T]he entirety of [an expert's] testimony cannot be the mere repetition of 'the out-of-court statements of others.'" *Brownlee*, 744 F.3d at 482 (quoting *United States v. Luna*, 649 F.3d

13

91, 105 (1st Cir. 2011)). And "an expert witness may not simply summarize the out-of-court statements of others as his testimony." *Id.* (citation omitted). Nor can an expert be "a vehicle through whom the party can summarize its case for the jury, with the imprimatur of the expert's asserted 'expertise.'" *Robroy Indus.-Tex., LLC v. Thomas & Betts Corp.*, 2017 WL 1319553, at *10 (E.D. Tex. Apr. 10, 2017) (collecting cases). "Although in forming an independent opinion an expert can rely on information provided by a party's attorney, an expert cannot forgo his own independent analysis and rely exclusively on what an interested party tells him." *Orthoflex, Inc. v. ThermoTek, Inc.*, 986 F. Supp. 2d 776, 798 (N.D. Tex. 2013) (Fitzwater, J.) (collecting cases). "[I]f an opinion is fundamentally unsupported, then it offers no expert assistance to the jury." *Guile v. United States*, 422 F.3d 221, 227 (5th Cir. 2005).

The Wright Declaration is precisely the type of impermissible "vehicle" for Plaintiffs' view of the facts (and an extension on their Class Reply page limits) precluded by Rule 702. Wright's own declaration makes plain that he is simply serving as the mouthpiece for Plaintiffs' selective review of (and biased view of) the record evidence and deposition testimony to usurp this Court's role in determining what "the evidence shows." (*Supra* at 6-9.)



Wright's advocacy for Plaintiffs' fact positions provide no assistance to this Court under Rule 702. *See, e.g., Salas v. Carpenter*, 980 F.2d at 305; *Factory Mut. Ins. Co.*, 705 F.3d at 524; *Brownlee*, 744 F.3d at 482.

### B.  Wright's interpretation of emails, ExxonMobil documents, and deposition testimony is not the product of any scientific or reliable methodology.

Expert opinions are admissible only if "the testimony is the product of reliable principles and methods" and "the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702(c)-(d).  Plaintiffs bear the burden of proving

---

Wright's conclusions are "based on the scientific method, and, therefore, are reliable." *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998). "The expert's assurances that he has utilized generally accepted scientific methodology is insufficient." *Id.* And "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence [that] is connected to existing data only by the *ipse dixit* of the expert." *Id.* at 277 (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)). "A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *Gen. Elec. Co.*, 522 U.S. at 146.

As discussed above, the Wright Declaration

16



Similarly, Wright opines that [REDACTED]

[REDACTED] This is a Rule 10b-5(b) scheme liability case. To identify a class period and meet the prerequisites for Rule 23, Plaintiffs must prove that the scheme they allege somehow reached investors on or by a date certain. (ECF No. 92, SAC ¶¶ 434, 443.) Whether ExxonMobil's Permian Basin annual development planning process was conducted in accordance with industry standards — [REDACTED]

17

███████████████████ — is irrelevant to that question. *Daubert* does not permit Plaintiffs to meet their class certification burden of proof based on "a homemade methodology, crafted by a witness with no particular expertise to craft it, . . . tested by no one, and accepted only by the witness himself." *E.E.O.C. v. Kaplan Higher Educ. Corp.*, 748 F.3d 749, 754 (6th Cir. 2014). This is the precise type of *ipse dixit* expert opinion that courts reject. *See Texokan Operating, Inc. v. Hess Corp.*, 89 F. Supp. 3d 903, 911 (S.D. Tex. Jan. 21, 2015).

**C.    Wright is not qualified to render opinions about what ExxonMobil actually did or did not do with respect to ExxonMobil's internal company plan and SEC Proved Reserve estimation processes.**

As noted above,

In other words, he cannot opine on, and has no way of knowing, how ExxonMobil's internal planning process was structured or how ExxonMobil *actually incorporated* the company plan into its SEC Proved Reserve estimates beyond reading documents.

It is axiomatic that an expert must have "sufficient specialized knowledge to assist the jurors in deciding the particular issues." *Kumho Tire Co.*, 526 U.S. at 156. "[W]ithout more than credentials and a subjective opinion, an expert's testimony that 'it is so' is not admissible." *Hathaway v. Bazany*, 507 F.3d

18

312, 318 (5th Cir. 2007) (citing *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 424 (5th Cir. 1987)). The Wright Declaration is his third-hand interpretation of what participants meant by their statements in the selective documents he reviewed.[8]

### III. Defendants will be prejudiced if they have to address the Wright Declaration in their sur-reply.

The Court should address this issue now rather than through Defendants' sur-reply. First, Plaintiffs cannot credibly claim that any prejudice resulting from the Wright Declaration would be ameliorated by the opportunity to file a sur-reply. The parties negotiated for a sur-reply addressing only issues on which *Defendants* bear the burden. The burden to demonstrate the absence of price impact shifts to Defendants only if Plaintiffs first establish a presumption of reliance. *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. at 276. Because Plaintiffs intend to use the Wright Declaration itself to make that threshold showing, any such "no prejudice" argument is circular: the very submission that creates the supposed basis for a sur-reply is impermissible new evidence aimed at manufacturing a burden shift that would not otherwise occur.

Second, Class certification has already been delayed by more than a year while Plaintiffs litigated their last-minute motion to amend their pleading. And Defendants have expended substantial resources on extensive discovery that far exceeded typical class certification discovery. Defendants should not now have to bear the cost and delay of conducting yet another expert deposition, engaging a sur-reply rebuttal expert, and drafting an extensive sur-reply to address facts that Plaintiffs failed to raise in their Class Motion.

---

[8] Wright's unfamiliarity with ExxonMobil's processes and procedures is reflected in the myriad errors he made in describing the factual record, which Defendants will address in their sur-reply as necessary.

Accordingly, the Court should exclude from the class certification record all portions of the Wright Declaration that do not directly rebut Dr. Ferrell's price impact analysis, along with any argument that relies on those portions.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court exclude the declaration of D. Randall Wright, P.E., from consideration with the Class Motion.

Dated: August 22, 2025

Respectfully submitted,

*/s/ Noelle M. Reed*

Noelle M. Reed
   State Bar No. 24044211
Abigail E. Davis
   State Bar No. 24139564
Wallis M. Hampton
   State Bar No. 00784199
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
1000 Louisiana Street, Suite 6800
Houston, Texas 77002
Tel.: (713) 655-5122
Fax: (713) 483-9122
noelle.reed@skadden.com
abigail.sheehan@skadden.com
wallis.hampton@skadden.com

Michelle L. Davis
   State Bar No. 24038854
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
308 Bahama Court
Granbury, Texas 76048
Tel.: (713) 655-5197
Fax: (713) 483-9197
michelle.davis@skadden.com

Michael W. Restey Jr. (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Tel.: (212) 735-3000
Fax: (212) 735-2000
michael.restey@skadden.com

*Attorneys for Defendants*
*Exxon Mobil Corporation, Darren W. Woods,*
*Liam M. Mallon, and Melissa Bond*

21

## CERTIFICATE OF CONFERENCE

I certify that on August 12, 2025, counsel for Defendants (Noelle Reed, Abby Davis, Mike Restey, and Wallis Hampton) conferred with counsel for Plaintiffs (Rebecca Boon, John Rizio-Hamilton, John Esmay, Thomas Sperber, Caitlin Moyna, and Lauren Salamon) regarding this Motion and its basis.  Plaintiffs' counsel confirmed that they opposed this motion.

*/s/ Wallis M. Hampton*
Wallis M. Hampton