**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| MENDI YOSHIKAWA, Individually and On Behalf of All Others Similarly Situated, <br><br> *Plaintiff*, <br><br> v. <br><br> EXXON MOBIL CORPORATION, DARREN W. WOODS, LIAM M. MALLON, and MELISSA BOND, <br><br> *Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Civil Action No. 3:21-cv-00194-N |

**DEFENDANTS' EMERGENCY MOTION**
**FOR EXPEDITED BRIEFING AND BRIEF IN SUPPORT**

Defendants respectfully request that the Court set an expedited briefing schedule for their Motion to Exclude the Declaration of D. Randall Wright, P.E. (the "Motion to Exclude"), filed contemporaneously with this motion.

The original class certification briefing schedule set in this case called for the completion of class certification briefing by October 4, 2024.  Plaintiffs delayed that schedule by a year when they filed their motion to amend the complaint for a fourth time in September 2024.  Now, on the eve of finally completing class certification briefing, Plaintiffs have submitted with their Reply brief a new expert report on fact issues that should have been addressed in their opening brief.  Defendants have filed today the Motion to Exclude the new Reply expert evidence.  To avoid further unnecessary delays in resolving this case, Defendants respectfully request that the Court set an expedited schedule for resolution of their Motion to Exclude.

## PROCEDURAL HISTORY

Under the original Class Certification Scheduling Order, the deadline to complete class certification briefing was October 4, 2024.  (ECF 154 ¶ 6.)

On September 13, 2024, Plaintiffs filed a Motion for Leave to File a Third Amended Complaint and Motion for Reconsideration.  (ECF 161.)  The Court denied that motion on January 7, 2025.  (ECF 178.)

On February 3, 2025, the parties entered into the Joint Stipulation Regarding the Class Certification Schedule (the "Class Certification Schedule").  (ECF 181.)  Under the Class Certification Schedule, Plaintiffs' Renewed Motion for Class Certification was due February 7, 2025; Defendants' Opposition was due June 23, 2025; Plaintiffs' Reply was due August 6, 2025; and Defendants' Sur-Reply is due on September 2, 2025.  (*Id.* ¶¶ 1, 3, 5, 7.)

Plaintiffs bear the burden of proof to establish each of the Rule 23 prerequisites to certify a class.  *See Wal-Mart Store, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) ("Rule 23 does not set forth a mere pleading standard.  A party seeking class certification must affirmatively demonstrate his compliance with the Rule . . . .").  In fraud cases, individual issues of reliance typically predominate over common issues unless a Plaintiff establishes that he is entitled to rely on a presumption of reliance.  *See Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 268 (2014).  "[T]o demonstrate that the presumption of reliance applies in a given case" a plaintiff must show, inter alia, "that the stock traded in an efficient market." *Id.*  In a scheme case like this one, Plaintiffs must also prove that the alleged scheme was somehow incorporated in a public statement that reached investors.  If Plaintiffs carry their burden, then the burden shifts to Defendants to establish that the alleged misrepresentations and omissions did not have a price impact. *See Halliburton*, 573 U.S. at 279.

In accordance with this burden-shifting regime, the parties agreed that Plaintiffs would file a Reply with "rebuttal evidence" only.  (ECF 180 ¶ 5.)  In turn, Defendants agreed to submit a Sur-Reply "addressing only issues on which Defendants bear the burden" (i.e., on price impact).  (*Id.* ¶ 7.)

On July 24, 2025 – a full month after Defendants served their Class Opposition brief – Plaintiffs' counsel advised that they would include two expert reports with their August 6, 2025 Reply: one rebutting Defendants' price impact expert and the other addressing "arguments" in the Opposition.  Plaintiffs refused to disclose before August 6, 2025 what their second expert would opine on.

On August 6, 2025, Plaintiffs submitted with their Reply the declaration of petroleum engineer D. Randall Wright, P.E. (the "Wright Declaration").  The Wright Declaration does not rebut Defendants' price impact expert.  Instead, it purports to present Wright's opinions about what facts are proved by the thousands of pages of new evidence also attached to the Reply.  These fact issues are issues on which Plaintiffs bear the burden of proof, including whether any product of Plaintiffs' alleged scheme was actually used by ExxonMobil employees to estimate SEC Proved Reserves and its Resource Base.  These facts are part of Plaintiffs' burden in their Class Motion and so cannot be presented on Reply.  And Wright conducts no expert analysis – he simply recites the contents of ExxonMobil emails and documents and opines on what facts he thinks they demonstrate.

Accordingly, Defendants have filed a motion to exclude the Wright Declaration because it: (1) does not meet the standards of Federal Rule of Evidence 702 and the Supreme Court's decision in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993); and (2) is not permissible rebuttal evidence.

Defendants would have filed the Motion to Exclude earlier, but Plaintiffs refused to disclose the topics of Wright's opinions until August 6, 2025. (App. 1.) To mitigate delay to the Class Certification Schedule, Defendants proposed an expedited briefing schedule giving Plaintiffs seven days to oppose the Motion to Exclude and allowing Defendants five days for a reply. Plaintiffs rejected this schedule.

In an attempt to compromise, Defendants suggested fourteen days for Plaintiffs to oppose and seven days for Defendants to reply. Plaintiffs' counsel rejected this proposed schedule because the response would be due near Labor Day. Defendants then offered to file the Motion to Exclude later with a fourteen-day response date. Plaintiffs rejected this offer as well because their time to respond would include a weekend.

Class certification has already been delayed by a year due to Plaintiffs' eleventh hour motion to amend their pleading. And this motion could have been litigated within the existing schedule if Plaintiffs had not played games with the timing and content of their disclosure of a new expert on Reply. Accordingly, Defendants respectfully request that to avoid further unnecessary delay, the Court enter the following briefing schedule on the Motion to Exclude:

- Plaintiffs' Opposition to be filed no later than September 5, 2025; and

- Defendants' Reply to be filed no later than September 12, 2025.

4

Dated: August 22, 2025                    Respectfully submitted,

                                          */s/ Noelle M. Reed*
                                          Noelle M. Reed
                                              State Bar No. 24044211
                                          Abigail E. Davis
                                              State Bar No. 24139564
                                          Wallis M. Hampton
                                              State Bar No. 00784199
                                          SKADDEN, ARPS, SLATE,
                                              MEAGHER & FLOM LLP
                                          1000 Louisiana Street, Suite 6800
                                          Houston, Texas 77002
                                          Tel.: (713) 655-5122
                                          Fax: (713) 483-9122
                                          noelle.reed@skadden.com
                                          abigail.sheehan@skadden.com
                                          wallis.hampton@skadden.com

                                          Michelle L. Davis
                                              State Bar No. 24038854
                                          SKADDEN, ARPS, SLATE,
                                              MEAGHER & FLOM LLP
                                          308 Bahama Court
                                          Granbury, Texas 76048
                                          Tel.: (713) 655-5197
                                          Fax: (713) 483-9197
                                          michelle.davis@skadden.com

                                          Michael W. Restey Jr. (admitted *pro hac vice*)
                                          SKADDEN, ARPS, SLATE,
                                              MEAGHER & FLOM LLP
                                          One Manhattan West
                                          New York, New York 10001
                                          Tel.: (212) 735-3000
                                          Fax: (212) 735-2000
                                          michael.restey@skadden.com

                                          *Attorneys for Defendants*
                                          *Exxon Mobil Corporation, Darren W. Woods,*
                                          *Liam M. Mallon, and Melissa Bond*

5

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(b), I certify that between August 12 and 13, 2025, Defendants' counsel Mike Restey and I conferred with counsel for Plaintiffs Rebecca Boon regarding the relief requested in this Motion. Additional counsel for Defendants and Plaintiffs were included in this correspondence. The parties were not able to reach agreement because Plaintiffs' counsel was unwilling to agree to any expedited schedule and represented that they did not want to include a weekend or Labor Day in their response time.

*/s/ Noelle M. Reed*
Noelle M. Reed