**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

|  |  |
|---|---|
| MENDI YOSHIKAWA, Individually and On Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>  v.<br><br>EXXON MOBIL CORPORATION, DARREN W. WOODS, LIAM M. MALLON, and MELISSA BOND,<br><br>     Defendants. | )<br>)<br>)<br>)<br>) Civil Action No.: 3:21-cv-00194-N<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS'**
**MOTION FOR EXPEDITED BRIEFING**

Plaintiffs oppose Defendants' motion for expedited briefing for Defendants' motion to exclude the Rebuttal Declaration of Randall Wright, P.E. ECF No. 196 ("Motion to Expedite"). Plaintiffs should be permitted 21 days to oppose this motion under the standard schedule provided by Local Rule 7.1(e), which is just one week more than Defendants have proposed. Expedited briefing is appropriate only in emergency or other exigent circumstances. Here, there is no emergency: at Defendants' request, Plaintiffs have agreed to extend the class certification schedule until after the Court rules on the motion to exclude.

The only effect of imposing expedited briefing would be to prejudice Plaintiffs because Defendants' motion to exclude Mr. Wright involves multiple (incorrect) assertions and complex evidentiary issues that Plaintiffs need adequate time to address.

Defendants also wrongly accuse Plaintiffs of having "played games." The record is clear that Plaintiffs have been nothing but transparent regarding their reliance on Mr. Wright as a rebuttal expert, which is proper under both the Court-ordered schedule and the caselaw. Plaintiffs disclosed Mr. Wright as a rebuttal expert over a year ago, a representative from his office attended multiple depositions starting in April, and Plaintiffs proactively reached out to Defendants to schedule his deposition over a month ago, before Plaintiffs' reply was due.

In contrast to Plaintiffs' efforts to work cooperatively to comply with the deadlines in the Court-ordered schedule, Defendants rejected any attempt to schedule Mr. Wright's deposition in accordance with the schedule, and now seek to put the entire class certification schedule on hold for at least multiple months while simultaneously insisting that Plaintiffs' briefing be expedited over a holiday period that includes pre-planned vacations. The Motion to Expedite should be denied.

1

## ARGUMENT

The Court should deny Defendants' motion for three principal reasons: (1) there are no emergency or exigent circumstances requiring expedited briefing, (2) the Motion to Exclude is based on several grounds and Plaintiffs would be prejudiced without adequate time to respond, and (3) Plaintiffs are not seeking to delay the class certification schedule.

*First,* expedited briefing for Defendants' motion is unwarranted because Plaintiffs have already agreed, subject to the Court's approval, that Defendants can extend the deadlines in the class certification schedule to take Mr. Wright's deposition and serve their sur-reply after the Court rules on Defendants' motion. *See* A-5; ECF No. 198. Where, as here, there are no emergency or exigent circumstances requiring expedited briefing, courts reject such motions. *Polymer80, Inc. v. Garland*, 2023 WL 11955673, at *2 (N.D. Tex. Mar. 12, 2023) ("[T]he Court sees no reason to expedite this non-emergency venue motion and place it ahead of the many other motions and cases currently pending before this Court."); *Willoughby v. Metropolitan Lloyds Insurance Company of Texas*, 2013 WL 12104752, at *1, n.1 (N.D. Tex. Mar. 8, 2013) (noting that expedited its briefing schedule only applied to "Emergency Motion for Extension of Time to File Response" and did not alter deadlines for non-emergency summary judgment motions). *Cf. Ahmann v. Giger*, 2011 WL 13134340, at *2 (S.D. Tex. Jan. 10, 2011) (agreeing to decide motion on expedited schedule to allow parties to maintain deposition schedule).

*Second*, Defendants' Motion to Exclude is based on several incorrect grounds, and Plaintiffs should be afforded the customary time under the local rules to prepare an adequate response. Here, Defendants argue that the Wright Rebuttal Declaration: (1) is not a rebuttal report and impermissibly asserts new facts, and (2) should be stricken under Rule 702. In opposition, Plaintiffs will have to explain, in reference to the extensive discovery record, how the Wright

2

Rebuttal Declaration is proper rebuttal evidence under the Court's schedule, which permitted Plaintiffs to "includ[e] rebuttal evidence" in their reply submission, and set a deadline for Defendants to "take the deposition of any expert submitted with Lead Plaintiffs' Reply." ECF No. 181. Plaintiffs will also explain how Mr. Wright is qualified to offer the opinions in the Wright Rebuttal Declaration, and such opinions are reliable and will be helpful to the fact-finder under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993). Plaintiffs require sufficient time to address such legal and factual questions. *See Garland*, 2023 WL 11955673, at *2 (denying expedited briefing where consideration of the relevant facts "necessarily takes time").

Defendants' proposed schedule further prejudices Plaintiffs because the schedule overlaps with pre-planned vacation over the Labor Day holiday (as Defendants know). A-4. Especially here, where there are no pressing deadlines or other reasons to expedite briefing given that Plaintiffs agreed to Defendants' request to expand the schedule, "this type of scheduling issue is generally worked out by counsel as a matter of professional courtesy." *Zuniga v. Shah*, 2025 WL 1569241, at *2 (D. Nev. June 3, 2025) ("Counsel should strive to be cooperative, practical and sensible."); *see also B.K. by and through K.K. v. St. Catherine of Siena School*, 2022 WL 3027838, at *6 (E.D. La. Aug. 1, 2022) (finding that parties should take into account their respective schedules wherever case schedule permits).

***Finally***, Defendants' attempt to blame Plaintiffs for the delay to the class certification schedule they now seek is misguided. Defendants wrongly assert that Plaintiffs "played games with the timing and content of their disclosure of a new expert on reply." Mot. at 4. Defendants do not mention that Plaintiffs advised Defendants that they may submit the Wright Rebuttal on reply over a year ago. A-18. A representative from Mr. Wright's office attended several depositions,

including one that took place nearly four months ago on April 29. A-19. As a courtesy, Plaintiffs reached out on July 24 to confirm that they would submit the Wright Rebuttal before it was due, and to negotiate a time for Defendants to depose him within the schedule. A-13. And consistent with the case schedule, Plaintiffs served the Wright Rebuttal Declaration on August 6. Far from gamesmanship, Plaintiffs have been consistently transparent about their reliance on Mr. Wright.

Defendants could have timely deposed Mr. Wright and filed their sur-reply and then filed their motion to exclude at or around the same time. Instead, Defendants requested suspending the entire class certification schedule *sine die* so that they may depose Mr. Wright and submit their sur-reply several weeks after the Court resolves the Motion to Exclude. A-6. The requested extension is generous—Defendants were supposed to depose Mr. Wright by August 20 and submit their sur-reply by September 2; they are now requesting 3 weeks from the Court's ruling to depose Mr. Wright, and then *another* 3 weeks to submit their sur-reply. ECF No. 198. Plaintiffs agreed in good faith to Defendants' request to extend the schedule to avoid burdening the Court with yet another avoidable scheduling dispute, but to be clear, any delay in the class certification schedule is due to Defendants. In any case, expedited briefing will not prevent Defendants' requested delay of the class certification schedule.

For the foregoing reasons, Plaintiffs should receive the standard 21 days to respond to Defendants' motion to exclude, making their opposition due September 12, 2025.

Dated: August 6, 2025                    Respectfully submitted,

                                         /s/ John Rizio-Hamilton
                                         John Rizio-Hamilton (*pro hac vice*)
                                         johnr@blbglaw.com
                                         Rebecca E. Boon (*pro hac vice*)
                                         rebecca.boon@blbglaw.com
                                         John Esmay (*pro hac vice*)
                                         john.esmay@blbglaw.com
                                         Thomas Z. Sperber (*pro hac vice*)

4

thomas.sperber@blbglaw.com
**BERNSTEIN LITOWITZ BERGER
 & GROSSMANN LLP**
1251 Avenue of the Americas
New York, New York 10020
Phone: (212) 554-1400
Fax: (212) 554-1444

*Counsel for Plaintiffs, Lead Counsel for the
Class and proposed Class Counsel*

Caitlin M. Moyna
cmoyna@gelaw.com
Lauren J. Salamon
lsalamon@gelaw.com
**GRANT & EISENHOFER PA**
485 Lexington Avenue
New York, New York 10017
Phone: (646)722-8500
Fax: (646) 722-8501

*Co-Lead Counsel for Co-Lead Plaintiff
Amalgamated Bank*

Lewis T. LeClair
Texas Bar No. 12072500
lleclair@mckoolsmith.com
**McKOOL SMITH PC**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Phone: (214) 978-4000
Fax: (214) 978-4044

*Liaison Counsel for the Class*

5