## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| MENDI YOSHIKAWA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EXXON MOBIL CORPORATION, DARREN W. WOODS, NEIL A. CHAPMAN, JACK WILLIAMS, NEIL A. HANSEN, DAVID ROSENTHAL, LIAM M. MALLON, JEFFREY J. WOODBURY, and SARA N. ORTWEIN,<br><br>Defendants. | ) ) ) ) ) ) ) ) Civil Action No. 3:21-cv-00194-N ) ) ) ) ) ) ) ) ) ) ) ) |

## APPENDIX IN SUPPORT OF DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE THE DECLARATION OF D. RANDALL WRIGHT, P.E.

In support of Defendants' Reply in Support of Motion to Exclude the Declaration of

D. Randall Wright, P.E., attached are true and correct copies of the following documents:

| Exhibit No. | Description | Page(s) |
|---|---|---|
| A | Declaration of Wallis M. Hampton | A-1 – A-3 |
| 1 | Defendant Exxon Mobil Corporation's Responses and Objections to Lead Plaintiffs' First Set of Interrogatories | A-4 – A-18 |
| 2 | Defendant Exxon Mobil Corporation's Second Amended Responses and Objections to Lead Plaintiffs' First Set of Interrogatories | A-19 – A-39 |
| 3 | Excerpts from the transcript of the deposition of Melissa Bond, taken April 30, 2025 | A-40 – A-45 |
| 4 | Excerpts from the transcript of the deposition of Dr. Allen Ferrell, Ph.D., taken July 18, 2025 | A-46 – A-50 |
| 5 | Excerpts from the transcript of the deposition of Dr. Damian Burch, Ph.D., taken May 16, 2025 | A-51 – A-56 |

| Exhibit No. | Description | Page(s) |
|---|---|---|
| 6 | Excerpts from the transcript of the deposition of Dr. Lindsey Gulden, Ph.D., taken May 9, 2025 | A-57 – A-65 |
| 7 | Email correspondence between counsel for Defendants and counsel for Plaintiffs, dated January 17, 2025-February 1, 2025, with attachment | A-66 – A-74 |

Dated: September 26, 2025

Respectfully submitted,

/s/ Noelle M. Reed
Noelle M. Reed
   State Bar No. 24044211
Abigail E. Davis
   State Bar No. 24139564
Wallis M. Hampton
   State Bar No. 00784199
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
1000 Louisiana Street, Suite 6800
Houston, Texas 77002
Tel.: (713) 655-5122
Fax: (713) 483-9122
noelle.reed@skadden.com
abigail.sheehan@skadden.com
wallis.hampton@skadden.com

Michelle L. Davis
   State Bar No. 24038854
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
308 Bahama Court
Granbury, Texas 76048
Tel.: (713) 655-5197
Fax: (713) 483-9197
michelle.davis@skadden.com

Michael W. Restey Jr. (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Tel.: (212) 735-3000
Fax: (212) 735-2000
michael.restey@skadden.com

*Attorneys for Defendants*
*Exxon Mobil Corporation, Darren W. Woods,*
*Liam M. Mallon, and Melissa Bond*

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2025, I served the foregoing document on counsel for Lead Plaintiffs via email, in accordance with Special Order 19-2 and Federal Rule of Civil Procedure 5(b)(2)(F).

*/s/ Wallis M. Hampton*
Wallis M. Hampton

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |
|---|---|
| MENDI YOSHIKAWA, Individually and On Behalf of All Others Similarly Situated,<br><br>*Plaintiff,*<br><br>v.<br><br>EXXON MOBIL CORPORATION, DARREN W. WOODS, LIAM M. MALLON, and MELISSA BOND,<br><br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 3:21-cv-00194-N

## DECLARATION OF WALLIS M. HAMPTON

1.      My name is Wallis M. Hampton.  I am a counsel in the law firm of Skadden, Arps,

Slate, Meagher & Flom LLP ("Skadden"), resident in the firm's Houston office.  I am over the age

of 18, of sound mind, am competent to make this declaration, and every statement herein is based

upon my personal knowledge or on information provided to me and is true and correct to the best

of my knowledge.  I represent Defendants Exxon Mobil Corporation ("ExxonMobil"), Darren W.

Woods, Liam M. Mallon, and Melissa Bond (together, "Defendants") in the above-captioned

matter.

2.      I submit this declaration in support of Defendants' Reply in Support of Motion to

Exclude the Declaration of D. Randall Wright, P.E. (the "Motion").

A-1

3.      Attached as Exhibit 1 is a true and correct copy of ExxonMobil's Responses and Objections to Plaintiffs' First Set of Interrogatories, which ExxonMobil served on Plaintiffs on February 20, 2024.

4.      Attached as Exhibit 2 is a true and correct copy of ExxonMobil's Second Amended Responses and Objections to Plaintiffs' First Set of Interrogatories, which ExxonMobil served on Plaintiffs on May 21, 2025.

5.      Attached as Exhibit 3 is a true and correct copy of excerpts from the transcript of the deposition of Melissa Bond, taken April 30, 2025.

6.      Attached as Exhibit 4 is a true and correct copy of excerpts from the transcript of the deposition of Dr. Allen Ferrell, Ph.D., taken July 18, 2025.

7.      Attached as Exhibit 5 is a true and correct copy of excerpts from the transcript of the deposition of Dr. Damian Burch, Ph.D., taken May 16, 2025.

8.      Attached as Exhibit 6 is a true and correct copy of excerpts from the transcript of the deposition of Dr. Lindsey Gulden, Ph.D., taken May 9, 2025.

9.      Attached as Exhibit 7 is a true and correct copy of email correspondence between counsel for Defendants and counsel for Plaintiffs, dated January 17, 2025-February 1, 2025, with attachment.

10.     On February 7, 2025, Plaintiffs served their Renewed Motion for Class Certification and Brief in Support. By August 16, 2024, ExxonMobil had produced to Plaintiffs at least 38 documents referencing proved reserves that were authored by or identified Max Boone. These documents are: EXXONPBA00043894, EXXONPBA00060214, EXXONPBA00060217, EXXONPBA00060332,        EXXONPBA00060378,        EXXONPBA00074837, EXXONPBA00074926,        EXXONPBA00074934,        EXXONPBA00074937,

2

A-2

A-3

| | | |
|---|---|---|
| EXXONPBA00075714, | EXXONPBA00075716, | EXXONPBA00075785, |
| EXXONPBA00076001, | EXXONPBA00076870, | EXXONPBA00076934, |
| EXXONPBA00077246, | EXXONPBA00077386, | EXXONPBA00077416, |
| EXXONPBA00077568, | EXXONPBA00078128, | EXXONPBA00078216, |
| EXXONPBA00078384, | EXXONPBA00078409, | EXXONPBA00079847, |
| EXXONPBA00080068, | EXXONPBA00080262, | EXXONPBA00089162, |
| EXXONPBA00089169, | EXXONPBA00089182, | EXXONPBA00089290, |
| EXXONPBA00089329, | EXXONPBA00089335, | EXXONPBA00089562, |
| EXXONPBA00099659, | EXXONPBA00099678, | EXXONPBA00105026, |
| EXXONPBA00108259, | EXXONPBA00108292 | |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 26, 2025.

Wallis M. Hampton

3

A-3

# EXHIBIT 1

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |  |
|---|---|---|
| MENDI YOSHIKAWA, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) | |
| *Plaintiffs*, | ) ) ) | |
| v. | ) ) | Civil Action No. 3:21-cv-00194-N |
| EXXON MOBIL CORPORATION, *et al.*, | ) ) ) | |
| *Defendants*. | ) ) ) ) ) ) ) ) ) | |

**DEFENDANT EXXON MOBIL CORPORATION'S RESPONSES AND OBJECTIONS
TO LEAD PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Texas, and any other applicable rules ("Applicable Rules"), Defendant Exxon Mobil Corporation ("Defendant" or "ExxonMobil"), by and through its undersigned counsel, hereby responds and objects to the First Set of Interrogatories to Defendant ExxonMobil, dated January 19, 2024 ("Interrogatories"), of Plaintiffs Amalgamated Bank and State of Rhode Island, Office of the General Treasurer, on behalf of the Employees' Retirement System of Rhode Island (collectively "Lead Plaintiffs"), individually and on behalf of all others similarly situated, in the above-captioned action (the "Action").

A-4

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Defendant objects to the following definitions and instructions and incorporates its objections into its Responses to each Interrogatory.

1.      Defendant objects to the definition "Communication" to the extent that it seeks to impose on Defendant a burden higher than or different from that imposed by the Applicable Rules. Defendant will comply with the Applicable Rules in its Responses.

2.      Defendant objects to the definition "Development Plan" on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the Action. The definition includes all Development Plans mentioned in Lead Plaintiffs' Complaint, without limit, rather than only the 2019 annual Development Plan relevant to the remaining claims in this Action. In responding to the Interrogatories, unless otherwise specified, Defendant will interpret "Development Plan" to refer to the 2019 annual Development Plan.

3.      Defendant objects to the definition "Document" to the extent that it seeks to impose on Defendant a burden higher than or different from that imposed by the Applicable Rules. As defined, the definition of "Document" relies, in part, on Federal Rule of Civil Procedure 34(a), which does not define or otherwise provide the meaning and scope of the term "document." In responding to the Interrogatories, unless otherwise specified, Defendant will interpret "Document" to have its ordinary and plain meaning, and will comply with the Applicable Rules in its Responses.

4.      Defendant objects to the definition "Exxon" and the "Company" on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the Action to the extent that it purports to include entities or individuals other than ExxonMobil's employees and officers or seek documents outside ExxonMobil's possession, custody, or control. In responding to the Interrogatories, unless otherwise specified, Defendant will interpret "Exxon" and the

2

A-5

"Company" to mean ExxonMobil, including its current directors, officers, employees, and agents known to Defendant.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all persons, including third parties, who were involved in the creation or review of the portion(s) of the 2019 Development Plan Concerning the Delaware Basin.

### RESPONSE TO INTERROGATORY NO. 1:

Defendant objects to this Interrogatory on the grounds that it pertains solely to the merits of this Action, rather than class certification, and is thus premature in light of the Court's December 11, 2023 Class Certification Scheduling Order (ECF No. 122) staying merits discovery. Defendant further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this Action, and seeks information that is not relevant to class certification.

### INTERROGATORY NO. 2:

Identify all persons, including third parties, who were involved in the creation or review of learning curve assumptions Concerning the Delaware Basin used in the 2019 Development Plan.

### RESPONSE TO INTERROGATORY NO. 2:

Defendant objects to this Interrogatory on the grounds that it pertains solely to the merits of this Action, rather than class certification, and is thus premature in light of the Court's December 11, 2023 Class Certification Scheduling Order (ECF No. 122) staying merits discovery. Defendant further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this Action, and seeks information that is not relevant to class certification.

3

A-7

**INTERROGATORY NO. 3:**

Identify all persons, including third parties, who were involved in the calculation or review of the 2019 net present value estimate for the Delaware Basin.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendant objects to this Interrogatory on the grounds that it pertains solely to the merits of this Action, rather than class certification, and is thus premature in light of the Court's December 11, 2023 Class Certification Scheduling Order (ECF No. 122) staying merits discovery. Defendant further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this Action, and seeks information that is not relevant to class certification.

**INTERROGATORY NO. 4:**

Identify all Documents Concerning learning curve assumptions or data that incorporated learning curve assumptions that were created for or considered when drafting or preparing the statements alleged to have been false and misleading in Paragraphs 361, 364, 367, 370-371, 373, 378, 380, 382, 384, 386, 388, 390, 392, 394, 396, 398, and 400 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to this Interrogatory on the grounds that it pertains solely to the merits of this Action, rather than class certification, and is thus premature in light of the Court's December 11, 2023 Class Certification Scheduling Order (ECF No. 122) staying merits discovery. Defendant further objects to this Interrogatory to the extent it is duplicative of Request for Production No. 5 in Lead Plaintiffs' First Request for Production of Documents, dated December 11, 2023. Defendant further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this Action, and seeks information that is not

4

relevant to class certification discovery. Defendant further objects to this Interrogatory to the extent it assumes any learning curve assumptions or data that incorporated learning curve assumptions were used or incorporated in ExxonMobil public statements.

**INTERROGATORY NO. 5:**

Identify all Persons, divisions, and departments within the Investor Relations group, or any other department or division whose responsibilities include Communications with Exxon investors, analysts or the public.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendant objects to this Interrogatory to the extent it is duplicative of Request for Production No. 5 in Lead Plaintiffs' First Request for Production of Documents to Defendants Exxon and Melissa Bond, dated November 30, 2023. Defendant further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this Action, and seeks information that is not relevant to class certification discovery. Specifically, the Interrogatory calls for Defendant to identify all "Persons, divisions, and departments" responsible for communicating with "investors . . . or the public" and seeks information without any limitation in time.

Subject to and without waiving the foregoing objections and the Objections to the Definitions and Instructions, Defendant is willing to meet and confer regarding the scope of this Interrogatory.

**INTERROGATORY NO. 6:**

Set forth the formula or equation that was used to calculate Exxon's proved reserves and resource base in public filings during the Class Period, and provide an explanation of the derivation

A-8

for each input into the calculation so that all components of Exxon's proved reserves and resource base figures are identifiable.

**RESPONSE TO INTERROGATORY NO. 6:**

Defendant objects to this Interrogatory on the grounds that it pertains solely to the merits of this Action, rather than class certification, and is thus premature in light of the Court's December 11, 2023 Class Certification Scheduling Order (ECF No. 122) staying merits discovery. Defendant further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this Action, and seeks information that is not relevant to class certification.

Subject to and without waiving the foregoing objections and the Objections to the Definitions and Instructions, Defendant refers Lead Plaintiffs to ExxonMobil's public disclosures, which describe the process of estimating proved reserves. For example, ExxonMobil's February 26, 2020 annual report for the fiscal year ended December 31, 2019, filed on Form 10-K, defines proved reserves as "those quantities of oil and natural gas, which, by analysis of geoscience and engineering data, can be estimated with reasonable certainty to be economically producible – from a given date forward, from known reservoirs, and under existing economic conditions, operating methods and government regulations – prior to the time at which contracts providing the right to operate expire, unless evidence indicates that renewal is reasonably certain." It further states:

> The estimation of proved reserves, which is based on the requirement of reasonable certainty, is an ongoing process based on rigorous technical evaluations, commercial and market assessments and detailed analysis of well and reservoir information such as flow rates and reservoir pressures. Furthermore, [ExxonMobil] only records proved reserves for projects which have received significant funding commitments by management made toward the development of the reserves. Although [ExxonMobil] is reasonably certain that proved reserves will be produced, the timing and amount recovered can be affected by a number of factors including completion of development projects, reservoir performance, regulatory approvals, government policies, consumer preferences, and significant changes in

6

A-9

long-term oil and natural gas price levels. In addition, proved reserves could be affected by an extended period of low prices which could reduce the level of [ExxonMobil's] capital spending and also impact our partners' capacity to fund their share of joint projects.

Defendant is willing to meet and confer regarding any further response to this Interrogatory.

**INTERROGATORY NO. 7:**

Identify all Documents supporting or relating to Your argument that "the allegedly false and misleading statements or alleged scheme on which each Defendant's purported liability is based did not affect the price or value of the securities described in the SAC," per Your Tenth Affirmative Defense in Defendants' Answer.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant objects to this Interrogatory to the extent that class certification discovery has only recently commenced in this Action, and Defendant has not yet had the opportunity to completely review documents and evidence to provide a complete response to this Interrogatory. Defendant further objects to this Interrogatory to the extent it purports to shift the burden of establishing loss causation on Defendant.

Subject to and without waiving the foregoing objections and the Objections to the Definitions and Instructions, Defendant identifies the following documents:

- January 31, 2020 ExxonMobil Q4 2019 Results Presentation
- January 31, 2020 ExxonMobil Q4 2019 Earnings Call Transcript
- January 31, 2020 ExxonMobil Q4 2019 Earnings Call Supplement
- January 31, 2020 ExxonMobil News Release Announcing Q4 2019 Results
- May 1, 2020 ExxonMobil Q1 2020 Results Presentation
- May 1, 2020 ExxonMobil Q1 2020 Earnings Call Transcript

7

A-10

- May 1, 2020 Q1 2020 ExxonMobil Earnings Call Supplement

- May 1, 2020 ExxonMobil News Release Announcing Q1 2020 Results

- January 15, 2021 Wall Street Journal Article, *Exxon Draws SEC Probe Over Permian Basin Asset Valuation* by Christopher M. Matthews and Emily Glazer.

Defendant will supplement its answer to this Interrogatory by April 29, 2024, as it continues to review documents and evidence in its possession, custody or control, and receives additional information, as appropriate.

**INTERROGATORY NO. 8:**

Identify all "factors other than the alleged misrepresentations or omissions by Defendants" that You say "caused some or all of the alleged decline in the value of the securities with respect to which Defendants' liability is asserted" in Your Thirteenth Affirmative Defense in Defendants' Answer.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant objects to this Interrogatory to the extent that class certification discovery has only recently commenced in this Action.

Subject to and without waiving the foregoing objections and the Objections to the Definitions and Instructions, Defendant identifies the following non-exhaustive factors:

- The impact of COVID-19, including the resulting decline in oil and product demand (*see* May 1, 2020 ExxonMobil Q1 2020 Earnings Call Transcript; May 1, 2020 ExxonMobil Q1 2020 Results Presentation; July 31, 2020 ExxonMobil Q2 2020 Earnings Call Transcript; July 31, 2020 ExxonMobil Q2 2020 Results Presentation); and

8

- The significant decline in commodity prices, including oil (*see* May 1, 2020 ExxonMobil Q1 2020 Earnings Call Transcript; May 1, 2020 ExxonMobil Q1 2020 Results Presentation; July 31, 2020 ExxonMobil Q2 2020 Earnings Call Transcript; July 31, 2020 ExxonMobil Q2 2020 Results Presentation).

Defendant will supplement its answer to this Interrogatory by April 29, 2024, as it continues to review documents and evidence in its possession, custody or control, and receives additional information, as appropriate.

**INTERROGATORY NO. 9:**

Identify all "supervening and intervening acts or events unconnected to Defendants" that You say caused "any injury to Plaintiffs or the putative class" in Your Fourteenth Affirmative Defense in Defendants' Answer.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendant objects to this Interrogatory to the extent that class certification discovery has only recently commenced in this Action.

Subject to and without waiving the foregoing objections and the Objections to the Definitions and Instructions, Defendant will supplement its answer to this Interrogatory by April 29, 2024, as it continues to review documents and evidence in its possession, custody or control, and receives additional information, as appropriate.

**INTERROGATORY NO. 10:**

Identify all disclosures, including the date, person(s) involved, and the means of Communication, by which "any information that Defendants allegedly had a duty to disclose but did not disclose was in fact disclosed," as stated in Your Fifteenth Affirmative Defense in Defendants' Answer.

A-12

## RESPONSE TO INTERROGATORY NO. 10:

Defendant objects to this Interrogatory to the extent that class certification discovery has only recently commenced in this Action, and Defendant has not yet had the opportunity to completely review documents and evidence to provide a complete response to this Interrogatory. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege.

Subject to and without waiving the foregoing objections and the Objections to the Definitions and Instructions, Defendant identifies the following ExxonMobil disclosures:

- February 27, 2019 annual report on Form 10-K for the fiscal year ended December 31, 2018;

- March 6, 2019 Investor Day presentation;

- April 26, 2019 Q1 2019 Results Presentation;

- April 26, 2019 Q1 2019 Earnings Call Transcript;

- April 26, 2019 Q1 2019 Earnings Call Supplement;

- April 26, 2019 News Release Announcing Q1 2019 Results;

- May 2, 2019 quarterly report on Form 10-Q for the quarterly period ended March 31, 2019;

- August 2, 2019 Q2 2019 Results Presentation;

- August 2, 2019 Q2 2019 Earnings Call Transcript;

- August 2, 2019 Q2 2019 Earnings Call Supplement;

- August 2, 2019 News Release Announcing Q2 2019 Results;

- August 7, 2019 quarterly report on Form 10-Q for the quarterly period ended June 30, 2019;

10

A-13

- November 1, 2019 Q3 2019 Results Presentation;

- November 1, 2019 Q3 2019 Earnings Call Transcript;

- November 1, 2019 Q3 2019 Earnings Call Supplement;

- November 1, 2019 News Release Announcing Q3 2019 Results;

- November 6, 2019 quarterly report on Form 10-Q for the quarterly period ended September 30, 2019;

- January 31, 2020 Q4 2019 Results Presentation;

- January 31, 2020 Q4 2019 Earnings Call Transcript;

- January 31, 2020 Q4 2019 Earnings Call Supplement;

- January 31, 2020 News Release Announcing Q4 2019 Results;

- February 26, 2020 annual report on Form 10-K for the fiscal year ended December 31, 2019;

- March 5, 2020 Investor Day presentation;

- May 1, 2020 Q1 2020 Results Presentation;

- May 1, 2020 Q1 2020 Earnings Call Transcript;

- May 1, 2020 Q1 2020 Earnings Call Supplement;

- May 1, 2020 News Release Announcing Q1 2020 Results;

- May 6, 2020 quarterly report on Form 10-Q for the quarterly period ended March 31, 2020;

- July 31, 2020 Q2 2020 Results Presentation;

- July 31, 2020 Q2 2020 Earnings Call Transcript;

- July 31, 2020 Q2 2020 Earnings Call Supplement;

- July 31, 2020 News Release Announcing Q2 2020 Results;

11

A-14

- August 5, 2020 quarterly report on Form 10-Q for the quarterly period ended June 30, 2020;

- October 30, 2020 Q3 2020 Results Presentation;

- October 30, 2020 Q3 2020 Earnings Call Transcript;

- October 30, 2020 Q3 2020 Earnings Call Supplement;

- October 30, 2020 News Release Announcing Q3 2020 Results;

- November 4, 2020 quarterly report on Form 10-Q for the quarterly period ended September 30, 2020.

Defendant will supplement its answer to this Interrogatory by April 29, 2024, as it continues to review documents and evidence in its possession, custody or control, and receives additional information, as appropriate.

**INTERROGATORY NO. 11:**

Identify all persons that You say "caused or contributed to the alleged damages" and therefore "limit[] . . . Defendant's [*sic*] responsibility" in Your Twenty-Six[th] Affirmative Defense in Defendants' Answer.

**RESPONSE TO INTERROGATORY NO. 11:**

Defendant objects to this Interrogatory on the grounds that it seeks information concerning the merits of this Action, rather than class certification, and is thus premature in light of the Court's December 11, 2023 Class Certification Scheduling Order (ECF No. 122) staying merits discovery.

12

A-15

Dated: February 20, 2024

Respectfully submitted,

/s/ Noelle M. Reed
Noelle M. Reed
   State Bar No. 24044211
Wallis M. Hampton
   State Bar No. 00784199
Brent M. Hanson
   State Bar No. 24106051
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
1000 Louisiana Street, Suite 6800
Houston, Texas 77002
Tel.: (713) 655-5122
Fax: (713) 483-9122
noelle.reed@skadden.com
wallis.hampton@skadden.com
brent.hanson@skadden.com

Michelle L. Davis
   State Bar No. 24038854
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
308 Bahama Court
Granbury, Texas 76048
Tel.: (713) 655-5197
Fax: (713) 483-9197
michelle.davis@skadden.com

*Attorneys for Defendants Exxon Mobil
Corporation, Darren W. Woods, Liam M.
Mallon, and Melissa Bond*

13

A-16

A-17

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2024, I served the foregoing on all counsel of record via email.

/s/ *Noelle M. Reed*
Noelle M. Reed

14

A-17

## VERIFICATION

I, Patrice B. Childress, declare under penalty of perjury that the following statements are true:

1.     I am Senior Counsel – Litigation, Corporate Litigation & Investigations, for ExxonMobil, and I am duly authorized to sign this Response on behalf of ExxonMobil.

2.     I have read ExxonMobil's Responses and Objections to Lead Plaintiffs' First Set of Interrogatories.  As of the date below and based on the information currently available, ExxonMobil believes that, as to the factual matters contained therein, the Responses are true and correct.

Executed this 20th day of February, 2024, in Spring, Texas



Patrice B. Childress

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public, on this the 20th day of February, 2024, to certify which witness my hand and seal of office.

| GENA MORGAN |
| My Notary ID # 2961735 |
| Expires January 27, 2027 |

*Gena Morgan*

NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

My Commission Expires: 01/27/2027

A-18

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

MENDI YOSHIKAWA, Individually and
On Behalf of All Others Similarly Situated,

               *Plaintiffs*,

        v.

EXXON MOBIL CORPORATION, *et al.*,

               *Defendants*.

Civil Action No. 3:21-cv-00194-N

## DEFENDANT EXXON MOBIL CORPORATION'S SECOND AMENDED RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Texas, and any other applicable rules ("Applicable Rules"), Defendant Exxon Mobil Corporation ("Defendant" or "ExxonMobil"), by and through its undersigned counsel, hereby provides its second amended responses and objections to the First Set of Interrogatories to Defendant ExxonMobil, dated January 19, 2024 ("Interrogatories"), of Plaintiffs Amalgamated Bank and State of Rhode Island, Office of the General Treasurer, on behalf of the Employees' Retirement System of Rhode Island (collectively "Lead Plaintiffs"), individually and on behalf of all others similarly situated, in the above-captioned action (the "Action").

A-19

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Defendant objects to the following definitions and instructions and incorporates its objections into its Responses to each Interrogatory.

1.      Defendant objects to the definition "Communication" to the extent that it seeks to impose on Defendant a burden higher than or different from that imposed by the Applicable Rules. Defendant will comply with the Applicable Rules in its Responses.

2.      Defendant objects to the definition "Development Plan" on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the Action. The definition includes all Development Plans mentioned in Lead Plaintiffs' Complaint, without limit, rather than only the 2019 annual Development Plan relevant to the remaining claims in this Action. In responding to the Interrogatories, unless otherwise specified, Defendant will interpret "Development Plan" to refer to the 2019 annual Development Plan.

3.      Defendant objects to the definition "Document" to the extent that it seeks to impose on Defendant a burden higher than or different from that imposed by the Applicable Rules. As defined, the definition of "Document" relies, in part, on Federal Rule of Civil Procedure 34(a), which does not define or otherwise provide the meaning and scope of the term "document." In responding to the Interrogatories, unless otherwise specified, Defendant will interpret "Document" to have its ordinary and plain meaning, and will comply with the Applicable Rules in its Responses.

4.      Defendant objects to the definition "Exxon" and the "Company" on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the Action to the extent that it purports to include entities or individuals other than ExxonMobil's employees and officers or seek documents outside ExxonMobil's possession, custody, or control. In responding to the Interrogatories, unless otherwise specified, Defendant will interpret "Exxon" and the

2

A-20

"Company" to mean ExxonMobil, including its current directors, officers, employees, and agents known to Defendant.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all persons, including third parties, who were involved in the creation or review of the portion(s) of the 2019 Development Plan Concerning the Delaware Basin.

### RESPONSE TO INTERROGATORY NO. 1:

Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this Action, and seeks information that is not relevant to class certification.

Subject to and without waiving the foregoing objections and the Objections to the Definitions and Instructions, Defendant identifies the following individuals:

- Melissa Bond
- Staale Gjervik
- Carman Mullins
- Caroline Breaux
- Sean Crenshaw
- Alejandro Tello
- Kevin Cullinan
- Kristin Youngless
- Diptesh Sharma
- Ashton Dhanaraj
- Chuck Tautfest

3

A-21

- Ozgur Ozen

- Molly Corbell

- Robert Heinle

- Damian Burch

- Charles Hope

- Emily Hills

- Colin Gilmore

- Andrew Martin

**INTERROGATORY NO. 2:**

Identify all persons, including third parties, who were involved in the creation or review of learning curve assumptions Concerning the Delaware Basin used in the 2019 Development Plan.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this Action, and seeks information that is not relevant to class certification.

Subject to and without waiving the foregoing objections and the Objections to the Definitions and Instructions, Defendant identifies the following individuals:

- Melissa Bond

- Staale Gjervik

- Carman Mullins

- Carl Brooks

- Kendal Decker

- Colin Gilmore

4

A-22

- Adam Ostridge

- Emily Hills

- Robert Heinle

- Ozgur Ozen

- Enrique Garcia

- Kristin Youngless

## INTERROGATORY NO. 3:

Identify all persons, including third parties, who were involved in the calculation or review of the 2019 net present value estimate for the Delaware Basin.

## RESPONSE TO INTERROGATORY NO. 3:

Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this Action, and seeks information that is not relevant to class certification.

Subject to and without waiving the foregoing objections and the Objections to the Definitions and Instructions, Defendant identifies the following individuals:

- Melissa Bond

- Staale Gjervik

- Carman Mullins

- Caroline Breaux

- Sean Crenshaw

- Alejandro Tello

- Kevin Cullinan

- Kristin Youngless

5

A-23

A-24

- Diptesh Sharma

- Ashton Dhanaraj

- Chuck Tautfest

- Ozgur Ozen

- Molly Corbell

- Robert Heinle

- Damian Burch

- Charles Hope

- Emily Hills

- Andrew Martin

**INTERROGATORY NO. 4:**

Identify all Documents Concerning learning curve assumptions or data that incorporated learning curve assumptions that were created for or considered when drafting or preparing the statements alleged to have been false and misleading in Paragraphs 361, 364, 367, 370-371, 373, 378, 380, 382, 384, 386, 388, 390, 392, 394, 396, 398, and 400 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to this Interrogatory to the extent it is duplicative of Request for Production No. 5 in Lead Plaintiffs' First Request for Production of Documents, dated December 11, 2023. Defendant further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this Action, and seeks information that is not relevant to class certification discovery. Defendant further objects to this Interrogatory to the extent it assumes any learning curve assumptions or data that incorporated learning curve assumptions were used or incorporated in ExxonMobil public statements.

6

Subject to and without waiving the foregoing objections and the Objections to the Definitions and Instructions, Defendant will supplement its answer to this Interrogatory as it continues to review documents and evidence in its possession, custody or control, and receives additional information, as appropriate.

**INTERROGATORY NO. 5:**

Identify all Persons, divisions, and departments within the Investor Relations group, or any other department or division whose responsibilities include Communications with Exxon investors, analysts or the public.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendant objects to this Interrogatory to the extent it is duplicative of Request for Production No. 5 in Lead Plaintiffs' First Request for Production of Documents to Defendants Exxon and Melissa Bond, dated November 30, 2023. Defendant further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this Action, and seeks information that is not relevant to class certification discovery. Specifically, the Interrogatory calls for Defendant to identify all "Persons, divisions, and departments" responsible for communicating with "investors . . . or the public" and seeks information without any limitation in time.

Subject to and without waiving the foregoing objections and the Objections to the Definitions and Instructions, Defendant identifies the following individuals:

- Neil Hansen

- Russell McLendon

- Steven Plas

- Ryan Dix

7

A-25

- Stephen Littleton

- Kristoffer Hinson

- Sarah Horne

- Matthew Muhlhauser

- Michael Foley

- Kelli Wright

- Sherry Englande

- Jeff Woodbury

- Brian Tinsley

- Molina Albright

- Investor Relations

- Shareholder Relations

**INTERROGATORY NO. 6:**

Set forth the formula or equation that was used to calculate Exxon's proved reserves and resource base in public filings during the Class Period, and provide an explanation of the derivation for each input into the calculation so that all components of Exxon's proved reserves and resource base figures are identifiable.

**RESPONSE TO INTERROGATORY NO. 6:**

Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of this Action, and seeks information that is not relevant to class certification.

Subject to and without waiving the foregoing objections and the Objections to the Definitions and Instructions, Defendant states as follows:

8

A-26

The U.S. Securities and Exchange Commission ("SEC") defines the scope and inputs into the estimation of Proved Reserves as "those quantities of oil and gas, which, by analysis of geoscience and engineering data, can be estimated with reasonable certainty to be economically producible – from a given date forward, from known reservoirs, and under existing economic conditions, operating methods and government regulations – prior to the time at which contracts providing the right to operate expire, unless evidence indicates that renewal is reasonably certain." (EXXONPBA00120594 at 2.)  The estimation of SEC proved reserves is a complex process not subject to a "formula" or "equation."  As ExxonMobil has publicly disclosed:

> The estimation of proved reserves, which is based on the requirement of reasonable certainty, is an ongoing process based on rigorous technical evaluations, commercial and market assessments and detailed analysis of well and reservoir information such as flow rates and reservoir pressures. Furthermore, [ExxonMobil] only records proved reserves for projects which have received significant funding commitments by management made toward the development of the reserves. Although [ExxonMobil] is reasonably certain that proved reserves will be produced, the timing and amount recovered can be affected by a number of factors including completion of development projects, reservoir performance, regulatory approvals, government policies, consumer preferences, and significant changes in long-term oil and natural gas price levels. In addition, proved reserves could be affected by an extended period of low prices which could reduce the level of [ExxonMobil's] capital spending and also impact our partners' capacity to fund their share of joint projects.

(ExxonMobil's February 26, 2020 annual report for the fiscal year ended December 31, 2019, filed on Form 10-K.)

Among other responsibilities, ExxonMobil's Global Reserves & Resources Group ("GRRG") develops and maintains ExxonMobil's guidelines for reserves consistent with the applicable SEC rules and regulations. (*See, e.g.,* EXXONPBA00120594; EXXONPBA00120578 EXXONPBA00120511 for additional information on the GRRG.) ■■■■■■■■

■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■

9

A-27



Because the estimation of SEC proved reserves, including proved undeveloped reserves ("PUDs"), is done under existing economic and operating conditions, drilling and completion learning curves are not an input, and any learning curve assumptions incorporated in a company plan are removed from the inputs when estimating SEC proved reserves (including PUDs). ████

ExxonMobil's estimate of its resource base includes quantities of oil and natural gas classified as SEC proved reserves as well as quantities that are not yet classified as SEC proved reserves but that are expected to be ultimately recoverable. Because the resource base estimates the total quantities of hydrocarbons that ExxonMobil expects to produce from its assets over their entire life, learning curve assumptions do not affect the ultimate estimate of the resource base.

10

Learning curve assumptions affect the timing of when oil and natural gas will be recovered, but not the amount that is ultimately recoverable.

ExxonMobil refers Plaintiffs to the following documents for additional information regarding ExxonMobil's process for estimating SEC proved reserves and its resource base for disclosure in public filings during the Class Period, including inputs used in that process:

- EXXONPBA00120594

- EXXONPBA00120578

- EXXONPBA00120511

- EXXONPBA00077076

- EXXONPBA00120491

- EXXONPBA00078322

- EXXONPBA00120504

- EXXONPBA00120506

- EXXONPBA00037737

- EXXONPBA00120490

- EXXONPBA00107638

- EXXONPBA00043894

**INTERROGATORY NO. 7:**

Identify all Documents supporting or relating to Your argument that "the allegedly false and misleading statements or alleged scheme on which each Defendant's purported liability is based did not affect the price or value of the securities described in the SAC," per Your Tenth Affirmative Defense in Defendants' Answer.

11

## RESPONSE TO INTERROGATORY NO. 7:

Defendant objects to this Interrogatory to the extent that class certification discovery has only recently commenced in this Action, and Defendant has not yet had the opportunity to completely review documents and evidence to provide a complete response to this Interrogatory. Defendant further objects to this Interrogatory to the extent it purports to shift the burden of establishing loss causation on Defendant.

Subject to and without waiving the foregoing objections and the Objections to the Definitions and Instructions, Defendant incorporates its Response to Interrogatory No. 6 and identifies the following additional documents:

- January 31, 2020 ExxonMobil Q4 2019 Results Presentation

- January 31, 2020 ExxonMobil Q4 2019 Earnings Call Transcript

- January 31, 2020 ExxonMobil Q4 2019 Earnings Call Supplement

- January 31, 2020 ExxonMobil News Release Announcing Q4 2019 Results

- May 1, 2020 ExxonMobil Q1 2020 Results Presentation

- May 1, 2020 ExxonMobil Q1 2020 Earnings Call Transcript

- May 1, 2020 Q1 2020 ExxonMobil Earnings Call Supplement

- May 1, 2020 ExxonMobil News Release Announcing Q1 2020 Results

- January 15, 2021 Wall Street Journal Article, *Exxon Draws SEC Probe Over Permian Basin Asset Valuation* by Christopher M. Matthews and Emily Glazer.

## INTERROGATORY NO. 8:

Identify all "factors other than the alleged misrepresentations or omissions by Defendants" that You say "caused some or all of the alleged decline in the value of the securities with respect

12

to which Defendants' liability is asserted" in Your Thirteenth Affirmative Defense in Defendants' Answer.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant objects to this Interrogatory to the extent that class certification discovery has only recently commenced in this Action.

Subject to and without waiving the foregoing objections and the Objections to the Definitions and Instructions, Defendant identifies the following non-exhaustive factors:

- The impact of COVID-19, including the resulting decline in oil and product demand (*see* May 1, 2020 ExxonMobil Q1 2020 Earnings Call Transcript; May 1, 2020 ExxonMobil Q1 2020 Results Presentation; July 31, 2020 ExxonMobil Q2 2020 Earnings Call Transcript; July 31, 2020 ExxonMobil Q2 2020 Results Presentation); and

- The significant decline in commodity prices, including oil (*see* May 1, 2020 ExxonMobil Q1 2020 Earnings Call Transcript; May 1, 2020 ExxonMobil Q1 2020 Results Presentation; July 31, 2020 ExxonMobil Q2 2020 Earnings Call Transcript; July 31, 2020 ExxonMobil Q2 2020 Results Presentation).

**INTERROGATORY NO. 9:**

Identify all "supervening and intervening acts or events unconnected to Defendants" that You say caused "any injury to Plaintiffs or the putative class" in Your Fourteenth Affirmative Defense in Defendants' Answer.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendant objects to this Interrogatory to the extent that class certification discovery has only recently commenced in this Action.

13

Subject to and without waiving the foregoing objections and the Objections to the Definitions and Instructions, Defendant will supplement its answer to this Interrogatory as it continues to review documents and evidence in its possession, custody or control, and receives additional information, as appropriate.

**INTERROGATORY NO. 10:**

Identify all disclosures, including the date, person(s) involved, and the means of Communication, by which "any information that Defendants allegedly had a duty to disclose but did not disclose was in fact disclosed," as stated in Your Fifteenth Affirmative Defense in Defendants' Answer.

**RESPONSE TO INTERROGATORY NO. 10:**

Defendant objects to this Interrogatory to the extent that class certification discovery has only recently commenced in this Action, and Defendant has not yet had the opportunity to completely review documents and evidence to provide a complete response to this Interrogatory. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege.

Subject to and without waiving the foregoing objections and the Objections to the Definitions and Instructions, Defendant identifies the following ExxonMobil disclosures:

- February 27, 2019 annual report on Form 10-K for the fiscal year ended December 31, 2018;

- March 6, 2019 Investor Day presentation;

- April 26, 2019 Q1 2019 Results Presentation;

- April 26, 2019 Q1 2019 Earnings Call Transcript;

- April 26, 2019 Q1 2019 Earnings Call Supplement;

14

- April 26, 2019 News Release Announcing Q1 2019 Results;

- May 2, 2019 quarterly report on Form 10-Q for the quarterly period ended March 31, 2019;

- August 2, 2019 Q2 2019 Results Presentation;

- August 2, 2019 Q2 2019 Earnings Call Transcript;

- August 2, 2019 Q2 2019 Earnings Call Supplement;

- August 2, 2019 News Release Announcing Q2 2019 Results;

- August 7, 2019 quarterly report on Form 10-Q for the quarterly period ended June 30, 2019;

- November 1, 2019 Q3 2019 Results Presentation;

- November 1, 2019 Q3 2019 Earnings Call Transcript;

- November 1, 2019 Q3 2019 Earnings Call Supplement;

- November 1, 2019 News Release Announcing Q3 2019 Results;

- November 6, 2019 quarterly report on Form 10-Q for the quarterly period ended September 30, 2019;

- January 31, 2020 Q4 2019 Results Presentation;

- January 31, 2020 Q4 2019 Earnings Call Transcript;

- January 31, 2020 Q4 2019 Earnings Call Supplement;

- January 31, 2020 News Release Announcing Q4 2019 Results;

- February 26, 2020 annual report on Form 10-K for the fiscal year ended December 31, 2019;

- March 5, 2020 Investor Day presentation;

- May 1, 2020 Q1 2020 Results Presentation;

15

A-33

- May 1, 20200 Q1 2020 Earnings Call Transcript;

- May 1, 2020 Q1 2020 Earnings Call Supplement;

- May 1, 2020 News Release Announcing Q1 2020 Results;

- May 6, 2020 quarterly report on Form 10-Q for the quarterly period ended March 31, 2020;

- July 31, 2020 Q2 2020 Results Presentation;

- July 31, 2020 Q2 2020 Earnings Call Transcript;

- July 31, 2020 Q2 2020 Earnings Call Supplement;

- July 31, 2020 News Release Announcing Q2 2020 Results;

- August 5, 2020 quarterly report on Form 10-Q for the quarterly period ended June 30, 2020;

- October 30, 2020 Q3 2020 Results Presentation;

- October 30, 2020 Q3 2020 Earnings Call Transcript;

- October 30, 2020 Q3 2020 Earnings Call Supplement;

- October 30, 2020 News Release Announcing Q3 2020 Results;

- November 4, 2020 quarterly report on Form 10-Q for the quarterly period ended September 30, 2020.

16

A-34

A-35

**INTERROGATORY NO. 11:**

Identify all persons that You say "caused or contributed to the alleged damages" and therefore "limit[] . . . Defendant's [*sic*] responsibility" in Your Twenty-Six[th] Affirmative Defense in Defendants' Answer.

**RESPONSE TO INTERROGATORY NO. 11:**

Defendant objects to this Interrogatory on the grounds that it seeks information concerning the merits of this Action, rather than class certification, and is thus premature in light of the Court's December 11, 2023 Class Certification Scheduling Order (ECF No. 122) staying merits discovery.

Defendant will supplement its answer to this Interrogatory as it continues to review documents and evidence in its possession, custody or control, and receives additional information, as appropriate.

17

Dated: May 21, 2025

Respectfully submitted,

/s/ *Noelle M. Reed*
Noelle M. Reed
   State Bar No. 24044211
Abigail E. Davis
   State Bar No. 24139564
Wallis M. Hampton
   State Bar No. 00784199
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
1000 Louisiana Street, Suite 6800
Houston, Texas 77002
Tel.: (713) 655-5122
Fax: (713) 483-9122
noelle.reed@skadden.com
abigail.sheehan@skadden.com
wallis.hampton@skadden.com
brent.hanson@skadden.com

Michelle L. Davis
   State Bar No. 24038854
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
308 Bahama Court
Granbury, Texas 76048
Tel.: (713) 655-5197
Fax: (713) 483-9197
michelle.davis@skadden.com

Michael W. Restey Jr. (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001-8602
Tel.: (212) 735-3000
Fax: (212) 735-2000
michael.restey@skadden.com

*Attorneys for Defendants Exxon Mobil*
*Corporation, Darren W. Woods, Liam M.*
*Mallon, and Melissa Bond*

18

A-36

A-37

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2025, I served the foregoing on all counsel of record via email.

/s/ *Michael W. Restey Jr.*
Michael W. Restey Jr.

19

A-37

A-38

## VERIFICATION

I, Max Boone, declare under penalty of perjury that the following statements are true:

1.  My current title is Business Transformation Manager and formerly Operations Support Manager from May 1, 2022 to August 1, 2024; Unconventional Reservoir Engineering Manager from August 1, 2019 to May 1, 2022; and Operations Technical Manager from September 1, 2017 to August 1, 2019.

2.  I have read ExxonMobil's Amended Responses and Objections to Lead Plaintiffs' First Set of Interrogatories. As of the date below and based on the information currently available, I am informed and believe that as to the factual matters contained in the response to Interrogatory No. 6 therein, the Responses are true and correct.

Executed this 19th day of May, 2025, in Spring, Texas.

Max Boone
Business Transformation Manager

SUBSCRIBED AND SWORN to before me on this 19th day of May, 2025.

Notary Public, State of Texas

GENA MORGAN
My Notary ID # 2961735
Expires January 27, 2027

Gena Morgan, Notary Public
*Notary's printed or typed name*

My Commission Expires: 1-27-2027

## VERIFICATION

I, Patrice Childress, declare under penalty of perjury that the following statements are true:

1. I am Supervising Counsel – Litigation, Climate and Securities, for ExxonMobil, and I am duly authorized to sign this Response on behalf of ExxonMobil.

2. I have read ExxonMobil's Amended Responses and Objections to Lead Plaintiffs' First Set of Interrogatories. As of the date below and based on the information currently available, ExxonMobil believes that as to the factual matters contained in the response to Interrogatory Nos. 7, 8, and 10 therein, the Responses are true and correct.

Executed this 19th day of May, 2025, in Spring, Texas.

Patrice Childress

SUBSCRIBED AND SWORN to before me on this 19th day of May, 2025.

Notary Public, State of Texas

GENA MORGAN
My Notary ID # 2961735
Expires January 27, 2027

Gena Morgan, Notary Public
*Notary's printed or typed name*

My Commission Expires: 1-27-2027

A-39

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MENDI YOSHIKAWA,                §
Individually and On             §
Behalf of All Others            §
Similarly Situated,             §
                                §
            Plaintiff,          §
                                §        Civil Action No.
VS.                             §         3:21-cv-00194-N
                                §
EXXON MOBIL CORPORATION,        §
DARREN W. WOODS, LIAM M.        §
MALLON, and MELISSA             §
BOND,                           §
                                §
            Defendants.         §

VIDEOTAPED DEPOSITION OF

MELISSA BOND

Houston, Texas

April 30, 2025

10:02 a.m.

Reported by:

Micheal A. Johnson, RDR, CRR

Job No. 39720

VIDEOTAPED DEPOSITION OF MELISSA BOND, produced at the instance of the Plaintiff, in the above-styled and numbered cause on the 30th day of April, 2025, at 10:02 a.m., before Micheal A. Johnson, RDR, CRR, Notary Public in and for the State of Texas, reported by realtime stenographic means, at the offices of Skadden Arps Slate Meagher & Flom LLP, 1000 Louisiana, Suite 6800, Houston, Texas, pursuant to Notice of Oral Deposition, and in accordance with the Federal Rules of Civil Procedure.

APPEARANCES

ON BEHALF OF THE PLAINTIFF:

    Rebecca E. Boon
    John J. Esmay
    Joel A. Shelton (Via Zoom)
    Thomas Sperber (Via Zoom)
    BERNSTEIN LITOWITZ BERGER & GROSSMANN, LLP
    1251 Avenue of the Americas
    New York, New York 10020
    (212) 554-1594
    rebecca.boon@blbglaw.com
    john.esmay@blbglaw.com
    joel.shelton@blbglaw.com
    thomas.sperber@blbglaw.com

    Lauren J. Salamon (Via Zoom)
    GRANT & EISENHOFER PA
    485 Lexington Avenue
    New York, New York 10017
    (347) 841-8815
    lsalamon@gelaw.com


ON BEHALF OF THE DEFENDANTS:

    Noelle M. Reed
    Andrew H. Townsend
    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
    1000 Louisiana, Suite 6800
    Houston, Texas 77002
    (713) 655-5122
    neolle.reed@skadden.com
    andrew.townsend@skadden.com

    Michael W. Restey, Jr.
    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
    One Manhattan West
    New York, New York 10001
    (212) 735-3425
    michae.restey@skadden.com


VIDEOGRAPHER:

    Jason Thomas

APPEARANCES (CONT.)

ALSO PRESENT:

    Patrice Childress
    Shawn Janzen
    Paul D'Ambra



REPORTER'S CERTIFICATION

I, Micheal A. Johnson, Registered Diplomate Reporter and Notary Public in and for the State of Texas, certify that on the 30th day of April, 2025 I reported the Videotaped Deposition of MELISSA BOND, after the witness had first been duly cautioned and sworn to testify under oath; said deposition was subsequently transcribed by me and under my supervision and contains a full, true and complete transcription of the proceedings had at said time and place; and that reading and signing was not requested.

I further certify that I am neither counsel for nor related to any party in this cause and am not financially interested in its outcome.

GIVEN UNDER MY HAND AND SEAL of office on this 1st day of May, 2025.

*Micheal A. Johnson*

_____
MICHEAL A. JOHNSON, RDR, CRR
NCRA Registered Diplomate Reporter
NCRA Certified Realtime Reporter

Notary Public in and for the
State of Texas
My Commission Expires:  8/8/2028

# EXHIBIT 4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

***************************

MENDI YOSHIKAWA,
Individually and On Behalf
of All Others Similarly
Situated,

            Plaintiffs,
vs.                                    Civil Action No.:
                                       3:21:cv-00194-N
EXXON MOBIL CORPORATION,
DARREN W. WOODS, LIAM M.
MALLON, and MELISSA BOND,

            Defendants
***************************


C O N F I D E N T I A L


VIDEOTAPED DEPOSITION of

FRANK ALLEN FERRELL, III, Ph.D.

Friday, July 18, 2025

9:30 a.m.

Held at:
SKADDEN ARPS SLATE MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts

Job #42981

Judith McGovern Williams, CSR, CRR
Registered Professional Reporter

APPEARANCES:

BERNSTEIN LITOWITZ BERGER & GROSSMAN LLP

  Rebecca E. Boon, Esquire

  1251 Avenue of the Americas

  New York, New York  10020

  212-554-1594

  rebecca.boon@blbglaw.com

and

GRANT & EISENHOFER PA

  Lauren J. Salamon, Esquire

  485 Lexington Avenue

  29th Floor

  New York, New York  10017

  646-722-8500

  lsalamon@gelaw.com

  On behalf of Plaintiffs

APPEARANCES (continued):

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

 Noelle M. Reed, Esquire

 Wallis Hampton, Esquire

 1000 Louisiana Street

 Suite 6800

 Houston, Texas   77002

 617-573-4800

 noelle.reed@skadden.com

 wallis.hampton@skadden.com

 On behalf of the Defendants


Also present:

 Patrice Childress, Esquire, Exxon Mobile
 Corporation

 Oleg Bolotov, Videographer

 Jordan Kittrick, Technician (via Zoom)
 Everest Court Reporting



CERTIFICATE

Commonwealth of Massachusetts

Plymouth, ss.


                I, Judith McGovern Williams, a

Notary Public in and for the Commonwealth of

Massachusetts, do hereby certify:

                That FRANK ALLEN FERRELL, III,

Ph.D., the witness whose deposition is

hereinbefore set forth, was duly sworn by me

and that such deposition is a true record of

the testimony given by the said witness.

                IN WITNESS WHEREOF, I have hereunto

set my hand this 20th day of July, 2025.


                *Judith McGovern Williams*
                Judith McGovern Williams
                Registered Professional Reporter
                Certified Realtime Reporter
                Certified Shorthand Reporter No. 130993


My Commission expires:

April 19, 2031

# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MENDI YOSHIKAWA,              §
Individually and On          §
Behalf of All Others         §
Similarly Situated,          §
                             §
            Plaintiff,       §
                             §        Civil Action No.
VS.                          §         3:21-cv-00194-N
                             §
EXXON MOBIL CORPORATION,     §
DARREN W. WOODS, LIAM M.     §
MALLON, and MELISSA          §
BOND,                        §
                             §
            Defendants.      §

VIDEOTAPED DEPOSITION OF

DAMIAN BURCH, Ph.D.

Houston, Texas

May 16, 2025

9:06 a.m.

Reported by:

Micheal A. Johnson, RDR, CRR

Job No. 40107

VIDEOTAPED DEPOSITION OF DAMIAN BURCH, Ph.D., produced at the instance of the Plaintiff, in the above-styled and numbered cause on the 16th day of May, 2025, at 9:06 a.m., before Micheal A. Johnson, RDR, CRR, Notary Public in and for the State of Texas, reported by realtime stenographic means, at the offices of Skadden Arps Slate Meagher & Flom LLP, 1000 Louisiana, Suite 6800, Houston, Texas, pursuant to Notice of Oral Deposition, and in accordance with the Federal Rules of Civil Procedure.

APPEARANCES

ON BEHALF OF THE PLAINTIFF:

    Rebecca E. Boon
    John J. Esmay
    Joel A. Shelton (Via Zoom)
    Thomas Sperber (Via Zoom)
    Michael Mathai (Via Zoom)
    BERNSTEIN LITOWITZ BERGER & GROSSMANN, LLP
    1251 Avenue of the Americas
    New York, New York 10020
    (212) 554-1594
    rebecca.boon@blbglaw.com
    john.esmay@blbglaw.com
    joel.shelton@blbglaw.com
    thomas.sperber@blbglaw.com
    michael.mathai@blbglaw.com


ON BEHALF OF THE DEFENDANTS:

    Noelle M. Reed
    Rachel Guffy
    Chandler (Tate) Curington
    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
    1000 Louisiana, Suite 6800
    Houston, Texas 77002
    (713) 655-5122
    noelle.reed@skadden.com
    rachel.guffy@skadden.com
    tate.curington@skadden.com


ON BEHALF OF THE WITNESS:

    Dawn C. Stewart
    Neil L. Henrichsen (Via Zoom)
    HENRICHSEN LAW GROUP PLLC
    1725 I Street, NW, Suite 300
    Washington, D.C. 20006
    (202) 423-3649
    dstewart@hslawyers.com
    nhenrichsen@hslawyers.com


VIDEOGRAPHER:

    Dennis Figueroa

APPEARANCES (CONT.)

ALSO PRESENT:

   Ozgur Ozen
   Patrice Childress
   Shawn Janzen (Via Zoom)
   Jeff Schoemer, Everest Document Tech (Via Zoom)



REPORTER'S CERTIFICATION

I, Micheal A. Johnson, Registered Diplomate Reporter and Notary Public in and for the State of Texas, certify that on the 16th day of May, 2025, I reported the Videotaped Deposition of DAMIAN BURCH, Ph.D., after the witness had first been duly cautioned and sworn to testify under oath; said deposition was subsequently transcribed by me and under my supervision and contains a full, true and complete transcription of the proceedings had at said time and place; and that reading and signing was requested.

I further certify that I am neither counsel for nor related to any party in this cause and am not financially interested in its outcome.

GIVEN UNDER MY HAND AND SEAL of office on this 19th day of May, 2025.

*Micheal A. Johnson*

MICHEAL A. JOHNSON, RDR, CRR
NCRA Registered Diplomate Reporter
NCRA Certified Realtime Reporter

Notary Public in and for the
State of Texas
My Commission Expires:  8/8/2028

# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

------------------------------------x

MENDI YOSHIKAWA, Individually

and On Behalf of All Others

Similarly Situated,                    CIVIL ACTION

    Plaintiffs,                        No. 3:21cv00194-N

v.

EXXON MOBIL CORPORATION,

DARREN W. WOODS, LIAM M. MALLON,

and MELISSA BOND,

    Defendants.

------------------------------------x


VIDEOTAPED DEPOSITION OF LINDSEY GULDEN, Ph.D.

Friday, May 9, 2025 9:34 a.m.

Skadden, Arps, Slate, Meagher & Flom LLP

500 Boylston Street, Boston, MA 02116



Reported by:

Janet McHugh, RMR, CRR, CLR

JOB NO. 40268

2

May 9, 2025

9:34 a.m.

Videotaped deposition of LINDSEY GULDEN, Ph.D., held at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, 500 Boylston Street, Boston, Massachusetts, pursuant to Agreement, before Janet McHugh, a Registered Merit Reporter, Certified Realtime Reporter, Certified LiveNote Reporter, and a Notary Public within and for the Commonwealth of Massachusetts.

3

Deposition of Lindsey Gulden, Ph.D.                    Mendi Yoshikawa, et al v. Exxon Mobil Corp., et al

APPEARANCES:


GRANT & EISENHOFER PA

    CAITLIN MOYNA, ESQUIRE

    cmoyna@gelaw.com

    485 Lexington Avenue

    29th Floor

    New York, New York 10017

    (646)722-8500

    Counsel for Plaintiffs


        - and -


BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

    BY:   JOHN J. ESMAY, ESQUIRE

    john.esmay@blbglaw.com

    1251 Avenue of the Americas

    New York, New York 10020

    (212)554-1400

    Counsel for Plaintiffs



        - Continued -

APPEARANCES:   (Continued)

HENRICHSEN LAW GROUP, PLCC

        BY:   NEIL HENRICHSEN, ESQUIRE

        1725 I Street, N.W. Suite 300

        Washington, DC 20006

        (202)423-3649

        nhenrichsen@hslawyers.com

        Counsel for the Deponent




SKADDEN ARPS SLATE MEAGHER & FLOM LLP

        BY: NOELLE REED, ESQUIRE

        noelle.reed@skadden.com

        BY: RACHEL GUFFY, ESQUIRE

        rachel.guffy@skadden.com

        1000 Louisiana Street

        Suite 6800

        Houston, Texas 77002

        (713)655-5100

        Counsel for Defendants


    ALSO PRESENT:

    Oleg Bolutov, Videographer

    Patrice Childress, in-house counsel ExxonMobil









C E R T I F I C A T E

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

I, Janet M. McHugh, a Registered Merit Reporter and a Notary Public within and for the Commonwealth of Massachusetts do hereby certify:

THAT LINDSEY GULDEN, PH.D., the witness whose testimony is hereinbefore set forth, was duly sworn by me and that such testimony is a true and accurate record of my stenotype notes taken in the foregoing matter, to the best of my knowledge, skill and ability; that before completion of the deposition review of the transcript was requested.

I further certify that I am not related to any parties to this action by blood or marriage; and that I am in no way interested in the outcome of this matter.

IN WITNESS WHEREOF, I have hereunto set my hand this 12th day of May, 2025.


_Janet McHugh_
JANET M. MCHUGH
Notary Public

My Commission Expires:

July 16, 2028

# EXHIBIT 7

| | |
|---|---|
| **From:** | Restey, Michael W (NYC) |
| **Sent:** | Saturday, February 1, 2025 4:03 PM |
| **To:** | 'Thomas Sperber'; Reed, Noelle M (HOU); Davis, Abby (HOU); Milstead, Virginia (LAC); Hampton, Wallis M (HOU); Davis, Michelle L (HOU) |
| **Cc:** | Caitlin Moyna; Lauren Salamon; Alex Forgione; John Rizio-Hamilton; Rebecca Boon; John Esmay; Michael Mathai; Stephen Boscolo; Restey, Michael W (NYC) |
| **Subject:** | RE: Exxon Proposed Joint Stipulation re Class Certification Schedule |
| **Attachments:** | 2.1.2025 Class Certification Stipulation (SASMF Edits).DOCX |

Tom,

Please find attached our proposed revisions in track changes.

Best,
Mike

**From:** Thomas Sperber <Thomas.Sperber@blbglaw.com>
**Sent:** Tuesday, January 28, 2025 9:25 PM
**To:** Restey, Michael W (NYC) <Michael.Restey@skadden.com>; Reed, Noelle M (HOU) <Noelle.Reed@skadden.com>; Davis, Abby (HOU) <Abigail.Sheehan@skadden.com>; Milstead, Virginia (LAC) <Virginia.Milstead@skadden.com>; Hampton, Wallis M (HOU) <Wallis.Hampton@skadden.com>; Davis, Michelle L (HOU) <Michelle.Davis@skadden.com>
**Cc:** Caitlin Moyna <cmoyna@gelaw.com>; Lauren Salamon <lsalamon@gelaw.com>; Alex Forgione <aforgione@gelaw.com>; John Rizio-Hamilton <Johnr@blbglaw.com>; Rebecca Boon <Rebecca.Boon@blbglaw.com>; John Esmay <John.Esmay@blbglaw.com>; Michael Mathai <Michael.Mathai@blbglaw.com>; Thomas Sperber <Thomas.Sperber@blbglaw.com>; Stephen Boscolo <Stephen.Boscolo@blbglaw.com>
**Subject:** [Ext] RE: Exxon Proposed Joint Stipulation re Class Certification Schedule

Mike,

Thank you for the proposed revisions to the scheduling stip. We largely agree with your schedule but propose tweaking the schedule by moving the dates back one week. If you like, we are available to meet and confer to discuss any issues with the schedule.

Best,
Tom

Tom Sperber
**BLB&G**
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas
New York, NY 10020
(212) 554-1939

**From:** Restey, Michael W <Michael.Restey@skadden.com>
**Sent:** Monday, January 27, 2025 12:38 PM
**To:** Alex Forgione <aforgione@gelaw.com>; Reed, Noelle M <Noelle.Reed@skadden.com>; Davis, Abby <Abigail.Sheehan@skadden.com>; Milstead, Virginia <Virginia.Milstead@skadden.com>; Hampton, Wallis M

1

A-66

<Wallis.Hampton@skadden.com>; Davis, Michelle L <Michelle.Davis@skadden.com>
**Cc:** Caitlin Moyna <cmoyna@gelaw.com>; Lauren Salamon <lsalamon@gelaw.com>; John Esmay
<john.esmay@blbg.com>; John Rizio-Hamilton <Johnr@blbglaw.com>; Michael Mathai <michael.mathai@blbg.com>;
Rebecca Boon <Rebecca.Boon@blbglaw.com>; Stephen Boscolo <Stephen.Boscolo@blbglaw.com>; Thomas Sperber
<thomas.sperber@blbg.com>; Restey, Michael W <Michael.Restey@skadden.com>
**Subject:** RE: Exxon Proposed Joint Stipulation re Class Certification Schedule

Counsel,

Please find attached our proposed revisions to the class certification scheduling stip. We will be back to you with
respect to your request for deposition dates.

Best,
Mike

**From:** Alex Forgione <aforgione@gelaw.com>
**Sent:** Friday, January 24, 2025 1:08 PM
**To:** Restey, Michael W (NYC) <Michael.Restey@skadden.com>; Reed, Noelle M (HOU) <Noelle.Reed@skadden.com>;
Davis, Abby (HOU) <Abigail.Sheehan@skadden.com>; Milstead, Virginia (LAC) <Virginia.Milstead@skadden.com>;
Hampton, Wallis M (HOU) <Wallis.Hampton@skadden.com>; Davis, Michelle L (HOU) <Michelle.Davis@skadden.com>
**Cc:** Caitlin Moyna <cmoyna@gelaw.com>; Lauren Salamon <lsalamon@gelaw.com>; John Esmay
<john.esmay@blbg.com>; John Rizio-Hamilton <johnr@blbglaw.com>; Michael Mathai <michael.mathai@blbg.com>;
Rebecca Boon <rebecca.boon@blbglaw.com>; Stephen Boscolo <stephen.boscolo@blbglaw.com>; Thomas Sperber
<thomas.sperber@blbg.com>
**Subject:** [Ext] RE: Exxon Proposed Joint Stipulation re Class Certification Schedule

Mike,

I am following up on the joint stipulation sent last Friday, January 17. Please let us know whether Defendants agree to
the proposed dates for the motion for class certification schedule. If not, please propose an alternative schedule or
provide a time on Monday or Tuesday for us to discuss.

Additionally, please provide the availability of Liam Mallon, Melissa Bond and Staale Gjervik between the dates of
February 17 and April 11, 2025 for their depositions. We are in the process of confirming the availability for Dr. Lindsey
Gulden and Dr. Damien Burch for their depositions and will revert when we have proposed dates.

Best,
Alex

**From:** Restey, Michael W <Michael.Restey@skadden.com>
**Sent:** Friday, January 17, 2025 12:03 PM
**To:** Alex Forgione <aforgione@gelaw.com>; Reed, Noelle M <Noelle.Reed@skadden.com>; Davis, Abby
<Abigail.Sheehan@skadden.com>; Milstead, Virginia <Virginia.Milstead@skadden.com>; Hampton, Wallis M
<Wallis.Hampton@skadden.com>; Davis, Michelle L <Michelle.Davis@skadden.com>
**Cc:** Caitlin Moyna <cmoyna@gelaw.com>; Lauren Salamon <lsalamon@gelaw.com>; John Esmay
<john.esmay@blbg.com>; John Rizio-Hamilton <johnr@blbglaw.com>; Michael Mathai <michael.mathai@blbg.com>;
Rebecca Boon <rebecca.boon@blbglaw.com>; Stephen Boscolo <stephen.boscolo@blbglaw.com>; Thomas Sperber
<thomas.sperber@blbg.com>; Restey, Michael W <Michael.Restey@skadden.com>
**Subject:** RE: Exxon Proposed Joint Stipulation re Class Certification Schedule

Thanks, Alex. We will review and be back to you. Have a good weekend.

**From:** Alex Forgione <aforgione@gelaw.com>
**Sent:** Friday, January 17, 2025 12:02 PM
**To:** Restey, Michael W (NYC) <Michael.Restey@skadden.com>; Reed, Noelle M (HOU) <Noelle.Reed@skadden.com>; Davis, Abby (HOU) <Abigail.Sheehan@skadden.com>; Milstead, Virginia (LAC) <Virginia.Milstead@skadden.com>; Hampton, Wallis M (HOU) <Wallis.Hampton@skadden.com>; Davis, Michelle L (HOU) <Michelle.Davis@skadden.com>
**Cc:** Caitlin Moyna <cmoyna@gelaw.com>; Lauren Salamon <lsalamon@gelaw.com>; John Esmay <john.esmay@blbg.com>; John Rizio-Hamilton <johnr@blbglaw.com>; Michael Mathai <michael.mathai@blbg.com>; Rebecca Boon <rebecca.boon@blbglaw.com>; Stephen Boscolo <stephen.boscolo@blbglaw.com>; Thomas Sperber <thomas.sperber@blbg.com>
**Subject:** [Ext] Exxon Proposed Joint Stipulation re Class Certification Schedule

Counsel,

Attached is a proposed joint stipulation for the class certification schedule. We are available to discuss next week.

Best,
Alex

**Alex Forgione | Associate**
Grant & Eisenhofer, P.A.
485 Lexington Avenue, 29th Floor
New York, New York 10017
Office: (646) 722-8504
Cell: (917) 225-1614

-------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

=========================================================================

-------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

3

A-68

====================================================================================

4

A-70

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| MENDI YOSHIKAWA, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>v.<br><br>EXXON MOBIL CORPORATION, DARREN W. WOODS, LIAM M. MALLON, and MELISSA BOND,<br><br>        Defendants. | Civil Action No.: 3:21-cv-00194-N |

## JOINT STIPULATION REGARDING THE CLASS CERTIFICATION SCHEDULE

WHEREAS the Court previously entered its Memorandum Opinion and Order granting in part and denying in part Defendants' Motion to Dismiss on August 24, 2023 (ECF No. 112).

WHEREAS the Court previously entered the Class Certification Scheduling Order on December 11, 2023 (ECF No. 122).

WHEREAS Lead Plaintiffs served their Motion for Class Certification on Defendants on January 4, 2024.

WHEREAS the Court approved the parties' Joint Stipulation to Extend the Class Certification Schedule on June 11, 2024 (ECF No. 154), in which the parties agreed that: (1) the deadline for substantial completion for document production would be July 8, 2024; (2) Lead Plaintiffs would designate rebuttal experts, if any, by July 22, 2024; (3) the Completion of Class Certification discovery, excluding the deposition of Defendants' expert, would be on August 22, 2024; (4) Defendants would serve their Opposition to Lead Plaintiffs' Motion for Class

1

Certification, including all supporting evidence and supporting brief, on Plaintiffs on August 22, 2024; (5) the deadline to take the deposition of Defendants' expert would be September 27, 2024; (6) Lead Plaintiffs' Reply, including rebuttal evidence, if any, and supporting brief, would be served on Defendants on October 4, 2024; and (7) the parties would file the Motion for Class Certification, Defendants' Opposition, and Lead Plaintiffs' Reply with the Court by October 21, 2024.

WHEREAS the Court entered its Memorandum Opinion and Order denying Defendants' Motion for Judgment on the Pleadings on August 12, 2024 (ECF No. 157).

WHEREAS the Court approved the parties' Joint Stipulation Regarding Lead Plaintiffs' Motion for Leave to Amend and Related Briefing Schedule on August 23, 2024, in which the parties agreed to stay Class Certification discovery and briefing pending the resolution of Lead Plaintiffs' Motion for Leave to File a Third Amended Complaint (ECF No. 159).

WHEREAS the Court entered its Opinion and Order denying Lead Plaintiffs' Motion for Leave to File a Third Amended Complaint on January 6, 2025 (ECF No. 178).

WHEREAS the parties have met and conferred in good faith and agreed on an updated schedule for Class Certification discovery. The parties, by their undersigned Counsel, hereby agree to the following schedule:

1.      The deadline for Lead Plaintiffs' Renewed Motion for Class Certification to be served on Defendants is February 7, 2025;

2.      The deadline for completion of Class Certification discovery, excluding the deposition of Plaintiffs' and Defendants' expert, is June 6, 2025;

3.      Defendants' Opposition, including all supporting evidence and supporting brief, will be served on Plaintiffs on June 23, 2025;

4.      The deadline to take the deposition of Defendants' expert is July 23, 2025;

5.      Lead Plaintiffs' Reply, including rebuttal evidence, if any, and supporting brief, will be served on Defendants on August 6, 2025;

6.      The deadline to take the deposition of any ~~new~~ expert submitted with Lead Plaintiffs' ~~R~~reply will be August 20, 2025;

7.      Defendants' Sur-Reply <ins>addressing only issues on which Defendants bear the burden,</ins> including rebuttal evidence, if any, and a supporting brief, will be served on Lead Plaintiffs on September 2, 2025;

~~8.      Plaintiffs' Sur-Sur-Reply, including rebuttal evidence, if any, and a supporting brief, will be served on Defendants on September 9, 2025;~~

~~9.~~<ins>8.</ins>     The Parties will file with the Court Lead Plaintiffs' Motion for Class Certification, Defendants' Opposition, Lead Plaintiffs' Reply,~~,~~ <ins>and</ins> Defendants' Sur-Reply, ~~and Plaintiffs' Sur-Sur-Reply~~ together with all supporting evidence and briefs, on September 12, 2025.

> **Formatted:** Indent: Left: 0.5", No bullets or numbering

Dated: January \_\_\_, 2025        Respectfully submitted,

*/s/ John Rizio-Hamilton*
John Rizio-Hamilton (*pro hac vice*)
johnr@blbglaw.com
Rebecca E. Boon (*pro hac vice*)
rebecca.boon@blbglaw.com
John J. Esmay (*pro hac vice*)
john.esmay@blbglaw.com
Michael Mathai (*pro hac vice*)
michael.mathai@blbglaw.com
Thomas Z. Sperber (*pro hac vice*)
thomas.sperber@blbglaw.com
Stephen Boscolo (*pro hac vice*)
stephen.boscolo@blbglaw.com
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
1251 Avenue of the Americas

3

A-72

New York, New York 10020
Phone: (212) 554-1400
Fax: (212) 554-1444

*Co-Lead Counsel for the Class and Counsel
for Co-Lead Plaintiff State of Rhode Island,
Office of the General Treasurer, on behalf of
the Employees' Retirement System of Rhode
Island*

*/s/ Caitlin M. Moyna*
Daniel L. Berger (*pro hac vice*)
dberger@gelaw.com
Barbara J. Hart (*pro hac vice*)
bhart@gelaw.com
Caitlin M. Moyna (*pro hac vice*)
cmoyna@gelaw.com
Lauren J. Salamon (*pro hac vice*)
lsalamon@gelaw.com
**GRANT & EISENHOFER PA**
485 Lexington Avenue
New York, New York 10017
Phone: (646) 722-8500
Fax: (646) 722-8501

*Co-Lead Counsel for the Class and Counsel
for Co-Lead Plaintiff Amalgamated Bank*


*/s/ Noelle M. Reed*
Noelle M. Reed
    State Bar No. 24044211
Abigail E. Davis
    State Bar No. 24139564
Wallis M. Hampton
    State Bar No. 00784199

SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
1000 Louisiana Street, Suite 6800
Houston, Texas 77002
Tel.: (713) 655-5122
Fax: (713) 483-9122
noelle.reed@skadden.com
abigail.sheehan@skadden.com
wallis.hampton@skadden.com

4

A-73

Michelle L. Davis
   State Bar No. 24038854
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
308 Bahama Court
Granbury, Texas 76048
Tel.: (713) 655-5197
Fax: (713) 483-9197
michelle.davis@skadden.com

Michael W. Restey Jr. (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001-8602
Tel.: (212) 735-3000
Fax: (212) 735-2000
michael.restey@skadden.com

*Attorneys for Defendants Exxon Mobil
Corporation, Darren W. Woods, Liam M.
Mallon, and Melissa Bond*

**SO ORDERED.**

Dated: _____, 2025.

 

David C. Godbey
Chief United States District Judge

5

A-74